Srijani Chatterjee
Brooklyn, NY 11201
e-mail: srijanic91@gmail.com

Defendant, Pro Se

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVEN SANON & SIMRAN HOTCHANDANI,<br><br>    Plaintiff,<br><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, & JANES DOES 1-10,<br><br>    Defendants. | Case Nos.: 26-CV-580<br><br>**DEFENDANT'S MOTION FOR EXTENSION OF TIME TO FILE ANSWER; PROPOSED ORDER; EXHIBIT A-J; AFFIRMATION OF SERVICE** |

Defendant, Srijani Chatterjee, as Pro Se, respectfully moves this Court pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Local Civil Rule 7.1 of the Eastern District of New York for an Order extending Defendant's time to file an Answer to Plaintiff's Complaint by 60 days, up to and including May 11, 2026 because she does not have retained counsel yet and there are issues of residency/diversity of jurisdiction that Defendant as Pro Se needs time to draft an acceptable Answer for the Court in response to a detailed an lengthy Complaint. In support thereof, Defendant states as follows:

DEFENDANT'S MOTION FOR EXTENSION OF TIME
-1-

## I. BACKGROUND

1. Plaintiffs Deven Sanon & Simran Hotchandani filed the Complaint in this action on February 2, 2026, alleging Defamation, Defamation Per Se, Intentional Infliction of Emotional Distress, Aiding and Abetting Defamation, Aiding and Abetting Intentional Infliction of Emotional Distress, Tortious Interference with Contract/Prospective Economic Advantage, New York Civil Rights Law which appear to be identical to the causes of action in a pending case they have against Defendant who is designated as "Jane Doe" in the State case that was dismissed against the other named Respondents. **See Exhibit A.**

2. They allege on page 4, ¶12-13 of the Complaint in this case filed on February 2, 2026 that they are residents of Massachusetts. **See Exhibit B**

3. Civil Cover Sheet for the case similarly states that the parties are residents of different states. **See Exhibit C**

4. The Verified Amended Petition filed by Plaintiffs in the pending State case in Supreme Court of the State of New York County of Bronx states that the Plaintiffs are residents of New York in ¶2. **See Exhibit D**

5. In a text message exchanges on Whats App between Defendant and Plaintiff Simran Hotchandani, Plaintiff Simran Hotchandani stated that Plaintiffs were Canadian residents located at "1020 Rue de Bleury, Montreal, QC, Canada, H2Z 0B9". **See Exhibit E** [p. 3 of 4 dated August 23, 2021].

6. On January 15, 2026, Defendant was clearly identified by the State Court as "Jane Doe" because she is a victim of domestic violence under the Violence Against Women's Act. **See Exhibit F.** She did not appear in the case on Jan. 15 which is why the State Court ordered Respondents to serve their filings on Defendant/Jane Doe via e-mail which was in fact not done for the subsequent stipulation of discontinuance (See Exhibit G, infra), thereby keeping Defendant/Jane Doe in the dark, so to speak.

7. Furthermore, **Plaintiffs decided for some unknown reason to unmask Defendant in the filing of the Complaint** in this case using Defendant's real name which defeats the purpose of designating her as a 'Jane Doe'.

8. The event in the last hearing in the case filed with the State of New York's Supreme Court, Bronx County was February 2, 2026, the very same day Plaintiffs filed the Complaint in this case is **the only time** Defendant appeared in that case. **See Exhibit G.** That case was "stayed until February 18, 2026" as a "stipulation of discontinuance". Id. That order was not complied with because the other Respondents in the State case **did not serve Defendant** with the February 18 order indicating that the case had been dismissed as to the other named Respondents. **See Exhibit H**

9. Plaintiffs then dismissed the State case on February 4, 2026 "only" as to the named Respondents and **not** naming Jane Doe/Defendant as one of the dismissed parties. **See Exhibits G & H**. **It appears that the State case as to Defendant may still be pending against only Defendant.**

10. Defendant was served with the Summons and Complaint on February 3, 2026. The person who served her did not even ask if she was the Defendant and just handed it to her at her front doorway and stated "You are served".

11. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendant's Answer is currently due on February 24, 2026.

12. Significantly, Defendant has not retained counsel yet because her attorney who is licensed in California, and not licensed in New York, has pending letters of standing being issued by the State Bar of California and a Certificate of Good Standing requested from the Supreme Court of the United States, so that he can file the required motion with the Court to be admitted Pro Hac Vice in this case. **See Exhibit J.**

**II.   ARGUMENT**

Federal Rule of Civil Procedure 6(b)(1)(A) permits this Court to extend a deadline for good cause when the request is made before the original time has expired. **Good cause exists**

here because the attorney Defendant wishes to retain has not filed the motion for pro hac vice with the Court because he has not received the letters of standing required for that motion which he intends to file with the Court soon after he will obtain them.

The Defendant is unable to effectively represent herself in drafting and filing the Answer to Plaintiffs' Complaint until her California-licensed counsel will be available to represent her due to his litigation calendar in California and needs to be represented by this counsel in order to do that.

This is the first such request made by Defendant.

Defendant e-mailed Plaintiffs' Counsel on February 22, 2026 about extending the time for her to file an Answer because **her attorney in California has not received the standing letters yet to support his pro hac vice motion he will file with the Court.** In the dismission for an extension to the filing date for the Answer, Plaintiffs' Counsel initially and incorrectly responded on February 23, 2026 stating that he could not communicate with her because she is represented by counsel which was clearly incorrect because she clearly stated that she was and is not represented by counsel in this case. After some discussion between her California attorney and Plaintiffs' Counsel, Plaintiffs' Counsel finally relented to an extension of a mere "3 week adjournment". **See Exhibit J** [e-mail dated February 23, 2026 at 19:51 from Mr. Szalkiewicz]

This request is made in good faith **and** not for purposes of delay.

The 60 days extension requested will not prejudice Plaintiff because there is a pending case with the court of the State of New York in Bronx County, as discussed above as to Exhibits . **See Exhibit A, D, F, G, H & I**. This case pending before the Supreme Court of the State of New York County of Bronx is one in which the same plaintiffs have also sued Defendant as "Jane Doe" (and other named Respondents) for the identical causes of action as in this Federal case for which the extension is being requested. **See Exhibits A, B, & D.**

Defendant respectfully submits that justice will be served by granting this extension to allow for her California-licensed counsel's pending letters of standing for the anticipated pro hac

vice motion to be ruled upon by the Court and to thus permit the preparation of an Answer that complies with the Federal Rules of Civil Procedure.

### III. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court enter an Order extending Defendant's deadline to file an Answer to the Complaint by 60 days, to May 11, 2026, pending resolution of counsel's Pro Hac Vice motion.

A proposed Order is submitted herewith.

Dated: February 23, 2026

Brooklyn, New York

                                            Respectfully submitted,

                                            _____

                                            Srijani Chatterjee, Defendant, Pro Se