

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

                          Petitioners,

         -    against    -

Meta Platforms, Inc., Namecheap, Inc., and Change.org,
PBC,

                          Respondents.

**VERIFIED PETITION**

Index No.:

Petitioners DEVEN SANON and SIMRAN HOTCHANDANI ("Petitioners") by and
through their attorneys, VERIDIAN LEGAL P.C., as and for their Verified Petition (the "Petition")
in this proceeding seeking pre-action disclosure pursuant to Civil Practice Law and Rules
("C.P.L.R.") § 3102(c) hereby alleges as follows:

1.       Petitioners are two private individuals – a married couple – and at all times relevant,
residents of the State of New York.

2.       Venue is brought pursuant to C.P.L.R §308 and the parties' transaction of business
in Bronx County, New York.

3.       Starting in 2023, Petitioners and their family became the victims of a calculated
campaign of harassment designed to defame them and inflict severe emotional distress. More
specifically, an anonymous user (the "Anonymous User") has created over 500 Facebook posts
accusing Petitioners of committing numerous crimes, including, but not limited to IRS Tax
Evasion and Tax Fraud; USCIS Immigration Fraud; IRCC Immigration Fraud; USA Customs
Fraud; Canada Customs Fraud; Belize Customs Fraud; and Embezzlement. The posts refer to

1

Case 1:23-cv-00356-AMD-VMS    Document 9-2    Filed 02/24/26    Page 3 of 32 PageID #: 69

## VERIFICATION

**Deven Sanon**, being duly sworn, deposes and says:

That deponent is the Petitioner in the within action; that she has read the foregoing Verified Petitioner and knows the contents thereof; that the same is true to deponent's own knowledge except those matters therein stated to be alleged upon information and belief, and that as to those matters, she believes them to be true.

I affirm this 28th day of August, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

Signed by:

*Deven Sanon*

98FEC0C1791F482

**Deven Sanon**

**Simran Hotchandani**, being duly sworn, deposes and says:

That deponent is the Petitioner in the within action; that she has read the foregoing Verified Petitioner and knows the contents thereof; that the same is true to deponent's own knowledge except those matters therein stated to be alleged upon information and belief, and that as to those matters, she believes them to be true.

I affirm this 28th day of August, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

DocuSigned by:

129708F362C642B

**Simran Hotchandani**



Cali P. Madia, Esq.
Daniel S. Szalkiewicz, Esq.
VERIDIAN LEGAL P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiffs*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, | **COMPLAINT** |
| Plaintiffs, | |
| v. | Case Action No. 26-cv- 580 |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, | |
| Defendants. | |

Plaintiffs Deven Sanon ("Deven") and Simran Hotchandani ("Simran" and, together with Deven, "Plaintiffs"), by their attorneys VERIDIAN LEGAL P.C., as and for their Complaint hereby allege, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1.      Following a contentious marriage and divorce, defendant Srijani Chatterjee ("Chatterjee" or "Defendant") initiated a complex and anonymous online harassment campaign against her former in-laws which, unfortunately, has included Plaintiffs, who are Chatterjee's former brother-in-law and sister-in-law: individuals she has met only a handful of times.

2.      Chatterjee's harassment has been as widespread as it is false. She has created or caused the creation of countless articles, websites, social media posts, and online petitions calling

1

early-dismissal application. Plaintiffs allege facts demonstrating knowing falsity, malice, and resulting damages.

## JURISDICTION AND VENUE

### Subject Matter Jurisdiction

11.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

12.     Plaintiff Deven Sanon is domiciled in the Commonwealth of Massachusetts.

13.     Plaintiff Simran Hotchandani is a citizen of Belize and is domiciled in the Commonwealth of Massachusetts.

14.     Upon information and belief, Defendant is a citizen and domiciled in Brooklyn, New York. Complete diversity of citizenship existed at the time this action was commenced, which is the relevant jurisdictional inquiry under 28 U.S.C. § 1332.

### Personal Jurisdiction

15.     This Court has personal jurisdiction over Defendant pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a), because Defendant knowingly and intentionally directed tortious conduct into New York, including the publication and dissemination of defamatory statements to recipients located in New York, causing reputational and other injury to Plaintiffs in New York, where the brunt of the harm was suffered.

