UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

DEVEN SANON and SIMRAN HOTCHANDANI,

                    *Plaintiffs*,

                    -against-

SRIJANI CHATTERJEE, JOHN DOES 1-10,
and JANE DOES 1-10,

                    *Defendants.*

-----------------------------------------------------------x

Civil Action No. 1:26-cv-580

## MOTION FOR PROTECTIVE ORDER

## PURSUANT TO VIOLENCE AGAINST WOMEN ACT

## AND FEDERAL RULE OF CIVIL PROCEDURE 26(c)

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, Declaration of Srijani Chatterjee, and all prior proceedings herein, Defendant Srijani Chatterjee will move this Court before the Honorable United States District Judge assigned to this case, for an Order pursuant to the Violence Against Women Act, 34 U.S.C. § 12291(b)(2), and Federal Rule of Civil Procedure 26(c):

1. Granting Defendant leave to proceed pseudonymously under the name Jane Doe in this action and all related proceedings;

2. Directing that all papers filed in this action refer to Defendant only as Jane Doe and that her true identity, residential address, and current location not be disclosed in court filings, proceedings, or public records;

3. Sealing all documents that contain or reveal Defendant's true identity, residential address, or current location;

4. Prohibiting Plaintiffs and their counsel from disclosing Defendant's residential address, current location, or other identifying information in any discovery requests, depositions, court filings, or other proceedings;

5. Directing that any discovery related to Defendant's location, address, or identifying information be conducted through Defendant's counsel only; and

6. Granting such other and further relief as this Court deems just and proper to protect Defendant's safety and comply with federal VAWA confidentiality mandates.

## STATEMENT OF GROUNDS

This Motion is based upon the following grounds:

**I. VAWA CERTIFICATION AND FEDERAL CONFIDENTIALITY MANDATE**

On March 12, 2025, the United States Citizenship and Immigration Services (USCIS) issued a Prima Facie Determination approving Defendant's self-petition under the Violence Against Women Act (VAWA), 8 U.S.C. § 1154(a)(1)(A)(iii). This official federal determination confirms that Defendant is a certified victim of domestic violence entitled to protection under federal law.

The Violence Against Women Act mandates absolute confidentiality for the addresses and locations of domestic violence victims: The address or location of any victim of domestic violence shall not be publicly released by any Federal official, and, to the extent practicable, shall not be publicly released by any State or local official. 34 U.S.C. § 12291(b)(2).

This is not discretionary privacy protection subject to balancing. Congress used mandatory language (shall not) to recognize that residential addresses are uniquely dangerous for domestic violence victims because disclosure enables abusers and their family members to locate, harass, stalk, and potentially harm victims.

**II. DEFENDANT FLED TO QATAR TO ESCAPE HARASSMENT BY PLAINTIFFS**

Defendant relocated to Doha, Qatar, in 2025 specifically to escape ongoing harassment by her former in-laws, including the Plaintiffs in this action. Plaintiffs are Defendant's former brother-in-law and his wife. Following Defendant's divorce from Ronick Sanon (Plaintiff Deven Sanon's twin brother), Defendant became the target of a sustained harassment campaign by members of the Sanon family.

This lawsuit is a continuation of that harassment campaign. On October 30, 2024, the Family Court of Monroe County dismissed with prejudice nearly identical claims brought by Micky Suri, the mother of Plaintiff Deven Sanon. Less than four months after that dismissal, Plaintiffs—members of the same family—filed this action alleging the same conduct. The pattern is clear: when one family member's claims are dismissed, another family member files new claims to continue the harassment.

Public disclosure of Defendant's identity and location in these proceedings would compromise her physical safety and jeopardize her pending VAWA immigration case. Plaintiffs know Defendant's former address in Brooklyn and have used process servers to locate and serve her at that address. If Defendant's current location in Qatar becomes public through court records, Plaintiffs or their family members could use that information to continue their harassment campaign internationally.

### III. PSEUDONYMOUS LITIGATION IS APPROPRIATE FOR VAWA VICTIMS

Federal courts routinely permit pseudonymous litigation to protect the safety and privacy of domestic violence victims. Courts apply a balancing test weighing: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest.

Here, all factors weigh heavily in favor of pseudonymous litigation. The threatened harm is severe—potential stalking, harassment, or violence by Plaintiffs or their family members. Defendant's fears are objectively reasonable given: (1) her VAWA certification confirming domestic violence victimization, (2) the documented pattern of vexatious litigation by Plaintiffs' family (Monroe County dismissal with prejudice), and (3) Plaintiffs' filing of this action the same

day the parallel state court stayed discovery, demonstrating their willingness to use legal processes as tools of harassment.

Defendant is particularly vulnerable to retaliation. She fled the United States to escape harassment and now resides abroad with limited support systems. Disclosure of her location would enable Plaintiffs or their family members to locate her internationally.

Plaintiffs will suffer no prejudice. They know Defendant's identity—she was married to Plaintiff Deven Sanon's twin brother. They have already obtained extensive pre-action discovery. They can litigate this case effectively against Jane Doe just as they litigated the parallel state court proceedings. The only thing Plaintiffs lose is the ability to publicly disclose Defendant's current location, which they have no legitimate need to know.

The public interest strongly favors protection. Federal VAWA confidentiality provisions reflect Congress's determination that protecting domestic violence victims' locations serves compelling public policy. Forcing Defendant to litigate under her real name with her location disclosed would contravene federal law and undermine VAWA's protective purposes.

## IV. PROTECTIVE ORDER IS NECESSARY TO PREVENT DISCLOSURE IN DISCOVERY

Federal Rule of Civil Procedure 26(c) authorizes protective orders to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. Courts have broad discretion to craft protective orders tailored to the circumstances of each case.

Here, a protective order is essential to prevent Plaintiffs from using discovery to obtain Defendant's current address and location. Without such an order, Plaintiffs could serve discovery requests seeking Defendant's residential address, employment location, financial account locations, and other identifying information. Requiring Defendant to disclose her Qatar address in discovery would directly violate 34 U.S.C. § 12291(b)(2).

The requested protective order strikes an appropriate balance. It permits Plaintiffs to conduct discovery through Defendant's counsel, ensuring they can litigate their claims effectively while

protecting Defendant's location from disclosure. All substantive discovery can proceed; only location-specific information is protected.

### WHEREFORE

Defendant respectfully requests that this Court grant this Motion and:

1. Grant Defendant leave to proceed pseudonymously as Jane Doe;

2. Direct that all court filings use only the pseudonym Jane Doe and not disclose Defendant's identity, address, or location;

3. Seal all documents containing identifying information;

4. Prohibit Plaintiffs from disclosing Defendant's location or identifying information;

5. Direct that discovery proceed through Defendant's counsel; and

6. Grant such other and further relief as this Court deems just and proper.


Dated: ___24 February 2026___,
Brooklyn, NY


Respectfully submitted,

_____
SRIJANI CHATTERJEE

Pro Se Defendant