UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------- x

DEVEN SANON and SIMRAN HOTCHANDANI,

                                                                                                                                   Civil Action No. 1:26-cv-580

*Plaintiffs,*

-against-

SRIJANI CHATTERJEE, JOHN DOES 1-10,
and JANE DOES 1-10,

*Defendants.*
-------------------------------------------------------------- x

# MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR VAWA PROTECTIVE ORDER

## PRELIMINARY STATEMENT

Defendant Srijani Chatterjee respectfully submits this Memorandum of Law in support of her Motion for a Protective Order pursuant to the Violence Against Women Act (VAWA) and Federal Rule of Civil Procedure 26(c). Defendant seeks leave to proceed pseudonymously as Jane Doe and an order prohibiting disclosure of her residential address, current location, and identifying information.

This Motion is compelled by federal law. On March 12, 2025, the United States Citizenship and Immigration Services (USCIS) issued a Prima Facie Determination approving Defendant's VAWA self-petition, officially certifying her as a victim of domestic violence. Federal law mandates that the address or location of any victim of domestic violence shall not be publicly released. 34 U.S.C. § 12291(b)(2). This is not a discretionary privacy protection subject to judicial balancing—it is a categorical federal statutory mandate.

Defendant fled to Doha, Qatar, in 2025 to escape ongoing harassment by her former in-laws, including Plaintiffs in this action. Public disclosure of her location through court proceedings would compromise her safety, violate federal law, and jeopardize her pending immigration case.

Federal courts routinely grant pseudonymous litigation and protective orders for domestic violence victims under circumstances far less compelling than those presented here.

## FACTUAL BACKGROUND

Defendant was briefly married to Ronick Sanon, the twin brother of Plaintiff Deven Sanon. The marriage ended in contentious divorce proceedings initiated in December 2022. Following the divorce, Defendant became the target of sustained harassment by members of the Sanon family.

On March 12, 2025, USCIS approved Defendant's VAWA self-petition, issuing a Prima Facie Determination confirming that she suffered abuse during her marriage and qualifies for VAWA protections. Following this determination, Defendant relocated to Qatar for her safety.

On October 30, 2024, the Family Court of Monroe County dismissed with prejudice a petition brought by Micky Suri (Madhu Sanon), the mother of Plaintiff Deven Sanon, alleging nearly identical conduct to that alleged in this Complaint. The dismissal order explicitly states: ORDERED that the motion of Lawrence J. Krieger is granted in the following respects: Petitions are dismissed with prejudice.

Less than four months later, Plaintiffs—members of the same family whose mother's claims were dismissed with prejudice—filed this action. This lawsuit is part of a pattern of vexatious litigation designed to harass Defendant and circumvent prior adverse judicial determinations.

## LEGAL STANDARD

### A. Pseudonymous Litigation Standard

While there is a presumption that parties will proceed in their own names, federal courts recognize exceptions where a party's need for anonymity outweighs the public's interest in knowing the party's identity. *Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 872 (7th Cir. 1997). Courts apply a balancing test considering: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears, (3) the anonymous party's vulnerability to such retaliation, (4) the prejudice to the opposing party, and (5) the public interest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 189 (2d Cir. 2008).

The Second Circuit has held that pseudonymity is particularly appropriate in cases involving domestic violence, sexual assault, or other sensitive circumstances where identification could expose the party to harassment or retaliation. Id. at 190.

### B. VAWA Confidentiality Requirements

The Violence Against Women Act provides mandatory confidentiality protections for domestic violence victims. The statute states: The address or location of any victim of domestic violence shall not be publicly released by any Federal official, and, to the extent practicable, shall not be publicly released by any State or local official. 34 U.S.C. § 12291(b)(2).

This statutory mandate reflects Congressional recognition that disclosure of a domestic violence victim's location creates serious safety risks. Congress did not make this protection discretionary or subject to judicial balancing—the statute uses the mandatory term shall not.

### C. Federal Rule of Civil Procedure 26(c)

Federal Rule of Civil Procedure 26(c) authorizes courts to issue protective orders to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c)(1). Courts have broad discretion to craft protective orders tailored to the specific circumstances of each case. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

## ARGUMENT

### I. FEDERAL LAW MANDATES CONFIDENTIALITY OF DEFENDANT'S LOCATION

The threshold issue is not whether Defendant deserves pseudonymity or a protective order, but whether this Court is permitted to disclose her location in violation of federal statutory law. The answer is clear: federal law prohibits public release of Defendant's address and location.

Defendant is a certified VAWA victim. USCIS approved her VAWA self-petition on March 12, 2025, following a rigorous investigation into her claims of domestic violence. This Prima Facie Determination is not a preliminary or tentative finding—it is an official federal certification that Defendant suffered qualifying abuse and is entitled to VAWA protections.

Once an individual is certified as a VAWA victim, federal law mandates that her address or location shall not be publicly released. 34 U.S.C. § 12291(b)(2). This Court cannot compel disclosure of Defendant's location through court filings or public records without violating this federal statute.

