UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

DEVEN SANON and SIMRAN HOTCHANDANI,

                Plaintiffs,

-against-

SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,

                Defendants.

Case No.: 1:26-cv-00580-AMD-VMS

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT SRIJANI CHATTERJEE'S MOTION FOR A PROTECTIVE ORDER, TO PROCEED PSEUDONYMOUSLY, AND TO SEAL

VERIDIAN LEGAL P.C.

Daniel S. Szalkiewicz, Esq.
Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
(212) 706-1007
daniel@veridianlegal.com
*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES** ................................................................................................ 3\
**PRELIMINARY STATEMENT** ........................................................................................... 4
**STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT** ..................................... 5
**ARGUMENT**........................................................................................................................... 7
**I.  DEFENDANT HAS NOT MET THE SECOND CIRCUIT STANDARD FOR PSEUDONYMOUS LITIGATION** .......................................................................................... 7
**II.  DEFENDANT'S RELIANCE ON VAWA DOES NOT JUSTIFY PSEUDONYMITY OR SEALING** ............................................................................................. 12
**III.  DEFENDANT HAS NOT MET THE STANDARD FOR SEALING** ........................ 13
**IV.  A PROTECTIVE ORDER RESTRICTING DISCOVERY IS PREMATURE AND UNWARRANTED** ..................................................................................................................... 14
**CONCLUSION** ........................................................................................................................ 15

## **TABLE OF AUTHORITIES**

**Cases**

Doe v Alexander, 2025 US Dist LEXIS 45325, at *3-4 (SDNY Mar. 12, 2025, No. 25-CV-01631 [JAV]) ................................................................................................................................ 8

Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006) .......................................... 13

McGregor v City of NY, 2026 US Dist LEXIS 34179, at *8 [EDNY Feb. 19, 2026, No. 24-CV-6951 (EK) (TAM) ................................................................................................................. 14

Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Cir. 2008) ......................................... 7

United States v. Pilcher, 950 F.3d 39 (2d Cir. 2020) ..................................................................... 7

**Statutes**

34 U.S.C. § 12291(b)(2) .............................................................................................................. 13

Rule 26(c) ..................................................................................................................................... 14

**PRELIMINARY STATEMENT**

Defendant Srijani Chatterjee ("Chatterjee") seeks extraordinary relief: *permission to proceed anonymously to seal portions of the docket referencing her identity and residence, and to restrict discovery concerning her location.* These requests implicate the strong presumption of open judicial proceedings embodied in Rule 10(a) of the Federal Rules of Civil Procedure and reinforced by binding Second Circuit precedent.

This action arises from Defendant's sustained and deliberate campaign of anonymous online defamation and harassment directed towards Deven Sanon's ("Deven") Simran Hotchandani ("Simran" and, with Deven, "Plaintiffs"), Defendant's ex-brother and sister-in-law. Defendant's online content calls Simran transgender; accuses Simran of academic, immigration, and insurance fraud; claims Plaintiffs have a sham immigration marriage and that Deven is gay and "deviant[;]" along with countless other fabrications. Plaintiffs allege that anonymity was not incidental to the harm; rather, it was the mechanism through which the harm was carried out.

The campaign was not isolated or episodic. Rather, it spanned multiple online platforms and involved coordinated publication, republication, and amplification of false accusations across websites, social media accounts, and third-party outlets. The scale and persistence of the publications were designed to maximize reputational damage and public visibility.

Defendant now invokes an alleged prima facie Violence Against Women Act ("VAWA") determination and generalized safety concerns as justification for litigating under a pseudonym and restricting disclosure of her identity. But nothing in VAWA confers a right to anonymous litigation in federal court. Nor does it immunize a litigant from ordinary discovery obligations in a civil action. More so, 34 U.S.C. § 12291(b)(2) does not provide Defendant with the protections she claims it does; rather it applies to grantees and subgrantees providing services to victims of domestic violence, sexual assault, or stalking and how those grantees and subgrantees handle

4

addresses. Additionally, the protections are not available because neither plaintiff has ever been married to or dated Defendant; she is not their victim and, in fact, the opposite is true.

Defendant has appeared in this action under her true name. She was served at her Brooklyn residence. She signed filings listing Brooklyn, New York. She has filed other public actions under her real name. She offers no competent evidence of a specific, credible threat that would justify overriding the presumption of openness.

Defendant has provided this Court with no legitimate basis to seal the docket or for her to be allowed to proceed as Jane Doe.  This is not just because VAWA does not provide her with these protections, it is because she is not entitled to them.

