**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>Plaintiffs,<br><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br>Defendants. | <u>DECLARATION</u><br><br>Case Action No. 26-cv-00580 |

DANIEL S. SZALKIEWICZ declares as follows:

1.      I am a partner at the law firm of Veridian Legal P.C., attorneys for plaintiffs DEVEN SANON and SIMRAN HOTCHANDANI ("Plaintiffs") in the above-captioned action. I submit this declaration in opposition to the motion of Defendant SRIJANI CHATTERJEE ("Chatterjee" or "Defendant") to seal.

2.      I submit this declaration to document several factual and legal inaccuracies contained within Chatterjee's memorandum of law and motion.

**A. Defendant's Use of Artificial Intelligence Has Unnecessarily Complicated Plaintiff's Response, Citing to Outdated Legal Standards in Other Circuits and Forcing Plaintiff's Counsel to Chase Proper Citations and Fact Check Defendant**

3.      Defendant is an attorney in the United Kingdom.  She has also retained an attorney who is in the process of submitting an application to proceed pro hac vice.

4.      Nevertheless, she has submitted documents in this case which were seemingly generated using Artificial Intelligence ("AI").  In doing so, Defendant has forced Plaintiff's

counsel to undertake additional work to address both Defendant's AI-produced arguments and arguments which Defendant should have or meant to make.

5.    As egregiously, Defendant's use of AI has blurred the line between fact and fiction, resulting in Defendant making self-contradictory claims including, but not limited to, that she has a Prima Facie VAWA Determination (which is, by definition, on first impression) and yet also that her Prima Facie VAWA Determination "is not a preliminary or tentative finding."

6.    Elsewhere, she writes that being held responsible for harassment would "jeopardize her pending immigration case."  Other similar instances of this include on page 3 of her motion papers in which she provides a quote from 34 U.S.C. § 12291(b)(2) which does not exist.  See DE 10 pg. 2 ("The address or location of any victim of domestic violence shall not be publicly released by any Federal official, and, to the extent practicable, shall not be publicly released by any State or local official").

7.    Not only does the quote not exist but the citation does not even stand for the thing Defendant says it does.  Even the Seventh Circuit case balancing test set forth by Defendant does not exist.  In fact, the decision to which Defendant cites contains no balancing test, with the court pointing out that the lower court had allowed use of a pseudonym as the motion was unopposed. Indeed, the decision cited to by Defendant concluded that "the fact that a case involves a medical issue is not a sufficient reason for allowing the use of a fictitious name, even though many people are understandably secretive about their medical problems".  Doe v Blue Cross & Blue Shield United, 112 F3d 869, 872 (7th Cir 1997).

8.    Plaintiff's attorneys should not be forced to both address and investigate Defendant's factual and legal misstatements while also addressing the proper standards and bases for Defendant's arguments.

**B. Defendant Has Posted Public Comments on Her X Account Concerning This Litigation and the Pre-Action Litigation**

9.      Defendant argues that she will be harmed by the public knowing her identity.

10.     However, Defendant has taken it upon herself to post public statements about this litigation and Plaintiff's Bronx County pre-action litigation against her.

11.     For example, on February 21, 2026, Chatterjee posted "[e]very time a lawyer amplifies a vexatious litigant, somewhere a sanctions order drafts itself." Exhibit 1.

12.     On February 4, 2026, Defendant posted "[a] lawyer who cares more about their client (than their billables) would educate that forum shopping doesn't add merit to a lost case. It just adds maximisation to the loss." Exhibit 2.  The post was made two days after a court appearance in Bronx County.

13.     Likewise, on January 6, 2026, Defendant posted "[a] doomed game played for the sake of client billables, yet you can't help appreciate a billboard lawyer's hustle for the bread." Exhibit 3.

14.     The post was made hours after Defendant was emailed a letter regarding the pre-action discovery action.

**C. Defendant Has Filed a Public Litigation Using Her Name and Address**

15.     Defendant asserts that her address should be confidential because of VAWA, however, she has already filed this information on public dockets.

16.     Defendant is maintaining a lawsuit against the City of New York in which she states she was employed by NYC HPD from December 23, 2024 until February 6, 2025 (New York County Index No. 163293/2025, Doc. No. 1 and Doc. No. 11) (the "New York Action").

Both her Complaint and Amended Complaint, filed on October 7, 2025 and December 23, 2025,

respectively, indicate Defendant is a resident of the State of New York.

17.    On   February 5, 2026, after Defendant was served with this action, she publicly

filed a copy of her EEO Complaint Form.  The form contained her address, telephone number,

and email address.  The document is available on NYSCEF (Docket Entry 15), not redacted in

any form, and signed by Defendant.


I declare under penalty of perjury that the foregoing is true and correct to the best of my

knowledge, information, and belief.

Dated: New York, New York
       February 27, 2026

                                        /s/Daniel Szalkiewicz, Esq.
                                        Daniel S. Szalkiewicz