Srijani Chatterjee
srijanic91@gmail.com

*** Filed ***
04:35 PM, 04 Mar, 2026
U.S.D.C., Eastern District of New York

March 4, 2026

***Rec. in pdrive on 3/6/26 rg

**VIA EMAIL TO CHAMBERS**

The Honorable Vera M. Scanlon
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:   *Sanon et al. v. Chatterjee et al.*, Civil Action No. 1:26-cv-580 (AMD)(VMS) — *Pro Se Defendant's (1) Request for Pre-Motion Conference Regarding Anticipated Motion to Dismiss; (2) Request for Email Service of Orders and Submissions; and (3) Response to Plaintiffs' March 4, 2026 Letter to the Court*

Dear Judge Scanlon:

### I.   REQUEST FOR PRE-MOTION CONFERENCE

Pursuant to Your Honor's Individual Rules and Practices, Defendant Srijani Chatterjee, proceeding pro se, respectfully requests a pre-motion conference in advance of filing a motion to dismiss the Complaint in this action pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(5), 12(b)(6), and 12(f), and for sanctions pursuant to Rule 11. The grounds for the anticipated motion are summarized below.

### BACKGROUND

Plaintiffs Deven Sanon and Simran Hotchandani filed this 44-page Complaint on February 2, 2026, alleging defamation, intentional infliction of emotional distress, tortious interference, aiding and abetting, and a claim under New York Civil Rights Law § 79-n. The Complaint arises from the same nucleus of facts underlying a parallel pre-action discovery proceeding that Plaintiffs' same counsel — Daniel S. Szalkiewicz, Esq. of Veridian Legal P.C. — filed before the Supreme Court of the State of New York, County of Bronx (Index No. 818359/2025E).

Defendant is a certified victim of domestic violence under the Violence Against Women Act (VAWA). Plaintiff Deven Sanon is the brother of Defendant's abuser, who subjected Defendant to years of physical, sexual, emotional, and financial abuse. The Plaintiffs themselves

have subjected Defendant to emotional and mental abuse. On March 12, 2025, the United States Citizenship and Immigration Services issued a Prima Facie Determination approving Defendant's VAWA self-petition, a finding by a federal agency, based on evidence, that Defendant is a credible victim of the abuse she has described. A VAWA prima facie determination is not a routine administrative finding; it reflects a threshold federal determination that Defendant's account of abuse is substantiated. On January 15, 2026, the Bronx County Supreme Court entered an order designating Defendant as *Jane Doe* to protect her identity as a VAWA victim. Notwithstanding that order, Plaintiffs, the family of Defendant's abuser, filed this Complaint using Defendant's real name without court authorization, and Defendant respectfully requests that the Court impose appropriate sanctions in its discretion for this deliberate violation.

Notably, this Complaint was filed on February 2, 2026, the same day the Honorable Marissa Soto stayed all discovery in the Bronx County action and Plaintiffs' counsel represented that Plaintiffs intended to file a stipulation of discontinuance within two weeks. The state court discontinuance, filed February 4, 2026, dismissed the action only as to the named corporate respondents and did not include Defendant.

## GROUNDS FOR ANTICIPATED MOTION

Defendant anticipates moving on the following grounds:

- **Lack of Subject Matter Jurisdiction — Rule 12(b)(1).** Plaintiffs claim Massachusetts domicile to establish diversity under 28 U.S.C. § 1332(a). However, the same counsel who filed this Complaint filed sworn Verified Petitions in the Bronx County proceeding as recently as October 14, 2025, representing under oath that Plaintiffs are ***at all times relevant, residents of the State of New York.*** WhatsApp communications produced in those state court proceedings further reflect Plaintiff Simran Hotchandani's residential address as 1020 Rue de Bleury, Montreal, QC, Canada — not Massachusetts. If Plaintiffs are New York residents, no diversity exists. If Simran Hotchandani is a Canadian national domiciled abroad, § 1332(a)(2) does not independently provide jurisdiction on these facts. Either way, the Court lacks subject matter jurisdiction.

- **Lack of Personal Jurisdiction and Defective Service — Rules 12(b)(2) and 12(b)(5).** Service at a Brooklyn address on February 3, 2026 does not establish consent to this Court's jurisdiction. The process server failed to confirm Defendant's identity before serving her, rendering service defective under Rule 4(e). This failure is not merely technical: Plaintiffs' own counsel has communicated to Defendant's prospective counsel that Plaintiffs are not certain the person served is in fact the intended defendant. A plaintiff who cannot confirm the identity of the person served has not achieved valid service and cannot establish personal jurisdiction over the correct defendant. Defendant maintains no substantial or systematic contacts with New York sufficient for general jurisdiction, nor has she purposefully directed conduct at this forum for specific jurisdiction.

