**VERIDIAN LEGAL**

23 West 73rd Street  
Suite 102  
New York, NY 10023

T: (212) 706-1007  
F: (646) 849-0033  
www.veridianlegal.com

March 6, 2026

**<u>Via NYSEF</u>**

Judge Ann M. Donnelly  
United States District Court  
Eastern District of New York  
225 Cadman Plaza East  
Courtroom 4GN  
Brooklyn, New York 11201

*Re:*   *Sanon et al v. Chatterjee et al*  
    *United States District Court for the Eastern District of New York*  
    *Case No.: 1:26-cv-00580-AMD-VMS*

Dear Judge Donnelly,

  We represent plaintiffs in the above-captioned case, Deven Sanon and Simran Hotchandani ("Plaintiffs"). Please accept this letter pursuant to the individual part rules 4(A) in response to a pre-motion letter of defendant Srijani Chatterjee ("Defendant") dated March 4, 2026. Initially, Plaintiffs do not oppose service of papers to Defendant Chatterjee's email account as she obtains access to PACER alerts. While we have no desire to litigate this matter by letter, Defendant has made a number of misrepresentations – many of which are disproven through court dockets – which are bear on Your Honor's decision and, accordingly, Plaintiffs cannot leave them uncorrected.

  Initially, the Bronx County Supreme Court case was brought pursuant to CPLR §3102 for pre-action discovery and Chatterjee was not a named defendant. No court order was ever issued permitting Chatterjee to proceed pseudonymously, rather Chatterjee appeared and *sua sponte* identified herself "Jane Doe." The action was discontinued prior to a motion being heard on the merits as Plaintiffs had already received sufficient information to identify Chatterjee as their harasser. As an attorney, Chatterjee should be aware of this fact and nevertheless continues to misrepresent it. Defendant's threats of sanctions against me are similarly baseless, as her apparent attorney, Mr. Pelta, has repeatedly indicated to me: "my client is not represented by counsel[,]" "I am not representing her in this case until the Court permits me to do so[,]" "I do not represent Srijani in this Federal case yet[,]" and "I do not represent her in this case yet." More so, Mr. Pelta has provided us with permission to communicate with Defendant Chatterjee, indicating "The Rule has an exception if I give you permission to communicate with Srijani…I provide that permission to you despite the fact that I do not represent Srijani in this Federal case yet." Any communication made by me was undertaken with these facts in mind.

  As to Defendant's substantive arguments about the motion, first, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) since Plaintiffs are citizens of Massachusetts and Defendant is a citizen of New York. Second, contrary to Defendant's contention, Plaintiff's counsel never expressed any hesitance that Defendant Chatterjee was properly served. What *was*



As of March 6, 2026
Page 2

conveyed to Defendant Chatterjee's attorney was that she made serious misrepresentations to the Bronx County court concerning her residency. On February 2, 2026, during a virtual court appearance, Defendant Chatterjee represented to the court that she was currently in Qatar. However, 24 hours later, she was served at her Brooklyn residence. Importantly, Defendant Chatterjee does not deny she was served; rather she merely states that the process server did not ask her name before handing her the paper. This is not a violation of Rule 4(e) as she was personally "deliver[ed] a copy of the summons and of the complaint."

Plaintiffs have stated a cause of action for defamation, intentional infliction of emotional distress, aiding and abetting defamation and intentional infliction of emotional distress, tortious interference, bias-motivated harassment, and civil conspiracy. The complaint alleges that Chatterjee published false statements about the plaintiff through fault amounting to at least negligence and that the statements constitutes defamation per se. <u>Menaker v C.D.</u>, 2018 US Dist LEXIS 187377, at *7 [EDNY Nov. 1, 2018, No. 2:17-cv-5840 (DRH)(AYS)]).

Defendant's online content calls Simran transgender; accuses Simran of academic, immigration, and insurance fraud; claims Plaintiffs have a sham immigration marriage and that Deven is gay and "deviant[;]" along with countless other fabrications. A review of Plaintiffs' Complaint and the harassing websites which remain online to this day – paired with information received from NameCheap and PayPal in pre-action discovery – demonstrates Defendant's responsibility for creating and publishing (and paying others to create and publish) the hateful content about Plaintiffs. Defendant Chatterjee's scheme is significantly similar to the facts of <u>Cedeno v Pacelli</u>, 192 AD3d 533, 534 (1st Dept 2021), where the defendants were responsible for authoring, publishing, or causing others to publish false content. With relation to the New York Civil Rights Law § 79-n, Plaintiffs alleged that Defendant Chatterjee's conduct violates New York Penal Law 240.25 and was motivated because of her bias towards them in their perceived sexual orientation, gender identity, ethnicity, nationality, and marital status.

Sanctions are not warranted. Plaintiff's counsel has never represented that Defendant Chatterjee is the wrong defendant; in fact, evidence provided in pre-action discovery overwhelming proves she is the tortfeasor. Plaintiffs did not forum shop; the action filed in state court was a pre-action petition against certain tech companies and cable providers. Defendant Chatterjee was not a party, nor was she personally named in any capacity. The Bronx County action was discontinued once Plaintiffs obtained sufficient proof that Defendant Chatterjee was the harasser and after the relevant tech companies assured Plaintiffs' they would preserve the responsive documents for this action. Finally, as stated above, Plaintiffs are residents of the state of Massachusetts.

Plaintiffs oppose Defendant Chatterjee's request for discovery. Plaintiffs have brought a meritorious action against Defendant. This action will involve third-party discovery from companies such as Meta and Google. Electronic information such as IP addresses is notoriously fleeting. Should the matter be stayed, the information will become stale and Plaintiffs' will be prejudiced. Likewise, there is no stay in state court or any other pending actions between the parties in any other court of which Plaintiffs are aware.

Veridian Legal P.C.



As of March 6, 2026
Page 3

    Plaintiffs oppose Defendant Chatterjee's request to be excused from publicly filing documents and sealing her address. The reasons have been set forth in Plaintiffs' February 27, 2026 filing that is incorporated herein. <u>See DE 11</u>.

    Plaintiffs disagree with Defendant's remaining assertions in the letter and will not address them as they do not relate to the pre-motion conference request.

    I thank this Court for its attention to this matter.

    Respectfully submitted,

    VERIDIAN LEGAL P.C.

    /s/*Daniel Szalkiewicz*

    By: Daniel S. Szalkiewicz, Esq.
    ***daniel@veridianlegal.com***