*** Filed ***
11:45 AM, 26 Mar, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------x

DEVEN SANON and SIMRAN
HOTCHANDANI,

        *Plaintiffs,*

    vs

SRIJANI CHATTERJEE, JOHN DOES 1-10,
and JANE DOES 1-10,

        *Defendants.*

------------------------------------------x

**NOTICE OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), AND 12(f), FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e), AND FOR SANCTIONS PURSUANT TO RULE 11**

Civil Action No. 26-cv-580 (AMD)(VMS)

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, Declaration of Srijani Chatterjee, Index of Exhibits, and all prior proceedings herein, Defendant Srijani Chatterjee will move this Court before the Honorable United States District Judge assigned to this case, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order:

**1.**   Dismissing the Complaint in its entirety **with prejudice** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), because Plaintiffs have failed to establish complete diversity of citizenship as required by 28 U.S.C. § 1332(a). Plaintiffs claim Massachusetts domicile in this federal action (Compl. ¶¶ 12–13), yet in their own sworn Verified Petition and Verified Amended Petition filed before the Supreme Court of the State of New York, County of Bronx (Index No. 818359/2025E)—prepared and submitted by the same counsel who filed this Complaint—Plaintiffs represented under oath that they are *at all times relevant, residents of the State of New York*. **Exhibit A and Exhibit D**. WhatsApp communications produced in those proceedings further reflect Plaintiff Simran Hotchandani's residential address as 1020 Rue de Bleury, Montréal, QC, Canada H2Z 0B9. **Exhibit E**. Additionally, Plaintiff Deven Sanon publicly identified himself as a Canadian citizen with strong

domicile contacts in Canada in May 2025. **Exhibit P**. A party cannot assert New York residency in state court to establish venue and then assert Massachusetts domicile in federal court to manufacture diversity jurisdiction;

2.　　Dismissing the Complaint in its entirety with prejudice for lack of personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant is a British citizen whose legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar, as a certified VAWA domestic violence victim following USCIS's issuance of the Prima Facie Determination. **Exhibit K**. Her presence in New York was temporary and tied to a short-term accommodation arrangement for a specific purpose, and does not establish domicile or continuous contacts with the State. Defendant did not specifically target New York, the alleged statements were not directed at a New York audience, and the statements were not tied to any business or activity in New York. Her temporary New York presence does not supply the continuous and systematic contacts required for general jurisdiction under *Daimler AG v. Bauman*, 571 U.S. 117 (2014), nor the purposeful availment required for specific jurisdiction under *Walden v. Fiore*, 571 U.S. 277 (2014);

3.　　Dismissing the Complaint in its entirety **with prejudice** for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b), because Plaintiffs have not pleaded facts establishing that a substantial part of the events or omissions giving rise to their claims occurred in the Eastern District of New York. Plaintiffs' own prior sworn representations describe New York County (Bronx) as the forum for their activities, not the Eastern District. The parallel state court action was filed in Bronx County, which falls within the Southern District of New York. Venue in this District was selected for no discernible reason other than to impose litigation burden on Defendant;

**4.**  Dismissing the Complaint in its entirety **with prejudice** for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Service on February 3, 2026 was defective under Rule 4(e): the process server failed to verify Defendant's identity before service; the address used was not Defendant's dwelling or usual place of abode; and if Defendant was located abroad at the time, Plaintiffs were required to comply with Rule 4(f) and applicable international service conventions, which they did not;

**5.**  Dismissing the Complaint in its entirety **with prejudice** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following independent grounds:

(a)  Plaintiffs fail to plausibly plead that Defendant authored, created, or controlled the content forming the basis of their claims, relying on impermissible inference stacking that fails under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), while Plaintiffs' own Complaint attributes authorship to John Does and Jane Does (Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81);

(b)  Plaintiffs fail to plead defamation with the specificity required under New York law—the Complaint does not identify any specific allegedly false statement, the date and platform of publication, or the third parties who received each statement;

(c)  The challenged statements, to the extent attributable to Defendant, constitute non-actionable opinion under New York law, are substantially true as established by independent documentary evidence **(Exhibits L, M, N)**, and concern matters of public interest protected by the First Amendment;

(d)  Defendant is immune from liability for any content published on third-party interactive computer services under Section 230 of the Communications Decency

Act, 47 U.S.C. § 230(c)(1), because Plaintiffs' own Complaint attributes authorship of the challenged content to third-party information content providers (John Does and Jane Does);

(e)    This action is subject to mandatory dismissal under New York's Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a and CPLR § 3211(g), because it arises from communications in connection with issues of public interest—including immigration fraud, academic fraud, domestic violence, and government investigations—and Plaintiffs cannot demonstrate a substantial basis for their claims;

(f)    The Complaint fails to plead publication, cognizable damages, or causation with the specificity required by federal pleading standards;

6.    Striking Plaintiffs' Seventh Cause of Action under New York Civil Rights Law § 79-n as legally insufficient pursuant to Federal Rule of Civil Procedure 12(f), as Plaintiffs' own Complaint establishes that the alleged conduct was motivated by a divorce—not any protected characteristic under the statute;

7.    Staying all discovery in this action pending resolution of this Motion pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 26(c), particularly given that: (1) this Motion raises substantial threshold jurisdictional questions; (2) Defendant is a VAWA-certified domestic violence victim residing abroad to escape harassment by Plaintiffs and their family; (3) Plaintiffs have already obtained extensive pre-action discovery through the parallel Bronx County state court proceedings; and (4) discovery in that action was stayed by court order on February 2, 2026. **Exhibit G**;

8.    Awarding Defendant her costs and expenses incurred in connection with this action pursuant to New York Civil Rights Law §§ 70-a and 79-n(4) and CPLR § 3211(g), given:

(a) Plaintiffs' counsel's certification of contradictory domicile representations in contemporaneous proceedings; (b) Plaintiffs' admission of uncertainty about whether the named Defendant is the correct person; (c) Plaintiffs' filing of this Complaint in deliberate violation of the January 15, 2026 Jane Doe protective order; and (d) Plaintiffs' counsel's violation of Rule 4.2 of the New York Rules of Professional Conduct by bypassing Defendant's known prospective counsel in court filings;

9.      Requiring Plaintiffs, whose pleading failures are so fundamental as to prevent Defendant from framing any responsive pleading, to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) of: (a) the specific facts supporting their asserted Massachusetts domicile; (b) each allegedly defamatory statement with precise identification, including the exact wording, date, platform of publication, and the specific third parties who received it; (c) the factual basis for personal jurisdiction over Defendant; (d) the specific acts attributed to Defendant personally as opposed to the John Does and Jane Does identified throughout the Complaint as authors; and (e) the factual basis for damages exceeding $75,000; and

10.      Granting such other and further relief as this Court deems just and proper.

### STATEMENT OF GROUNDS

This Motion is based upon the following grounds:

### I.      LACK OF SUBJECT MATTER JURISDICTION—FAILURE OF COMPLETE DIVERSITY

This Court lacks subject matter jurisdiction because Plaintiffs have not established complete diversity of citizenship under 28 U.S.C. § 1332(a). The same counsel who filed this

Complaint—Daniel S. Szalkiewicz, Esq. of Veridian Legal P.C.—filed sworn petitions in the Bronx County Supreme Court representing that Plaintiffs are residents of the State of New York (**Exhibit A, ¶ 1; Exhibit D, ¶ 2**). The Verified Amended Petition was filed as recently as October 14, 2025—less than four months before Counsel filed the instant Complaint claiming Massachusetts domicile. WhatsApp communications produced in those proceedings show Plaintiff Simran Hotchandani identifying a Montréal, Canada address as her residence **(Exhibit E)**. The Civil Cover Sheet filed with this action lists Massachusetts as Plaintiffs' county of residence **(Exhibit C)**, but this bare designation cannot overcome the sworn representations of New York or Canadian residency made contemporaneously in parallel proceedings by the same counsel.

Further, Plaintiff Deven Sanon publicly identified himself as a Canadian citizen in May 2025. **Exhibit P,** (Deven Sanon, *Deven Sanon—Rising Force, Canadian*, Digital Journal, May 2025). If both Plaintiffs are Canadian citizens, diversity does not exist between two foreign nationals. If Plaintiffs are New York residents, no diversity exists as against Defendant's most recent New York address. Either way, this action must be dismissed for lack of subject matter jurisdiction.

Independently, Plaintiffs lack Article III standing to invoke this Court's jurisdiction. The constitutional minimum for standing requires that a plaintiff demonstrate: (1) a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) redressability by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs' Complaint offers only bare, conclusory allegations of "reputational harm" and "emotional distress" without identifying any specific lost opportunity, lost relationship, lost income, or concrete adverse consequence traceable to any specific act of Defendant. Allegations of generalized reputational damage unmoored from specific, identifiable

harm do not satisfy Article III's irreducible constitutional minimum. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41 (2016). Because Plaintiffs have not pleaded a concrete and particularized injury-in-fact traceable to Defendant's conduct, this Court independently lacks subject matter jurisdiction on constitutional standing grounds.

## II.    LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction over Defendant. Defendant is a British citizen whose legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar, as a certified VAWA domestic violence victim following USCIS's issuance of a Prima Facie Determination approving her VAWA self-petition. **Exhibit K**. Her VAWA status was formally recognized by the Supreme Court of the State of New York, Bronx County, which on January 15, 2026 ordered that Defendant be designated Jane Doe in that proceeding to protect her identity as a domestic violence victim under VAWA. **Exhibit F**. Although Defendant was served at a Brooklyn address on February 3, 2026—the day after the Complaint was filed—service at a temporary address does not establish legal domicile in New York, nor does it constitute consent to this Court's personal jurisdiction. Notably, the process server did not even confirm Defendant's identity before serving documents, rendering service procedurally defective. Her presence in New York was temporary and tied to a short-term accommodation arrangement for a specific purpose, and does not establish domicile or continuous contacts with the State. Defendant did not specifically target New York, the alleged statements were not directed at a New York audience, and the statements were not tied to any business or activity in New York. Defendant does not maintain the continuous and systematic contacts with New York required for general jurisdiction under Daimler AG v. Bauman, 571 U.S. 117 (2014), nor has she purposefully directed activities at New York sufficient to support specific jurisdiction under Walden v. Fiore, 571 U.S. 277 (2014).

