\*\*\* Filed \*\*\* 11:52 AM, 31 Mar, 2026 U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

DEVEN SANON and SIMRAN
HOTCHANDANI,

<em>Plaintiffs,</em>

vs

SRIJANI CHATTERJEE, JOHN DOES 1-10,
and JANE DOES 1-10,

<em>Defendants.</em>

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**NOTICE OF MOTION TO DISMISS COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), AND 12(f), FOR A MORE DEFINITE STATEMENT PURSUANT TO RULE 12(e), AND FOR SANCTIONS PURSUANT TO RULE 11**

Civil Action No. 26-cv-580 (AMD)(VMS)

PLEASE TAKE NOTICE that upon the annexed Memorandum of Law, Declaration of Srijani Chatterjee, Index of Exhibits, and all prior proceedings herein, Defendant Srijani Chatterjee will move this Court before the Honorable United States District Judge assigned to this case, at the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201, for an Order:

**1.** Dismissing the Complaint in its entirety **with prejudice** for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), because Plaintiffs have failed to establish complete diversity of citizenship as required by 28 U.S.C. § 1332(a). Plaintiffs claim Massachusetts domicile in this federal action (Compl. ¶¶ 12–13), yet in their own sworn Verified Petition and Verified Amended Petition filed before the Supreme Court of the State of New York, County of Bronx (Index No. 818359/2025E)—prepared and submitted by the same counsel who filed this Complaint—Plaintiffs represented under oath that they are *at all times relevant, residents of the State of New York*. **Exhibit A and Exhibit D**. WhatsApp communications produced in those proceedings further reflect Plaintiff Simran Hotchandani's residential address as 1020 Rue de Bleury, Montréal, QC, Canada H2Z 0B9. **Exhibit E**. Additionally, Plaintiff Deven Sanon publicly identified himself as a Canadian citizen with strong

domicile contacts in Canada in May 2025. **Exhibit P**. A party cannot assert New York residency in state court to establish venue and then assert Massachusetts domicile in federal court to manufacture diversity jurisdiction;

2.    Dismissing the Complaint in its entirety with prejudice for lack of personal jurisdiction over Defendant pursuant to Federal Rule of Civil Procedure 12(b)(2). Defendant is a British citizen whose legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar, as a certified VAWA domestic violence victim following USCIS's issuance of the Prima Facie Determination. **Exhibit K**. Her presence in New York was temporary and tied to a short-term accommodation arrangement for a specific purpose, and does not establish domicile or continuous contacts with the State. Defendant did not specifically target New York, the alleged statements were not directed at a New York audience, and the statements were not tied to any business or activity in New York. Her temporary New York presence does not supply the continuous and systematic contacts required for general jurisdiction under *Daimler AG v. Bauman*, 571 U.S. 117 (2014), nor the purposeful availment required for specific jurisdiction under *Walden v. Fiore*, 571 U.S. 277 (2014);

3.    Dismissing the Complaint in its entirety **with prejudice** for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391(b), because Plaintiffs have not pleaded facts establishing that a substantial part of the events or omissions giving rise to their claims occurred in the Eastern District of New York. Plaintiffs' own prior sworn representations describe New York County (Bronx) as the forum for their activities, not the Eastern District. The parallel state court action was filed in Bronx County, which falls within the Southern District of New York. Venue in this District was selected for no discernible reason other than to impose litigation burden on Defendant;

**4.**    Dismissing the Complaint in its entirety **with prejudice** for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). Service on February 3, 2026 was defective under Rule 4(e): the process server failed to verify Defendant's identity before service; the address used was not Defendant's dwelling or usual place of abode; and if Defendant was located abroad at the time, Plaintiffs were required to comply with Rule 4(f) and applicable international service conventions, which they did not;

**5.**    Dismissing the Complaint in its entirety **with prejudice** for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), on the following independent grounds:

(a)    Plaintiffs fail to plausibly plead that Defendant authored, created, or controlled the content forming the basis of their claims, relying on impermissible inference stacking that fails under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), while Plaintiffs' own Complaint attributes authorship to John Does and Jane Does (Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81);

