*** Filed ***
01:18 AM, 10 Apr, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

- - - - - - - - -                                                     x

DEVEN SANON and SIMRAN
HOTCHANDANI,

                 *Plaintiffs,*

       vs

SRIJANI CHATTERJEE, JOHN DOES 1-10,
and JANE DOES 1-10,

           *Defendants.*


- - - - - - - - -                                                     x

**MEMORANDUM OF LAW IN**
**SUPPORT OF DEFENDANT'S**
**MOTION TO DISMISS**

Civil Action No. 26-cv-580 (AMD)(VMS)

## TABLE OF CONTENTS

INTRODUCTION…………… .................................................................................................................... 1
STATEMENT OF FACTS…………………………………………………………………………………**1**
LEGAL STANDARD ....................................................................................................................... 4
I.      THIS COURT LACKS SUBJECT MATTER JURISDICTION—FAILURE OF COMPLETE DIVERSITY........................................................................................................................... 5
II.     THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT........................................ …7
III.    VENUE IS IMPROPER UNDER RULE 12(b)(3)........................................................................ …8
IV.    SERVICE OF PROCESS WAS INSUFFICIENT UNDER RULE 12(b)(5) .......................................... 9
V.     PLAINTIFFS VIOLATED VAWA PROTECTIVE PURPOSES BY UNMASKING A DOMESTIC VIOLENCE VICTIM................................................................................................................ …10
VI.    THE STATE COURT ACTION MAY REMAIN PENDING AGAINST DEFENDANT ........................ 12
VII.   PLAINTIFFS FAIL TO PLAUSIBLY PLEAD AUTHORSHIP OR CONTROL ................................ …12
VIII.  THE COMPLAINT FAILS TO STATE A DEFAMATION CLAIM—SPECIFICITY, OPINION, PUBLICATION, CAUSATION, AND DAMAGES ........................................................................ …13
IX.    DEFENDANT IS IMMUNE UNDER SECTION 230 OF THE COMMUNICATIONS DECENCY ACT……………………………………………………………………………………….....................**16**
X.     NEW YORK'S ANTI-SLAPP LAW REQUIRES DISMISSAL AND FEE SHIFTING........................... …17
XI.    THE CHALLENGED STATEMENTS ARE PROTECTED BY THE FIRST AMENDMENT .......... 18
XII.   THE CLAIMS ARE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL................... 18
XIII.  THIS ACTION CONSTITUTES IMPROPER FORUM SHOPPING AND DUPLICATIVE LITIGATION ....................................................................................................................... 21
XIV.  RULE 11 SANCTIONS ARE WARRANTED............................................................................. 22
XV.   NEW YORK CIVIL RIGHTS LAW§ 79-n FAILS AS A MATTER OF LAW ................................... 24
XVI.  DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION...................... 24
CONCLUSION ............................................................................................................................. 25

**INTRODUCTION**

Defendant Srijani Chatterjee ("Defendant") respectfully submits this Memorandum of Law in support of her Motion to Dismiss the Complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(2), 12(b)(3), 12(b)(5), 12(b)(6), and 12(f), and for sanctions pursuant to Federal Rule of Civil Procedure 11.

**STATEMENT OF FACTS**

### A.  Defendant's VAWA Status and Relocation

Defendant was married to Ronick Sanon, the twin brother of Plaintiff Deven Sanon. On March 12, 2025, the United States Citizenship and Immigration Services issued a Prima Facie Determination approving Defendant's VAWA self-petition, certifying her as a victim of domestic violence. **See Exhibit K**. This is not a routine administrative finding. A VAWA prima facie determination reflects a threshold federal determination—made after investigation and review of evidence—that Defendant's account of abuse is substantiated. The determination specifically encompasses the abuse inflicted by Ronick Sanon, the brother of Plaintiff Deven Sanon. Critically, the Plaintiffs themselves—Deven Sanon and Simran Hotchandani—subjected Defendant to emotional, mental, and psychological abuse. Defendant subsequently relocated to Qatar for her safety. On January 15, 2026, the Supreme Court of the State of New York, Bronx County, entered an Order designating Defendant as Jane Doe in the parallel state court proceedings to protect her identity as a VAWA domestic violence victim. **See Exhibit F**. Notwithstanding that Order, Plaintiffs filed this federal Complaint using Defendant's real name.

### B.  Prior Dismissal with Prejudice by Monroe County

On October 30, 2024, the Family Court of Monroe County, New York dismissed with prejudice claims brought by Micky Suri (also known as Madhu Sanon) against Defendant. File No. 129846, Docket No. O-09381-23. **See Exhibit O**. Micky Suri is the mother of Plaintiff Deven Sanon. The petition alleged nearly identical conduct to that alleged in the present Complaint.

### C.  Contradictory Sworn Representations About Domicile

Daniel S. Szalkiewicz, Esq. of Veridian Legal P.C. filed sworn petitions in Bronx County Supreme Court representing under oath that Plaintiffs are residents of New York **(See Exhibits A and D)**. The Verified Amended Petition was filed October 14, 2025. The same attorney filed this federal Complaint on February 2, 2026 certifying Massachusetts domicile **(See Exhibits B and C)**. WhatsApp communications produced in state court proceedings further reflect Plaintiff Simran Hotchandani's residential address as 1020 Rue de Bleury, Montréal, QC, Canada H2Z 0B9. **See Exhibit E**. Additionally, Plaintiff Deven Sanon himself published an article in May 2025 publicly identifying himself as a Canadian citizen with strong domicile contacts in Canada. **(See Exhibit P)**, (Digital Journal, May 2025, authored by Deven Sanon identifying himself as a Canadian citizen).

