*** Filed ***
11:10 AM, 10 Apr, 2026
U.S.D.C., Eastern District of New York

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

DEVEN SANON and SIMRAN HOTCHANDANI, Plaintiffs,

-against-

SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, Defendants.

Civil Action No.: 1:26-cv-00580 (AMD) (VMS)

April 10, 2026

Hon. Vera M. Scanlon

Chief United States Magistrate Judge

United States District Court

Eastern District of New York

**Re: Sanon et al. v. Chatterjee et al., No. 1:26-cv-00580 (AMD) (VMS)**

**Defendant's Supplemental Letter in Support of Motion for Protective Order**

Dear Judge Scanlon:

I write respectfully in response to the Court's direction that Defendant submit a reply in further support of her motion for a protective order. Defendant has complied with the Court's instruction and has filed a substantive reply, together with supporting exhibits, addressing the concerns raised and clarifying the scope of the relief sought.

Defendant submits this brief letter to emphasize that the requested relief is narrowly tailored and grounded in Federal Rule of Civil Procedure 26(c), which authorizes the Court to limit discovery to prevent annoyance, oppression, undue burden, or misuse of the discovery process.

This request is further informed by Defendant's status as a domestic violence victim, as established in multiple prima facie determinations issued by United States Citizenship and Immigration Services pursuant to the Violence Against Women Act. While those determinations are not dispositive of the claims in this action, they reflect a federal finding of substantial evidence of abuse and are directly relevant to the Court's assessment of risk in evaluating whether protective relief is warranted under Rule 26(c).

The evidentiary record underlying those determinations identifies Plaintiffs themselves as individuals involved in the abusive conduct described in Defendant's sworn submissions. They reflect that a federal agency has repeatedly found substantial evidence supporting Defendant's account as to Plaintiffs' conduct. This materially distinguishes the present case from an ordinary civil dispute and is directly relevant to the Court's assessment of risk in determining whether protective relief is warranted.

The relief sought arises from a specific and ongoing concern that this litigation, as with the parallel state court proceedings, is being used to obtain sensitive personal information - including Defendant's residential location, financial details, and immigration-related information - rather than to adjudicate a properly pleaded claim. Courts within this Circuit have consistently recognized that discovery may not be used as a fishing expedition for personal identifying information where such requests are not proportional to the needs of the case or are directed at improper purposes.

The discovery requests and positions advanced by Plaintiffs - particularly with respect to IP address and domicile-related discovery - create a direct and foreseeable pathway to identifying Defendant's current physical location. In light of the evidentiary record already before the Court, including multiple federal prima facie determinations and sworn submissions, this presents a substantial and non-speculative risk of harm. In particular, courts have recognized that disclosure of location-identifying information in cases involving domestic violence carries heightened risk, as it may enable unwanted contact, harassment, or further harm. In this context, the discovery sought is not merely informational - it has the practical effect of enabling identification of Defendant's physical whereabouts.

Defendant further notes that substantially similar allegations have been the subject of prior proceedings involving members of Plaintiffs' family, including actions that have been dismissed with prejudice. The repetition of materially similar claims across jurisdictions, coupled with Plaintiffs' inability to substantiate those claims through prior discovery, supports a finding that the present action risks imposing duplicative and disproportionate burdens.

Notably, despite obtaining substantial discovery in the parallel state court proceedings, Plaintiffs were unable to conclusively identify Defendant as the alleged actor. The state court stayed discovery, and on the eve of a ruling on Defendant's motion to dismiss, Plaintiffs filed stipulations of discontinuance solely as to certain third-party entities, while maintaining their claims against Defendant. Plaintiffs then initiated this federal action asserting substantially similar allegations and seeking discovery from those same categories of third parties. This sequence raises substantial concerns regarding the use of successive litigation to pursue discovery that was previously limited or unavailable.

In addition, Plaintiffs' reliance on "John Doe" and "Jane Doe" designations, together with representations that the identity of the alleged actor remains uncertain, underscores that attribution remains unresolved. In these circumstances, permitting expansive discovery directed at IP address data and location-based information would effectively compel disclosure of highly sensitive personal information before threshold issues of identity, service, and jurisdiction have been established.

Defendant further respectfully notes that service has not been properly effected. The papers were delivered to an individual who does not reside with Defendant and is not authorized to accept service on her behalf, and the process server did not confirm the identity or authority of the recipient. These deficiencies further weigh against permitting intrusive discovery prior to resolution of threshold procedural issues.

This concern is reinforced by the procedural history of the parallel state court action, in which substantially similar discovery was stayed and Defendant was granted protective relief as a pseudonymous party.

Defendant does not seek to preclude discovery. Rather, Defendant seeks to ensure that discovery proceeds in a manner that is proportional, properly limited, and not used to obtain or expose location-specific or other highly sensitive personal information beyond what is necessary for resolution of the issues before the Court.

Plaintiffs are already aware of Defendant's identity and may fully litigate their claims. Accordingly, at minimum, Defendant respectfully requests that the Court enter a protective order prohibiting disclosure of her current residential address and location, limiting dissemination of identifying information that could reasonably lead to identification of her whereabouts, and directing that any location-related discovery be subject to appropriate confidentiality protections.

In these circumstances, the Court's obligation to ensure that discovery proceeds in a fair and proportionate manner includes consideration of the heightened risks associated with disclosure of identifying information relating to a domestic violence victim.

Finally, Defendant notes that she has raised substantial concerns regarding the legal sufficiency of Plaintiffs' claims, including through her motion to dismiss and Rule 11 safe harbor notice contained therein. Those issues remain pending and further support ensuring that discovery is appropriately constrained to prevent unnecessary burden and misuse of process.

Respectfully submitted,

Srijani Chatterjee
Defendant, Pro Se
srijanic91@gmail.com

cc:
Daniel S. Szalkiewicz, Esq.
Veridian Legal P.C.

Marc Pelta, Esq.
Prospective Counsel for Defendant