**SRIJANI CHATTERJEE**
srijanic91@gmail.com
Defendant, Pro Se

April 15, 2026

**The Honorable Vera M. Scanlon**
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**    *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD) (VMS)
       *Emergency Application for Expedited Consideration, Interim Stay, and Sanctions*

Dear Judge Scanlon:

Defendant Srijani Chatterjee respectfully requests that the Court expedite consideration of her Motion to Quash Third-Party Subpoenas, Strike Interrogatories and Requests for Production, and for Protective Order, filed contemporaneously herewith, and grant interim relief pending its resolution. Defendant is a VAWA self-petitioner with *prima facie* approval from USCIS (**Exhibit P**). The Plaintiffs are the individuals identified in Defendant's VAWA petition as her abusers. They have served five third-party subpoenas—to Starry, Meta, Google, Stripe, and Defendant's sublessor—seeking Defendant's GPS coordinates, residential address, device identifiers, financial records, and personal communications. These subpoenas are currently enforceable. Absent an interim stay, recipients may produce Defendant's protected information to her identified abusers before this Court rules. *Once a domestic violence victim's location and identity are disclosed, no subsequent order can undo that harm.* This is the precise injury 8 U.S.C. § 1367 was enacted to prevent.

The danger is compounded by how the subpoenas were issued. The Meta and Google subpoenas attach a court order that is *not* the operative April 10, 2026 Order—the order that limits discovery to two narrow categories and stays all other discovery. Third-party recipients rely on attached orders to determine production scope. By attaching a superseded order that

omits this Court's limitations, Plaintiffs created the material risk that Meta and Google will produce data this Court never authorized, including GPS tracking data, Bluetooth beacon logs, and device identifiers. The subpoena to Defendant's sublessor, Allison Viverette, is worse: it attaches *no court order at all* and targets a private individual who is neither a social media entity nor an ISP—entirely outside the Court's order. Ms. Viverette possesses intimate knowledge of Defendant's residential address and daily movements. There is no legitimate discovery purpose for this subpoena. Its purpose is to locate a VAWA victim through her sublessor.

Plaintiffs' counsel's conduct during the meet-and-confer process confirms that this discovery is not litigation—it is harassment of a domestic violence victim. The record is damning (**Exhibit R**). At 6:39 p.m. on April 13, counsel served the discovery requests and addressed Defendant as "Mr. Chatterjee"—misgendering a woman whose gender is apparent from her name, her prior filings, and her VAWA petition. *Within the same hour, counsel threatened a motion to compel with "fees and costs"—before Defendant's 30-day response period had begun.* Counsel then announced that the meet-and-confer "will be recorded" and that "[p]articipation in the conference will be understood as consent," a coerced-consent mechanism designed to intimidate a pro se victim. When Defendant raised VAWA-related objections to the participation of Kaivalya Rawal, a non-appearing attorney, counsel dismissed them. Then, at 4:42 a.m. on April 14—less than twelve hours after service—counsel delivered an ultimatum: "Prior to meeting with you about discovery, I need your specific objections. . . . Once we receive them, we will review them to determine if we believe they have any merit." This was not a request for information. It was a demand that Defendant capitulate as a precondition to dialogue—an inversion of the meet-and-confer process into a weapon against a VAWA-protected victim.

Sanctions are warranted under four independent authorities: Rule 26(g)(3), which *mandates* sanctions where counsel certifies discovery without reasonable inquiry into proportionality—a standard violated by subpoenas seeking GPS tracking data of a domestic violence victim in a defamation case; Rule 11, because this discovery was served for the improper purpose of unmasking a VAWA victim (see NIWAP, *Motion in Limine for VAWA Confidentiality Violations* (2009)); 28 U.S.C. § 1927, because counsel has vexatiously multiplied these proceedings through overnight bombardment, coerced-consent recording demands, and ultimatums directed at a pro se domestic violence victim; and the Court's inherent authority, because this conduct "transcends the applicable Rules," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991).

Defendant respectfully requests that the Court: (1) immediately stay compliance with all five subpoenas and Defendant's obligation to respond to the interrogatories and document requests; (2) direct counsel to notify all recipients that compliance is stayed; (3) enter a protective order permitting Defendant to proceed as "Jane Doe," consistent with the Bronx Supreme Court's designation (**Exhibit K**); (4) direct withdrawal of the Viverette subpoena and require future subpoenas attach only the operative order; and (5) impose sanctions including all reasonable expenses incurred in this motion and application. The full argument is in the accompanying motion. *Defendant urges the Court to act before her protected information is irreversibly disclosed to her abusers.*

Respectfully submitted,

_____
/s/ Srijani Chatterjee
**Srijani Chatterjee**
srijanic91@gmail.com
Defendant, Pro Se

**CERTIFICATE OF SERVICE**

I hereby certify that on April 15, 2026, a copy of the foregoing Emergency Application for

Expedited Consideration, Interim Stay, and Sanctions was served via electronic mail upon:


    Daniel Szalkiewicz, Esq.
    Veridian Legal P.C.
    daniel@veridianlegal.com

    Cali Madia, Esq.
    Veridian Legal P.C.
    cali@veridianlegal.com

_____

/s/ Srijani Chatterjee
Srijani Chatterjee
Defendant, Pro Se