16.     At the time Defendant began publishing and disseminating the defamatory statements alleged herein, including throughout 2024 and 2025, Plaintiffs were domiciled in and residing in New York.

4

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against

Defendant, containing the following relief:

A.      Injunctive and equitable relief to the extent permitted by law, including:
1.  Post-adjudication injunctive and equitable relief, tailored to prevent Defendant from engaging in further harassment, impersonation, doxxing, or the publication or republication of statements adjudicated in this action to be false and defamatory
2.  An order requiring Defendant to remove or cause the removal of statements adjudicated to be false and defamatory from platforms under her control; and
3.  Such additional equitable relief as necessary to prevent continued harassment or intimidation, consistent with the First Amendment and applicable law;

B.      Compensatory damages in an amount to be determined at jury trial, including damages for reputational injury, emotional distress, and economic loss;

C.      Punitive damages to the extent permitted by law;

D.      Pre-judgment and post-judgment interest as permitted by law;

E.      Reasonable attorneys' fees and costs to the extent permitted by law, including under New York Civil Rights Law § 79-n (4), and taxable costs under Fed. R. Civ. P. 54(d); and

F.      Such other and further relief as the Court deems just and proper.

Dated: New York, New York
      February 2, 2026

Respectfully submitted,

**Veridian Legal P.C.**

*/s/ Daniel Szalkiewicz*
By:      Daniel S. Szalkiewicz, Esq.
        Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
Telephone: (212) 706-1007
Facsimile: (646) 849-0033
daniel@veridianlegal.com
*Attorneys for Plaintiffs*



# EXHIBIT C

Revised 02.12.2021 Effective 01.12.2021

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 |

**(b)** County of Residence of First Listed Plaintiff   Massachusetts
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Kings
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Veridian Legal P.C., 23 West 73rd Street, Suite 102, NY, NY 10023 (212) 706-1007

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | ☐ 367 Health Care/ Pharmaceutical | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | ☒ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | ☐ 871 IRS—Third Party 26 USC 7609 | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer | ☐ 8 Multidistrict Litigation - Direct File |

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*

Brief description of cause:
Defamation

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE _____   SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # ____   AMOUNT ____   APPLYING IFP ____   JUDGE ____   MAG. JUDGE ____

## CERTIFICATION OF ARBITRATION ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration ☐

I, __Daniel Szalkiewicz__, counsel for __Plaintiff__, do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

    ☑ monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

    ☐ the complaint seeks injunctive relief, or

    ☐ the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

None

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

None

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1. Is the action being removed from a state court that is located in Nassau or Suffolk County?   ☐ Yes ☑ No

2. Is the action—not involving real property—being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?   ☐ Yes ☑ No

3. If you answered "No" to all parts of Questions 1 and 2:

    a. Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?   ☐ Yes ☑ No

    b. Do the majority of defendants reside in Nassau or Suffolk County?   ☐ Yes ☑ No

    c. Is a substantial amount of any property at issue located in Nassau or Suffolk County?   ☐ Yes ☑ No

4. If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? ☐ Yes ☑ No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

    ☑ Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

    ☐ Yes (If yes, please explain) ☑ No

I certify the accuracy of all information provided above.

Signature: _____



# EXHIBIT D

Case 1:26-cv-00900-AMD-VMS   Document 9-2   Filed 02/24/26   Page 12 of 32 PageID #: 78

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

                                Petitioners,

    -   against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.org, PBC,

                                Respondents.

**VERIFIED AMENDED PETITION**

Index No.: 818359/2025E

Petitioners DEVEN SANON and SIMRAN HOTCHANDANI ("Petitioners") by and through their attorneys, VERIDIAN LEGAL P.C., as and for their Verified Petition (the "Petition") in this proceeding seeking pre-action disclosure pursuant to Civil Practice Law and Rules ("C.P.L.R.") § 3102(c) hereby alleges as follows.

1.      Petitioners bring this Verified Petition pursuant to CPLR 3102(c). Courts have recognized that pre-action disclosure is appropriate where, as here, the identity of an anonymous tortfeasor is unknown but necessary to frame a complaint. *See Cahill v. Doe*, 879 N.E.2d 425 (N.Y. 2007) (recognizing the right to unmask anonymous defendants when a prima facie case of defamation exists).

2.      Petitioners are two private individuals – a married couple – and at all times relevant, residents of the State of New York.