The statutory language is unambiguous. Congress did not say courts may protect addresses in their discretion. Congress said addresses shall not be released—a categorical prohibition. The only exception is that state and local officials may release addresses when practicable protection is impossible. That exception does not apply to federal courts, which are bound by the unqualified prohibition applicable to Federal official[s].

## II. ALL FIVE PSEUDONYMITY FACTORS FAVOR DEFENDANT

Even apart from the statutory mandate, application of the traditional pseudonymity factors compels granting this Motion.

### A. The Threatened Harm Is Severe

The threatened harm is not speculative—it is the very harm that federal VAWA confidentiality provisions were enacted to prevent. If Defendant's location in Qatar becomes public through court records, Plaintiffs or their family members could use that information to locate, contact, harass, or otherwise endanger Defendant.

Defendant fled the United States specifically to escape harassment by Plaintiffs and their family. She now resides abroad with limited support systems and legal protections. Disclosure of her Qatar location would enable the very conduct she fled to escape.

Moreover, disclosure would jeopardize Defendant's pending VAWA immigration case. USCIS granted her Prima Facie Determination based in part on her demonstrated need for safety from her abusers. If this Court publicly discloses her location, enabling her former in-laws to locate her internationally, it would undermine the federal government's determination that she requires protection.

### B. Defendant's Fears Are Objectively Reasonable

Defendant's fears are not subjective paranoia—they are objectively reasonable based on documented facts. First, USCIS certified her as a domestic violence victim following investigation. That federal certification is powerful evidence that her fears are reasonable.

Second, the pattern of vexatious litigation demonstrates Plaintiffs' family's willingness to use legal processes as tools of harassment. On October 30, 2024, Monroe County dismissed with prejudice claims brought by Plaintiffs' mother. Rather than accepting that judicial determination, Plaintiffs filed this action less than four months later—the same day a parallel state court stayed discovery.

Third, Plaintiffs have already used process servers to locate and serve Defendant at her former Brooklyn address, demonstrating their active efforts to track her location.

### C. Defendant Is Highly Vulnerable to Retaliation

Defendant is particularly vulnerable. She resides alone in Qatar with limited support systems. She has no family or community ties in Qatar—she lives there solely for safety. If Plaintiffs or their family members learn her Qatar location, she would have limited recourse or protection.

Contrast Defendant's vulnerability with cases where courts deny pseudonymity. Those cases typically involve plaintiffs seeking to hide their identities while pursuing affirmative claims, or parties with substantial resources and support systems. Here, Defendant is a certified domestic violence victim residing abroad to escape her abusers. She could not be more vulnerable.

### D. Plaintiffs Will Suffer No Prejudice

Plaintiffs will suffer no meaningful prejudice. They know Defendant's identity—she was married to Plaintiff Deven Sanon's twin brother for years. They have already served her with process. They have obtained extensive pre-action discovery through state court proceedings initiated in August 2025.

Plaintiffs can litigate this case effectively against Jane Doe. They can conduct discovery through Defendant's counsel. They can take her deposition. They can obtain documents and information.

The only thing pseudonymity denies them is public disclosure of where Defendant currently lives—information they have no legitimate need to know and that federal law prohibits disclosing.

### E. The Public Interest Strongly Favors Protection

The public interest overwhelmingly favors protecting Defendant. Federal VAWA confidentiality provisions reflect Congress's considered judgment that protecting domestic violence victims' locations serves compelling public policy. That Congressional determination is entitled to substantial weight.

There is no countervailing public interest in knowing where a domestic violence victim resides. The public has a general interest in open court proceedings, but that interest is satisfied by public access to case filings using the pseudonym, Jane Doe. Substituting Jane Doe for Srijani Chatterjee in public filings serves the transparency interest while complying with federal confidentiality mandates.

## III. A PROTECTIVE ORDER IS NECESSARY TO IMPLEMENT VAWA PROTECTIONS

Granting pseudonymity alone is insufficient. Without a protective order, Plaintiffs could use discovery to obtain Defendant's address and location, directly violating 34 U.S.C. § 12291(b)(2).

Federal Rule of Civil Procedure 26(c) provides the mechanism to prevent such violations. The Court should enter an order: (1) prohibiting Plaintiffs from serving discovery requests seeking Defendant's residential address or current location, (2) directing that all discovery be conducted through Defendant's counsel, and (3) prohibiting disclosure of Defendant's identifying information in depositions, filings, or other proceedings.

This protective order will not impede legitimate discovery. Plaintiffs can obtain all substantive information relevant to their claims. They simply cannot obtain location information that federal law prohibits disclosing.

## **CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court:

1. Grant Defendant leave to proceed pseudonymously as Jane Doe;

2. Direct that all court filings use only the pseudonym Jane Doe;

3. Seal all documents containing Defendant's true identity, residential address, or current location;

4. Enter a protective order prohibiting Plaintiffs from disclosing or seeking Defendant's address or location; and

5. Grant such other and further relief as this Court deems just and proper.


Dated: _____February 24_____, 2026
Brooklyn, NY


Respectfully submitted,

_____
SRIJANI CHATTERJEE

Pro Se Defendant