## STATEMENT OF FACTS AS ALLEGED IN THE COMPLAINT

Plaintiffs' Complaint alleges that following the dissolution of Defendant's marriage to Plaintiff Deven Sanon's brother, Defendant undertook a sustained campaign of online defamation directed at Plaintiffs. Although Plaintiffs had limited contact with Defendant during that marriage, the Complaint alleges that Defendant later published or caused the publication of numerous online articles, websites, and social media postings falsely accusing Plaintiffs of serious misconduct.

The alleged statements include accusations of criminal activity, immigration fraud, academic fraud, insurance fraud, and related wrongdoing. Plaintiffs further allege that Defendant created or caused the creation of websites, petitions, and online accounts to amplify and disseminate those accusations across a broad digital audience.

Through pre-action discovery directed to third-party service providers, Plaintiffs obtained records linking Defendant's name, email addresses, and financial accounts to the creation, funding, and promotion of the challenged content.

Plaintiffs allege that Defendant's conduct caused substantial reputational, professional, and emotional harm.

Defendant now seeks to proceed pseudonymously and to restrict disclosure of her identity and residence despite: (i) service of process at her Brooklyn address; (ii) her execution of filings listing Brooklyn, New York; and (iii) her public participation in other proceedings under her true name.

Defendant's motion is further undermined by documentary inconsistencies. Records obtained in pre-action discovery reflect a Brooklyn residence. The affidavit of service reflects service at that address. Defendant's filings in this matter and in other proceedings identify her as residing in New York. These objective records stand in tension with Defendant's representations that anonymity is necessary due to foreign residence or concealment concerns.

The record reflects that Defendant's identity has already appeared in public filings and court proceedings under her true name. Where a litigant's identity is already publicly associated with the underlying dispute, pseudonymity does not prevent exposure but merely shields accountability. Defendant has not demonstrated how maintaining her name on the public docket in this action would materially increase any existing risk.

## ARGUMENT

I. **DEFENDANT HAS NOT MET THE SECOND CIRCUIT STANDARD FOR PSEUDONYMOUS LITIGATION**

Rule 10(a) requires that all parties be named in the complaint. The Second Circuit has made clear that pseudonyms are "the exception and not the rule," and that a party seeking anonymity bears a heavy burden to rebut the presumption of open judicial proceedings. See Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185 (2d Cir. 2008); see also United States v. Pilcher, 950 F.3d 39 (2d Cir. 2020).

Proceeding under a pseudonym is an extraordinary remedy reserved for exceptional circumstances as this court has long held identification "is an important dimension of publicness" and the "people have a right to know who is using their courts." See Sealed Plaintiff, supra.

Defendant sets forth a 1997 balancing test from the Seventh Circuit which she argues is the legal standard in cases such as these. This is not the appropriate standard. Rather, Courts of this circuit examine the following factors:

> 1. whether the litigation involves matters that are highly sensitive and of a personal nature;
> 2. whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties;
> 3. whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity;
> 4. whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his or her age;
> 5. whether the suit is challenging the actions of the government or that of private parties;
> 6. whether the defendant is prejudiced by allowing the plaintiff to press his or her claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court;
> 7. whether the plaintiff's identity has thus far been kept confidential;
> 8. whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his or her identity;

> 9. whether, because of the purely legal nature of the issues presented or otherwise, there is an atypically weak public interest in knowing the litigants' identities; and
> 10. whether there are any alternative mechanisms for protecting the confidentiality of the plaintiff.
>
> Doe v Alexander, 2025 US Dist LEXIS 45325, at *3-4 (SDNY Mar. 12, 2025, No. 25-CV-01631 [JAV])

Defendant must show exceptional circumstances sufficient to overcome that presumption, and considerations weigh decisively against anonymity here.

### A. The Litigation Does Not Concern Matters That Are Highly Sensitive As to Defendant

This case concerns alleged defamation and online publications. It does not involve inherently sensitive categories such as sexual assault, medical diagnoses, or minor victims. Although Defendant references allegations of prior abuse in other contexts, those allegations are not the subject of this litigation and bear no nexus to Plaintiffs' claims. Additionally, the veracity of Defendant's claims about her ex-husband have nothing to do with the veracity of her claims against her former brother and sister-in-law, including justifying why she indiscriminately plastered the internet with claims her former sister-in-law is a transgender woman who commits immigration, insurance, and academic fraud or that her former brother-in-law is in a green card marriage, is accepting "black money" and is gay and sexually deviant. This factor weighs against Defendant proceeding pseudonymously.

### B. Defendant Has Not Demonstrated a Particularized Risk of Harm

Defendant must demonstrate that public identification in this specific action would create a concrete and particularized risk of harm beyond what already exists. Generalized assertions of potential harassment, without evidentiary support linking disclosure in this case to a heightened or incremental threat, are insufficient to satisfy that burden.