- **Failure to State a Claim — Rule 12(b)(6).** The Complaint fails to plausibly allege that Defendant authored or controlled the challenged content. Plaintiffs' own pleading attributes authorship to John Does 1-10 and Jane Does 1-10 (Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81) while simultaneously attributing that same authorship to Defendant, an internal contradiction fatal under *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007). To the extent any statements are attributable to Defendant, they are protected by the First Amendment as substantially true: McGill University acknowledged academic integrity concerns regarding Plaintiff Simran Hotchandani; a family member of Plaintiff Deven Sanon admitted in writing to an immigration sham marriage; and a senior Indian government official attested in a sworn affidavit to ongoing fraud investigations of the Hotchandani family.

- **Failure of New York Civil Rights Law § 79-n — Rule 12(f).** The Seventh Cause of Action fails because § 79-n does not cover conduct motivated by divorce or family relationships. Plaintiffs themselves allege that Defendant's motive was retaliation against her ex-husband's family for the divorce (Compl. ¶ 187), which is not a protected characteristic under the statute.

- **Rule 11 Sanctions and Forum Shopping.** Plaintiffs' counsel certified Massachusetts domicile in this federal Complaint while, less than four months earlier, the same firm filed sworn petitions in Bronx County representing that Plaintiffs are New York residents. Both representations cannot be true and constitute a violation of Rule 11(b)(3). This Complaint was also filed on the same day the state court stayed all discovery in the parallel action and Plaintiffs' counsel represented an intention to discontinue that proceeding, a clear example of bad-faith forum shopping. Most critically, Plaintiffs' own counsel has since communicated to Defendant's prospective counsel that Plaintiffs are not certain the named Defendant is in fact the person responsible for the alleged conduct. Filing and maintaining a federal lawsuit against an individual while admitting uncertainty as to whether that individual is the correct defendant is a textbook violation of Rule 11(b)(3)'s requirement that factual contentions have evidentiary support.

## PROPOSED BRIEFING SCHEDULE

Defendant respectfully proposes the following briefing schedule for the motion to dismiss, subject to the Court's approval and any direction following the pre-motion conference:

- No sooner than a date to be set by the Court following the pre-motion conference, Defendant shall serve and file her motion to dismiss;

- Twenty-one (21) days thereafter, Plaintiffs shall serve and file their opposition;

- Fourteen (14) days thereafter, Defendant shall serve and file her reply.

Defendant further respectfully requests that all discovery in this action be stayed pending resolution of the motion to dismiss, given the threshold jurisdictional issues raised, Defendant's status as a VAWA-certified domestic violence victim, and the state court's February 2, 2026 order staying discovery in the parallel proceeding. Permitting discovery to proceed here while it remains stayed in state court would directly reward Plaintiffs' forum shopping.

Defendant is available at the Court's convenience for a pre-motion conference and respectfully requests that any conference be conducted by telephone or video.

## II. REQUEST FOR EMAIL SERVICE OF ORDERS AND SUBMISSIONS

Defendant respectfully requests that the Court direct that copies of all orders, rulings, notices, and submissions filed by Plaintiffs be served upon Defendant by email at **srijanic91@gmail.com**, for the following reasons.

Despite diligent efforts spanning more than three weeks, Defendant has been unable to obtain a functioning PACER account and has no means to receive electronic notice of filings, view docket entries, or retrieve Court orders. This is not for lack of effort, Defendant has made multiple attempts to complete registration and resolve the technical obstacles encountered, without success. Without email service from the Court and from Plaintiffs' counsel, Defendant faces a serious and ongoing risk of prejudice from missing critical filings and deadlines through no fault of her own.

Defendant is additionally unable to provide a physical mailing address on the public docket. As a VAWA-certified domestic violence victim subject to the January 15, 2026 Jane Doe protective order issued by the Bronx County Supreme Court, disclosing her residential address in Court filings accessible to Plaintiffs poses a direct safety risk. Defendant respectfully requests that the Court accept her email address in lieu of a physical mailing address for all service purposes pending resolution of the protective order motion, or alternatively direct that any required address be filed under seal.

Defendant accordingly requests that the Court: (1) direct chambers to transmit all orders and Court notices to **srijanic91@gmail.com**; (2) direct Plaintiffs' counsel to serve all submissions, correspondence, and filings upon Defendant at that address simultaneously with ECF filing; and (3) excuse Defendant from publicly docketing a physical mailing address pending resolution of the protective order motion. Defendant will promptly notify the Court and Plaintiffs' counsel upon obtaining PACER access.

### III. RESPONSE TO PLAINTIFFS' MARCH 4, 2026 LETTER TO THE COURT (ECF DOC. 13)

Defendant Srijani Chatterjee submits this response to the letter filed by Plaintiffs' counsel Daniel S. Szalkiewicz, Esq. earlier today (ECF Doc. 13). The letter alleges, based entirely on an unsworn, secondhand account from an unnamed editor at ALM/Law.com, that Defendant misrepresented to that organization that this case is concluded and provided it with a fabricated court order. The Court should read that letter with the full context of who these parties are and what this litigation actually is.