### III.    VENUE IS IMPROPER

Venue in the Eastern District of New York is improper under 28 U.S.C. § 1391(b) because Plaintiffs have not established that a substantial part of the events giving rise to their claims occurred in this District. Plaintiffs' own prior sworn filings describe their activities in Bronx County, which is in the Southern District of New York. There is no factual allegation tying the alleged events to the Eastern District specifically. The Court should dismiss or, if the interest of justice requires, transfer this action pursuant to 28 U.S.C. § 1406(a).

### IV.    SERVICE OF PROCESS WAS INSUFFICIENT

Service at a Brooklyn address on February 3, 2026 does not establish consent to this Court's jurisdiction. The process server failed to confirm Defendant's identity before serving documents, rendering service defective under Rule 4(e). If Defendant was located abroad at the time of the alleged service, Plaintiffs were additionally required to comply with Federal Rule of Civil Procedure 4(f) and applicable international service conventions, which they did not. Without valid service, this Court cannot exercise personal jurisdiction over Defendant.

### V.    PLAINTIFFS VIOLATED THE STATE COURT'S JANE DOE DESIGNATION

Plaintiffs violated the January 15, 2026 Order of the Supreme Court of the State of New York, Bronx County, which expressly designated Defendant as Jane Doe to protect her identity as a certified VAWA domestic violence victim. **Exhibit F**. That Order was in full force and effect at the time this Complaint was filed. Plaintiffs filed this Complaint using Defendant's real name without court authorization, without application to vacate the protective order, and without notice to Defendant. This is not a procedural irregularity — it is a deliberate violation of a sitting court order. The VAWA Prima Facie Determination further established that the Plaintiffs themselves

— Deven Sanon and Simran Hotchandani — subjected Defendant to emotional, mental, and psychological abuse at the requisite federal threshold of proof. **Exhibit K**. Plaintiffs' filing of a public federal pleading identifying by name a VAWA victim whom a state court had ordered to proceed anonymously, and doing so in knowing violation of that order, constitutes sanctionable conduct and an independent basis for dismissal of this action as an abuse of process.

## VI.    THE STATE COURT ACTION MAY REMAIN PENDING AGAINST DEFENDANT

Plaintiffs' February 4, 2026 Notice of Voluntary Discontinuance expressly discontinued the Bronx County action only as to the named corporate respondents and did not name or include Defendant/Jane Doe among the dismissed parties. **Exhibit H**. The February 19, 2026 Order of the Honorable Marissa Soto similarly reflects withdrawal only as to the named respondents. **Exhibit I**. Accordingly, the state court action as to Defendant may remain pending, providing an additional basis on which this Court may decline to exercise jurisdiction or confirm the improper forum-shopping nature of the instant federal filing.

## VII.    FAILURE TO PLAUSIBLY PLEAD AUTHORSHIP OR CONTROL

Plaintiffs have failed to plausibly allege that Defendant authored, created, or controlled the content forming the basis of their claims. The Complaint relies on a chain of impermissible inferences—payment to a digital marketing agency (Impester Media) → hired freelance writers (John/Jane Does) → writers created specific articles → Defendant controlled and published those articles. This inference stacking fails under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs' own Complaint attributes authorship

to John Does and Jane Does (Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81) while simultaneously and inconsistently attributing authorship to Defendant.

## VIII.    DEFAMATION IS NOT PLEADED WITH SPECIFICITY

The Complaint fails to identify any specific allegedly defamatory statement, the date and platform of each publication, or the specific third parties who received each statement. New York law and federal pleading standards require this specificity. *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 324 (2d Cir. 2011). The Complaint's generic references to "defamatory statements" and "false content" are quintessential threadbare recitals insufficient under *Iqbal*. Additionally, the alleged statements constitute non-actionable opinion, and Plaintiffs fail to adequately plead publication, causation, or cognizable damages above the jurisdictional threshold.

The damages failure is further compounded by a fatal internal contradiction: Plaintiffs allege reputational and economic devastation while their own Complaint acknowledges that Plaintiff Deven Sanon continued to raise "impressive" and substantial investor capital during the very same period the allegedly defamatory statements were published — directly disproving their own damages narrative.

## IX.    SECTION 230 IMMUNITY

Defendant is immune from liability under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). The Complaint attributes authorship of the challenged content to third-party John Does and Jane Does while seeking to hold Defendant liable as publisher. Section 230 prohibits treating a user of an interactive computer service as the publisher of content provided by another information content provider. *Herrick v. Grindr LLC*, 765 F. App'x 586, 589 (2d Cir. 2019).

## X.   ANTI-SLAPP LAW REQUIRES DISMISSAL AND FEE SHIFTING

This action arises from communications in connection with issues of public interest—immigration fraud, academic integrity, domestic violence, and government investigations—and is subject to mandatory dismissal and fee-shifting under New York's Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a and CPLR § 3211(g). Plaintiffs cannot demonstrate a substantial basis for their claims in light of the independent documentary record establishing substantial truth.

## XI.   FIRST AMENDMENT PROTECTION AND OPINION DOCTRINE

To the extent any statements are attributable to Defendant, they are protected by the First Amendment as non-actionable opinion or substantially true statements on matters of public concern. Plaintiffs' own state court exhibits establish substantial truth: McGill University acknowledged academic integrity concerns regarding Plaintiff Simran Hotchandani **(Exhibit L)**; a family member admitted under oath to an immigration sham marriage **(Exhibit M)**; and a senior Indian government official attested to federal and international fraud investigations of the Hotchandani family **(Exhibit N)**.

## XII.   RES JUDICATA AND COLLATERAL ESTOPPEL

On October 30, 2024, the Family Court of Monroe County, New York dismissed with prejudice nearly identical claims brought by Micky Suri (Madhu Sanon)—the mother of Plaintiff Deven Sanon—against Defendant (File No. 129846, Docket No. O-09381-23). **Exhibit O**. That dismissal with prejudice bars relitigation of the same factual allegations through surrogate plaintiffs in privity with the prior petitioner. Plaintiffs are in privity with Micky Suri as family members—including mother-son relationship—pursuing identical claims based on the identical alleged conduct, with a fully aligned and shared identity of interest.

## XIII.   FORUM SHOPPING AND IMPROPER DUPLICATIVE LITIGATION

Plaintiffs filed this federal Complaint on February 2, 2026—the same day the Honorable Marissa Soto in the Bronx County Supreme Court stayed all discovery in the parallel state action and Plaintiffs' own counsel represented to that court that Plaintiffs intended to file a stipulation of discontinuance within two weeks. **Exhibit G**. Rather than honoring that representation, Plaintiffs filed a 44-page federal complaint hours later. This constitutes bad faith forum shopping designed to circumvent the state court's discovery stay and to burden a VAWA-certified domestic violence victim with duplicative federal litigation.

## XIV.   RULE 11 SANCTIONS

On March 4, 2026, Plaintiffs' counsel Daniel S. Szalkiewicz, Esq. filed a letter with this Court (ECF Doc. 13) alleging, based entirely on an unsworn, secondhand account from an unnamed editor at ALM/Law.com, that Defendant misrepresented to that organization that this case is concluded and provided it with a fabricated court order. The Court should read that letter with the full context of who these parties are and what this litigation actually is. Plaintiff Deven Sanon is the brother of Defendant's abuser. Defendant was subjected to years of physical, sexual, emotional, and financial abuse at the hands of Deven Sanon's brother. The Plaintiffs themselves have subjected Defendant to emotional and mental abuse. On March 12, 2025, the United States Citizenship and Immigration Services issued a Prima Facie Determination approving Defendant's VAWA self-petition, a formal federal finding that Defendant's account of abuse is substantiated by evidence. **Exhibit K**. This is not a self-serving assertion. It is the considered determination of a federal agency. The Bronx County Supreme Court subsequently entered a protective order

designating Defendant as Jane Doe specifically because of these circumstances. Plaintiffs then filed this lawsuit using Defendant's real name in deliberate violation of that order.

The purpose of this litigation is not to vindicate any legitimate reputational interest. It is to financially drain a domestic violence victim, to force the public exposure of her identity and personal details on the internet, and to punish her for speaking the truth about her abuse. Plaintiffs' own conduct makes this unmistakably clear. Counsel's March 4 letter to this Court does not address a single merits issue. It does not challenge a jurisdictional argument. It does not respond to the sworn contradictions in Plaintiffs' own filings. Instead, it runs to a federal judge to complain about a Law.com article, because what Plaintiffs are most concerned about is not their reputation, but controlling the narrative of what gets published about this case online. That is not the concern of a legitimate defamation plaintiff. It is the concern of a plaintiff using litigation as a weapon of harassment and exposure against a VAWA victim. The allegations in that letter are false. Defendant categorically denies each and every one of them. Not one is supported by a sworn statement, affidavit, or documentary evidence of any kind. The letter rests entirely on double hearsay from an anonymous third party whose identity and reliability have not been verified, and it should be accorded no weight whatsoever by this Court.

Plaintiffs' counsel certified Massachusetts domicile in this federal Complaint (Compl. ¶¶ 2–13) while having, less than four months earlier, filed sworn petitions in the Bronx County Supreme Court representing that Plaintiffs are residents of New York. **Exhibit A** and **Exhibit D**. Both certifications were made by the same law firm—Veridian Legal P.C. Both cannot be true. This constitutes a violation of Federal Rule of Civil Procedure 11(b)(3). Further, Plaintiffs' counsel has since acknowledged uncertainty about whether the named Defendant is the correct person, independently violating Rule 11(b)(3). Additionally, in filing ECF Doc. 13 on March 4, 2026,

Plaintiffs' counsel violated Rule 4.2 of the New York Rules of Professional Conduct by deliberately omitting Defendant's known prospective counsel Marc Pelta, Esq. from court correspondence, having had direct telephone communications with Mr. Pelta regarding this matter. Defendant hereby provides Rule 11(c)(2) safe harbor notice and intends to seek sanctions and dismissal if Plaintiffs do not voluntarily withdraw the Complaint within twenty-one (21) days.