(b)    Plaintiffs fail to plead defamation with the specificity required under New York law—the Complaint does not identify any specific allegedly false statement, the date and platform of publication, or the third parties who received each statement;

(c)    The challenged statements, to the extent attributable to Defendant, constitute non-actionable opinion under New York law, are substantially true as established by independent documentary evidence **(Exhibits L, M, N)**, and concern matters of public interest protected by the First Amendment;

(d)    Defendant is immune from liability for any content published on third-party interactive computer services under Section 230 of the Communications Decency

Act, 47 U.S.C. § 230(c)(1), because Plaintiffs' own Complaint attributes authorship of the challenged content to third-party information content providers (John Does and Jane Does);

(e)　　This action is subject to mandatory dismissal under New York's Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a and CPLR § 3211(g), because it arises from communications in connection with issues of public interest—including immigration fraud, academic fraud, domestic violence, and government investigations—and Plaintiffs cannot demonstrate a substantial basis for their claims;

(f)　　The Complaint fails to plead publication, cognizable damages, or causation with the specificity required by federal pleading standards;

6.　　Striking Plaintiffs' Seventh Cause of Action under New York Civil Rights Law § 79-n as legally insufficient pursuant to Federal Rule of Civil Procedure 12(f), as Plaintiffs' own Complaint establishes that the alleged conduct was motivated by a divorce—not any protected characteristic under the statute;

7.　　Staying all discovery in this action pending resolution of this Motion pursuant to the Court's inherent authority and Federal Rule of Civil Procedure 26(c), particularly given that: (1) this Motion raises substantial threshold jurisdictional questions; (2) Defendant is a VAWA-certified domestic violence victim residing abroad to escape harassment by Plaintiffs and their family; (3) Plaintiffs have already obtained extensive pre-action discovery through the parallel Bronx County state court proceedings; and (4) discovery in that action was stayed by court order on February 2, 2026. **Exhibit G**;

8.　　Awarding Defendant her costs and expenses incurred in connection with this action pursuant to New York Civil Rights Law §§ 70-a and 79-n(4) and CPLR § 3211(g), given:

(a) Plaintiffs' counsel's certification of contradictory domicile representations in contemporaneous proceedings; (b) Plaintiffs' admission of uncertainty about whether the named Defendant is the correct person; (c) Plaintiffs' filing of this Complaint in deliberate violation of the January 15, 2026 Jane Doe protective order; and (d) Plaintiffs' counsel's violation of Rule 4.2 of the New York Rules of Professional Conduct by bypassing Defendant's known prospective counsel in court filings;

**9.**    Granting such other and further relief as this Court deems just and proper.

## STATEMENT OF GROUNDS

This Motion is based upon the following grounds:

## I.    LACK OF SUBJECT MATTER JURISDICTION—FAILURE OF COMPLETE DIVERSITY

This Court lacks subject matter jurisdiction because Plaintiffs have not established complete diversity of citizenship under 28 U.S.C. § 1332(a). The same counsel who filed this Complaint —Daniel S. Szalkiewicz, Esq. of Veridian Legal P.C.—filed sworn petitions in the Bronx County Supreme Court representing that Plaintiffs are residents of the State of New York (Exhibit A, ¶ 1; Exhibit D, ¶ 2). The Verified Amended Petition was filed as recently as October 14, 2025—less than four months before Counsel filed the instant Complaint claiming Massachusetts domicile.

WhatsApp communications produced in those proceedings show Plaintiff Simran Hotchandani identifying a Montréal, Canada address as her residence **(Exhibit E)**. The Civil Cover Sheet filed with this action lists Massachusetts as Plaintiffs' county of residence **(Exhibit C)**, but this bare designation cannot overcome the sworn representations of New York or Canadian residency made contemporaneously in parallel proceedings by the same counsel.