### D.  Defective Service of Process

Service of the Summons and Complaint was allegedly made on February 3, 2026—the day after the Complaint was filed—at a Brooklyn address. The process server failed to verify Defendant's identity before serving documents and made no effort to confirm that the person served was the named Defendant. Rule 4(e) requires either personal delivery to the dwelling place with a suitable person, or compliance with state law. Plaintiffs' own counsel subsequently acknowledged uncertainty about whether the correct person was served

### E.  Forum Shopping

On February 2, 2026, the Bronx County Supreme Court stayed all discovery in parallel state proceedings **(See Exhibit G)**. At that hearing, Plaintiffs' counsel represented that Plaintiffs intended to file a stipulation of discontinuance within two weeks. Hours later, Plaintiffs filed this 44-page federal Complaint. Plaintiffs' counsel was simultaneously in communication with Defendant's prospective counsel Marc Pelta, Esq. about the federal case **(See Exhibit J)**, and deliberately omitted Mr. Pelta from correspondence filed with this Court—a violation of Rule 4.2

of the New York Rules of Professional Conduct.

**LEGAL STANDARD**

### A. Subject Matter Jurisdiction—Rule 12(b)(1)

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). For diversity jurisdiction under 28 U.S.C. § 1332(a), complete diversity must exist and the amount in controversy must exceed $75,000. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005).

### B. Personal Jurisdiction—Rule 12(b)(2)

Plaintiff bears the burden of establishing personal jurisdiction. *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010).

### C. Venue—Rule 12(b)(3)

A defendant may move to dismiss for improper venue under Rule 12(b)(3). In federal question or diversity cases, venue is proper where a substantial part of the events giving rise to the claim occurred, or where a substantial part of the property is situated. 28 U.S.C. § 1391(b)(2). The plaintiff bears the burden of establishing proper venue. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979).

### D. Service of Process—Rule 12(b)(5)

Effective service of process is a prerequisite to personal jurisdiction. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

### E. Failure to State a Claim—Rule 12(b)(6)

A complaint must contain sufficient factual matter to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plausibility requires more than a sheer possibility of

unlawful conduct. *Id.*

### F. Anti-SLAPP—Civil Rights Law § 76-a and CPLR § 3211(g)

New York's anti-SLAPP statute, N.Y. Civ. Rights Law § 76-a, provides for mandatory dismissal and fee-shifting where an action is filed "in connection with an act involving public petition and participation." The statute applies broadly to communications in connection with "any issue of public interest." N.Y. Civ. Rights Law § 76-a(1)(a). A defendant moving under CPLR § 3211(g) need only demonstrate that the claim arises from protected public petition activity; the burden then shifts to the plaintiff to demonstrate a substantial basis for the claims. *Coleman v. Grand*, 523 F. Supp. 3d 244 (E.D.N.Y. 2021).

## ARGUMENT

### I. THIS COURT LACKS SUBJECT MATTER JURISDICTION— FAILURE OF COMPLETE DIVERSITY

#### A. Contradictory Sworn Representations Defeat Jurisdiction

In this federal action, Plaintiffs claim Massachusetts domicile. Compl. ¶¶ 12–13; **See Exhibits B and C**. Yet in sworn state court pleadings filed by the same counsel less than four months earlier, Plaintiffs represented under oath that they are residents of New York **(See Exhibits A and D)**. The Verified Amended Petition was filed October 14, 2025. This Complaint was filed February 2, 2026.

Both representations cannot be true. Domicile requires both residence and intent to remain. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Once established, domicile continues until a new domicile is acquired. *Id.* The burden of establishing a change of domicile rests on the party asserting it. *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000).

#### B. Plaintiff Deven Sanon Has Publicly Identified as a Canadian Citizen

In May 2025, Plaintiff Deven Sanon authored and published an article in which he publicly

identified himself as a Canadian citizen with strong domicile contacts in Canada. **(See Exhibit P),** (Deven Sanon, *Deven Sanon—Rising Force, Canadian*, Digital Journal, May 2025). This self-identification as a Canadian citizen is devastating to any claim of Massachusetts domicile: Plaintiff Deven Sanon's own words establish that, as of May 2025, his domicile was in Canada, not Massachusetts. A foreign national cannot rely on 28 U.S.C. § 1332(a) to establish diversity against a U.S. citizen-defendant. *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002).

### C.  Evidence Suggests Canadian Residency for Both Plaintiffs

WhatsApp communications produced in state court show Plaintiff Simran Hotchandani identifying a Montréal, Canada address as her residence. **See Exhibit E**. If both Plaintiffs are Canadian residents who are not permanent resident aliens, 28 U.S.C. § 1332(a)(2) provides no basis for jurisdiction. *Singh v. Daimler-Benz AG*, 9 F.3d 303, 308 (3d Cir. 1993). Two aliens cannot sue each other in federal court under diversity jurisdiction. *Saadeh v. Farouki*, 107 F.3d 52, 54 (D.C. Cir. 1997).

### D.  Forum Manipulation Cannot Create Jurisdiction

A party cannot assert New York residency in state court to establish venue and then assert Massachusetts domicile in federal court to manufacture diversity jurisdiction. Subject matter jurisdiction is a threshold issue. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 95 (1998).