3.      Venue is proper in Bronx County pursuant to C.P.L.R §308, as Petitioners reside here and substantial injury from the defamatory conduct occurred in in this County.

4.      Starting in 2023, Petitioners and their family became the victims of a calculated campaign of harassment designed to defame them and inflict severe emotional distress.  More

1

accurate registration information pursuant to the Internet Corporation for Assigned Names and

Numbers (ICANN)'s rules and regulations.

Together with such other and further relief as this Court may deem just and proper.

Dated:      October 3, 2025
               New York, New York

Deven Sanon

Simran Hotchandani

Daniel S. Szalkiewicz, Esq.


Of Counsel:
Kaivalya Harsukh Rawal, Esq.
(Admitted in Minnesota and Illinois)

28

# Table of Contents

Table of Authorities ........................................................................................................... 3

PRELIMINARY STATEMENT .......................................................................................... 4

ARGUMENT ....................................................................................................................... 6

STANDARD FOR PRE-ACTION DISCOVERY PURSUANT TO CPLR §3102 ....................... 6

POINT I
PETITIONERS HAVE A MERITORIOUS CAUSE OF ACTION ............................................... 7

   A.   DEFAMATION ........................................................................................................... 7

      a)   The Statements Are False and Tend to Expose Petitioners to Public Contempt, Hatred,
Ridicule, Aversion, or Disgrace ............................................................................................. 8

      b)   The Statements Are Published Without Privilege to a Third Party ................................. 9

      c)   The Statements Are Published with Actual Malice ....................................................... 10

      d)   The Statements Are Defamatory Per Se ..................................................................... 11

   B.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS ...................................... 12

   C.   CIVIL RIGHTS LAW §72-n .......................................................................................... 13

POINT II
THE INFORMATION SOUGHT IS MATERIAL AND NECESSARY .................................... 14



IMG_2909.png    ↓ Download    ↗ Full screen    🖶 Print         ⬅ Show email    ⤢    ✕

 Outlook

---

## Pic 5

---

**From** Marc Pelta <marc@peltalaw.com>
**Date** Mon 2026-02-23 23:47
**To** Marc Pelta <marc@peltalaw.com>



## Pic 2

From  Marc Pelta <marc@peltalaw.com>

Date  Mon 2026-02-23 23:45

To    Marc Pelta <marc@peltalaw.com>



**Marc Pelta, Attorney-at-Law**
**PELTA|LAW**
**SF Bay Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**

Pic

**From** Marc Pelta <marc@peltalaw.com>

**Date** Mon 2026-02-23 23:44

**To** Marc Pelta <marc@peltalaw.com>

02:03                    .ul 🕐 ▮

**Keeping up w/ the Sanons**
You

over on Wednesday so we would
                4 Dec 2021
have gone with him but he just said
no when we asked if we were going
over.

He's gone to Montreal tho for one of
the dental classes or something so
the girls are with their grandparents.

SH                                  20:28

I just wouldn't even contact him till
he gets over it and initiates contact
                              20:28 ✓✓

No one deserves this    20:29 ✓✓

Ronnie Sanon

Simran Hotchandani
Yup lol Neal was supposed to go over on
Wednesday so we would have gone with him
but he just said no when we asked if we we...

Wait wtf he's in Montreal? Where
you live?                 21:56
RS

Deven Sanon                              ⌄
Yeah he had a 'course'    21:57

You can't send messages to this group because
you're no longer a member.

**Marc Pelta, Attorney-at-Law**
**PELTA|LAW**
**SF Bay Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**

# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX,
PART: IAS-22
---------------------------------------------X.

SANON, DEVEN et al,

               Plaintiff(s)/Petitioner(s),

        -against-

META PLATFORMS, INC. et al,

            Defendant(s)/Respondent(s).