8

### C. Identification Does not Present Other Harms and Injury Litigated Against Will Not be Incurred as a Result of Disclosure of Defendant's Identity

The injury being litigated against here is Defendant's ongoing anonymous online harassment of Plaintiffs. Defendant being held accountable for the harms she has done to Plaintiffs does not cause Plaintiffs harm. This factor weighs against Defendant proceeding pseudonymously.

Defendant offers no record evidence of a specific, credible threat of retaliation arising from disclosure of her identity in this action. Conclusory assertions of safety concerns are insufficient. Courts require particularized facts demonstrating a real and imminent risk of harm, not generalized fears. Defendant offers no evidence that public docketing in this case would materially increase any existing risk.

### D. Defendant is Not Vulnerable to Harms of Disclosure as She is Adult and her Identity is Widely Known

Defendant is an adult. She is an attorney. Her address is a matter of public record. She recently initiated a lawsuit against the City of New York claiming she was discriminated against for being too young and too thin. She openly posts threats and derogatory comments on her public social media accounts about Plaintiffs' attorneys and Plaintiffs' litigation. See Szalkiewicz Declaration ¶11-13). To call Defendant vulnerable to the harms of disclosure would be antithetical to her entire persona. This factor weighs against Defendant proceeding pseudonymously.

### E. The Suit is Challenging the Actions of Private Parties

This lawsuit does not involve government action. The plaintiffs and Defendant are private parties.

### F. Plaintiff is Prejudiced by Allowing Defendant to Proceed Anonymously

Plaintiffs allege that Defendant's use of anonymity was central to the harm inflicted. Permitting Defendant to proceed pseudonymously in this action would preserve the very condition

Plaintiffs contend enabled the alleged misconduct. Defendant seeks to maintain in litigation the same anonymity Plaintiffs allege was used to disseminate and amplify false accusations. Where anonymity is intertwined with the alleged wrongful conduct, granting pseudonymous status risks perpetuating the very harm at issue.

Plaintiffs further note that additional anonymous publications have appeared since the filing of this action, including commentary referencing the pendency of this litigation. Without drawing conclusions as to authorship at this stage, these developments underscore Plaintiffs' concern that anonymity remains intertwined with the alleged misconduct. Permitting Defendant to proceed pseudonymously would risk perpetuating that same anonymity dynamic.

Additionally, Defendant's identity and location bear directly on Plaintiffs' claims, including issues of authorship, publication, coordination of online activity, and the scope of electronic discovery. Shielding Defendant's identity would materially constrain Plaintiffs' ability to pursue full and fair discovery.

To the extent Defendant suggests that public identification in this action may adversely affect her personal or professional standing, such considerations do not constitute exceptional circumstances under governing Second Circuit law. The potential reputational consequences of being named in a civil action are an ordinary incident of litigation and are insufficient, standing alone, to overcome the presumption of openness embodied in Rule 10(a).

G.   **Defendant's Identity has not been Kept Confidential**

Defendant is a named party in this action. She has filed multiple documents containing her true name. She is speaking about this litigation on her known social media account. Defendant's identity is known. This factor weighs against Defendant proceeding pseudonymously.

**H.    The Public's Interest in the Litigation is Furthered by Requiring Defendant to Remain Named and There is Not an Atypically Weak Public Interest in Knowing the Litigants' Identities**

The presumption of open judicial proceedings reflects both common law and First Amendment principles. Defendant has gone to great lengths to make the public aware of her claims, demonstrating her firm belief that her claims are a matter of public interest. Defendant has expended time, resources, and energy to anonymously destroying Plaintiffs' online reputations and should be made to answer for it. The public has a legitimate interest in transparent adjudication of claims alleging widespread online defamation and reputational harm. Defendant has not shown that this presumption should yield here.

**I.    There Are No Suitable Alternative Methods**

Defendant has previously been asked to discontinue this course of conduct by her former spouse. She is aware such harassment would cause harm and has previously threatened "just watch how I burn Deven, Simran the whore, and you to the ground" and "…trust, now I will rip you apart. In every way for everything you, your mother, your father, your brother, his whore, and your ex or current whore have done to me. And even that could never be enough…" Defendant has made it clear that very little will curb her conduct. Allowing Defendant to continue anonymously defaming Plaintiffs on this docket will not discourage her continued conduct, it will only embolden her.

Courts have held again and again that there is a presumption in favor of openness to judicial proceedings. Here, that presumption remains strong.

11

## II. DEFENDANT'S RELIANCE ON VAWA DOES NOT JUSTIFY PSEUDONYMITY OR SEALING

Defendant relies on an alleged prima facie VAWA determination to support her motion. That reliance is misplaced.

A prima facie VAWA determination is a threshold administrative screening mechanism for immigration benefits. It is not a finding of abuse, liability, or credibility. It does not create the right to anonymous litigation in federal court.