Plaintiff Deven Sanon is the brother of Defendant's abuser. Defendant was subjected to years of physical, sexual, emotional, and financial abuse at the hands of Deven Sanon's brother. The Plaintiffs themselves have subjected Defendant to emotional and mental abuse. On March 12, 2025, the United States Citizenship and Immigration Services issued a Prima Facie Determination approving Defendant's VAWA self-petition, a formal federal finding that Defendant's account of abuse is substantiated by evidence. This is not a self-serving assertion. It is the considered determination of a federal agency. The Bronx County Supreme Court subsequently entered a protective order designating Defendant as Jane Doe specifically because of these circumstances. Plaintiffs then filed this lawsuit using Defendant's real name in deliberate violation of that order. The Court should have no illusions about the purpose of this litigation.

The purpose of this litigation is not to vindicate any legitimate reputational interest. It is to financially drain a domestic violence victim, to force the public exposure of her identity and personal details on the internet, and to punish her for speaking the truth about her abuse. Plaintiffs' own conduct makes this unmistakably clear. Their counsel's letter to this Court today does not address a single merits issue. It does not challenge a jurisdictional argument. It does not respond to the sworn contradictions in Plaintiffs' own filings. Instead, it runs to a federal judge to complain about a Law.com article, because the thing Plaintiffs are most concerned about is not their reputation, but controlling the narrative of what gets published about this case online. That is not the concern of a legitimate defamation plaintiff. It is the concern of a plaintiff using litigation as a weapon of harassment and exposure against a VAWA victim.

The allegations in Plaintiffs' letter are false. Defendant categorically and unequivocally denies each and every one of them. Defendant did not represent to ALM/Law.com or to any person that this case is concluded. Defendant did not represent that this Court had issued any sealing order. Defendant did not provide any organization with a fabricated court order. Not one of these accusations is true. Plaintiffs' counsel has submitted nothing to substantiate them, no affidavit, no documentary evidence, no sworn statement of any kind. The entirety of Plaintiffs' letter rests on double hearsay from an anonymous third party whose identity and reliability have not been verified. It would be inadmissible in any proceeding and should be accorded no weight whatsoever by this Court.

The manner in which this letter was filed compounds the misconduct. Plaintiffs' counsel is well aware of the existence and involvement of Defendant's prospective counsel, Marc Pelta, Esq., having communicated with Mr. Pelta directly on multiple occasions by telephone regarding this matter. While Mr. Pelta permitted Plaintiffs' counsel to communicate directly with Defendant as a courtesy during the pendency of the pro hac vice process, that permission does not authorize Mr. Szalkiewicz to willfully omit Mr. Pelta from correspondence that he himself initiates. When an attorney who knows of prospective counsel's existence and has spoken with that counsel directly chooses to initiate an adverse filing and serve it on the opposing party alone, deliberately excluding known counsel from the communication chain, that is not an oversight. It is a calculated violation of Rule 4.2 of the New York Rules of Professional Conduct, which prohibits direct communication with a represented or about-to-be-represented party when the attorney has actual knowledge of that representation. Sanctions for this conduct are warranted and Defendant will pursue them through appropriate channels.

The timing of Plaintiffs' letter is deliberate and transparent. Plaintiffs are aware — as any party to this action must be, that Defendant's answer deadline is approaching and that a motion to dismiss under Rule 12 is forthcoming. Rather than wait to address those arguments on the merits, Plaintiffs' counsel chose to preemptively file inflammatory, evidence-free allegations against Defendant with this Court today, before Defendant's Rule 12 motion practice has even commenced, in an obvious attempt to poison the Court's perception of Defendant before she can be heard. At the time of filing, the only matters before this Court were Defendant's Motion for Extension of Time and Defendant's Motion for a VAWA Protective Order, both filed by a pro se domestic violence victim seeking basic procedural relief. Plaintiffs' response to those filings was not to engage with the merits, but to accuse Defendant of fabricating a federal court order. The Court should recognize this tactic for what it is: a bad-faith effort to use the federal docket as a further instrument of harassment against a VAWA victim, and one that itself warrants sanctions under Rule 11 and the Court's inherent authority. It is the continuation by other means of the same pattern of intimidation and abuse that gave rise to Defendant's VAWA petition.

Defendant respectfully requests that the Court: (1) disregard Plaintiffs' March 4 letter in its entirety as unsupported by any admissible evidence; (2) direct Plaintiffs' counsel to copy Defendant's prospective counsel on all future correspondence and filings in this matter; (3) take note of Plaintiffs' pattern of conduct, filing a Complaint in violation of a Jane Doe protective order, bypassing prospective counsel, and filing evidence-free allegations against a federal VAWA victim, in any future assessment of the parties' relative good faith, including in connection with the anticipated Rule 11 motion; and (4) consider whether a sua sponte inquiry into Plaintiffs' counsel's conduct is warranted. Defendant expressly reserves all rights and remedies with respect to the allegations in Plaintiffs' March 4 letter and the conduct underlying them.

Defendant thanks the Court for its consideration of the matters set forth in this letter.

Respectfully,

_____
Srijani Chatterjee
srijanic91@gmail.com
Defendant, Pro Se

cc:   Daniel S. Szalkiewicz, Esq., Veridian Legal P.C., Attorneys for Plaintiffs
      Marc Pelta, Esq., Prospective Counsel for Defendant