## XV.   NEW YORK CIVIL RIGHTS LAW § 79-n FAILS AS A MATTER OF LAW

Plaintiffs' Seventh Cause of Action under New York Civil Rights Law § 79-n fails because the statute's protected categories—race, color, national origin, ancestry, gender, religion, age, disability, and sexual orientation—do not include family relationships, marital status, or divorce. Plaintiffs' own Complaint alleges that Defendant's motivation was to retaliate against her ex-husband's family for the divorce (Compl. ¶ 187), which is not a protected basis under the statute.

## XVI.   DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

A stay of discovery is warranted given: (1) the substantial threshold jurisdictional questions; (2) Defendant's status as a VAWA-certified domestic violence victim with a legal domicile in Doha, Qatar, who is being harassed by Plaintiffs who are themselves established by VAWA findings as her abusers; (3) the extensive pre-action discovery already obtained by Plaintiffs through the Bronx County state court proceedings; and (4) the state court's February 2, 2026 order staying discovery in the parallel action. **Exhibit G**. Permitting discovery here while it remains stayed in state court would directly reward Plaintiffs' improper forum shopping.

## XVII. PLAINTIFFS' PLEADING FAILURES REQUIRE A MORE DEFINITE STATEMENT

Plaintiffs' pleading failures are so fundamental as to prevent Defendant from framing any responsive pleading. Plaintiffs have not identified their domicile with any factual support, have not identified a single specific defamatory statement, have not established the factual basis for personal jurisdiction over Defendant, have not distinguished the acts attributed to Defendant from those attributed to the John Does and Jane Does throughout the Complaint, and have not provided any factual basis for damages exceeding $75,000. Pursuant to Federal Rule of Civil Procedure 12(e), Defendant demands that Plaintiffs provide a more definite statement of each of these fundamental deficiencies before this litigation proceeds any further.

**WHEREFORE,** Defendant respectfully requests that this Court grant this Motion in its entirety and:

(1)    dismiss the Complaint with prejudice for lack of subject matter jurisdiction;

(2)    dismiss the Complaint with prejudice for lack of personal jurisdiction under Rule 12(b)(2);

(3)    dismiss the Complaint with prejudice as barred by res judicata and collateral estoppel, based on the October 30, 2024 dismissal with prejudice of identical claims brought by Micky Suri (Madhu Sanon) — the mother of Plaintiff Deven Sanon — in the Family Court of Monroe County, New York (File No. 129846, Docket No. O-09381-23), with whom Plaintiffs are in privity as family members pursuing identical claims based on the identical nucleus of operative facts against the same Defendant; **Exhibit O**;

(4)    dismiss the Complaint with prejudice for improper venue;

Page **15** of **16**

(5)    dismiss the Complaint with prejudice for insufficient service of process;

(6)    dismiss the Complaint with prejudice for failure to state a claim, including on grounds of Section 230 immunity, Anti-SLAPP, and failure to plead defamation with specificity;

(7)    strike the Seventh Cause of Action;

(8)    stay all discovery pending resolution of this Motion;

(9)    award Defendant costs and expenses under New York Civil Rights Law §§ 70-a and 79-n(4) and CPLR § 3211(g);

(10)    require Plaintiffs to provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e) of their jurisdictional allegations, the specific defamatory statements alleged, the factual basis for personal jurisdiction, the specific acts attributed to Defendant as opposed to the John Does and Jane Does, and the factual basis for damages exceeding $75,000; and

(11)    grant such other and further relief as this Court deems just and proper.

Dated: _____March 23_____, 2026

Brooklyn, New York

Respectfully submitted,

_____

Srijani Chatterjee

srijanic91@gmail.com

Defendant, Pro Se

Page **16** of **16**



Case 1:26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 18 of 68 PageID #: 173

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

                Petitioners,

       against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.org, PBC,

                Respondents.

**VERIFIED PETITION**

Index No.:

Petitioners DEVEN SANON and SIMRAN HOTCHANDANI ("Petitioners") by and through their attorneys, VERIDIAN LEGAL P.C., as and for their Verified Petition (the "Petition") in this proceeding seeking pre-action disclosure pursuant to Civil Practice Law and Rules ("C.P.L.R.") § 3102(c) hereby alleges as follows:

1.      Petitioners are two private individuals - a married couple - and at all times relevant, residents of the State of New York.

2.      Venue is brought pursuant to C.P.L.R §308 and the parties' transaction of business in Bronx County, New York.

3.      Starting in 2023, Petitioners and their family became the victims of a calculated campaign of harassment designed to defame them and inflict severe emotional distress. More specifically, an anonymous user (the "Anonymous User") has created over 500 Facebook posts accusing Petitioners of committing numerous crimes, including, but not limited to IRS Tax Evasion and Tax Fraud; USCIS Immigration Fraud; IRCC Immigration Fraud; USA Customs Fraud; Canada Customs Fraud; Belize Customs Fraud; and Embezzlement.  The posts refer to

Case 1:26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 19 of 68 PageID #: 174

## VERIFICATION

**Deven Sanon,** being duly sworn, deposes and says:

That deponent is the Petitioner in the within action: that she has read the foregoing Verified Petitioner and knows the contents thereof; that the same is true to deponent's own knowledge except those matters therein stated to be alleged upon information and belief, and that as to those matters, she believes them to be true.

I affim1 this 28th day of August, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.



**Deven Sanon**

**Simran HotchandanL** being duly sworn, deposes and says:

That deponent is the Petitioner in the within action; that she has read the foregoing Verified Petitioner and knows the contents thereof; that the same is true to deponent's own knowledge except those matters therein stated to be alleged upon information and belief, and that as to those matters, she believes them to be true.

I affirm this 28th day of August, 2025, under the penalties of perjury under the laws of New York, which may include a fine or imprisonment, that the foregoing is true, and I understand that this document may be filed in an action or proceeding in a court of law.

☐OocuSigned by:

L1☐2B

**Simran Hotchandani**

25



Cali P. Madia, Esq.
Daniel S. Szalkiewicz, Esq.
VERIDIAN LEGAL P.C.
23 WEST 73RD STREET
SUITE 102
NEW YORK, NEW YORK 10023
*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> Plaintiffs, <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> Defendants. | **COMPLAINT** <br><br> Case Action No. 26-cv- 580 |

Plaintiffs Deven Sanon ("Deven") and Simran Hotchandani ("Simran" and, together with Deven, "Plaintiffs"), by their attorneys VERIDIAN LEGAL P.C., as and for their Complaint hereby allege, upon information and belief, as follows:

**PRELIMINARY STATEMENT**

I. Following a contentious marriage and divorce, defendant Srijani Chatterjee ("Chatterjee" or "Defendant") initiated a complex and anonymous online harassment campaign against her former in-laws which, unfortunately, has included Plaintiffs, who are Chatterjee's former brother-in-law and sister-in-law: individuals she has met only a handful of times.

2. Chatterjee's harassment has been as widespread as it is false. She has created or caused the creation of countless articles, websites, social media posts, and online petitions calling

early-dismissal application. Plaintiffs allege facts demonstrating knowing falsity, malice, and resulting damages.

## JURISDICTION AND VENUE

**Subject Matter Jurisdiction**

11.     This Court has subject-matter jurisdiction under 28 U.S.C. § 1332(a) because the matter in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity of citizenship between the parties.

12.     Plaintiff Deven Sanon is domiciled in the Commonwealth of Massachusetts.

13.     Plaintiff Simran Hotchandani is a citizen of Belize and is domiciled in the Commonwealth of Massachusetts.

14.     Upon information and belief, Defendant is a citizen and domiciled in Brooklyn, New York. Complete diversity of citizenship existed at the time this action was commenced, which is the relevant jurisdictional inquiry under 28 U.S.C. § 1332.

**Personal Jurisdiction**

15.     This Court has personal jurisdiction over Defendant pursuant to New York's long-arm statute, N.Y. C.P.L.R. § 302(a), because Defendant knowingly and intentionally directed tortious conduct into New York, including the publication and dissemination of defamatory statements to recipients located in New York, causing reputational and other injury to Plaintiffs in New York, where the brunt of the harm was suffered.

16.     At the time Defendant began publishing and disseminating the defamatory statements alleged herein, including throughout 2024 and 2025, Plaintiffs were domiciled in and residing in New York.