Further, Plaintiff Deven Sanon publicly identified himself as a Canadian citizen in May 2025. **Exhibit P,** (Deven Sanon, *Deven Sanon—Rising Force, Canadian*, Digital Journal, May 2025). If both Plaintiffs are Canadian citizens, diversity does not exist between two foreign nationals. If Plaintiffs are New York residents, no diversity exists as against Defendant's most recent New York address. Either way, this action must be dismissed for lack of subject matter jurisdiction.

Independently, Plaintiffs lack Article III standing to invoke this Court's jurisdiction. The constitutional minimum for standing requires that a plaintiff demonstrate: (1) a concrete and particularized injury-in-fact; (2) a causal connection between the injury and the conduct complained of; and (3) redressability by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Plaintiffs' Complaint offers only bare, conclusory allegations of "reputational harm" and "emotional distress" without identifying any specific lost opportunity, lost relationship, lost income, or concrete adverse consequence traceable to any specific act of Defendant. Allegations of generalized reputational damage unmoored from specific, identifiable harm do not satisfy Article III's irreducible constitutional minimum. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41 (2016).

Because Plaintiffs have not pleaded a concrete and particularized injury-in-fact traceable to Defendant's conduct, this Court independently lacks subject matter jurisdiction on constitutional standing grounds.

## II.    LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction over Defendant. Defendant is a British citizen whose legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar, as a certified VAWA domestic violence victim following USCIS's issuance of a Prima Facie Determination approving her VAWA self-petition. **Exhibit K**. Her VAWA status was formally recognized by the Supreme Court of the State of New York, Bronx County, which on January 15, 2026 ordered that Defendant be designated Jane Doe in that proceeding to protect her identity as a domestic violence victim under VAWA. **Exhibit F**. Although Defendant was served at a Brooklyn address on February 3, 2026—the day after the Complaint was filed—service at a temporary address does not establish legal domicile in New York, nor does it constitute consent to this Court's personal jurisdiction. Notably, the process server did not even confirm Defendant's identity before serving documents, rendering service procedurally defective. Her presence in New York was temporary and tied to a short-term accommodation arrangement for a specific purpose, and does not establish domicile or continuous contacts with the State. Defendant did not specifically target New York, the alleged statements were not directed at a New York audience, and the statements were not tied to any business or activity in New York. Defendant does not maintain the continuous and systematic contacts with New York required for general jurisdiction under Daimler AG v. Bauman, 571 U.S. 117 (2014), nor has she purposefully directed activities at New York sufficient to support specific jurisdiction under Walden v. Fiore, 571 U.S. 277 (2014).

### III.    VENUE IS IMPROPER

Venue in the Eastern District of New York is improper under 28 U.S.C. § 1391(b) because Plaintiffs have not established that a substantial part of the events giving rise to their claims occurred in this District. Plaintiffs' own prior sworn filings describe their activities in Bronx County, which is in the Southern District of New York. There is no factual allegation tying the alleged events to the Eastern District specifically. The Court should dismiss or, if the interest of justice requires, transfer this action pursuant to 28 U.S.C. § 1406(a).

### IV.    SERVICE OF PROCESS WAS INSUFFICIENT

Service at a Brooklyn address on February 3, 2026 does not establish consent to this Court's jurisdiction. The process server failed to confirm Defendant's identity before serving documents, rendering service defective under Rule 4(e). If Defendant was located abroad at the time of the alleged service, Plaintiffs were additionally required to comply with Federal Rule of Civil Procedure 4(f) and applicable international service conventions, which they did not. Without valid service, this Court cannot exercise personal jurisdiction over Defendant.