### E.  Plaintiffs Independently Lack Article III Standing

Even if diversity were adequately pleaded — which it is not — this Court would independently lack subject matter jurisdiction because Plaintiffs have failed to establish the constitutional minimum for standing under Article III. To invoke federal jurisdiction, a plaintiff must demonstrate three irreducible elements: (1) a concrete and particularized injury-in-fact that is actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of, such that the injury is fairly traceable to the defendant's challenged actions;

and (3) that the injury is likely to be redressed by a favorable judicial decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). The burden of establishing standing rests on the party invoking federal jurisdiction. *Id.* at 561.

The Complaint fails on all three elements. First, Plaintiffs allege only generic "reputational harm" and "emotional distress" without identifying any specific, concrete adverse consequence—no lost employment, no lost business relationship, no quantifiable lost income, no identifiable third party who altered their conduct toward Plaintiffs based on any specific statement. A bare allegation of reputational injury untethered to any particular, concrete consequence does not constitute an injury-in-fact. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 340–41 (2016) (holding that a concrete injury requires more than a bare procedural or abstract harm; the injury must be real and not merely possible). Second, the Complaint does not establish traceability— it does not allege that any specific third party relied on any specific statement attributable to Defendant and, as a result, caused Plaintiffs a concrete and identifiable harm. Where the causal chain between the alleged statement and the alleged injury depends on the independent decisions of third parties, traceability is not established. *Allen v. Wright*, 468 U.S. 737, 757 (1984). Third, given the absence of concrete, traceable harm, no judicial relief could redress any injury that is adequately pleaded. Because

## II.    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT

### A.  General Jurisdiction Does Not Exist

Defendant is a British citizen whose legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar, as a certified VAWA domestic violence victim. Her presence in New York was temporary and tied to a short-term accommodation arrangement for a specific purpose, and does not establish domicile or continuous contacts with the State. Under *Daimler*, general jurisdiction exists only where affiliations are so continuous and systematic as to render

defendant essentially at home. 571 U.S. at 127. New York is not a forum where Defendant is essentially at home. **See Exhibit K**.

### B. Specific Jurisdiction Does Not Exist

Defendant has not purposefully directed activities at New York. *Walden* requires that the defendant create contacts with the forum itself, not just with forum residents. 571 U.S. at 285. The plaintiff cannot be the only link. *Id.* at 284. Mere internet accessibility is insufficient. *Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 252 (2d Cir. 2007). Defendant did not specifically target New York. The alleged statements were not directed at a New York audience. The statements were not tied to any business or activity in New York. A temporary presence in the State under a short-term accommodation arrangement does not constitute purposeful availment of the New York forum.

### C. Service at a Temporary Address Does Not Confer Jurisdiction

Service on February 3, 2026 was made at a Brooklyn address. Service at a temporary address does not establish legal domicile or consent to jurisdiction. *Burnham v. Superior Court*, 495 U.S. 604, 617 (1990). Defendant's legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar. A temporary return visit to the United States, if any, does not reestablish New York domicile or submit Defendant to this Court's personal jurisdiction.

### III.    VENUE IS IMPROPER UNDER RULE 12(b)(3)

This action should be dismissed or transferred for improper venue under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1391. Venue in the Eastern District of New York is improper because Plaintiffs have not established that a substantial part of the events or omissions giving rise to their claims occurred in this District.

### A. Plaintiffs Have Not Pleaded EDNY Venue Facts

The Complaint alleges that venue is proper in this District but provides no supporting factual predicate. Neither Plaintiff is alleged to reside in the Eastern District. Defendant does not reside in the Eastern District—she resides in Doha, Qatar. The allegedly defamatory statements

were not alleged to have been published specifically within the Eastern District. The Complaint's venue allegation is conclusory and fails under *Iqbal*'s plausibility standard.

### B. Plaintiffs' Own Prior Representations Establish Non-EDNY Residency

Plaintiffs' prior state court filings represent them as New York residents—but New York County, not Kings County or the Eastern District. Their alternative claim of Massachusetts or Canadian domicile also falls outside the Eastern District of New York. The parallel Bronx County state court action was filed in the Bronx—which falls within the Southern District of New York—not the Eastern District. There is no principled basis for laying venue in the Eastern District of New York, and the choice of this District appears designed solely to impose litigation burden on Defendant.

### C. Transfer or Dismissal Is Warranted

Where venue is improper, the court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. §1406(a). Given the multiplicity of jurisdictional defects in this action, dismissal rather than transfer is appropriate.

## IV. SERVICE OF PROCESS WAS INSUFFICIENT UNDER RULE 12(b)(5)

Service of the Summons and Complaint was defective under Federal Rule of Civil Procedure 4(e) for multiple independent reasons.

### A. The Process Server Failed to Verify Defendant's Identity

The process server failed to confirm Defendant's identity before serving documents, rendering service defective under Rule 4(e). This failure is not merely technical. Plaintiffs' own counsel has communicated to Defendant's prospective counsel that Plaintiffs are not certain the

person served is in fact the intended defendant. A plaintiff who cannot confirm the identity of the person served has not achieved valid service and cannot establish personal jurisdiction over the correct defendant. *Darden v. DaimlerChrysler N. Am. Holding Corp.*, 191 F. Supp. 2d 382, 387 (S.D.N.Y. 2002). Where the serving party's own counsel acknowledges uncertainty as to whether the correct individual was served, the constitutional and statutory prerequisites for personal jurisdiction are not met. *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

### B.  Service at a Temporary Address Fails Under Rule 4(e)

Rule 4(e)(2)(B) permits service by leaving a copy at the individual's "dwelling or usual place of abode." A temporary address does not qualify as a dwelling or usual place of abode. *National Dev. Co. v. Triad Holding Corp.*, 930 F.2d 253, 257 (2d Cir. 1991). Defendant's legal domicile is outside the United States. Defendant resides primarily in Doha, Qatar. Her presence in New York was temporary and tied to a short-term accommodation arrangement for a specific purpose, and does not qualify as her dwelling or usual place of abode.