---------------------------------------------X

**Index No.** _818359/2025E_

**Hon.** _MARISSA SOTO_
Justice Supreme Court

The following papers NYSCEF Doc. No. 33. Read on this motion, (Seq No. _)
Noticed on _____and duly submitted as NYSCEF Doc. No. _____ ≥

| Papers | NYSCEF Doc. No. |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 33-34 |
| Answering Affidavit and Exhibits | |
| Replying Affidavit and Exhibits | |
| Other: Stipulation/Letter | |

A virtual compliance conference was held on January 14, 2026 at 10:00 AM. Appearances were made by Petitioners, Respondents META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. Upon review of the docket, the Court notes that a Pro Se Respondent proceeding pseudonymously as JANE DOE intervened by filing a Motion to Quash Pre-Action Discovery Subpoenas (NYSCEF Doc. No. 33 & 34). It is also noted by the Court that at the time of the conference, NYSCEF Doc. No. 33 & 34 have not been given a motion sequence on NYSCEF. It is hereby

**ORDERED** that Petitioners, Respondents META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. are to file their opposition to NYSCEF Doc. No. 33 & 34 by January 23, 2026; and it is further

**ORDERED** that JANE DOE is to file their reply to any opposition by January 30, 2026; and it is further

**ORDERED** that a hybrid hearing is scheduled for February 2, 2026 at 9:30 AM EST/ 5:30 PM AST, either in Courtroom 709 or via Microsoft Teams; and it is further

**ORDERED** that Respondents META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. are to serve their opposition, a copy of this Order, and the Microsoft Teams link for the hybrid hearing on JANE DOE via all of JANE DOE's email addresses including the email address(es) used to serve Respondents META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. the Motion to Squash Pre-Action Discovery; and it is further

**ORDERED** that a copy of this Order be served on JANE DOE within two (2) days hereof.

This constitutes the order of the Court.

**Dated:** 1/15/2026

**Hon.** _____
MARISSA SOTO, J.S.C.

Motion is Respectfully Referred to Justice:
Dated:

1. CHECK ONE.................................
2. MOTION IS.................................
3. CHECK IF APPROPRIATE..........

☐ CASE DISPOSED IN ITS ENTIRETY    ☒ CASE STILL ACTIVE
☐ GRANTED    ☐ DENIED    ☐ GRANTED IN PART    ☐ OTHER
☐ SETTLE ORDER    ☐ SUBMIT ORDER    ☐ SCHEDULE APPEARANCE
☐ FIDUCIARY APPOINTMENT    ☐ REFEREE APPOINTMENT
☐ NEXT APPEARANCE DATE: _____

# EXHIBIT G

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX,
PART: IAS-22

-------------------------------------------X,

DEVEN SANON et al,

           Plaintiff(s)/Petitioner(s),

          -against-

META PLATFORMS, INC. et al,

          Defendant(s)/Respondent(s).

-------------------------------------------X

**Index No.** 818359/2025E

**Hon.** MARISSA SOTO
          Justice Supreme Court

The following papers NYSCEF Doc. No. 33. Read on this motion, (Seq No. _)
Noticed on _____ and duly submitted as NYSCEF Doc. No. _____ >

| Papers | NYSCEF Doc. No. |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 33-34 |
| Answering Affidavit and Exhibits | |
| Replying Affidavit and Exhibits | |
| Other: Stipulation/Letter | |

A hybrid oral argument was held on February 2, 2026 at 9:30 AM. Appearances were made by Petitioners, Respondents META PLATFORMS, INC. GOOGLE LLC., STARRY, INC., and Non-Party JANE DOE. It is hereby

**ORDERED** that the instant matter is stayed until February 18, 2026; and it is further

**ORDERED** that the parties are to file a stipulation of discontinuance in accordance with the Court's directives; and it is further

**ORDERED** that the hybrid oral argument is adjourned to February 18, 2026 at 9:30 AM EST/ 5:30 PM AST, either in Courtroom 709 or via Microsoft Teams; and it is further

**ORDERED** that if the stipulation of discontinuance is submitted prior to the adjourned conference, then no appearance is necessary; and it is further

**ORDERED** that Respondent META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. are to serve a copy of this Order, and the Microsoft Teams link for the hybrid hearing on JANE DOE via all of JANE DOE's email addresses including the email address(es) used to serve Respondents META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. the Motion to Squash Pre-Action Discovery; and it is further

**ORDERED** that a copy of this Order be served on JANE DOE within two (2) days hereof.

This constitutes the order of the Court.

Dated: 2/2/2026

Hon. _____
          MARISSA SOTO, J.S.C.

1. CHECK ONE..............................
2. MOTION IS.................................
3. CHECK IF APPROPRIATE..........