A USCIS "prima facie determination" is a preliminary administrative finding made for limited benefits-eligibility purposes. It is not a final adjudication of abuse, nor is it a judicial determination binding this Court.  The U.S. Customs and Immigration Service Manual provides that a Prima Facie Determination under VAWA is a "'first look' determination that the self-petitioner seems to have addressed each of the eligibility requirements.[1]"  Such a determination "does not mean the self-petitioner has established eligibility for the underlying self-petition" and "is not a final adjudication of the self-petition." Id.  Receiving such a determination makes that person a "qualifying alien" which makes them eligible for certain public benefits. Id. It also allows the "qualifying alien" to freely travel outside the country[2].  It is not a final determination; it is a finding that Defendant's application was facially sufficient to offer her temporary protections. While the determination may warrant consideration in assessing Defendant's asserted safety concerns, it does not itself establish entitlement to anonymity in this separate civil action.

Nor does 34 U.S.C. § 12291(b)(2) require this Court to permit pseudonymous litigation. By its terms, that statute governs confidentiality obligations imposed on VAWA program grantees and subgrantees. It does not restrict federal courts from naming parties in civil actions.

---

[1] https://www.uscis.gov/policy-manual/volume-3-part-d-chapter-5
[2] https://www.uscis.gov/policy-manual/volume-3-part-d-chapter-1

12

Defendant overstates the scope of 34 U.S.C. § 12291(b)(2). That provision governs the public release of victim location information by federal agencies and officials in the administration of domestic-violence programs. It does not create an automatic entitlement to pseudonymity in unrelated civil litigation, nor does it displace Rule 10(a)'s presumption of open judicial proceedings. Courts addressing pseudonym requests involving VAWA self-petitioners continue to apply the Sealed Plaintiff balancing framework rather than treating the statute as a categorical bar to public docketing.

Finally, "[s]elf-petitioners must demonstrate a qualifying relationship to an abusive U.S. citizen or LPR to be eligible for VAWA benefits" and such relationships include, broadly, spouses, children, and parents of abusive U.S. Citizens . It does not include former brothers-in-law or former sisters-in-law.

Defendant cites no authority extending VAWA protections to override Rule 10(a) or Second Circuit precedent governing pseudonymity. In the absence of such authority, the Court must apply the governing Second Circuit framework.

### III. DEFENDANT HAS NOT MET THE STANDARD FOR SEALING

Under Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110 (2d Cir. 2006), courts apply a three-step analysis to sealing requests: the Court must determine whether the materials are judicial documents, assess the weight of the presumption of access, and balance that presumption against any countervailing factors.

Defendant seeks to seal references to her identity and residence in a case where those facts are directly relevant. She offers no narrowly tailored proposal and no particularized showing of higher values sufficient to overcome the presumption of access. Generalized privacy concerns do

13

not satisfy the <u>Lugosch</u> standard. Defendant identifies no higher value that would override the strong presumption of access to judicial documents.

### IV. A PROTECTIVE ORDER RESTRICTING DISCOVERY IS PREMATURE AND UNWARRANTED

Rule 26(c) permits protective orders only upon a showing of good cause supported by specific facts. Plaintiffs have not yet served discovery demands. Defendant's request to restrict discovery into her identity and location is speculative and premature. When seeking a protective order, "the burden is on the movant to show 'good cause' for the protection requested 'through 'particular and specific facts,' and not mere 'conclusory assertions.'" <u>McGregor v City of NY</u>, 2026 US Dist LEXIS 34179, at *8 [EDNY Feb. 19, 2026, No. 24-CV-6951 (EK) (TAM). Issuance of a protective order would be premature as the parties have not so much as discussed discovery in this case. Rule 26(c) requires a particularized showing of good cause, not hypothetical concerns about future discovery.

Given Plaintiffs' allegations of coordinated and anonymous online dissemination of defamatory content, discovery into identity, location, electronic accounts, and related activity is directly relevant and proportional to the needs of the case.

Defendant has not demonstrated good cause to foreclose such discovery at this early stage.

## **CONCLUSION**

Defendant seeks to litigate anonymously in a case alleging that anonymity was the instrumentality of harm. She invokes statutory provisions that do not confer a right to pseudonymous litigation and offers no competent evidence of exceptional circumstances warranting departure from the presumption of open judicial proceedings.

Because Defendant has failed to meet the heavy burden required to justify pseudonymity, sealing, or entry of a protective order, Plaintiffs respectfully request that the Court deny Defendant's motion in its entirety.

Dated: February 27, 2026
       New York, New York

                                        VERIDIAN LEGAL P.C.

                                        By: _____/Daniel S. Szalkiewicz_____
                                        Daniel S. Szalkiewicz
                                        Cali P. Madia
                                        *Attorneys for Plaintiffs*