4

WHEREFORE, Plaintiffs pray that the Court enter judgment in their favor and against Defendant, containing the following relief:

A.      Injunctive and equitable relief to the extent permitted by law, including:
I.  Post-adjudication injunctive and equitable relief, tailored to prevent Defendant from engaging in further harassment, impersonation, doxxing, or the publication or republication of statements adjudicated in this action to be false and defamatory
2.  An order requiring Defendant to remove or cause the removal of statements adjudicated to be false and defamatory from platforms under her control; and
3.  Such additional equitable relief as necessary to prevent continued harassment or intimidation, consistent with the First Amendment and applicable law;

B.      Compensatory damages in an amount to be determined at jury trial, including damages for reputational injury, emotional distress, and economic loss;

C.      Punitive damages to the extent permitted by law;

D.      Pre-judgment and post-judgment interest as permitted by law;

E.      Reasonable attorneys' fees and costs to the extent permitted by law, including under New York Civil Rights Law§ 79-n (4), and taxable costs under Fed. R. Civ. P. 54(d); and

F.      Such other and further relief as the Court deems just and proper.

Dated: New York, New York
       February 2, 2026

Respectfully submitted,

**Veridian Legal P.C.**

*Isl Daniel Szalkiewicz*
By:    Daniel S. Szalkiewicz, Esq.
       Cali P. Madia, Esq.
23 West 73rd Street, Suite 102
New York, NY 10023
Telephone: (212) 706-1007
Facsimile: (646) 849-0033
daniel@veridianlegal.com
*Attorneys for Plaintiffs*

44



EXHIBIT C

JS 44 (Rev. 12/12)

**CIVIL COVER SHEET**

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 |

**(b)** County of Residence of First Listed Plaintiff **Massachusetts**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County or Residence of First Listed Defendant ...Kwing"'s..
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Veridian Legal P.C., 23 West 73rd Street, Suite 102, NY, NY 10023 (212) 706-1007

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- O 1 U.S. Government Plaintiff
- O 2 U.S. Government Defendant
- O 3 Federal Question *(U.S. Government Not a Party)*
- □ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | O 1 | □ | Incorporated or Principal Place of Business In This State | O 4 | O 4 |
| Citizen of Another State | □ 2 | D 2 | Incorporated and Principal Place of Business In Another State | O 5 | O 5 |
| Citizen or Subject of a Foreign Country | O 3 | O 3 | Foreign Nation | □ 6 | O 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*      Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / 367 Health Care/ Pharmaceutical | | | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability / Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine / 368 Asbestos Personal Injury Product Liability | | 835 Patent-Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle / **PERSONAL PROPERTY** | | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability / 370 Other Fraud | 710 Fair Labor Standards Act | | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury / 371 Truth in Lending | 720 Labor/Management Relations | **SOCIAL SECURITY** | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice / 380 Other Personal Property Damage | 740 Railway Labor Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 196 Franchise | | 751 Family and Medical Leave Act | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| | 385 Property Damage Product Liability | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI / 865 RSI (405(g)) | 891 Agricultural Acts |
| 210 Land Condemnation | 440 Other Civil Rights | | | 893 Environmental Matters |
| 220 Foreclosure | 441 Voting / Habeas Corpus: | | | 895 Freedom of Information Act |
| 230 Rent Lease & Ejectment | 442 Employment / 463 Alien Detainee | | **FEDERAL TAX SUITS** | 896 Arbitration |
| 240 Torts to Land | 443 Housing/ Accommodations / 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 245 Tort Product Liability | 445 Amer. w/Disabilities- Employment / 530 General | | 871 IRS-Third Party 26 USC 7609 | 950 Constitutionality of State Statutes |
| X 290 All Other Real Property | 446 Amer. w/Disabilities- Other / 535 Death Penalty | | | |
| | 448 Education / **Other:** / 540 Mandamus & Other | | | |
| | / 550 Civil Rights | | | |
| | / 555 Prison Condition | | | |
| | / 560 Civil Detainee- Conditions of Confinement | | | |
| | **IMMIGRATION** | | | |
| | 462 Naturalization Application | | | |
| | 465 Other Immigration Actions | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

- X 1 Original Proceeding
- D 2 Removed from State Court
- O 3 Remanded from Appellate Court
- O 4 Reinstated or Reopened
- O 5 Transferred from Another District *(specify)*
- D 6 Multidistrict Litigation-Transfer
- O 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity):*
Brief description of cause:
Defamation

**VII. REQUESTED IN COMPLAINT:**
□ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND$
CHECK YES only if demanded in complaint:
JURY DEMAND: □ Yes □ No

**VIII. RELATED CASE(S) IF ANY**
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE _____ SIGNATURE OF ATTORNEY OF RECORD _____

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

## CERTIFICATION OF **ARBITRATION** ELIGIBILITY

Local Arbitration Rule 83.7 provides that with certain exceptions, actions seeking money damages only in an amount not in excess of $150,000, exclusive of interest and costs, are eligible for compulsory arbitration. The amount of damages is presumed to be below the threshold amount unless a certification to the contrary is filed.

Case is Eligible for Arbitration D

I, __Daniel Szalkiewicz__                         counsel __for Plaintiff__                    , do hereby certify that the above captioned civil action is ineligible for compulsory arbitration for the following reason(s):

     Ill   monetary damages sought are in excess of $150,000.00 exclusive of interest and costs,

     D   the complaint seeks injunctive relief, or

     D   the matter is otherwise ineligible for the following reason:

## DISCLOSURE STATEMENT - FEDERAL RULES CIVIL PROCEDURE 7.1

Identify any parent corporation and any publicly held corporation that owns 10% or more or its stocks. Add an additional page if needed.

## None

## RELATED CASE STATEMENT (Section VIII on the Front of this Form)

Please list all cases that are arguably related pursuant to Division of Business Rule 3 in Section VIII on the front of this form. Rule 3(a) provides that "A civil case is "related" to another civil case for purposes of this guideline when, because of the similarity of facts and legal issues or because the cases arise from the same transactions or events, a substantial saving of judicial resources is likely to result from assigning both cases to the same judge and magistrate judge." Rule 3(a) provides that "A civil case shall not be deemed "related" to another civil case merely because the civil case involves identical legal issues, or the same parties." Rule 3 further provides that "Presumptively, and subject to the power of a judge to determine otherwise pursuant to paragraph (b), civil cases shall not be deemed to be "related" unless both cases are still pending before the court."

## None

## NEW YORK EASTERN DISTRICT DIVISION OF BUSINESS RULE 1(d)(3)

*If you answer "Yes" to any of the questions below, this case will be designated as a Central Islip case and you must select Office Code 2.*

1.   Is the action being removed from a state court that is located in Nassau or Suffolk County?     Oyes Ill No

2.   Is the action-not involving real property-being brought against United States, its officers or its employees AND the majority of the plaintiffs reside in Nassau or Suffolk County?     D Yes Ill No

3.   If you answered "No" to all parts of Questions 1 and 2:

     a.   Did a substantial part of the events or omissions giving rise to claim or claims occur in Nassau or Suffolk County?     D Yes Ill No

     b.   Do the majority of defendants reside in Nassau or Suffolk County?     D Yes Ill No

     c.   Is a substantial amount of any property at issue located in Nassau or Suffolk County?     D Yes'2] No

4.   If this is a Fair Debt Collection Practice Act case, was the offending communication received in either Nassau or Suffolk County? Ofes'2] No

*(Note, a natural person is considered to reside in the county in which that person is domiciled; an entity is considered a resident of the county that is either its principal place of business or headquarters, of if there is no such county in the Eastern District, the county within the District with which it has the most significant contacts).*

## BAR ADMISSION

I am currently admitted in the Eastern District of New York and currently a member in good standing of the bar of this court.

     [{]Yes     ☐ No

Are you currently the subject of any disciplinary action (s) in this or any other state or federal court?

     ☐   Yes (If yes, please explain)0o

I   certify   the   accuracy   ☐ided

**Signature:** _____ __

Revised 02.13.2025; Effective 02.17.2025


EXHIBIT D

Case 1:26-cv-00580-AMD-VMS   Document 21   Filed 03/27/26   Page 28 of 68 PageID #: 183

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

Deven Sanon and Sirman Hotchandani,

                            Petitioners,

      against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.erg,
PBC,

                          Respondents.

**VERIFIED AMENDED
PETITION**

Index No.: 818359/2025E

Petitioners DEVEN SANON and SIMRAN HOTCHANDANI ("Petitioners") by and through their attorneys, VERIDIAN LEGAL P.C., as and for their Verified Petition (the "Petition") in this proceeding seeking pre-action disclosure pursuant to Civil Practice Law and Rules ("C.P.L.R.") § 3102(c) hereby alleges as follows.

1.        Petitioners bring this Verified Petition pursuant to CPLR 3102(c). Courts have recognized that pre-action disclosure is appropriate where, as here, the identity of an anonymous tortfeasor is unknown but necessary to frame a complaint. *See Cahill v. Doe,* 879 N.E.2d 425 (N.Y. 2007) (recognizing the right to unmask anonymous defendants when a prima facie case of defamation exists).

2.        Petitioners are two private individuals - a married couple - and at all times relevant, residents of the State of New York.

3.        Venue is proper in Bronx County pursuant to C.P.L.R §308, as Petitioners reside here and substantial injury from the defamatory conduct occurred in in this County.

4.        Starting in 2023, Petitioners and their family became the victims of a calculated campaign of harassment designed to defame them and inflict severe emotional distress. More

accurate registration information pursuant to the Internet Corporation for Assigned Names and Numbers (lCANN)'s rules and regulations.

Together with such other and further relief as this Court may deem just and proper.

Dated:          October 3, 2025
                New York, New York

Deven Sanon

Si1man Hotchandani

Daniel S. Szalkiewicz, Esq.

Of Counsel:
Kaivalya Harsukh Rawal, Esq.
(Admitted in Minnesota and Illinois)

Case 1:26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 30 of 68 PageID #: 185

## Table of Contents

Table of Authorities..................................................................................................3

PRELIMINARY STATEMENT .................................................................................4

ARGUMENT.............................................................................................................6

STANDARD FOR PRE-ACTION DISCOVERY PURSUANT TO CPLR §3102........................6

POINT I
PETITIONERS HAVE A MERITORIOUS CAUSE OF ACTION...............................................7

   A.   DEFAMATION..............................................................................................7

     a)   The Statements Are False and Tend to Expose Petitioners to Public Contempt, Hatred, Ridicule, Aversion, or Disgrace...................................................................8

     b)   The Statements *Are* Published Without Privilege to a Third Party..............................9

     c)   The Statements Are Published with Actual Malice ........................................................1O

     d)   The Statements Are Defamatory Per Se.......................................................................... 11

   B.   INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS..................................... 12

   C.   CIVIL RIGHTS LAW §72-n................................................................................. 13

POINT II
THE INFORMATION SOUGHT IS MATERIAL AND NECESSARY ................................... 14

2

EXHIBITE

Case 1:26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 31 of 68 PageID #: 186

IMG_2909.png    t  Download    √  Full screen    [§J  Print        GI  Show email    d'    X

☐    Outlook

_____

Pie 5

_____

From  Marc Pelta <marc@peltalaw.com>

Date  Mon 2026-02-23 23:47

To    Marc Pelta <marc@peltalaw.com>



SimranHotchandani

I<onriie Sanon
Or at li!a1>t looay I dc;,1't hi'Jve a c.e,ar !Irieot
s,ght to be ab!o to Sir/ior sur☐•,1.,e can m,:,'l:e
lhat work

That's fair I get that!