### V.    PLAINTIFFS VIOLATED THE STATE COURT'S JANE DOE DESIGNATION

Plaintiffs violated the January 15, 2026 Order of the Supreme Court of the State of New York, Bronx County, which expressly designated Defendant as Jane Doe to protect her identity as a certified VAWA domestic violence victim. **Exhibit F**. That Order was in full force and effect at the time this Complaint was filed. Plaintiffs filed this Complaint using Defendant's real name without court authorization, without application to vacate the protective order, and without notice to Defendant. This is not a procedural irregularity — it is a deliberate violation of a sitting court order. The VAWA Prima Facie Determination further established that the Plaintiffs themselves

— Deven Sanon and Simran Hotchandani — subjected Defendant to emotional, mental, and psychological abuse at the requisite federal threshold of proof. **Exhibit K**. Plaintiffs' filing of a public federal pleading identifying by name a VAWA victim whom a state court had ordered to proceed anonymously, and doing so in knowing violation of that order, constitutes sanctionable conduct and an independent basis for dismissal of this action as an abuse of process.

## VI.   THE STATE COURT ACTION MAY REMAIN PENDING AGAINST DEFENDANT

Plaintiffs' February 4, 2026 Notice of Voluntary Discontinuance expressly discontinued the Bronx County action only as to the named corporate respondents and did not name or include Defendant/Jane Doe among the dismissed parties. **Exhibit H**. The February 19, 2026 Order of the Honorable Marissa Soto similarly reflects withdrawal only as to the named respondents. **Exhibit I**. Accordingly, the state court action as to Defendant may remain pending, providing an additional basis on which this Court may decline to exercise jurisdiction or confirm the improper forum-shopping nature of the instant federal filing.

## VII.   FAILURE TO PLAUSIBLY PLEAD AUTHORSHIP OR CONTROL

Plaintiffs have failed to plausibly allege that Defendant authored, created, or controlled the content forming the basis of their claims. The Complaint relies on a chain of impermissible inferences—payment to a digital marketing agency (Impester Media) → hired freelance writers (John/Jane Does) → writers created specific articles → Defendant controlled and published those articles. This inference stacking fails under *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Plaintiffs' own Complaint attributes authorship

to John Does and Jane Does (Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81) while simultaneously and inconsistently attributing authorship to Defendant.

## VIII.   DEFAMATION IS NOT PLEADED WITH SPECIFICITY

The Complaint fails to identify any specific allegedly defamatory statement, the date and platform of each publication, or the specific third parties who received each statement. New York law and federal pleading standards require this specificity. *Ideal Steel Supply Corp. v. Anza*, 652 F.3d 310, 324 (2d Cir. 2011). The Complaint's generic references to "defamatory statements" and "false content" are quintessential threadbare recitals insufficient under *Iqbal*. Additionally, the alleged statements constitute non-actionable opinion, and Plaintiffs fail to adequately plead publication, causation, or cognizable damages above the jurisdictional threshold.

The damages failure is further compounded by a fatal internal contradiction: Plaintiffs allege reputational and economic devastation while their own Complaint acknowledges that Plaintiff Deven Sanon continued to raise "impressive" and substantial investor capital during the very same period the allegedly defamatory statements were published — directly disproving their own damages narrative.

## IX.   SECTION 230 IMMUNITY

Defendant is immune from liability under Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1). The Complaint attributes authorship of the challenged content to third-party John Does and Jane Does while seeking to hold Defendant liable as publisher. Section 230 prohibits treating a user of an interactive computer service as the publisher of content provided by another information content provider. *Herrick v. Grindr LLC*, 765 F. App'x 586, 589 (2d Cir. 2019).

## X.     ANTI-SLAPP LAW REQUIRES DISMISSAL AND FEE SHIFTING

This action arises from communications in connection with issues of public interest—immigration fraud, academic integrity, domestic violence, and government investigations—and is subject to mandatory dismissal and fee-shifting under New York's Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a and CPLR § 3211(g). Plaintiffs cannot demonstrate a substantial basis for their claims in light of the independent documentary record establishing substantial truth.

## XI.    FIRST AMENDMENT PROTECTION AND OPINION DOCTRINE

To the extent any statements are attributable to Defendant, they are protected by the First Amendment as non-actionable opinion or substantially true statements on matters of public concern. Plaintiffs' own state court exhibits establish substantial truth: McGill University acknowledged academic integrity concerns regarding Plaintiff Simran Hotchandani **(Exhibit L)**; a family member admitted under oath to an immigration sham marriage **(Exhibit M)**; and a senior Indian government official attested to federal and international fraud investigations of the Hotchandani family **(Exhibit N)**.