### C.  If Defendant Was Abroad, Hague Convention Service Was Required

If Defendant was in Qatar at the time of the alleged service—as Plaintiffs' own counsel appears to have implicitly acknowledged by expressing uncertainty about who was served—then proper service required compliance with Federal Rule of Civil Procedure 4(f) and the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents, T.I.A.S. No. 6638. Qatar is not a signatory to the Hague Service Convention; however, service in Qatar requires compliance with Rule 4(f)(3) by court order or, alternatively, Rule 4(f)(2)(C)(ii) methods. No such compliance was attempted or obtained. Without valid service, this Court cannot exercise personal jurisdiction. *Omni Capital Int'l*, 484 U.S. at 104.

### V.    PLAINTIFFS VIOLATED VAWA PROTECTIVE PURPOSES BY UNMASKING A DOMESTIC VIOLENCE VICTIM

The Violence Against Women Act (VAWA) mandates absolute confidentiality for

domestic violence victims. 34 U.S.C. § 12291(b)(2) provides that the address or location of any victim of domestic violence shall not be publicly released by any Federal official.

Critically, this is not merely an allegation. The United States Citizenship and Immigration Services issued a Prima Facie Determination on March 12, 2025 approving Defendant's VAWA self-petition. **See Exhibit K**. This determination reflects a formal federal finding that Defendant's account of abuse is substantiated. The abuse was perpetrated not only by Defendant's former husband, Ronick Sanon—the brother of Plaintiff Deven Sanon—but also directly by the Plaintiffs themselves. Plaintiffs Deven Sanon and Simran Hotchandani subjected Defendant to emotional, mental, and psychological abuse, and this abuse was established on a requisite federal threshold of proof through the VAWA determination. Plaintiffs are, in a meaningful and federally recognized sense, Defendant's abusers.

Plaintiffs violated the January 15, 2026 Order of the Supreme Court of the State of New York, Bronx County. **See Exhibit F**. That Order designated Defendant as Jane Doe and was entered specifically to protect her identity as a certified VAWA domestic violence victim. It was in full force and effect at the time this Complaint was filed. Plaintiffs filed this federal Complaint using Defendant's real name without court authorization, without seeking to vacate or modify the protective order, and without notice to Defendant or her prospective counsel. There is no ambiguity as to whether Plaintiffs were aware of the Order— the same counsel who filed this Complaint appeared before the Bronx County Supreme Court in the parallel proceedings and was present at or aware of the January 15, 2026 Order. The filing of this Complaint in Defendant's real name wasa deliberate and knowing violation of a sitting court order entered for the express purpose of protecting a domestic violence victim's identity. This conduct independently warrants sanctions and constitutes an abuse of process that this Court should weigh in assessing the parties' relative good faith in connection with the Rule 11 motion and any future fee application.

The purpose of this litigation is not to vindicate any legitimate reputational interest. It is to financially drain a domestic violence victim, to force the public exposure of her identity and personal details, and to punish her for speaking truthfully about her abuse. Plaintiffs' conduct in filing this Complaint using Defendant's real name in violation of the Jane Doe order constitutes an independent basis for sanctions and is a factor this Court should weigh in assessing the parties'relative good faith in connection with the anticipated Rule 11 motion.

## VI.    THE STATE COURT ACTION MAY REMAIN PENDING AGAINST DEFENDANT

Plaintiffs' Notice of Voluntary Discontinuance **(See Exhibit H)**, confirmed by the Bronx County court's February 19, 2026 Order **(See Exhibit I)**, expressly discontinued the Bronx County action only as to the named corporate respondents—Namecheap, Inc., Change.org, PBC, Comcast Cable Communications, LLC, PayPal Holdings, Inc., Apple, Inc., and Stripe, Inc. It did not name or include Defendant/Jane Doe among the dismissed parties.

The existence of parallel state and federal proceedings involving the same parties and the same subject matter raises substantial concerns under principles of comity and federalism. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). At minimum, the parallel proceedings confirm the improper forum-shopping nature of this federal filing and provide an additional basis for this Court to decline to exercise jurisdiction or to stay this action.

## VII.    PLAINTIFFS FAIL TO PLAUSIBLY PLEAD AUTHORSHIP OR CONTROL

### A.  Impermissible Inference Stacking

The Complaint alleges payment to Impester Media, then asks the Court to infer: (1) Defendant hired freelancers, (2) freelancers created articles, (3) Defendant controlled content, (4)

Defendant published articles. This violates *Iqbal* and *Twombly*. Payment to a marketing agency is consistent with SEO, social media management, brand consulting, and lawful activities. *In re Elevator Antitrust Litig.*, 502 F.3d at 51. A complaint that offers no more than a chain of inferences—each dependent on the last, none independently supported by fact—does not meet the plausibility standard.