☐ CASE DISPOSED IN ITS ENTIRETY    ☐ CASE STILL ACTIVE

☐ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER

☐ SETTLE ORDER   ☐ SUBMIT ORDER   ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT   ☐ REFEREE APPOINTMENT

☐ NEXT APPEARANCE DATE: _____

Motion is Respectfully Referred to Justice:
Dated: _____

# EXHIBIT H

C

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Deven Sanon and Simran Hotchandani,

                Petitioners,

    -  against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.org,
PBC,

                Respondents.

**NOTICE OF VOLUNTARY
DISCONTINUANCE**

Index No.: 818359/2025E

      PLEASE TAKE NOTICE that pursuant to N.Y. C.P.L.R. 3217(a)(1) the attorney for the
Petitioner hereby discontinues the above-entitled action, without prejudice, and without costs to
either party as against the other, to respondents Namecheap, Inc., Change.org, PBC, Comcast
Cable Communications, LLC., PayPal Holdings, Inc., Apple, Inc., and Stripe, Inc. only.

DATED:     February 4, 2026
              New York, New York

                       By: Daniel S. Szalkiewicz, Esq.
                       Veridian Legal, P.C.
                       *Attorneys for Petitioners*
                       23 West 73rd, Suite 102
                       New York, New York 10023
                       Telephone: (212) 706-1007
                       Fax: (646) 849-0033
                       **daniel@veridianlegal.com**

1

# EXHIBIT I

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX,
PART: IAS-22

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Deven Sanon et al

                              Plaintiff(s)/Petitioner(s).
              -against-

Metaplatformsinc. et al

                      Defendant(s)/Respondent(s),

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Index No. 818359/2025E    C

Hon. MARISSA SOTO
        Justice Supreme Court

The following papers NYSCEF Doc No. _____. Read on this motion. (Seq No. _____)
Noticed on _____ and duly submitted as NYSCEF Doc. No. _____ >

| Papers | NYSCEF Doc. No. |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | |
| Answering Affidavit and Exhibits | |
| Replying Affidavit and Exhibits | |
| Other: | |

Upon the foregoing papers, it is ordered that this action is hereby withdrawn in accordance with the annexed notice of discontinuance.

                                        only as to Respondents
                                Namecheap, Inc., Change.org, PBC,
                                Comcast Cable Communications, LLC,
                                Paypal Holdings, Inc., Apple, Inc., and
                                Stripe, Inc.

Dated: 2/17/2026              Hon. _____
                                   MARISSA SOTO, J.S.C.

1. CHECK ONE.............................    ☒ CASE DISPOSED IN ITS ENTIRETY    ☐ CASE STILL ACTIVE
2. MOTION IS.............................    ☐ GRANTED  ☐ DENIED  ☐ GRANTED IN PART  ☐ OTHER
3. CHECK IF APPROPRIATE...........    ☐ SETTLE ORDER    ☐ SUBMIT ORDER    ☐ SCHEDULE APPEARANCE
                                            ☐ FIDUCIARY APPOINTMENT    ☐ REFEREE APPOINTMENT
                                            ☐ NEXT APPEARANCE DATE: _____

# EXHIBIT J

**Re: Federal Case No. 26-cv-580**

**From** Daniel Szalkiewicz <daniel@veridianlegal.com>

**Date** Mon 2026-02-23 19:51

**To** Marc Pelta <marc@peltalaw.com>

**Cc** Srijani Chatterjee <srijanic91@gmail.com>

Hi Marc,

I conferred with my clients, and if your client needs, we will consent to a 3 week adjournment for her to file her answer.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Mon, Feb 23, 2026 at 10:16 PM Marc Pelta <marc@peltalaw.com> wrote:

Hi Daniel,

Judge Scanlon has a webpage on Her Honor's instructions via PDF.

Please see attached for your review.  Please read all of it.  The info I refer it I believe is on the last page.

I disagree with you about Rule 4.2.