Simran Hotchandani

You
Yeah doosn'l work w,th needing ic  be al lhlt
oflt<'e. any othl?r w☐kend garne?

Let me check the schedule to see
whi:o's the next home game

Simran Hotchandani

Yoo
·\,Simran Hotchand,mi how are :,won
r!Y!>r1':gratiori C:Ott11n9 ,o from Cill'llldtii now"
l:i'ISK!t Or Sloil lh@ same Stich?  ._____

Yep! Better now for sure - They're
opening land borders next month so
will be way easier to drive across for
us now too

You can't sen<i messages to ttw:.g1oup because
you're *no* tonger a member.

☐   Outlook

Pie 2

From Marc Pelta <marc@peltalaw.com>

Date  Mon 2026-02-23 23:45

To    Marc Pelta <marc@peltalaw.com>



Nahnever

Haha

No but maybe once or twice



let  me ask sissy and mom

lheyll know

Ofc sen☐na is  on the *lease*

1020 Rue de 81eury
Montreal, QC, canada H2Z 089

Thanks Boz

**Marc Pelta, Attorney-at-Law**
**PELTAILAW**
**SF Bay Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**

**t5!t** Outlook

---

Pie

---

From  Marc Pelta <marc@peltalaw.com>

Date  Mon 2026-02-23 23:44

To  Marc Pelta <marc@peltalaw.com>

📶 🛜 🔋

‹   •• Keeping up w/ th.e Sanons

over on Wedtl",4□,...□ "'e would l1ave gone with n1mbut ne just said no when we asked if we were going over.

40ec 2021

He's gone to **Montreai** tho for one of the dental classes or something so the girls are with their grandparents.

> I just wouldn't even contact him till he gets over it andlnfttates contact
>
> 20·1a.//
>
> No one deserves this•   2-0<29..t/

Ronnie Sanon

> Slmran Hot<:t1andani
> YiJPlol Neat WI'3$ stipposild 10$.() *(M?(* Ol't wccnesdi&y so we woulcJhave gone with him but*mi* J11□t saldno whi:n WII asked it *we* we...

Wait wtt he's in Montreal? Where you live?

ftS

Oe□nSanon

Yeah he had a 'course'   21 ᴦ.,   v

Yov ciID't send messages to this group beCttu!>□ you're no longer a member.

---

**Marc Pelta, Attorney-at-Law**
**PELTAILAW**
**SF Bay Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**

EXHIBIT F

cSUPREME COURT OF THE STATE OF NEW YORK COIJNTY OF BRONX,
PART: IAS☐22-

C

--------------------- -·-------------- X,

SANON, DEVEN et OI,

Plointiff(s)/Petitioner{s).

-agqlnst-

META PLATFORMS. INC. et al.

Defendant(s} /Respondent(s).

I☐dex No.  8 J 83  *59120-2 5* E

Hon.   **MARISSA SOTO** _____
Justice Supreme court

-☐  -------------------- ☐

The following papers NYSCEF Doc. No, 33. Read on this motlon, {Seq No ....J
Noticed·on                              and duly submitted Os NYSCEF Doc No          .>·

| Papers | N.YSCEF Doc. No. |
|---|---|
| Notice of Motion - Order to Show Cquse - Exhibits and  Affidavits An_nexed | G3-34 |
| Answering Affidavit and  Exhibits | |
| Replying·Affidavit and  Exhjbits | |
| .Other: Stipulatiqn/Letjer | |

A virtuc;il compliance-conferencewas held on January 1_4☐ 2026 at 10:00 AM. Appearonces.were maqe. by Petitioners, Responde_nts META PLATFORMS. INC., GOOGLE LIC, and STARRY, JNC. Uponreview of the do.ck.et, the Court notes.that a P      es-   e·nt roceeding pseudonymou         NED   •intervened by filing a Motion to Quash Pre-Action Discovery Subpoenas (N         oc, No.33:& 34). It is also noted by- the Court thtit.. at the  timebf the conference, NYSCE.FDoc. No☐ 33 &.34 hove not b.een given a·tootioh·sequence on NYSCEF. It is.h¢ret:ly

**ORDERED** that P.etitipners, Respond☐n_tsMETA.P☐ATFORMs, INC., GQOGLI: I_LC. and  STARRY. INC. are to fiJe fhe[r opposition to NYSCEF Doc. No. 3.3 &  34 by January 23₁ 2026; dnd  it.isfurther

**ORDERED** that JANE DOE *is* to.file their reply to any opposition-by January 30; 2026; and  it is further

**ORDERED** that o hybridhearing isscheduled for February 2, 2026.at  9.:30 AM  EST/ 5:30 PM A$T, either in C<w'rtroorri 709 or via Microsqft Tea"ms; and  it is further

**ORDERED** that Respondents META PLATFORMS, INC.. GOOGLE LIC, and STARRY, INC. are to serve their opposition, a  copy of this.Order. and_the Microsoft:Te_☐ms linkfor the  hybrid h☐adng on JANE DOE*vib* oll of JANE DOE's email aqdresses inclqding the email. _•        :  _·  _         :_   :  _·  ___MS, INC., GOOGLE LLC. an              . the  Motion toSguo☐hPre.-Action Dis<::overy;_a.nd it is further

**ORDERED** thara copy of this Order be  served on.JANEDOE within 1wo (2):ddys hereof:

This-constitutes the order of the Court.

<div style="writing-mode: vertical">Motion is Respectfully Reterred to Justice:</div>
<div style="writing-mode: vertical">Dated:</div>

**Dated:** 1/15/2026

Hon. _____
**MARISSA SOTO, J.S.C.**

I.CHECk ONE.....-......,.........,.,..-.....
2. MOTION IS.......................-...........
3. CHECK IFAPPROPRIATE..........

☐ CASE 0ISP.OSEDIN  ITS.ENTIRETY      k(CASESTILL ACTIVE

☐ GRANTED   o DENIED   ☐ GRANTED1N PART      ☐ OTHER

o  SETTLE ORDER       o  SUBMIT ORD☐R        oSCHEDULE APPEARANCE

o  FIDUCfARY  APPOINTMENT       ☐ REFEREE APPOINTMENT

☐ NEX1 APPEARANCE  DATE: _____

EXHIBITG

Case 1:26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 38 of 68 PageID #: 193

SUPREME COURTOF THESTATE OF NEW YORK COUNTY OF BRONX,
PART: iAS.:22                                              1
----- - - - - - - - - - - - - - - - - - ,    _____ - ---·------□---.   --□.X;

DEVEN SANON ef at

            Plaintiff(s}/Petitioner(s),

       -against-

METAPLAtFORMS, INC-. etol,

           Defendant(s) /Respond$nt(s).

**Index No.** al **8359/2025E**

Hon.    **MAImAD_Q** _____

     Justice Supreme CoLJrt

------- -------·------- -----  _____ □ ----- :x.

The following papers NYSCEF Doc; No, 33. Read ori ttj is mo1ion; (Seq No._)

Noticed on       -      and duly submittJ d asNYSCEi=Doc No     >

| -Papers | NYSCEF D0.c. No. |
|---|---|
| Notice of Motion- Order to Show Cause - Exhibits arjd Afidavits Annexed | 3.3-34 |
| Answering Affidavit.and Exhi_bits | |
| Replying Affidav!fand_Exhibits | |
| Other: Stipulation/Letter | |

A hybrid oral argument washeld onFebruary 2; 2026|at 9:30 AM. Appearances were made by Petitioners, Responc;::lents META PLATFORMS, INC, GOOGLE LLC., □TARRY, INC., and Non-Party JANE DOE. It is hereby

.**ORDERED** that the instant matter is stgy.eq untilFebru□ry 18.2026: and i_t is further

**PRDEREP** :thc;it the pqrties-are toJile a stipulation ofdi□continuance in accordonce· with the Court's direc.tive_s: and it is further

**ORDERED** that the hybrid ordl argument is adjourned to February 18, 2026 Qt 9:30 AM EST/ 5:·30 PM AST; eitheriri Cou_rlroom.709 or via Microsoft Teams; and it is furthet

**ORDER□D** t_hat if the stipulqtion of discontinuance is st,Jbmitted prior to theadjourned .conferenc_e, then no appearance is necessary; and it is further

**OR0EREQ,th_dt** Respondent META PLATFORMS. INC .. GbOGLE LLC, and ST.ARRY. INC.dr□, to □□his Order, and th1_: Microsoft Teams lihk for the hybrid hElar111g on. JANEDOE_v-· :•- JANE DOE s e.mail addresses-including the email address(es) vse o serve espon e     FORMS, INC.. GOOGLE LLC. and STARRY. INC. the Motion to·Squash Pre:.Actfoo Discovery; and]t is further

**ORDERED** that a copy of this Order be served on JANi:_DOEWithin fwo (2) days hereof.

This constitutes the orde"r of the Court.

Dated: _2/2/2026_

Hon. _____

         MARISSA SOTO, J.S.C.

I.CHECK ONE ..........................._.

2.MOTION -1_,S.. ...-. ...................-.. .....