## XII.   RES JUDICATA AND COLLATERAL ESTOPPEL

On October 30, 2024, the Family Court of Monroe County, New York dismissed with prejudice nearly identical claims brought by Micky Suri (Madhu Sanon)—the mother of Plaintiff Deven Sanon—against Defendant (File No. 129846, Docket No. O-09381-23). **Exhibit O**. That dismissal with prejudice bars relitigation of the same factual allegations through surrogate plaintiffs in privity with the prior petitioner. Plaintiffs are in privity with Micky Suri as family members—including mother-son relationship—pursuing identical claims based on the identical alleged conduct, with a fully aligned and shared identity of interest.

## XIII.   FORUM SHOPPING AND IMPROPER DUPLICATIVE LITIGATION

Plaintiffs filed this federal Complaint on February 2, 2026—the same day the Honorable Marissa Soto in the Bronx County Supreme Court stayed all discovery in the parallel state action and Plaintiffs' own counsel represented to that court that Plaintiffs intended to file a stipulation of discontinuance within two weeks. **Exhibit G**. Rather than honoring that representation, Plaintiffs filed a 44-page federal complaint hours later. This constitutes bad faith forum shopping designed to circumvent the state court's discovery stay and to burden a VAWA-certified domestic violence victim with duplicative federal litigation.

## XIV.   RULE 11 SANCTIONS

On March 4, 2026, Plaintiffs' counsel Daniel S. Szalkiewicz, Esq. filed a letter with this Court (ECF Doc. 13) alleging, based entirely on an unsworn, secondhand account from an unnamed editor at ALM/Law.com, that Defendant misrepresented to that organization that this case is concluded and provided it with a fabricated court order. The Court should read that letter with the full context of who these parties are and what this litigation actually is. Plaintiff Deven Sanon is the brother of Defendant's abuser. Defendant was subjected to years of physical, sexual, emotional, and financial abuse at the hands of Deven Sanon's brother. The Plaintiffs themselves have subjected Defendant to emotional and mental abuse. On March 12, 2025, the United States Citizenship and Immigration Services issued a Prima Facie Determination approving Defendant's VAWA self-petition, a formal federal finding that Defendant's account of abuse is substantiated by evidence. **Exhibit K**. This is not a self-serving assertion. It is the considered determination of a federal agency. The Bronx County Supreme Court subsequently entered a protective order

designating Defendant as Jane Doe specifically because of these circumstances. Plaintiffs then filed this lawsuit using Defendant's real name in deliberate violation of that order.

The purpose of this litigation is not to vindicate any legitimate reputational interest. It is to financially drain a domestic violence victim, to force the public exposure of her identity and personal details on the internet, and to punish her for speaking the truth about her abuse. Plaintiffs' own conduct makes this unmistakably clear. Counsel's March 4 letter to this Court does not address a single merits issue. It does not challenge a jurisdictional argument. It does not respond to the sworn contradictions in Plaintiffs' own filings. Instead, it runs to a federal judge to complain about a Law.com article, because what Plaintiffs are most concerned about is not their reputation, but controlling the narrative of what gets published about this case online. That is not the concern of a legitimate defamation plaintiff. It is the concern of a plaintiff using litigation as a weapon of harassment and exposure against a VAWA victim. The allegations in that letter are false. Defendant categorically denies each and every one of them. Not one is supported by a sworn statement, affidavit, or documentary evidence of any kind. The letter rests entirely on double hearsay from an anonymous third party whose identity and reliability have not been verified, and it should be accorded no weight whatsoever by this Court.