### B.  Internal Contradictions

The Complaint attributes authorship to John Does and Jane Does. Compl.¶¶39, 42, 47, 50, 53, 55, 81. If unidentified individuals wrote the articles, Defendant cannot simultaneously be the author. *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 178 (2d Cir. 2000). Plaintiffs cannot maintain contradictory authorship allegations.

## VIII.   THE COMPLAINT FAILS TO STATE A DEFAMATION CLAIM— SPECIFICITY, OPINION, PUBLICATION, CAUSATION, AND DAMAGES

Even if authorship were adequately pleaded—which it is not—the Complaint independently fails to state a defamation claim under multiple independent doctrines.

### A.  Failure to Plead Statements with Specificity

New York law requires that defamation claims identify the specific allegedly false and defamatory statements with particularity. *Barker v. Bleakley*, 56 A.D.3d 823, 825 (3d Dep't 2008). Under *Iqbal* and *Twombly*, a defamation plaintiff must identify: (1) the exact statement alleged to be defamatory; (2) the time and place of publication; (3) the person who made the statement; and (4) the person(s) to whom it was published. *Ideal Steel Supply Corp.*, 652 F.3d at 324.

The Complaint repeatedly refers to "defamatory statements" and "false and defamatory content" without ever quoting or precisely identifying a single statement alleged to be false. This generic pleading fails under both New York common law and the federal plausibility standard. Courts in this District routinely dismiss defamation claims that do not identify the statements with

specificity. *Smartix Int'l Corp. v. MasterCard Int'l LLC*, 2008 WL 4444554, at *6 (S.D.N.Y. 2008).

### B. The Alleged Statements Constitute Non-Actionable Opinion

Under New York law, a pure expression of opinion cannot be defamatory. *Immuno AG. v. Moor-Jankowski*, 77 N.Y.2d 235, 254 (1991). Courts apply a four-factor test to distinguish fact from opinion: (1) whether specific language has a precise meaning susceptible to proof of truth or falsity; (2) whether the statement can be proven true or false; (3) the full context of the communication; and (4) the broader social context or setting. *Gross v. New York Times Co.*, 82 N.Y.2d 146, 153 (1993).

To the extent the Complaint characterizes any of Defendant's alleged statements, those statements describe Plaintiffs as abusive, fraudulent, or morally culpable—characterizations that, in context, represent subjective commentary on documented conduct. Statements that arerhetorical, hyperbolic, or evaluative in character—such as characterizing someone as manipulative, abusive, or dishonest based on disclosed underlying facts—are non-actionable opinion. *Milkovich v. Lorain Journal Co.*, 497 U.S. 1, 20 (1990). The Complaint does not and cannot allege that Defendant made objectively verifiable statements of fact untethered from disclosed underlying evidence, because the documentary record—including the McGill University acknowledgment, the Sanon family's own admissions, and the Indian government official's sworn affidavit—independently supports the substance of what was published.

### C. Failure to Plead Publication

Defamation requires proof that the alleged statement was published— i.e., communicated—to at least one third party who understood it. Restatement (Second) of Torts § 577 (1977); *Davis v. Boeheim*, 24 N.Y.3d 262, 269 (2014). The Complaint does not consistently identify where the alleged statements appeared, who actually saw or read

them, or how they were disseminated to third parties. Without adequately pleaded publication to identifiable third parties, there is no defamation claim.

### D. Failure to Plead Causation

Even where reputational harm is alleged, the plaintiff must plead facts establishing a causal nexus between the alleged statement and the alleged harm. *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 290 (2d Cir. 2006). The Complaint does not allege that any specific third party altered their behavior toward Plaintiffs based on any specific statement attributable to Defendant. Speculative or conclusory causation allegations are insufficient. *Id.*

### E. Failure to Plead Cognizable Damages

The Complaint asserts damages exceeding $75,000 but offers no factual basis for this figure. It alleges generic "reputational harm" and "emotional distress" without identifying: lost employment opportunities, lost business relationships, quantifiable lost income, or any concrete economic harm. *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 349 (1974). Bare allegations of harm are insufficient to support a defamation claim, and the $75,000 threshold for diversity jurisdiction cannot be satisfied by conclusory damage allegations where the complaint provides no factual support for the amount claimed. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994).

The damages failure is compounded by a fatal internal contradiction within the Complaint itself. Plaintiffs allege that Defendant's statements devastated their professional reputations and caused severe economic harm. Yet the Complaint simultaneously acknowledges that Plaintiff Deven Sanon continued to raise "impressive" and substantial investor capital during the same period in which the allegedly defamatory statements were published. A plaintiff cannot plausibly allege that statements destroyed his professional reputation and caused economic devastation while his own pleading reflects that investors continued to entrust him with substantial

capital based on that same professional reputation. These contradictory allegations defeat any plausible claim of reputational or economic harm attributable to Defendant's alleged conduct. Where a plaintiff's own complaint contains factual allegations that directly contradict the claimed damages, the damages allegation fails the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court need not accept a damages narrative that Plaintiffs' own pleading disproves. The complaint therefore fails to plausibly allege either causation or damages.

## IX. DEFENDANT IS IMMUNE UNDER SECTION 230 OF THE COMMUNICATIONS DECENCY ACT

Section 230 of the Communications Decency Act, 47 U.S.C. § 230(c)(1), provides that "[n]o provider or user of an interactive computer service shall be treated as the publisher or speaker of any information provided by another information content provider." Section 230(e)(3) pre-empts all state law claims that treat a defendant as a publisher of third-party content.