1. The Rule has an exception if I give you permission to communicate with Srijani.
2. I provide that permission to you despite the fact I do not represent Srijani in this Federal case yet.
3. The Rule does not state as you claim that it does not matter what jurisdiction I am licensed in.  I think you are interpreting it that way.
4. It is illegal at this point for me to represent Srijani in this case, as you well know **until a motion for PHV is granted by the Court**.  I am surprised you stated otherwise.
5. Therefore, I do not know how you can rely on Rule 2.4 when in fact I do not represent her in this case yet.
6. I called all 3 of your numbers earlier today and could not reach you.  I left you a voicemail on one of them because the other two directed me to e-mail you or leave another voicemail.  You can call me 24/7, as I stated in my voicemail left for you.
7. If you can please respond to her question that was sent only to comply with the Court's requirement on proposing dates then that would be great.
8. You did not even state if you opposed her request for the extension.  We are only seeking to comply with the Judge's rules, as explaind in the PDF attached.

My hope is that I will get admitted PHV in this Federal case, but as you know, I do not have the letters of standing yet to attach to my PHV motion.

Respectfully,

**Marc Pelta, Attorney-at-Law**
**PELTA|LAW**
**SF Bay Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**
**Tel. 415-963-1152/323-430-9155**
**website: www.peltalaw.com**

# "Representing Clients Across California"

DISCLAIMER: This e-mail may contain confidential or privileged information intended only for the use of the individual to whom it is being sent from this e-mail account. It may contain information belonging to the sender protected by the Electronic Communications Privacy Act. If you are not the intended recipient, any dissemination, distribution, copying or other use of this communication is not allowed. If you have received this by mistake, please notify us immediately by e-mail or telephone at 415.963.1152 and destroy this e-mail message.

On Feb 23, 2026, at 3:28 PM, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

Marc,

Once a party informs me that they have counsel, irrespective of which jurisdiction they are licensed to practice in, I cannot communicate with the party without that attorney's consent (Rule 4.2).

I am not certain what you referring to concerning a conflict Judge Scanlon's rules.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735

On Mon, Feb 23, 2026 at 5:42 PM Marc Pelta <marc@peltalaw.com> wrote:

Hi Daniel,

My client clearly stated that I am not licensed in New York and that a PHV motion has not been filed and why that is the case.

Therefore, your response conflicts with what Judge Scanlon requires of you since you are admitted in EDNY.  I'll try and call you shortly but I still need your compliance with the Judge's standing orders so to speak as the Court requires a substantive response from you on the two emails my client sent me.

To repeat: my client is not represented by counsel and I am not admitted yet in the EDNY therefore I am not representing her in this case until the Court permits me to do so.

Sincerely,

**Marc Pelta, Attorney-at-Law**
**PELTA|LAW**
**SF Bay Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**
**Tel. 415-963-1152/323-430-9155**
**website: www.peltalaw.com**

# "Representing Clients Across California"

DISCLAIMER: This e-mail may contain confidential or privileged information intended only for the use of the individual to whom it is being sent from this e-mail account.  It may contain information belonging to the sender protected by the Electronic Communications Privacy Act.  If you are not the intended recipient, any dissemination, distribution, copying or other use of this communication is not allowed. If you have received this by mistake, please notify us immediately by e-mail or telephone at 415.963.1152 and destroy this e-mail message.

On Feb 23, 2026, at 6:07 AM, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

Good morning,

You indicate that you have retained counsel in connection with this matter. If

that is the case, please have your attorney contact me directly. As you are aware, if you are represented by counsel, I am not permitted to communicate with you directly.

I look forward to hearing from your attorney.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Mon, Feb 23, 2026 at 9:02 AM Srijani Chatterjee <srijanic91@gmail.com> wrote:

> Dear Mr. Szalkiewicz,
>
> Further to my previous email, please suggest at least three adjournment dates that suit Plaintiffs.
>
> Sincerely,
> Srijani Chatterjee
>
> > On Feb 22, 2026, at 21:57, Srijani Chatterjee <srijanic91@gmail.com> wrote:
> >
> >
> > Dear Mr. Szalkiewicz,

I am writing to meet and confer with you about extending the deadline for me to file an Answer to the Complaint you filed in the District Court for the Eastern District of NY in this case.

My California-licensed attorney, Marc Pelta, has been diligent in trying to obtain the required letters of standing for his Pro Hac Vice application to be admitted PHV in the EDNY for this case.

However, he has not received those letters yet for the PHV application so that he can file the Answer for me.

Because of the filing deadline of February 24, 2026, please respond to me no later than tomorrow whether you will agree to the extension.


Sincerely,

Srijani Chatterjee