3□CHECK IFAPPROPRIATE.,...,.....

ci CASE DISPOSED IN ITS ENTIRErY     o CASE STILL ACTIVE

□ GRANTED |ι DENIED □.GRANTED IN PART □ OTHER

o SETTLE ORDER    o SUBMIT ORDER    o SCHEDULE APPEARANCE

o RDUCIARY A□PPOINT MENT    □REFEREE APPOINTMENT

p NEXT APPEA□ANCE DATE: _____

Motion is Respectfully Referred to Justice; Dated:



FILED: BRONX COUNTY CLERK 02/19/2026 02:21 PM

NYSCEF DOC. NO. 47

FILED: BRONX COUNTY CLERK 02/04/2026 09:27 AM

INDEX NO. 818359/2025E

RECEIVED NYSCEF: 04/2026

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

.Petitioners,

-   against  -

Meta Platforms, Inc,, Namecheap, Inc., and Change.org,
Pac,

Resp()Ildents.

NOTICE OF VOLYN:[ARY
**DISCONTINUANCE**

Index.No-.:  818359/2025E

PLEASE TAKE NOTICE.that putsuantto <u>N.Y. G.PL.R. 3217(a:)(1)</u> ij:ie attoiney (or the, Petitioner he.reby discontinues the above-entitled action, without prejudi☐and withQut costs fo either party as4gainsfthe other,to  respondents Namecheap, Inc,, Change.oig; PBC, Co1J1casf Cable Conmnn:ricatiqns,.LL,C.☐PayPalHoldix:Igs, Inc;☐ A.pp1e!_Inc., and Stripe, Inc. only.

DATED:       Fe☐ruaty 4, 2026
            New·York, New York

By:Datti☐1S. Szalkiewicz, &q.
Vei;idiari.Legal, P.C.
*Attor71:eysfor Petitioners*.
23 West 73r☐Suite 102
New York. New.York 10023
_T(ilephqµ☐:  (2:12)  706-1007
 F☐:(64.6) 849--0033
 **daniel@.veridiaalegal.com**

1

# EXHIBIT I

Case 1:26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 42 of 68 PageID #: 197

SUPREME COURT Of THESTATE Of NE\'i' YORK C0U☐TY Or BKONX,

PART:!AS-22

----X

Deven Sanon et al

Plaintiff (s)/Petitioner(s).

-against-

Netaplatformg inc. et al

Defendonl(s)/Respontjeni(s),

Index No. 818359/2025E

Hon.  ☐A:Q!Q

Justice Supreme Couri

C

The fo1iowing pope,s NYSCeF Doc No. _____ .R☐od on this mo;lon. ·seq No. __ )
Noticed on          end du!y Su•b m1'rj ea • as NYSCEF ւ...,cc. :,-.io.          >

| Papers | NYSCEF Doc. No. |
|---|---|
| Nolice of Motion - Order to Show Cause - Exhibirs d,nd Affidavits Annexed | |
| Answering Affidovit and Exhibits | |
| Replying Affidavit and Exhibits | |
| Other: | |

Upon the foregoing papers, it is ordered thot this action is hereby withdrown in accordance with the or,,.•.-.•
!\O"\Cf::.   of discontinuance.                                               /\

cl¾ o!. \0 ☐☐

No.. ☐\'(\c... ☐.()'☐f'8C,

w::,vnc☐☐          Co•,w,w,.>Y"<'☐·t\CY"5., U..C,.

Y""-\☐\ t"cl.al.":)!:>. \..-.C... f\y';;>t,e,.h'C,, """d,

stripe, inc.

Dated: 2/19/2026

Hon. MARISSA SOTO, J.S.C.

!. CHECK
ONE ..............................
2. MOIION
IS....................................
3. CHECK IF APPROPRIATE..........

(i(_CASE DISPOSED IN ITS ENTIRETY          o CASE STILL ACTIVE

o GRANTED      ☐ DENIED     o GRANTED IN PART      o OTHER

o SETTLE ORDER      a SUBMIT ORDER       o SCHEDULE APPEt,f-?/-_☐i•

o FIDUCIARY APPOINTMENT          o REFEREE APPOINTMENT

o NEXT APPEARANCE DA TE: _____



*{I}* Outlook

---

Re: Federal Case No.  26-cv-580

---

From Daniel Szalkiewicz <daniel@veridianlegal.com>

Date  Mon 2026-02-23 19:51

To      Marc Pelta <marc@peltalaw.com>

**Cc**     ██████████████████████████████

Hi Marc,

I conferred with my clients, and if your client needs, we will consent to a 3 week adjournment fo, r her to file her answer.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Mon, Feb 23, 2026 at 10:16PM Marc Pelta <rnarc@peltalaw.com> wrote:

Hi Daniel,

,Judge Scanlon has a ·webpage on Her Honor's instructions via PDF.

Please see attached for your revie,-v.  Please read all of it.  The info I refer it I believe is on the last page.

I disagree with you about Rule 4.2.

1. The Rule has an exception if I give you permission to communicate \-vith ██████.
2. I provide that permission to you despite the fact I do not represent ███████ in this Federal case yet.
3. The Rule does not state as you claim that it does not matter what juris iction I am licensed in.  I think you are h1terpreting it that way.
4. It is illegal at this point for me to represent Srijani in this case, as you well know **until a motion for PHV is granted by the Court.**  I am surprised you stated otherwise.
5. Therefore, I do not know hmv you can rely on Rule 2-4 when in fact I do not represent her in this case vet.
6. I called all 3 of your numbers earl1er today and could not reach you.  I left you a voiccmail on one of them because the other t\<vo directed me to e-mail you or leave another voicemail.  You can call me 24/7, as I stated in my voicemail left for you.
7. If you can please respond to her question that was sent only to comply vvitb the Court's requirement on proposing dates then that would be great.
8. You did not even state if you opposed her request for the extension.  We are only seeking to comply with the Judge's rules, as explain in the PDF attached.

As the deadline for filing is tomorrow, it is unfortunate it has copy at this point.

Case 1.26-cv-00580-AMD-VMS    Document 21    Filed 03/27/26    Page 45 of 68 PageID #: 200

My hope is that I will get admitted PHV in this Federal case, but as you know, I do not have the letters of standing yet to attach to my PHV motion.

Respectfully,

**Marc Pelta, Attorney-at-Law**
**PELTAJLAW**
**SF BaY- Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**
**Tel. 415-963-1152/323-430-9155**
**website: www.P-eltalaw.com**

# [11]**Representing Clients Across California**[11]

DISCLAIMER: This e-mail may contain confidential or privileged information intended only for the use of the individual to whom it is being sent from this e-mail account. It may contain information belonging to the sender protected by the Electronic Communications Privacy Act. If you are not the intended recipient, any dissemination, distribution, copying or other use of this communication is not allowed. If you have received this by mistake, please notify us immediately by e-mail or telephone at 415.963.1152 and destroy this e-mail message.

On Feb 23, 2026, at 3:28 PM, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

Marc,

Once a party informs me that they have counsel, irrespective of which jurisdiction they are licensed to practice in, I cannot communicate with the party without that attorney's consent (Rule 4.2).

I am not certain what you referring to concerning a conflict Judge Scanlon's rules.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York. New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735

On Mon, Feb 23, 2026 at 5:42 PM Marc Pelta <marc@geltalaw.com> wrote:

Hi Daniel,

My client clearly stated that I am not licensed in New York and that a PHV motion has not been filed and why that is the case.

Therefore, your response conflicts with what Judge Scanlon requires of you since you are admitted in EDNY. I'll try and call you shortly but I still need your compliance with the Judge's standing orders so to speak as the Court requires a substantive response from you on the two emails my client sent me.

To repeat: my client is not represented by counsel and I am not admitted yet in the EDNY therefore I am not representing her in this case until the Court permits me to do so.

Sincerely,

**Marc Pelta, Attorney-at-Law**
**PELTAILAW**
**SF BaY- Area Location:**
**1390 Market Street, Suite 200**
**San Francisco, CA 94102**
**Tel.     415-963-1152/323-430-9155**
**website: www.P-eltalaw.com**

# [11] Representing Clients Across California[11]

DISCLAIMER: This e-mail may contain confidential or privileged information intended only for the use of the individual to whom it is being sent from this e-mail account. It may contain information belonging to the sender protected by the Electronic Communications Privacy Act. If you are not the intended recipient, any dissemination, distribution, copying or other use of this communication is not allowed. If you have received this by mistake, please notify us immediately by e-mail or telephone at 415.963.1152 and destroy this e-mail message.

On Feb 23, 2026, at 6:07 AM, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

Good morning,

You indicate that you have retained counsel in connection with this matter. If

that is the case, please have your attorney contact me directly. As you are aware, if you are represented by counsel, I am not permitted to communicate with you directly.

I look forward to hearing from your attorney.

*Very* Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

**Veridian Legal P.C.**
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Mon, Feb 23, 2026 at 9:02 AM ██████████████████████████ wrote:

Dear Mr. Szalkiewicz,

Further to my previous email, please suggest at least three adjournment dates that suit Plaintiffs.

Sincerely,

████████████████

On Feb 22, 2026, at 21:57, ████████████ ████████████████ wrote:

Dear Mr. Szalkiewicz,

I am writing to meet and confer with you about extending the deadline for me to file an Answer to the Complaint you filed in the District Court for the Eastern District of NY in this case.

My California-licensed attorney, Marc Pelta, has been diligent in trying to obtain the required letters of standing for his Pro Hae Vice application to be admitted PHV in the EDNY for this case.

However, he has not received those letters yet for the PHV application so that he can file the Answer for me.

Because of the filing deadline of February 24, 2026, please respond to me no later than tomorrow whether you will agree to the extension.


Sincerely,

# EXHIBIT K

March 12, 2025



**U.S. Department of Homeland Security**
U.S. Citizenshipand Immigration Seivices
38 River Road
Essex Junction, VT05479-000I

U.S.Citizenship
and Immigration
Services



RE : ▉▉▉▉▉▉▉▉▉▉▉▉▉
I-360, Petition for Amerasian, Widow(er), or Special
Immigrant

## PRIMA FACIE DETERMINATION

**Receipt Date:** April 17, 2023

The request for an extension of a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act has been reviewed and granted.