Plaintiffs' counsel certified Massachusetts domicile in this federal Complaint (Compl. ¶¶ 2–13) while having, less than four months earlier, filed sworn petitions in the Bronx County Supreme Court representing that Plaintiffs are residents of New York. **Exhibit A** and **Exhibit D**. Both certifications were made by the same law firm—Veridian Legal P.C. Both cannot be true. This constitutes a violation of Federal Rule of Civil Procedure 11(b)(3). Further, Plaintiffs' counsel has since acknowledged uncertainty about whether the named Defendant is the correct person, independently violating Rule 11(b)(3). Additionally, in filing ECF Doc. 13 on March 4, 2026,

Plaintiffs' counsel violated Rule 4.2 of the New York Rules of Professional Conduct by deliberately omitting Defendant's known prospective counsel Marc Pelta, Esq. from court correspondence, having had direct telephone communications with Mr. Pelta regarding this matter. Defendant hereby provides Rule 11(c)(2) safe harbor notice and intends to seek sanctions and dismissal if Plaintiffs do not voluntarily withdraw the Complaint within twenty-one (21) days.

## XV.    NEW YORK CIVIL RIGHTS LAW § 79-n FAILS AS A MATTER OF LAW

Plaintiffs' Seventh Cause of Action under New York Civil Rights Law § 79-n fails because the statute's protected categories—race, color, national origin, ancestry, gender, religion, age, disability, and sexual orientation—do not include family relationships, marital status, or divorce. Plaintiffs' own Complaint alleges that Defendant's motivation was to retaliate against her ex-husband's family for the divorce (Compl. ¶ 187), which is not a protected basis under the statute.

## XVI.    DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

A stay of discovery is warranted given: (1) the substantial threshold jurisdictional questions; (2) Defendant's status as a VAWA-certified domestic violence victim with a legal domicile in Doha, Qatar, who is being harassed by Plaintiffs who are themselves established by VAWA findings as her abusers; (3) the extensive pre-action discovery already obtained by Plaintiffs through the Bronx County state court proceedings; and (4) the state court's February 2, 2026 order staying discovery in the parallel action. **Exhibit G**. Permitting discovery here while it remains stayed in state court would directly reward Plaintiffs' improper forum shopping.

## XVII. PLAINTIFFS' PLEADING FAILURES REQUIRE A MORE DEFINITE STATEMENT

Plaintiffs' pleading failures are so fundamental as to prevent Defendant from framing any responsive pleading. Plaintiffs have not identified their domicile with any factual support, have not identified a single specific defamatory statement, have not established the factual basis for personal jurisdiction over Defendant, have not distinguished the acts attributed to Defendant from those attributed to the John Does and Jane Does throughout the Complaint, and have not provided any factual basis for damages exceeding $75,000.

**WHEREFORE,** Defendant respectfully requests that this Court grant this Motion in its entirety and:

(1)　dismiss the Complaint with prejudice for lack of subject matter jurisdiction;

(2)　dismiss the Complaint with prejudice for lack of personal jurisdiction under Rule 12(b)(2);

(3)　dismiss the Complaint with prejudice as barred by res judicata and collateral estoppel, based on the October 30, 2024 dismissal with prejudice of identical claims brought by Micky Suri (Madhu Sanon) — the mother of Plaintiff Deven Sanon — in the Family Court of Monroe County, New York (File No. 129846, Docket No. O-09381-23), with whom Plaintiffs are in privity as family members pursuing identical claims based on the identical nucleus of operative facts against the same Defendant; **Exhibit O**;

(4)　dismiss the Complaint with prejudice for improper venue;

(5)     dismiss the Complaint with prejudice for insufficient service of process;

(6)     dismiss the Complaint with prejudice for failure to state a claim, including on grounds of Section 230 immunity, Anti-SLAPP, and failure to plead defamation with specificity;

(7)     strike the Seventh Cause of Action;

(8)     stay all discovery pending resolution of this Motion;

(9)     award Defendant costs and expenses under New York Civil Rights Law §§ 70-a and 79-n(4) and CPLR § 3211(g);

(10)    grant such other and further relief as this Court deems just and proper.

Dated: _____ March 23 _____, 2026

Brooklyn, New York

Respectfully submitted,

_____

Srijani Chatterjee

srijanic91@gmail.com

Defendant, Pro Se