The Complaint is premised on the proposition that Defendant published or controlled content that was, by Plaintiffs' own admission, created and authored by third-party John Does and Jane Does. Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81. To the extent any content appeared on interactive computer services—which includes websites, social media platforms, and online news outlets—and was created by third-party information content providers, Defendant cannot be treated as the publisher or speaker of that content under Section 230.

Courts in the Second Circuit broadly construe Section 230 immunity. *Herrick v. Grindr LLC*, 765 F. App'x 586, 589 (2d Cir. 2019). The immunity applies when: (1) the defendant is a provider or user of an interactive computer service; (2) the cause of action treats the defendant as the publisher or speaker; and (3) the information was provided by another information content provider. *Force v. Facebook, Inc.*, 934 F.3d 53, 64 (2d Cir. 2019). All three elements are met here. The Complaint attributes the relevant content to John Does and Jane Does while simultaneously

seeking to hold Defendant liable as publisher—the precise scenario Section 230 prohibits. Section 230 immunity provides an independent basis for dismissal of the defamation and related tort claims.

## X. NEW YORK'S ANTI-SLAPP LAW REQUIRES DISMISSAL AND FEE SHIFTING

New York's Anti-SLAPP statute, N.Y. Civil Rights Law § 76-a, was substantially amended in 2020 to broaden its coverage to "any communication in a place open to the public or a public forum in connection with an issue of public interest," as well as "any other lawful conduct in furtherance of the exercise of the constitutional right of free speech in connection with an issue of public interest." The statute mandates: (1) dismissal where the plaintiff cannot demonstrate a substantial basis for the claims; and (2) mandatory fee-shifting. CPLR § 3211(g).

This action arises from online communications relating to matters of public concern: immigration fraud, academic integrity, domestic violence, and government investigations into criminal conduct. These are paradigmatic issues of public interest. See *La Liberte v. Reid*, 966 F.3d 79, 88 (2d Cir. 2020). The New York anti-SLAPP statute applies in federal court through CPLR § 3211(g) and Civil Rights Law § 70-a. *Palin v. New York Times Co.*, 510 F. Supp. 3d 21 (S.D.N.Y. 2020).

This action is itself a paradigmatic SLAPP suit: brought by individuals with substantially greater resources than the defendant, directed at communications made in connection with matters of public interest, and designed to silence and financially drain a domestic violence victim who has spoken truthfully about documented misconduct. Plaintiffs cannot demonstrate a substantial basis for their claims—the documentary record independently establishes substantial truth. **See Exhibits D, E, F, L, M, N**. Dismissal under the Anti-SLAPP statute and an award of costs and statutory fees to Defendant under Civil Rights Law § 70-a are warranted.

## XI.    THE CHALLENGED STATEMENTS ARE PROTECTED BY THE FIRST AMENDMENT

### A.  Truth Is an Absolute Defense

Truth is a complete defense to defamation. *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 517 (1991). Substantial truth suffices. *Stepanov v. Dow Jones*, 120 A.D.3d 28, 34 (1st Dep't 2014). The test is whether the gist or sting is true. *Masson*, 501 U.S. at 517.

### B.  Substantial Truth Is Established

McGill University acknowledged academic integrity concerns regarding Plaintiff Simran Hotchandani. **See Exhibit L**. A family member admitted immigration marriage fraud. **See Exhibit M**. A government official attested to ongoing fraud investigations. **See Exhibit N**. These facts, established by documentary evidence independent of Defendant, establish substantial truth as to the gist of the challenged statements.

### C.  Public Concern Receives Enhanced Protection

The statements concern government integrity, immigration fraud, and law enforcement investigations—core First Amendment matters. *Snyder v. Phelps*, 562 U.S. 443, 451–52 (2011). The First Amendment provides breathing space for error on public issues. *New York Times Co. v. Sullivan*, 376 U.S. 254, 271–72 (1964).

## XII.    THE CLAIMS ARE BARRED BY RES JUDICATA AND COLLATERAL ESTOPPEL

The doctrine of res judicata, also known as claim preclusion, bars subsequent litigation of claims that were or could have been raised in a prior action that resulted in a final judgment on the merits. *Matter of Hunter*, 4 N.Y.3d 260, 269 (2005). Res judicata applies when three elements are met: (1) the previous action involved an adjudication on the merits; (2) the previous action involved the parties or those in privity with them; and (3) the claims asserted in the subsequent

action were or could have been raised in the prior action. *Id.* All three elements are satisfied here.

### A. The Monroe County Dismissal Was an Adjudication on the Merits

On October 30, 2024, the Family Court of Monroe County, New York dismissed with prejudice claims brought by Micky Suri (also known as Madhu Sanon) against Defendant Srijani Chatterjee. File No. 129846, Docket No. O-09381-23. **See Exhibit O**. The dismissal order explicitly states: "ORDERED that the motion of Lawrence J. Krieger is granted in the following respects: Petitions are dismissed with prejudice." A dismissal with prejudice is an adjudication on the merits for res judicata purposes. *Pike v. Freeman*, 266 F.3d 78, 91 (2d Cir. 2001).