THIS NOTICE MAY BE USED TO ASSIST YOU IN RECEIVING PUBLIC BENEFITS.

**TIDS PRIMA FACIE DETERMINATION IS VALID FOR A PERIOD OF 180 DAYS FROM THE NOTICE DATE SHOWN ABOVE, AND EXPIRES ON THE DATE INDICATED BELOW.**

We will send you a written notice as soon as we make a decision on this case. It is not expected that a final decision will be made in this case before the end of 180 days. If this period is coming to a close and a decision has not been made on your case, you will automatically receive an extension within 60 days of the ending date.

**PLEASE NOTE: ESTABLISHING A PRIMA FACIE CASE FOR CLASSIFICATION UNDER THE SELF-PETITIONING PROVISIONS OF THE VIOLENCE AGAINST WOMEN ACT DOES NOT NECESSARIl,Y MEAN TBAT YOUR PETITION WILL BE APPROVED.**

**EXPIRATION DATE: September 8, 2025**

**EXHIBIT  L**

**MCGILL UNIVERSITY EMAILS REGARDING ACADEMIC FRAUD BY SIMRAN HOTCHANDANI**

19:50 □

2 Messages

**<O   Academic Fraud: Simra...   A   V**

**From:** ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
**Sent:** March 27, 2024 12:59 PM
**To:** Undergrad Dentistry
<undergrad.dentist[Y.@mcgill.ca>
**Subject:** Academic Fraud: Simran Hotchandani &
Serena Sanon

Hi,

I had two offers from McGill for my
undergrad and though I chose University of
Edinburgh in the end, I have high regard for
McGill.

Please review the following article and I hope
you act in the best interest of McGill's
reputation and ranking because it is
extremely unfair to other international
students like myself, who would have and did
pay international fees, that such fraud has
been allowed to go under the radar:

**https://www.msn.com/en-
us/news/other/mcgill-
university-swindled-by-**

□                           [2f

19:50

## [httP-s:/f.www.msn.comt.en-us/news/other/megill=university-swindled-by-simran-hotchandani-sanon--serena-sanon/ar-BB1jBbOc](#)

It is absolutely unacceptable to the rest of us obtaining higher education and I would expect action to be taken against both individuals involved in the interest of academic justice.

I hope to hear from you soon. For your reference, in 2010 when I had applied and received my McGill offers, my applicant email was ██████████████████

Best Regards,

████

19:50 🔕    ▪️▪️▪️ 📶 🔋

2 Messages

‹ ⑥    **Academic Fraud: Simra...** A    V

On Jun 7, 2024, at 15:32, Undergrad Dentistry <undergrad.dentistry_@mcgill.ca> wrote:

Hi-

Thank you for your email.

We take cases on Academic Fraud very seriously. It's unfortunate that such a situation managed to pass through, but rest assured that we're taking every measure to prevent such cases to happen in the future.

Sincerely,
**Admissions Office** I Admissions and Recruitment Office *I* Office d'admission et de recrutement
Faculty of Dental Medicine and Oral Health Sciences / Faculte de medecine dentaire et des sciences de la sante orale I **Universite McGill University**
2001, McGill College, #500 I Montreal (Quebec) Canada H3A 1G1
**underqrad.dentistrv.@mcgill**.ca

**From:** ████████████████████
**Sent:** March 27, 2024 12:59 PM
**To:** Undergrad Dentistry <underqrad.dentistry@mcgill.ca>
**Subject:** Academic Fraud: Simran Hotchandani & Serena Sanon

# EXHIBIT M

**WHATSAPP MESSAGES FROM JOY SURJ-MINOCHA REGARDING IMMIGRATION MARRIAGE FRAUD**

**Joy Suri-Minocha**

I'm confused as to why bits of our private conversation being posted in this group chat, dad?

And is your profile picture on WhatsApp a photo of Ronnie and-? Why did you change it to that?

You should add shobha to this group since she is being mentioned.  She should know the things you are saying and asking for.  Doesn't she have the wedding photo you are asking for?  You know, I found out YEARS later that you married her for the purpose of getting her a green card.  According to what I was told, the agreement  was always to get divorced once the green card came thru.  You always said you were doing this strictly to help her out.  Now you say you want to remarry her and I'm confused as to what the point of that could be considering she doesn't want to live in Rochester.  You always said she shops all the time, spends money frivolously and always wants to eat out.

3 things you don't do.  Are you just wanting someone to take care of you?

0

1a:12

**EXHIBIT  N**

Riva Ganguly Das, being duly sworn, deposes and says:

I am the Secretary in the Ministry of External Affairs for the Government of India, I am the former Indian Consul-General to the State of New York, I am the former Indian Ambassador to Romania, and I am the former Indian Ambassador to Albania and Moldova.

I am the Godmother of ▮▮▮▮▮▮▮ the Petitioner in this domestic violence hearing, and am personally familiar with all the facts and circumstances set forth herein.

I submit this affidavit in support of ▮▮▮▮▮▮▮ (the Petitioner's) application for an Order of Protection against Micky Suri (the Defendant):

1.  I reside at 61 W 62nd St, New York, NY, 10023.

2.  I have known ▮▮▮▮▮▮▮ since 1993.

3.  The parties have known each other since 2021.

4.  Micky Suri is ▮▮▮▮▮▮▮ mother-in-law.

5.  Due to the positions, I have held in my political career for the Indian government, I know of Arun Hotchandani, the father of the Petitioner's sister-in-law, Sirman Hotchandani. Arun Hotchandani currently serves as the Honorary Consul of India to Belize.

6.  Including but not limited to: Arun Hotchandani, the father of the Petitioner's sister-in-law; Bindu Hotchandani, the mother of the Petitioner's sister-in-law; and Simran Hotchandani, the Petitioner's sister-in-law, are under investigation by the Indian government and the US government agencies for customs fraud, immigration fraud, cash embezzlement, and black money dealings since 2010.

7.  Numerous complaints from institutions and individuals at federal, state, and national level for customs fraud, immigration fraud, cash embezzlement, and black money dealings have been received by the Indian government and US government agencies against: Arnn Hotchandani; Bindu Hotchandani; and Sirnran Hotchandani since 2010.

8.  Upon information and belief, Micky Suri and her family members: Deven Sanon and Manish Sanon have been accomplice in aiding and abetting multiple instances of complaints and subsequent charges made against Simran Hotchandani and her family.

9.  In April 2022, upon learning of ▮▮▮▮▮▮▮ marriage to Micky Suri's son, Ronick Sanon, I personally cautioned ▮▮▮▮▮▮▮ to maintain a distance from and stay alert of her sister-

in-law, Suman Hotchandani and the Hotchandani family under criminal investigation for customs fraud, immigration fraud, cash embezzlement, and black money dealings since 2010.

10. In April 2022, upon learning of Srijani ehatterjee's marriage to Micky Suri's son, Ronick Sanon, I informed _____ that her legal career could be in jeopardy for association with her sister-in-law, Simran Hotchandani and the Hotchandani family under criminal investigation for customs fraud, immigration fraud, cash embezzlement, and black money dealings since 2010.

11. As a senior member of the foreign dignitary of the Indian government who oversees verified complaints and investigations, I confirm that _____ has not had and continues to have no involvement in neither the complaints against and nor the criminal investigation of members of the Hotchandani family by the Indian government and US government agencies since 2010.

12. _____ qualifies as a vulnerable witness due to the knowledge she possesses about the unlawful conduct of her soon to be ex-marital family.

13. On 8th February 2023, my own colleagues within USeIS contacted me and informed me that Micky Suri and her family members: Ronick Sanon, Deven Sanon, Simran Hotchandani, and Manish Sanon, continue to harass users with baseless accusations and unmeritorious lies against _____ in an attempt to deport the Petitioner from the US.

14. On 5th May 2023, my own colleagues within users contacted me and informed me that Micky Suri and her family members: Ronick Sanon, Deven Sanon, Simran Hotchandani, and Manish Sanon, continue to harass USeIS with baseless accusations and unmeritorious lies against-- _____ in an attempt to deport the Petitioner from the US.

15. On 11th September 2023, my own colleagues within USeIS contacted me and informed me that Micky Suri and her family members: Ronick Sanon, Deven Sanon, Simran Hotchandani, and Manish Sanon, continue to harass USeIS with baseless accusations and unmeritorious lies against _____ in an attempt to depo1t the Petitioner from the US.

16. Including but not limited to the most recent incident of deportation threats and pursuit of deportation threats by Micky Suri, on 11th September 2023, multiple USeIS representatives in State of New York that I personally work with have infonned me directly that Micky Suri has placed several calls from Micky Suri's personal number - +1-585-750-7161 - and sent two emails from Micky Suri's personal email ID - san_____ • _____ - to character assassinate and defame _____ demanding to have _____ deported from the US.

17. The calls and emails placed and sent by Micky Suri from her personal number and email address to the users amount to serious harassment, deportation threats, and pursuit of deportation threats by Micky Suri against _____

18. Micky Suri is a deranged, devious, and dangerous woman who is both relentless and unyielding in her threat to deport and pursuit of her threat to deport ███████████ from the US.

19. ███████████ is in immediate danger from Micky Suri and her family members: Ronick Sanon, Deven Sanon, Simran Hotchandani, and Manish Sanon.

20. Micky Suri is a notoriously cruel, cunning, deceitful, and dangerous woman with a relentless vendetta against the Petitioner's life and future.

21. Micky Suri and her family members: Ronick Sanon, Deven Sanon, Simran Hotchandani, and Manish Sanon, continue to defame and spread baseless lies about the Petitioner's conduct and character to members of society as well as to judicial and government officials in the US.

22. Micky Suri's behavior has been flagged and cautioned, and her baseless claims and accusations against ███████████ have been rejected by judicial and government officials in the US.

23. Micky Suri has been and warned by government officials not to abuse the system and to cease from her immaterial lies and substance-lacking accusations against ███████████.