### B. Plaintiffs Are in Privity with the Prior Petitioner

Micky Suri (Madhu Sanon) is the mother of Plaintiff Deven Sanon. Plaintiffs are in privity with Micky Suri because they share an identity of interest in the subject matter of this litigation. *Sea-Land Services, Inc. v. Gaudet*, 414 U.S. 573, 593 (1974). Privity is not limited to formal legal relationships but extends to situations where parties share a sufficient identity of interest. *Taylor v. Sturgell*, 553 U.S. 880, 893–95 (2008).

Here, Plaintiffs Deven Sanon and Simran Hotchandani, and the prior petitioner Micky Suri (Deven's mother), are family members pursuing identical claims based on the same alleged conduct against the same defendant. The Monroe County petition alleged that Defendant engaged in an online harassment campaign against the Sanon family. This federal Complaint alleges the same conduct. The interests of the current Plaintiffs and the prior petitioner are aligned and identical. Micky Suri litigated with the assistance of counsel and had every incentive to advance all available arguments on behalf of the family unit. The identity of interest between mother and son, combined with the shared factual predicate and the family's coordinated litigation strategy across multiple jurisdictions and proceedings, establishes the privity required for claim preclusion. The Second Circuit has expressly recognized that privity extends to closely aligned family

members pursuing identical claims. *Monahan v. New York City Dep't of Corr.*, 214 F.3d 275, 285 (2d Cir. 2000).

The privity analysis here is further reinforced by the broader pattern of coordinated vexatious litigation pursued by members of the Sanon family across multiple jurisdictions— Monroe County Family Court, the Supreme Court of San Francisco, the Bronx County Supreme Court, and now this Court— each action based on the same nucleus of operative facts, each filed by a different family member or surrogate after the prior action failed. This coordinated campaign, designed to financially drain and further abuse a domestic violence victim through serial litigation in privity, is not incidental context. It is the very pattern of conduct that gave rise to Defendant's VAWA petition and that a federal agency found to be substantiated upon review of the evidence. The USCIS Prima Facie Determination reflects a finding that the conduct of the Sanon family collectively— including the litigation campaign— is credibly documented abuse. Each successive lawsuit filed by a new family member based on the identical claims reinforces the privity analysis and confirms that these actions constitute a single coordinated litigation effort by parties sharing an identity of interest, barred in its entirety by res judicata and collateral estoppel.

### C. The Claims Arise from the Same Nucleus of Operative Facts

Under res judicata, not only claims that were actually litigated, but also claims that could have been raised, are barred. *Pike*, 266 F.3d at 91. Both the Monroe County petition and this federal Complaint allege the same underlying conduct: an alleged online campaign involving websites, social media, and online content critical of Plaintiffs and their family. All claims that Plaintiffs now assert—defamation, intentional infliction of emotional distress, tortious interference, and violation of New York Civil Rights Law § 79-n—arise from the same nucleus of operative facts that formed the basis of the Monroe County petition.

### D. Collateral Estoppel Also Applies

Collateral estoppel applies when: (1) the issue in the second action is identical to an issue

actually litigated and decided in the first action; (2) the issue was necessarily decided; and (3) the party to be precluded had a full and fair opportunity to litigate the issue. *Gelb v. Royal Globe Ins. Co.*, 798 F.2d 38, 44 (2d Cir. 1986). The Monroe County court necessarily determined that the allegations of harassment and misconduct against Defendant lacked merit, establishing issue preclusion on the core factual questions in this action.

### XIII.   THIS ACTION CONSTITUTES IMPROPER FORUM SHOPPING AND DUPLICATIVE LITIGATION

The filing of this federal Complaint on February 2, 2026—the same day a state court stayed all discovery in the parallel state action—constitutes egregious forum shopping designed to circumvent the state court's order.

The Bronx County Supreme Court had scheduled the February 2, 2026 hearing by a January 14, 2026 compliance conference order. On February 2, 2026, the Honorable Marissa Soto presided over a hybrid oral argument. At that hearing, the court stayed all discovery **(See Exhibit G)**. Plaintiffs' counsel—who was simultaneously in communication with Defendant's prospective counsel Marc Pelta, Esq. about this federal case **(See Exhibit J)**—represented to the court that

Plaintiffs intended to file a stipulation of discontinuance within two weeks. Hours later—on the same day—Plaintiffs filed this 44-page federal Complaint.

This conduct violates principles of comity. *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Federal courts have discretion to stay or dismiss actions when there are concurrent state court proceedings involving substantially the same parties and issues. *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942). Permitting discovery here while it remains stayed in state court would directly reward Plaintiffs' improper forum manipulation.

### XIV.   RULE 11 SANCTIONS ARE WARRANTED

On March 4, 2026, Plaintiffs' counsel Daniel S. Szalkiewicz, Esq. filed a letter with this Court (ECF Doc. 13) alleging, based entirely on an unsworn, secondhand account from an unnamed editor at ALM/Law.com, that Defendant misrepresented to that organization that this case is concluded and provided it with a fabricated court order. The Court should read that letter with the full context of who these parties are and what this litigation actually is. Plaintiff Deven Sanon is the brother of Defendant's abuser. Defendant was subjected to years of physical, sexual, emotional, and financial abuse at the hands of Deven Sanon's brother. The Plaintiffs themselves have subjected Defendant to emotional and mental abuse. On March 12, 2025, the United States Citizenship and Immigration Services issued a Prima Facie Determination approving Defendant's VAWA self-petition, a formal federal finding that Defendant's account of abuse is substantiated by evidence **See Exhibit K**. This is not a self-serving assertion. It is the considered determination of a federal agency. The Bronx County Supreme Court subsequently entered a protective order designating Defendant as Jane Doe specifically because of these circumstances. Plaintiffs then filed this lawsuit using Defendant's real name in deliberate violation of that order.