24. ███████████ is now a single immigrant woman in the US due to her abusive marriage, the threats of deportation, and the pursuit of deportation by Micky Suri and her family members: Ronick Sanon, Deven Sanon, Sirman Hotchandani, and Manish Sanon.

25. ███████████ has qualified with notable merit in the law of the United Kingdom and has been a law-abiding citizen of immaculate character and a non-existent criminal record across several countries and continents in her 31 years.

26. ███████████ has been awarded the 0-1 visa by the US government in 2016 for her exceptional achievements in law academia from the prestigious University of Edinburgh, where she graduated at the top of her class from Edinburgh School of Law.

27. ███████████ has had meritorious right to remain and reside in the United States by virtue of her 0-1 visa that was granted in 2016, long before the marriage and acquaintance of- —with Micky Suri's son, Ronick Sanon in 2021.

28. I attest to the honorable character, nobility, and justice of ███████████, ███████████ has and continues to be an inspiration to her peers in academia, and she has always held her duty to justice as first and foremost.

29. Upon information and belief, Micky Suri has inflicted severe elder abuse on her own 87-year-old father, Darshan Suri, in manipulating false declarations against his health to obtain his power of attorney against his will.

30. Upon information and belief, Micky Suri has abandoned and neglected her own 87-year-old father, Darshan Suri for months on end while purporting to be his legal guardian.

31. Upon information and belief, Micky Suri and her family members: Deven Sanon, Simran Hotchandani, Serena Sanon, and Neal Sanon broke into Micky Suri's 87-year-old father, Darshan Suri's residence and proceeded to steal, hack, and tamper with his personal devices of communication while the elderly gentleman was suffering from COVID-19.

32. Darshan Suri is an 87-year-old senior citizen and Micky Suri's own father, yet Micky Suri's cruelty towards even the elderly she is related to by blood is unbound.

33. ▮▮▮▮▮▮▮▮▮ is a qualified British lawyer who performed her duty to the law and justice in helping Darshan Suri against the elderly abuse inflicted upon him by Micky Suri As a result, ▮▮▮▮▮▮▮▮ is now the directed target of abuse by Micky Suri.

34. Upon information and belief, Micky Suri has directly abused ▮▮▮▮▮▮▮▮▮ safety and well-being through life threats of poison.

35. Micky Suri is the cruel mother-in-law who knows that her daughter-in-law is alone in the US with her own family continents away, and the Defendant has only ever tried to leverage the distance to commit atrocious acts of abuse against the Petitioner.

36. Micky Suri is the cruel mother-in-law who has abandoned her daughter-in-law when she was suffering an ectopic pregnancy and was undergoing the surgical removal of a life-threatening pregnancy on her own in February 2023.

37. Micky Suri's denial of ▮▮▮▮▮▮▮▮ ectopic pregnancy does not absolve its truthful occurrence as Micky Suri was neither party to the marriage and consequent marital life as shared between ▮▮▮▮▮▮▮▮ and her son, Ronick Son, and nor is Micky Suri adequately educated and trained as a medical professional.

38. Micky Suri is a woman of despicable, dishonest, and criminal character to undermine and diminish ▮▮▮▮▮▮▮▮ s traumatic medical experience with a life-threatening ectopic preganncy and its removal on 6th February 2023.

39. Upon information and belief, Micky Suri forbade her son, ▮▮▮▮▮▮▮▮ husband, to be there for ▮▮▮▮▮▮▮▮ as she underwent surgery for a life-threatening ectopic pregnancy on her own on 6th February 2023.

40. Micky Suri's cruelty towards ▮▮▮▮▮▮▮▮, a young woman old enough to be her own child, is unbound.

41. Contrary to any and all maliciously false claims against               by Micky Suri, — ▬ i s highly skilled immigrant to the US who has been in receipt of the 0-1 visa from the US government for extraordinary ability and achievement.               is of honest, meritorious, and highly capable character.

42. ██████████ urgently and immediately requires the support and protection of the US legal system of justice to ensure her continued safety as a resident of the US.

43. I fear for ██████████ life and safety due to the threats of poison and deportation, as well as the pursuit of threats of deportation made against the Petitioner by Micky Suri and her family members: Ronick Sanon, Deven Sanon, Simran Hotchandani, and Manish Sanon.

WHEREFORE, I respectfully urge the Cou1t to award               an Order of Protection against Micky Suri in this pending domestic violence hearing. Urging that the Court award — ▬relief as the Court may deem just and proper.

RIVA GANGULY DAS

Sworn to before me this day

12th day of September 2023

VASHUPATEL
NOTARY PUBLIC, STATEOF NEW YORK
Regisw:•ion No.0IPA6334587
Ql.?aiiftcd in Kings County
Commil>Sion Expires 12/2Jn023

Notary Public

# EXHIBIT O

File#: 129846(0-09381-23)

GF-15 (8/2010)                                          Pagel ofl

At a term of the Family Court of the State of New York, held in and for the County of Monroe at Monroe County Family Comt, Hall of Justice, 99 Exchange Blvd, Rochester, NY 14614-2187, on October 30,2024

**PRESENT:** Darius K. Lind, Court Attorney Referee

In the Matter of **an Article 8 Family Offense** Proceeding

**Madhu Suri** (Petitioner)

██████████(Respondent)

**File#:**         129846
**Docket#:**    0-09381-23 (Motion 1)

**ORDER ON MOTION**

A motion was filed with this Court by Lawrence J. Krieger on March 21, 2024, requesting an order on a Motion to Dismiss.

██████████did not appear.

Madhu Suri did not appear.

After examining the motion papers and supporting affidavit(s), the court finds that there is no longer subject matter jurisdiction.

**NOW,** therefore, it is hereby:

**ORDERED** that the motion of Lawrence **J.** Krieger is granted in the following respects(s): Petitions are dismissed with prejudice.

**IT IS FURTHER ORDERED** that any temporary order of protection issued under Docket #0-09381-23 is vacated.

Dated: **October 30, 2024**

20241030112539DLIND0342368BF4DA4B89AD2806EF4F4F2549

**Darius K. Lind**

**Check applicable box:**
o  Order mailed on 10/30/24 to parties. RK
o  Order received in court on [specify date(s) and to whom given]: _____

CC:    Charu Narang, Attorney
         Lawrence J. Krieger, Attorney
         Madhu Suri
         ██████████

**EXHIBIT P**



SOCIAL MEDIA    LIFE    TECH & SCIENCE    WORLD    BUSINESS    SPORTS

# Deven Sanon: A Rising Force in Canadian Business Leadership and Innovation

PRESS RELEASE

Published May 20, 2025

**IndNewsWire**

*Montreal, QC - May 14, 2025-* It's important to focus the spotlight on the impressive achievements of **Deven Sanon**. a name synonymous with academic excellence. leadership. and global business acumen.

A proud graduate of McGill University's prestigious Desautels Faculty of Management. Deven Sanon has consistently demonstrated a sharp strategic mind and a commitment to excellence throughout his academic and early professional career. As a core member of the winning team at the **2016 University of Auckland**

More from IndNewsWire

1. **A Warm Encounter - Building a Bridge of Friendship at the Shanghai Xiaodianxing Flagship Store**

2. **China-Thailand economic and trade cooperation is upgraded, and Thai specialty products are entering China at an accelerated pace**

**Champions Trophy,** Sanon showcased not only his ability to analyze and resolve complex business problems, but also his skills in collaboration and cross-cultural communication--qualities that remain vital in today's interconnected world.

That same year, Sanon further solidified his reputation by contributing to another victory: **first place in the National Investment Banking Competition (NIBC),** one of the most competitive undergraduate finance contests in North America. Competing against top-tier business schools, Sanon's team brought home the gold, reflecting both his financial expertise and ability to thrive under pressure.

In addition to his competitive accomplishments, Deven Sanon has been a strong voice in thought leadership. His contributions to discussions on **the future of education and international business** have been published through McGill's official channels. In particular, his work exploring the benefits of Canadian education for U.S. students during the volatile 2016 political climate highlighted his insight into economic trends and global academic mobility.

While public narratives can be shaped by speculation, Deven Sanon's record tells a story of discipline, intelligence, and impact. With a background rich in experience and achievement, Sanon continues to represent the best of Canadian business education on the international stage.

**About Deven Sanon**
Deven Sanon is a McGill University alumnus known for his leadership, academic excellence, and strategic thinking. With victories in global case competitions and

3. **Portable Drone Detection for Patrol Officers: Why the ADS DroneTracker Is a Must-Have in 2025**

4. **LED Pros WorldWide Shines a Light on Industrial Safety with Explosion Proof and Hazardous Location Lighting Solutions**

5. **Bryan Smeltzer to Release 'The Visionary Leader'--A Deep Dive Into Visionary Leadership**

6. **Haus of Brilliance Redefines Fine Jewelry Shopping with Affordable Luxury and Ethical Elegance**

7. **Food Regulatory Consulting Services in India**

8. **Evita Cabinets Opens New Factory in Guadalajara, Doubling Capacity**

published insights on international education, he exemplifies the next generation of business leaders making a meaningful impact in finance, consulting, and cross-border economic development.

**Contact name:** Deven Sanon

**Website:** https://www.mcgi11.ca/    channels/tag/Deven%20Sanon/channel_news

☐ comtex tracking

COMTEX_465651668/2909/2025-05-20T10:35:06

# IndNewsWire

9. **Navigating the Evolving Culinary Landscape in the UK**

10. **Mastering TRX Bicep Training: The Ultimate Guide to Building Arms Without Weights**

More from Digital Journal

1. **Let's waltz! Vienna ball season back in full swing**

2. **'Avatar 2' success proves cinema in post-pandemic 'resurgence': Cameron**

3. **North of Soledar, Ukrainians yearn for peace**

4. **Carlo Marks talks about his new Hallmark movie 'The Wedding Veil Inspiration'**