Counsel's March 4 letter to this Court does not address a single merits issue. It does not challenge a jurisdictional argument. It does not respond to the sworn contradictions in Plaintiffs' own filings. Instead, it runs to a federal judge to complain about a Law.com article, because what Plaintiffs are most concerned about is not their reputation, but controlling the narrative of what gets published about this case online. That is not the concern of a legitimate defamation plaintiff. It is the concern of a plaintiff using litigation as a weapon of harassment and exposure against a VAWA victim. The allegations in that letter are false. Defendant categorically and unequivocally denies each and every one of them. Plaintiffs' counsel has submitted nothing to substantiate them— no affidavit, no documentary evidence, no sworn statement of any kind. The entirety of the letter rests on double hearsay from an anonymous third party whose identity and reliability have not been verified. It would be inadmissible in any proceeding and should be accorded no

weight whatsoever by this Court.

Federal Rule of Civil Procedure 11(b) requires that an attorney's signature on a pleading certifies that factual contentions have evidentiary support. Fed. R. Civ. P. 11(b)(3).

Plaintiffs' counsel certified in this federal Complaint that Plaintiffs are domiciled in Massachusetts. Yet less than four months earlier, the same counsel filed sworn petitions in state court representing that Plaintiffs are residents of New York **(See Exhibits A and D)**. This constitutes a violation of Rule 11(b)(3). Moreover, Plaintiffs'own counsel has communicated to Defendant's prospective counsel that Plaintiffs are uncertain whether the named Defendant is the person responsible for the alleged conduct. Filing andmaintaining a federal lawsuit against an individual while admitting uncertainty as to whether that individual is the correct defendant independently violates Rule 11(b)(3)'s requirement that factual contentions have evidentiary support.

Additional Rule 11 and professional conduct violations arise from Plaintiffs' counsel's conduct before this Court. Daniel S. Szalkiewicz, Esq. was aware of the existence and involvement of Defendant's prospective counsel Marc Pelta, Esq. having communicated with Mr. Pelta directly on multiple occasions by telephone regarding this matter. When Mr. Szalkiewicz filed a letter with this Court on March 4, 2026 (ECF Doc. 13) making inflammatory accusations against Defendant, he deliberately omitted Mr. Pelta from the communication chain. This is a calculated violation of Rule 4.2 of the New York Rules of Professional Conduct, which prohibits direct communication with a represented or about-to-be-represented party when the attorney has actual knowledge of that representation. Sanctions for this independent misconduct are warranted.

Defendant hereby provides safe harbor notice pursuant to Rule 11(c)(2) and intends to seek sanctions and dismissal if Plaintiffs do not voluntarily withdraw the Complaint within twenty-one (21) days of service of this Motion.

## XV.   NEW YORK CIVIL RIGHTS LAW § 79-n FAILS AS A MATTER OF LAW

### A.  A.  Section 79-n Protects Only Enumerated Characteristics

New York Civil Rights Law § 79-n(1) prohibits aggravated harassment on the basis of race, color, national origin, ancestry, gender, religion, religious practice, age, disability, or sexual orientation. N.Y. Civ. Rights Law § 79-n(1). The statute's protected categories are expressly enumerated and do not include family relationships, marital status, or involvement in divorce proceedings. *Sheehy v. Big Flats Community Day, Inc.*, 73 N.Y.2d 629, 633 (1989).

### B.  B.  Plaintiffs' Own Complaint Defeats Their § 79-n Claim

Plaintiffs allege that Defendant's motive was to retaliate against her ex-husband's family for the divorce. Compl. ¶ 187. Retaliation related to divorce or family relationships is not a protected characteristic under § 79-n. Under *Iqbal*, courts need not accept conclusory allegations that contradict well-pleaded factual allegations. 556 U.S. at 681. Here, Plaintiffs' own factual allegation defeats their conclusory assertion of protected- characteristic motivation. The Seventh Cause of Action must be dismissed or stricken.

## XVI.   DISCOVERY SHOULD BE STAYED PENDING RESOLUTION OF THIS MOTION

Federal courts routinely stay discovery when threshold jurisdictional or dispositive issues are raised by a motion to dismiss. *Hines v. City of Albany*, 613 F. Supp. 2d 339, 351 (N.D.N.Y. 2009); *Wenger v. Monroe*, 282 F. Supp. 2d 171, 172–73 (W.D.N.Y. 2003).

A stay is valid here for four reasons. **First**, this Motion raises substantial jurisdictional questions. **Second**, Defendant is a VAWA-certified domestic violence victim. **Third**, Plaintiffs have already obtained extensive pre-action discovery through the state court proceedings. **Fourth**, discovery in the parallel state court action was stayed **(See Exhibit G)**.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that this Court:

    a.  Dismiss the Complaint with prejudice

    b.  Stay all discovery pending resolution of this Motion;

    c.  Award Defendant her costs and expenses incurred in connection with this action pursuant to New York Civil Rights Law §§ 70-a and 79-n(4) and CPLR § 3211(g); and

    d.  Grant such other and further relief as this Court deems just and proper.

Dated: March 23, 2026

Brooklyn, New York

Respectfully submitted,

_____

Srijani Chatterjee

srijanic91@gmail.com

Defendant, Pro Se