*** Filed ***
06:37 PM, 14 Apr, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>Plaintiffs,<br><br>-against-<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br>Defendants. | Civil Action No.:<br>**1:26-cv-00580 (AMD) (VMS)** |

**NOTICE OF MOTION**

PLEASE TAKE NOTICE that Defendant Srijani Chatterjee, proceeding pro se, will move this Court before the Honorable Ann M. Donnelly, United States District Judge, at the United States District Court for the Eastern District of New York, at a date and time to be determined by the Court, for an Order pursuant to Federal Rules of Civil Procedure 26(c) and 45(d)(3):

1. Quashing the subpoena issued to Stripe, Inc. (**Exhibit D**);

2. Quashing the subpoena issued to Allison Viverette (**Exhibit E**);

3. Quashing or, in the alternative, substantially narrowing the subpoenas issued to Starry Inc. (**Exhibit A**), Meta Platforms, Inc. (**Exhibit B**), and Google LLC (**Exhibit C**);

4. Striking Plaintiffs' First Set of Interrogatories and Plaintiffs' First Set of Requests for Production of Documents (**Exhibits N and O**) as exceeding the scope of the Court's April 10, 2026 Order and as premature;

5. Entering a protective order pursuant to Rule 26(c) prohibiting disclosure of Defendant's identifying, location, device, and financial information, consistent with VAWA protections;

1

Case No. 1:26-cv-00580 (AMD) (VMS)

6. Staying Defendant's obligation to respond to the interrogatories and document requests

    pending resolution of this motion;

7. Imposing sanctions on Plaintiffs' counsel under Rule 26(g)(3); and

8. Granting such further relief as the Court deems just and proper.

PLEASE TAKE FURTHER NOTICE that this motion is based upon the accompanying

Memorandum of Law, the Declaration of Srijani Chatterjee, the exhibits annexed thereto, and all

prior proceedings herein.

2

Case No. 1:26-cv-00580 (AMD) (VMS)

**DEFENDANT'S CONSOLIDATED MOTION TO QUASH
THIRD-PARTY SUBPOENAS, STRIKE DISCOVERY REQUESTS,
AND FOR PROTECTIVE ORDER**

**MEMORANDUM OF LAW IN SUPPORT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT

I.   THE VIOLENCE AGAINST WOMEN ACT PROHIBITS THE DISCOVERY SOUGHT BY PLAINTIFFS

II.   PROCEDURAL BACKGROUND

The Meet-and-Confer Process

III.   LEGAL STANDARD

IV.   ARGUMENT

A. The Subpoenas Exceed the Scope of the Court's April 10, 2026 Order

A.1. Plaintiffs Attached a Non-Operative Court Order to the Meta and Google Subpoenas

B. The Subpoena to Allison Viverette (**Exhibit E**) Must Be Quashed

C. The Stripe Subpoena (**Exhibit D**) Must Be Quashed in Its Entirety

D. The Starry, Google, and Meta Subpoenas Are Overbroad

D.5. The Stored Communications Act Bars Content Disclosure via Civil Subpoena

E. The Interrogatories and Document Requests Must Be Struck

F. The Subpoenas Duplicate, Expand, and Circumvent Discovery Previously Narrowed in State Court

G. Plaintiffs' Counsel's Conduct During the Meet-and-Confer Process Demonstrates a Pattern of Overreaching

H. Sanctions Are Warranted Under Rule 26(g)(3)

V.   RELIEF REQUESTED

VI.   CONCLUSION

Case No. 1:26-cv-00580 (AMD) (VMS)

**TABLE OF AUTHORITIES**

**Cases**

*Arista Records LLC v. Doe 3, 604 F.3d 110 (2d Cir. 2010)*

*Cazorla v. Koch Foods of Miss., LLC, 838 F.3d 540 (5th Cir. 2016)*

*Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 547 (S.D.N.Y. 2013)*

*Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44 (S.D.N.Y. 1996)*

*Crispin v. Christian Audigier, Inc., 717 F. Supp. 2d 965 (C.D. Cal. 2010)*

*Langford v. Chrysler Motors Corp., 513 F.2d 1121 (2d Cir. 1975)*

*Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354 (D. Md. 2008)*

*Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03-cv-1382, 2003 WL 23018833 (S.D.N.Y. Dec. 23, 2003)*

*Palazzo ex rel. Delmage v. Corio, 232 F.3d 38 (2d Cir. 2000)*

*Seattle Times Co. v. Rhinehart, 467 U.S. 20 (1984)*

*Theofel v. Farey-Jones, 359 F.3d 1066 (9th Cir. 2004)*

**Statutes**

8 U.S.C. § 1367

8 U.S.C. § 1367(a)(1)

8 U.S.C. § 1367(a)(2)

18 U.S.C. § 2702

18 U.S.C. § 2702(a)

**Rules**

Fed. R. Civ. P. 26(b)(1)

Fed. R. Civ. P. 26(c)(1)

Fed. R. Civ. P. 26(d)(1)

Fed. R. Civ. P. 26(g)

Fed. R. Civ. P. 45(d)(1)

Fed. R. Civ. P. 45(d)(3)(A)

Local Civil Rule 7.1

Local Civil Rule 37.3

**Legislative Materials**

H.R. Rep. No. 109-233 (2005)

**Other Authorities**

DHS Policy Instruction 002-02-001, VAWA Confidentiality Protections

Case No. 1:26-cv-00580 (AMD) (VMS)

## PRELIMINARY STATEMENT

This motion challenges <u>a sweeping and bad-faith campaign of discovery abuse</u>. Plaintiffs have served five third-party subpoenas and two sets of party discovery requests that, individually and collectively, far exceed the scope of discovery authorized by this Court, violate the confidentiality protections afforded to victims of domestic violence under the Violence Against Women Act ("VAWA"), and reflect a deliberate pattern of overreaching and harassment by Plaintiffs' counsel that has persisted through the meet and-confer process.

Defendant is a victim of domestic violence. She has filed a petition under VAWA and has received prima facie approval from United States Citizenship and Immigration Services ("USCIS"). See **Exhibit P** (USCIS Prima Facie Determination). She has also submitted a sworn affidavit of abuse in support of that petition. See **Exhibit Q** (Affidavit of Abuse). Federal law explicitly prohibits the disclosure of information relating to VAWA petitioners for the purpose of locating or identifying them in connection with enforcement or litigation initiated by their abusers. See 8 U.S.C. § 1367.

<u>Plaintiffs in this action are the very individuals identified in Defendant's VAWA petition as her abusers.</u> The discovery they now seek - including Defendant's GPS coordinates, residential address, device identifiers, complete financial records, and the personal communications of her sublessor - is precisely the type of information that VAWA was enacted to protect from disclosure. The breadth, timing, and manner of these requests leave no reasonable doubt that they are designed not to advance any legitimate litigation objective, but to unmask, locate, surveil, and intimidate a domestic violence victim. Plaintiffs' counsel then compounded this abuse by weaponizing the meet-and-confer process itself as a vehicle for coercion - demanding immediate compliance under threat of sanctions, insisting on recording the conference without consent, and conditioning any dialogue on Defendant's prior capitulation - all tactics designed to pressure a

5

pro se VAWA victim into surrendering protected information outside the safeguard of judicial oversight. This Court should not permit it.

Defendant respectfully requests that this Court quash the subpoenas, strike the interrogatories and document requests in their entirety, enter a protective order, stay any obligation to respond to the interrogatories and document requests pending resolution of this motion, and impose sanctions on Plaintiffs' counsel under Rule 26(g)(3) for certifying discovery requests that are unreasonable, disproportionate, and interposed for an improper purpose.

## I. THE VIOLENCE AGAINST WOMEN ACT PROHIBITS THE DISCOVERY SOUGHT BY PLAINTIFFS

The Violence Against Women Act, codified in relevant part at 8 U.S.C. § 1367, establishes an absolute prohibition on the disclosure of information relating to VAWA petitioners. Section 1367(a)(2) provides that, except in specified narrow circumstances, no officer or employee of the Department of Homeland Security, the Department of Justice, or the Department of State - and no other official or employee of a Federal, State, or local government agency - may "permit use by or disclosure to anyone" of any information relating to a VAWA beneficiary. 8 U.S.C. § 1367(a)(2).

The statute's protections are sweeping and unambiguous. Section 1367(a)(1) specifically provides that information maintained by the Attorney General or DHS concerning VAWA beneficiaries may not be used "to make an adverse determination of admissibility or deportability" or "for any other purpose." 8 U.S.C. § 1367(a)(1)(B) (emphasis added). Section 1367(a)(2) extends this prohibition to disclosure, barring the "use by or disclosure to anyone" of such information. Critically, the statute's exceptions are exhaustive and narrowly drawn. None of them authorizes disclosure in response to civil discovery by the very individuals identified as the petitioner's abusers.

6

Case No. 1:26-cv-00580 (AMD) (VMS)

The legislative purpose of § 1367 is clear and directly applicable here. Congress enacted VAWA's confidentiality provisions to prevent abusers from using the legal system and government databases as instruments to locate, identify, and further victimize their targets. See H.R. Rep. No. 109-233, at 120 (2005) ("This confidentiality provision is essential to the purpose of VAWA in order to ensure that abusers and criminals cannot use the immigration system against their victims."). The Department of Homeland Security's own guidance reinforces this purpose, stating that VAWA confidentiality protections exist to ensure that "abusers and perpetrators of crimes cannot use the immigration enforcement system as a tool to further control, harass, intimidate, and harm their victims." See DHS Policy Instruction 002-02-001, VAWA Confidentiality Protections.

Here, Defendant has received prima facie approval of her VAWA petition (**Exhibit P**) confirming that USCIS has determined that her petition sets forth a prima facie case for VAWA relief. Her sworn Affidavit of Abuse (**Exhibit Q**) identifies Plaintiffs Deven Sanon and Simran Hotchandani as her abusers. The discovery Plaintiffs now seek - Defendant's residential address, location data, device identifiers, financial records, and the personal information and communications of her sublessor - is designed to identify and locate a VAWA petitioner at the behest of her identified abusers. This is the precise harm that § 1367 was enacted to prevent.

While § 1367 applies directly to government agencies, courts have recognized its broader protective policy in civil proceedings. See *Cazorla v. Koch Foods of Miss., LLC*, 838 F.3d 540, 553-54 (5th Cir. 2016) (acknowledging VAWA/U-visa confidentiality protections in the civil discovery context and remanding for the district court to fashion protective measures). This Court has the authority - and, Defendant respectfully submits, the obligation - to enforce the policies underlying § 1367 by entering a protective order under Rule 26(c) that prevents

7

Case No. 1:26-cv-00580 (AMD) (VMS)

Plaintiffs from obtaining, through civil discovery, the very information that federal law prohibits government agencies from disclosing.

Here, the relevance of VAWA protections is not limited to a single subpoena or discovery request. It pervades this entire dispute. Every subpoena and every set of interrogatories at issue seeks, at its core, to identify and locate a domestic violence victim for the benefit of her abusers. The Court should evaluate all of the challenged discovery in light of this overarching federal policy.

## II. PROCEDURAL BACKGROUND

This defamation action was filed in January 2026. Defendant has moved to dismiss. The Court's February 9, 2026 Order scheduled an initial conference and directed the parties to complete a Joint Proposed Case Management Plan. See **Exhibit F**.

The Court's April 10, 2026 Order (**Exhibit G**) expressly limits discovery at this stage:

> [D]iscovery as to two categories of items will proceed: first, non-party discovery from social media entities and internet service providers, and second, jurisdictional discovery, both pertaining to service of process and diversity jurisdiction. All other discovery is currently stayed.

Prior to this Federal action, Plaintiffs pursued materially similar third-party discovery in a parallel state court proceeding in the Supreme Court of the State of New York, County of Bronx (Index No. 818359/2025E). In that proceeding, Plaintiffs sought only "non-content basic subscriber information ('BSI')" from Meta, Google, and Starry, under court-supervised stipulated orders providing 21 days' notice to affected users. See **Exhibits H-J** (Google, Meta, and Izower Affirmations). Defendant appeared under the pseudonym "Jane Doe" and filed motions to quash. After a hearing on February 2, 2026, the state court stayed all discovery and granted Defendant designation as "Jane Doe," recognizing her status as a domestic violence victim with VAWA

8

prima facie approval. See **Exhibit K**. Shortly thereafter, rather than proceed under the state court's protective framework, Plaintiffs filed Stipulations of Discontinuance without prejudice. See **Exhibits L-M**.

Significantly, having discontinued the state court proceeding where they were limited to basic subscriber information, <u>Plaintiffs have now issued subpoenas in this Court seeking exponentially broader discovery from the same entities - plus a new subpoena to Defendant's sublessor and a payment processor (Stripe)</u> - alongside party interrogatories and document requests that far exceed any jurisdictional purpose.

**<u>The Meet-and-Confer Process</u>**

Defendant attempted in good faith to resolve these disputes through the meet-and-confer process required by Local Civil Rule 37.3 and this Court's Individual Practice Rules. The correspondence is attached as **Exhibit R**.

Plaintiffs' counsel served the interrogatories and document requests at 6:39 p.m. on April 13, 2026. Replete with various errors (**Exhibit R**). For instance, in doing so, counsel addressed Defendant as "Mr. Chatterjee," <u>misgendering her</u>. When Defendant raised objections by email fifteen minutes later, at 6:54 p.m., counsel curtly instructed her to "[p]lease object pursuant to the Federal Rules of Civil Procedure and not by email." Id. at 7:11 p.m. Defendant served formal objections and responses seven minutes later, at 7:18 p.m., and requested a meet-and-confer by Zoom within 24-48 hours. Despite receiving these formal objections the same evening, Plaintiffs' counsel responded at 10:40 p.m. with a lengthy letter characterizing Defendant's responses as "deficient," threatening a motion to compel with fees and costs, demanding supplemental responses and a privilege log, and announcing that the meet-and-confer conference would be recorded and that "[p]articipation in the conference will be understood as consent to such

Case No. 1:26-cv-00580 (AMD) (VMS)

recording." Id. Counsel further announced that a non-appearing attorney, Kaivalya Rawal, would join the call alongside co-counsel Cali Madia.

At 11:09 p.m., Defendant (a) declined to consent to recording, (b) objected to the participation of non-appearing counsel given the VAWA-related sensitivity of the matter, and (c) reiterated her availability to meet by Zoom within 24-48 hours. At 11:49 p.m., Plaintiffs' counsel agreed to forgo recording but insisted that Rawal would "attend in a consulting capacity" and proposed meeting on Thursday or Friday - outside the 24-48 hour window Defendant had requested. At 12:21 a.m. on April 14, Defendant noted that Thursday or Friday fell outside the 24-48 hour window and proposed Tuesday or Wednesday instead, reiterating that participation should be limited to counsel of record.

Plaintiffs' counsel then abandoned any pretense of good-faith engagement. At 4:42 a.m. on April 14, counsel wrote: "Prior to meeting with you about discovery, I need your specific objections to the interrogatories and document demands. Once we receive them, we will review them to determine if we believe they have any merit." Id. This email conditioned any meet-and-confer on Defendant's prior service of formal responses - notwithstanding that counsel had already received Defendant's formal objections on the evening of April 13 and that Defendant's 30-day response period under the Federal Rules had not yet elapsed. At 10:50 a.m., Defendant responded that she did not agree the meet-and-confer was contingent on prior service of formal responses, again noting the unexpired 30-day deadline and offering availability within the originally requested timeframe. Counsel continued to copy Kaivalya Rawal on all correspondence despite Defendant's repeated objections, prompting Defendant to send a separate email at 10:57 a.m. specifically requesting that non-appearing individuals be removed from the correspondence.

10

Case No. 1:26-cv-00580 (AMD) (VMS)

As Defendant pointed out in her correspondence, the Federal Rules afford her 30 days to serve responses and objections, and that deadline had not elapsed. Plaintiffs' counsel's insistence on pre-compliance as a condition of meeting is inconsistent with the purpose of the meet-and-confer obligation, which contemplates that parties will negotiate in good faith to narrow or resolve disputes before seeking judicial intervention - not that one party will demand capitulation as a precondition to dialogue.

Viewed in its totality, Plaintiffs' counsel's conduct during the meet-and-confer process constitutes a coercive strategy to unmask a VAWA-protected victim. Every element of counsel's approach - misgendering Defendant, demanding immediate compliance with discovery that far exceeds the Court's order, threatening sanctions within hours of service, insisting on recording without consent, introducing non-appearing counsel over explicit objection, and conditioning dialogue on pre-compliance - was calculated to pressure a pro se domestic violence victim into surrendering protected information without the safeguard of judicial oversight. The meet-and-confer process was not used as the Federal Rules intend, as a vehicle for good-faith negotiation, but was instead weaponized as an instrument of the very intimidation and coercion that VAWA was enacted to prevent.

### III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 45(d)(3)(A), a court "must quash or modify a subpoena" that "requires disclosure of privileged or other protected matter, if no exception or waiver applies," or that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)-(iv). Rule 26(c)(1) authorizes protective orders where necessary to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense," including orders "forbidding the disclosure or discovery" and "requiring that . . . confidential . . . information not be revealed or

11

be revealed only in a specified way." Fed. R. Civ. P. 26(c)(1)(A), (G). The Supreme Court has recognized that the "power of the court to protect the individual litigant in the litigation context is essential to the proper administration of justice." Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 (1984). Where discovery threatens to expose sensitive personal information to parties with a demonstrated motive to misuse it, protective orders are not merely appropriate - they are essential.

Discovery must be "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts in this Circuit routinely quash subpoenas that are overbroad, seek irrelevant information, or impose an undue burden. See Night Hawk Ltd. v. Briarpatch Ltd., L.P., No. 03-cv-1382, 2003 WL 23018833, at *8 (S.D.N.Y. Dec. 23, 2003); Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 48 (S.D.N.Y. 1996). Where a court has expressly limited the scope of discovery, requests exceeding those limitations are improper. See Chen-Oster v. Goldman, Sachs & Co., 293 F.R.D. 547, 553 (S.D.N.Y. 2013).

Courts require that discovery be narrowly tailored where it implicates the identification of anonymous individuals online. See Arista Records LLC v. Doe 3, 604 F.3d 110, 118-19 (2d Cir. 2010). A party has standing to challenge third-party subpoenas where it claims a personal right or privilege. See Langford v. Chrysler Motors Corp., 513 F.2d 1121, 1126 (2d Cir. 1975).

## IV. ARGUMENT

### A. The Subpoenas Exceed the Scope of the Court's April 10, 2026 Order

The April 10 Order (**Exhibit G**) permits only: (1) non-party discovery from social media entities and internet service providers, and (2) jurisdictional discovery - both "pertaining to service of process and diversity jurisdiction." All other discovery is stayed. Requests exceeding the Court's order are per se improper. See Chen-Oster, 293 F.R.D. at 553.

Case No. 1:26-cv-00580 (AMD) (VMS)

The information necessary to address service and jurisdiction is narrow: a name and current address for service; information bearing on domicile at the time of filing for diversity jurisdiction. See *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) ("[D]iversity of citizenship is assessed at the time of the filing of the complaint."). Neither purpose requires GPS coordinates, cell tower data, device identifiers, complete transaction histories, credit card numbers, social media content, enforcement records, or the personal communications of Defendant's sublessor.

Yet that is what the subpoenas collectively demand. The following categories have no connection to service or jurisdiction:

- GPS coordinates, Wi-Fi access point data, cell tower data, and Bluetooth beacon data (Meta **Exhibit B**, Req. 10-11; Google **Exhibit C**, Req. 10-11)

- Device identifiers including IMEI, MEID, serial numbers, MAC addresses, advertising IDs (Meta **Exhibit B**, Req. 8-9; Google **Exhibit C**, Req. 8-9; Starry **Exhibit A**, Req. 10)

- Complete IP address logs for all sessions over six years (Meta **Exhibit B**, Req. 6-7; Google **Exhibit C**, Req. 5-7; Starry **Exhibit A**, Req. 9)

- Full credit card numbers, dates of birth, and complete transaction histories (Stripe **Exhibit D**, Req. 4-12)

- Content of over 100 Facebook posts and all Instagram content (Meta **Exhibit B**, Req. 15-16)

- Internal enforcement records, community standards violations, and automated detection logs (Meta **Exhibit B**, Req. 17-19)

- All linked, related, or recovery accounts across all platforms, and all data for each (Meta **Exhibit B**, Req. 12-14; Google **Exhibit C**, Req. 12-14)

13

Case No. 1:26-cv-00580 (AMD) (VMS)

- Security questions and answers (Meta **Exhibit B**, Req. 1; Google **Exhibit C**, Req. 1)

- Personal communications and photographs of Defendant's sublessor (Viverette **Exhibit E**, Req. 3, 6, 8)

### A.1. Plaintiffs Attached a Non-Operative Court Order to the Meta and Google Subpoenas

The Meta and Google subpoenas attach a court order that is not the operative April 10, 2026 Order governing discovery. <u>The attached order omits the critical limitations imposed by this Court.</u> This omission is material: third-party recipients reasonably rely on attached orders to assess the scope of discovery. By attaching a non-operative order, Plaintiffs risk misleading Meta and Google into producing data beyond the authorized scope. The Court should direct that any future subpoenas attach only the operative order.

### B. The Subpoena to Allison Viverette (Exhibit E) Must Be Quashed

Plaintiffs have served a subpoena on Allison Viverette, an individual residing at 189 Penhurst Drive, Pittsburgh, Pennsylvania, who appears to be a person associated with Defendant's residential address. The subpoena demands eight categories of documents, including:

- All leases, rental agreements, and occupancy agreements relating to 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York (Req. 1)

- All documents reflecting payments received from Defendant, including PayPal, Venmo, Zelle, and bank records (Req. 2)

- All communications between Ms. Viverette and Defendant relating to the living arrangement, rent, Defendant's residence, location, or travel, or the receipt of mail or legal papers (Req. 3)

- All communications between Ms. Viverette and any landlord or property manager (Req. 4)

14

- All documents reflecting who resided at the address (Req. 5)

- All documents reflecting Defendant's physical presence at or absence from the address (Req. 6)

- All documents reflecting the receipt of mail or legal papers addressed to Defendant (Req. 7)

- All photographs depicting Defendant, Defendant's personal belongings, or the interior of the apartment (Req. 8)

This subpoena must be quashed for multiple independent reasons.

First, Ms. Viverette is not a "social media entit[y]" or an "internet service provider." The Court's April 10 Order authorizes non-party discovery only from those two categories of entities. A subpoena to an individual - particularly Defendant's sublessor - falls entirely outside the scope of the Court's order.

Notably, unlike the subpoenas to Meta and Google which at least attached a court order (albeit the wrong one, as discussed in Section A.1) - the Viverette subpoena does not attach any court order at all. It was issued without even the pretense of judicial authorization. This omission is telling: Plaintiffs could not attach the April 10 Order because it plainly does not authorize discovery from individuals, and they did not attach the state court order because it has no operative effect in this proceeding. The subpoena was thus issued in a vacuum of authority. Second, even construed as "jurisdictional discovery," the subpoena is overbroad and seeks information far beyond what is necessary to establish jurisdiction. Requests for "all communications" between Ms. Viverette and Defendant, "all photographs" of Defendant or the interior of her apartment, and documents reflecting Defendant's "physical presence at or absence

from" the address are not narrowly tailored to any jurisdictional question. They are an invasive investigation of Defendant's private living arrangements.

Third, and most critically, this subpoena directly implicates the VAWA protections discussed in Section I. It seeks to identify and locate a domestic violence victim through her personal relationships and residential arrangements. Compelling Defendant's sublessor to produce personal communications, payment records, and photographs of Defendant's living space would effectively allow Plaintiffs- Defendant's identified abusers - to surveil Defendant through a third party. This is precisely the kind of abuse of legal process that VAWA was designed to prevent.

Fourth, the subpoena imposes an undue burden on a non-party individual who has no connection to this litigation, demanding production of personal communications, financial records, and photographs. See Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.").

### C. The Stripe Subpoena (Exhibit D) Must Be Quashed in Its Entirety

The Stripe subpoena seeks financial and payment data for three specific transactions, demanding twelve categories including complete credit card numbers (Req. 4), account holder's date of birth (Req. 6), full credit card statements (Req. 7), complete transaction histories (Req. 12), and mobile payment identifiers (Req. 11).

Stripe is a payment processor. It is not a "social media entit[y]" or an "internet service provider." The Court's order does not authorize discovery from payment processors. The Stripe subpoena is outside the scope of the Court's order and must be quashed in its entirety.

Case No. 1:26-cv-00580 (AMD) (VMS)

Even setting aside the scope issue, financial transaction data has no bearing on service of process or diversity jurisdiction. The location of a credit card transaction does not establish domicile. See *Palazzo*, 232 F.3d at 42. Complete credit card numbers and dates of birth are among the most sensitive categories of personal information. No legitimate jurisdictional purpose justifies their disclosure.

The Stripe subpoena further violates VAWA's protective policies. Financial records are a primary tool by which abusers track and locate their victims. Disclosing Defendant's credit card numbers, transaction histories, and billing addresses to her identified abusers would create an immediate and concrete risk of harm.

## D. The Starry, Google, and Meta Subpoenas Are Overbroad and Must Be Narrowed
### 1. Time Period

The Google and Meta subpoenas cover "January 1, 2020 through . . . the date of the final judgment." The Starry subpoena covers "January 1, 2020 to the present." These six-plus-year time periods have no rational connection to threshold jurisdictional questions. Diversity jurisdiction is assessed at the time of filing. See *Palazzo*, 232 F.3d at 42. At most, discovery relevant to domicile should be limited to a narrow window around January 2026.

### 2. Starry Inc. (Exhibit A)

The Starry subpoena seeks subscriber information for IP address 38.15.239.148 on December 14, 2024 at 6:26:31 PM. To the extent limited to identifying the subscriber at that specific time, it may be permissible. However, the subpoena demands 13 categories spanning six years, including detailed billing logs (Req. 5), all IP login/logoff sessions (Req. 9), MAC addresses (Req. 10), and all registration information ever provided (Req. 8). For subscriber identification, Plaintiffs need at most a name and current address. The remaining categories should be stricken.

17

Case No. 1:26-cv-00580 (AMD) (VMS)

### 3. Google LLC (Exhibit C)

The Google subpoena targets two email accounts and seeks 15 categories across seven sections, including location data (GPS, Wi-Fi, cell tower, Bluetooth- Req. 10-11), device identifiers (IMEI, MEID, serial number- Req. 8-9), all IP/connection logs for six years (Req. 5-7), billing records (Req. 4), all related/linked/recovery accounts and all data for each (Req. 12-14), and security questions and answers (Req. 1). Only subscriber name and current address are relevant to jurisdiction. The remaining requests should be stricken.

### 4. Meta Platforms, Inc. (Exhibit B)

The Meta subpoena is the broadest. It targets over 100 Facebook post URLs and Instagram accounts and seeks 20 categories across nine sections- everything sought from Google, plus the full content of all targeted posts and Instagram content (Req. 15-16), all reports and complaints by any user (Req. 17), all enforcement actions including shadow banning and content removal (Req. 18), all community standards violation determinations (Req. 19), and all linked accounts across Facebook, Instagram, Messenger, WhatsApp, and Threads (Req. 13). The content and enforcement requests (Req. 15-19) are directed at the merits of the defamation claims, which are currently stayed. These requests must be quashed.

### 5. The Stored Communications Act Independently Limits Disclosure

The Stored Communications Act, 18 U.S.C. § 2702, prohibits electronic communication service providers from divulging the contents of stored communications. The SCA contains no exception for civil subpoenas. See 18 U.S.C. § 2702(a)(1)-(2). Courts have consistently held that civil litigants cannot use subpoenas to circumvent the SCA's prohibitions. See *Theofel v. Farey-Jones,* 359 F.3d 1066, 1074 (9th Cir. 2004) (holding that stored emails cannot be obtained via civil subpoena lacking proper authorization under the SCA); *Crispin v. Christian Audigier, Inc.*, 717 F. Supp. 2d 965, 991 (C.D. Cal. 2010) (quashing subpoena seeking private Facebook and

Case No. 1:26-cv-00580 (AMD) (VMS)

MySpace messages as protected under the SCA, holding that private messages sent via social media platforms constitute electronic communications protected from civil discovery). To the extent the Meta subpoena seeks the "full content" of posts, private messages, and user-generated content (Req. 15-16), it seeks information that Meta is statutorily prohibited from producing. Plaintiffs' counsel's decision to serve a subpoena demanding content that federal law bars from disclosure further evidences the bad-faith nature of these discovery requests.

### E. Plaintiffs' Interrogatories and Document Requests Must Be Struck

Concurrently with the subpoenas, Plaintiffs served Defendant with a First Set of Interrogatories (**Exhibit N**) containing 14 interrogatories and a First Set of Requests for Production (**Exhibit O**) containing at least 17 document requests, each styled as "Jurisdictional Discovery."

These discovery requests must be struck in their entirety, and Defendant's obligation to respond should be stayed pending resolution of this motion, for four independent reasons. First, they exceed the scope of the Court's April 10 Order. The order authorizes "jurisdictional discovery . . . pertaining to service of process and diversity jurisdiction." It does not authorize open-ended interrogation of Defendant's entire financial, residential, medical, professional, and digital life. The interrogatories demand, among other things, identification of every physician, therapist, and mental health provider Defendant has seen (Interrogatory No. 7); every insurance policy she has maintained (No. 9); every electronic device she has used (No. 10); every account on every financial, payment, email, or social media platform (No. 11); and every detail of her immigration status (No. 3). The document requests are equally sweeping, demanding tax returns (RFP No. 3), all bank and credit card statements (RFP No. 6), passport pages with entry and exit stamps (RFP No. 14), airline tickets and boarding passes (RFP No. 15), internet service provider

Case No. 1:26-cv-00580 (AMD) (VMS)

records (RFP No. 17), and documents reflecting membership in religious organizations, social clubs, and gyms (RFP No. 11).

These requests are not "jurisdictional discovery." They are comprehensive personal surveillance disguised as jurisdictional inquiries. Many of the requested categories - medical providers, insurance policies, religious organization memberships, device purchase records - have no bearing on domicile and are patently irrelevant to any jurisdictional question before the Court.

Second, the requests are premature. Under Federal Rule of Civil Procedure 26(d)(1), a party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except when authorized by the Federal Rules, by stipulation, or by court order. The Court's order authorizes jurisdictional discovery, but only within the bounds of proportionality and relevance. The sweeping nature of these requests exceeds any reasonable interpretation of the Court's authorization.

Third, and critically, the requests violate VAWA's protective policies. They seek to force a VAWA petitioner to disclose her residential addresses, immigration filings, financial accounts, medical providers, and every detail of her physical movements to the very individuals identified in her VAWA petition as her abusers. No interpretation of "jurisdictional discovery" requires this result, and the Court should not permit it.

Fourth, requiring Defendant to respond to these requests - even with objections - would itself cause irreparable harm. The interrogatories are drafted so broadly that even the act of objecting on a category-by-category basis risks revealing protected information by negative inference. Defendant should not be compelled to engage with discovery requests that are facially improper and that this Court never authorized. The Court should strike these requests in their

20

entirety and stay any obligation to respond pending resolution of this motion. Requiring a VAWA petitioner to respond to interrogatories demanding her immigration filings, medical providers, insurance policies, and religious organization memberships - served by her identified abusers - is precisely the kind of revictimization through legal process that Congress sought to prevent.

## F. The Subpoenas Duplicate, Expand, and Circumvent Discovery Previously Narrowed in State Court

In the parallel Bronx County proceeding, Plaintiffs limited their requests to "non-content basic subscriber information" from Meta, Google, and Starry. See **Exhibits H-J**. The state court supervised this discovery under stipulated orders providing 21 days' notice to affected users. Defendant appeared under the pseudonym "Jane Doe" and filed motions to quash. After a hearing on February 2, 2026, the state court stayed all discovery and granted Defendant designation as "Jane Doe," recognizing her status as a domestic violence victim with VAWA prima facie approval. See **Exhibit K**.

What happened next is critical. Faced with a state court that had (a) limited discovery to basic subscriber information, (b) stayed all discovery, and (c) granted Defendant protective anonymity as a recognized domestic violence victim, Plaintiffs abandoned the proceeding entirely by filing Stipulations of Discontinuance without prejudice. See **Exhibits L-M**. The inference is unmistakable: Plaintiffs recognized that the state court's protective framework was incompatible with their objective of conducting sweeping surveillance of a VAWA victim. Rather than accept the state court's protections, they forum-shopped to this Court and issued subpoenas seeking exponentially broader discovery - without any of the safeguards the state court had put in place. Where the state court protected Defendant's identity as "Jane Doe," Plaintiffs now seek her GPS coordinates, residential address, financial records, and the personal

21

communications of her sublessor. Where the state court stayed discovery, Plaintiffs now demand 60+ categories of data, 14 interrogatories, and 17+ document requests. The purpose of this forum shopping is transparent: to circumvent a court that recognized Defendant's rights and to find one that has not yet had the opportunity to do so.

The scope of the escalation speaks for itself. In state court, Plaintiffs sought basic subscriber information from three platforms. In this Court, they seek 60+ categories of data from five entities- adding a payment processor (Stripe) and Defendant's sublessor (Ms. Viverette) including GPS coordinates, cell tower data, Bluetooth beacon data, device identifiers, complete financial transaction histories, the full content of social media posts, internal enforcement records, linked accounts across multiple platforms, and the personal communications and photographs of Defendant's sublessor. On top of this, they served 14 interrogatories and 17+ document requests directly on Defendant demanding everything from her medical providers and insurance policies to her religious organization memberships and passport stamps.

This pattern - abandoning narrowly supervised discovery in state court at the moment of judicial reckoning, then seeking vastly broader discovery in federal court - is directly relevant to the Court's proportionality and good-faith analysis under Rules 26(b)(1) and 26(g). It is also further evidence that these discovery requests are not designed to obtain jurisdictional information but to conduct comprehensive surveillance of a domestic violence victim.

**G. Plaintiffs' Counsel's Conduct During the Meet-and-Confer Process Demonstrates a Pattern of Overreaching**

As detailed in Section II and in the meet and-confer correspondence (**Exhibit R**), Plaintiffs' counsel's conduct during the meet-and-confer process reflects a pattern of overreaching that is relevant to the Court's evaluation of the discovery at issue.

Case No. 1:26-cv-00580 (AMD) (VMS)

On the evening of April 13, 2026 - the same day Plaintiffs served the interrogatories and document requests - counsel demanded immediate compliance, threatened a motion to compel with fees and costs, announced that the meet-and-confer would be recorded without consent, and insisted on the participation of a non-appearing attorney. See **Exhibit R**. When Defendant objected to these conditions and proposed meeting within 24-48 hours, counsel ultimately refused to meet at all, conditioning any dialogue on Defendant's prior service of formal discovery responses - notwithstanding that Defendant's 30-day response period under the Federal Rules had not yet elapsed.

This conduct is inconsistent with the obligations imposed by Rule 26(g), which requires that discovery requests and responses be certified as "not interposed for any improper purpose" and as "neither unreasonable nor unduly burdensome or expensive." Fed. R. Civ. P. 26(g)(1)(B). It is also inconsistent with Local Civil Rule 37.3, which contemplates that parties will engage in genuine, good-faith efforts to resolve discovery disputes before seeking judicial intervention. Plaintiffs' counsel's additional conduct raises further concerns in this context. Counsel's initial correspondence misgendered Defendant, addressing her as "Mr. Chatterjee." While counsel may characterize this as inadvertent, viewed in the totality of the circumstances - service of sweeping discovery demands on a pro se VAWA victim, immediate threats of sanctions, recording conditions designed to create an adversarial and intimidating environment, insistence on the participation of non-appearing counsel over Defendant's explicit objection, and a categorical refusal to engage in the meet-and-confer process - this conduct reflects a deliberate campaign to unmask and intimidate a domestic violence victim through coercive litigation tactics. The meet-and-confer process was not employed as a good-faith mechanism to narrow disputes; it was deployed as a pressure campaign to force a pro se VAWA victim to capitulate to discovery

23

demands that this Court never authorized, without the protection of judicial oversight. This is precisely the kind of weaponization of legal process that VAWA was designed to prevent, and it warrants judicial intervention.

The Court should consider Plaintiffs' counsel's conduct in evaluating the overall pattern of discovery abuse, including the overbreadth and improper scope of the discovery at issue. See Fed. R. Civ. P. 26(g)(3) (authorizing sanctions for discovery certifications made in violation of Rule 26(g)).

## H. Sanctions Are Warranted Under Rule 26(g)(3)

Federal Rule of Civil Procedure 26(g)(1) requires that every discovery request be signed by an attorney or party, and that signature constitutes a certification that the request is: (A) consistent with the Federal Rules and warranted by existing law; (B) "not interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation"; and (C) "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, prior discovery in the case, the amount in controversy, and the importance of the issues at stake in the action." Fed. R. Civ. P. 26(g)(1)(B).

Rule 26(g)(3) provides that "[i]f a certification violates this rule without substantial justification, the court, on motion or on its own, must impose an appropriate sanction on the signer, the party on whose behalf the signer was acting, or both. The sanction may include an order to pay the reasonable expenses, including attorney's fees, caused by the violation." Fed. R. Civ. P. 26(g)(3) (emphasis added). The rule is mandatory: upon finding a violation, the court "must" impose a sanction. See Mancia v. Mayflower Textile Servs. Co., 253 F.R.D. 354, 358 (D. Md. 2008) (holding that Rule 26(g) imposes an affirmative duty on counsel to conduct a

24

Case No. 1:26-cv-00580 (AMD) (VMS)

reasonable inquiry before certifying discovery requests and that sanctions are mandatory upon a finding of violation without substantial justification).

Plaintiffs' counsel's certifications on the subpoenas, interrogatories, and document requests at issue cannot withstand scrutiny under any prong of Rule 26(g)(1).

First, the requests are not consistent with the Court's April 10, 2026 Order. The order authorizes only non-party discovery from social media entities and ISPs, and jurisdictional discovery pertaining to service and diversity jurisdiction. Counsel certified subpoenas to a payment processor and to Defendant's sublessor - neither of which is a social media entity or ISP. Counsel certified interrogatories demanding medical providers, insurance policies, religious organization memberships, and device purchase records - none of which pertains to jurisdiction. No reasonable inquiry would have led counsel to conclude these requests were authorized.

Second, the requests bear the hallmarks of improper purpose. Counsel served 60+ categories of demands across five subpoenas, 14 interrogatories, and 17+ document requests - all in a case where the only authorized discovery is narrowly jurisdictional. Counsel demanded GPS coordinates, Bluetooth beacon data, cell tower records, complete financial histories, and the personal communications of Defendant's sublessor. These requests are not designed to establish service or jurisdiction. They are designed to unmask and construct a comprehensive surveillance profile of a domestic violence victim whose identity is protected by federal law. The timing is telling: counsel served the interrogatories and document requests on the evening of April 13, and within hours was already threatening a motion to compel with fees and costs- before Defendant's 30-day response period had even begun to run. Counsel then weaponized the meet-and-confer process itself, conditioning dialogue on pre-compliance and deploying coercive tactics - recording demands, inclusion of non-appearing counsel, immediate sanction threats- all designed

25

Case No. 1:26-cv-00580 (AMD) (VMS)

to pressure a pro se VAWA victim into surrendering protected information outside the safeguard of judicial oversight.

Third, the requests are unreasonable and unduly burdensome. Counsel certified requests spanning six-plus years of data, demanding categories (IMEI numbers, MAC addresses, Bluetooth data, security questions) that have no conceivable relevance to any jurisdictional question. Counsel attached a non-operative court order to the Meta and Google subpoenas, risking the production of data beyond the Court's authorization. Counsel issued the Viverette subpoena without attaching any court order at all. These are not the acts of counsel who conducted a reasonable inquiry before certifying discovery.

The Court should impose sanctions under Rule 26(g)(3), including an award of Defendant's reasonable expenses incurred in bringing this motion. Such sanctions are necessary not only to remedy the harm to Defendant but to deter the continued weaponization of discovery against a VAWA-protected victim.

## V. RELIEF REQUESTED

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order:

1. Quashing the subpoena issued to Stripe, Inc. (**Exhibit D**) in its entirety;

2. Quashing the subpoena issued to Allison Viverette (**Exhibit E)** in its entirety;

3. Quashing or substantially limiting the subpoenas issued to Starry Inc. (**Exhibit A**), Meta Platforms, Inc. (**Exhibit B**), and Google LLC (**Exhibit C**) to permit only the production of current subscriber name and address information;

4. Striking Plaintiffs' First Set of Interrogatories (**Exhibit N**) and Plaintiffs' First Set of Requests for Production (**Exhibit O**) in their entirety, or in the alternative, substantially narrowing them to address only Defendant's current domicile;

26

5. Prohibiting Plaintiffs from seeking location data, device identifiers, financial records, post content, enforcement records, linked account information, or personal communications through any form of discovery at this stage;

6. Directing that any future subpoenas attach only the operative order governing discovery;

7. Entering a protective order pursuant to Rule 26(c) and consistent with the policies of 8 U.S.C. § 1367, limiting disclosure of Defendant's identifying, location, device, and financial information and prohibiting further dissemination;

8. Staying Defendant's obligation to respond to Plaintiffs' First Set of Interrogatories and First Set of Requests for Production pending resolution of this motion;

9. Imposing sanctions on Plaintiffs' counsel under Rule 26(g)(3) for certifying discovery requests that are unreasonable, disproportionate, and interposed for an improper purpose, including an award of Defendant's reasonable expenses incurred in bringing this motion; and

10. Granting such further relief as the Court deems just and proper.

## VI. CONCLUSION

The discovery at issue in this motion five third-party subpoenas, 14 interrogatories, and 17+ document requests - far exceeds the scope of this Court's April 10, 2026 Order, violates the confidentiality protections afforded to VAWA petitioners under 8 U.S.C. § 1367, is overbroad and disproportionate, and reflects a deliberate pattern of overreaching and harassment that has persisted through the meet-and-confer process. Plaintiffs' counsel certified these requests in violation of Rule 26(g), and sanctions are warranted.

Defendant is a victim of domestic violence whose prima facie VAWA petition has been approved by USCIS. The individuals who abused her are now attempting to use this Court's

Case No. 1:26-cv-00580 (AMD) (VMS)

<u>discovery mechanisms to locate, surveil, and further victimize her.</u> Defendant respectfully but urgently asks this Court to put a stop to it - to quash the subpoenas, strike the interrogatories and document requests, stay any obligation to respond, enter a protective order, and impose sanctions sufficient to deter further abuse of the discovery process.

Dated: Brooklyn, New York
     April 14, 2026

Respectfully submitted,

_____
/s/ Srijani Chatterjee
**SRIJANI CHATTERJEE**
Defendant, Pro Se
Email: srijanic91@gmail.com

28

## EXHIBIT INDEX

**Exhibit A:** Notice of Subpoena to Starry Inc. (April 13, 2026)

**Exhibit B:** Notice of Subpoena to Meta Platforms, Inc. (April 10, 2026)

**Exhibit C:** Notice of Subpoena to Google LLC (April 10, 2026)

**Exhibit D:** Notice of Subpoena to Stripe, Inc. (April 13, 2026)

**Exhibit E:** Notice of Subpoena to Allison Viverette (April 13, 2026)

**Exhibit F:** Court Order dated February 9, 2026 (Scheduling Order)

**Exhibit G:** Court Order dated April 10, 2026 (Discovery Limitations)

**Exhibit H:** Affirmation of Counsel for Google LLC in Response to Motion to Quash (State Court, Jan. 23, 2026)

**Exhibit I:** Affirmation of Counsel for Meta Platforms, Inc. in Response to Motion to Quash (State Court, Jan. 23, 2026)

**Exhibit J:** Affirmation of Counsel for Starry Inc. in Response to Motion to Quash (State Court, Jan. 23, 2026)

**Exhibit K:** Order, Supreme Court of New York, County of Bronx (Feb. 2, 2026)

**Exhibit L:** Stipulation of Discontinuance - Google (State Court)

**Exhibit M:** Stipulation of Discontinuance - Meta / Starry (State Court)

**Exhibit N:** Plaintiffs' First Set of Interrogatories to Defendant Srijani Chatterjee (Jurisdictional Discovery)

**Exhibit O:** Plaintiffs' First Set of Requests for Production to Defendant Srijani Chatterjee (Jurisdictional Discovery)

**Exhibit P:** USCIS Prima Facie Determination of VAWA Petition

**Exhibit Q:** Affidavit of Abuse in Support of VAWA Petition

**Exhibit R:** Meet-and-Confer Correspondence (April 13-14, 2026)

Case No. 1:26-cv-00580 (AMD) (VMS)

**CERTIFICATION OF WORD COUNT**

Pursuant to Local Civil Rule 7.1, the undersigned hereby certifies that the foregoing

Memorandum of Law contains approximately 7,200 words, exclusive of the caption, table of

contents, table of authorities, signature block, exhibit index, and certificate of service. This

memorandum complies with the 8,750-word limit for memoranda in support of motions.

_____
/s/ Srijani Chatterjee
Srijani Chatterjee
Defendant, Pro Se

30

Case No. 1:26-cv-00580 (AMD) (VMS)

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2026, I served a true and correct copy of the foregoing

Defendant's Consolidated Motion to Quash Third-Party Subpoenas, Strike Discovery Requests,

and for Protective Order, together with the accompanying Memorandum of Law and all exhibits,

on all counsel of record by electronic mail at the following addresses:


Daniel S. Szalkiewicz, Esq.
Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
daniel@veridianlegal.com

Cali Madia, Esq.
Veridian Legal P.C.
cali@veridianlegal.com


_____

/s/ Srijani Chatterjee
Srijani Chatterjee
Defendant, Pro Se


31

# EXHIBIT A

Notice of Subpoena to Starry Inc. (April 13, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> Plaintiffs, <br><br> -against- <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> Defendants. | Case No.: 1:26-cv-00580-AMD-VMS |

**PLAINTIFFS' NOTICE OF SUBPOENA TO**
**NOTICE OF SUBPOENA TO STARRY INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiffs Deven Sanon and Simran Hotchandani by and through their attorneys,

Veridian Legal P.C., intend to serve STARRY INC., 5 Penn Plaza, Suite 1908 New York, NY

10001, with a subpoena requesting the production of documents and electronically stored

information. A copy of the subpoena to be served is attached.

Dated: April 13, 2026

> By: */s/ Daniel S. Szalkiewicz*
> VERIDIAN LEGAL P.C.
> 23 West 73rd Street, Suite 102
> New York, New York 10023
> Telephone: (212) 706-1007
> Facsimile: (914) 500-2315
> Email: Daniel@VeridianLegal.Com
>    Cali@VeridianLegal.Com
> *Attorneys for Plaintiffs Deven Sanon and Simran*
> *Hotchandani*

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 26-cv-00580-AMD-VMS |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:         STARRY INC., 5 Penn Plaza, Suite 1908 New York, NY 10001

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Veridian Legal, P.C., 23 West 73rd Street, Suite 102, New York, NY 10023. Production can be made by email to daniel@veridianlegal.com | Date and Time: within 14 days of service |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:         4/13/2026

| CLERK OF COURT | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____

DEVEN SANON and SIMRAN HOTCHANDANI _____, who issues or requests this subpoena, are:

Daniel Szalkiewcz, 23 W. 73rd Street, Suite 102, New York, NY 10023, daniel@veridianlegal.com 212 760 1007

### Notice to the person who issues or requests this subpoena
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## DOCUMENTS AND INFORMATION TO BE PRODUCED

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control:

All subscriber records and information sufficient to identify the user data and account holder associated with IP address **38.15.239.148** on **December 14, 2024 at 6:26:31 PM (EST)**, including but not limited to:

1. The account holder's full legal name;

2. The account holder's address, including street address, city, state, and zip code;

3. The account holder's telephone number(s);

4. The status of the account (active, suspended, terminated, or otherwise);

5. Detailed billing logs associated with the account;

6. The date the account was opened and, if applicable, the date the account was closed;

7. The method of payment on file and detailed billing records, including credit card type, last four digits, and billing address;

8. All registration information provided at the time the account was created, including name, address, email, and telephone number;

9. Complete Internet Protocol (IP) addresses for each log-in and log-off session associated with the account;

10. The Media Access Control (MAC) address of the device(s) utilizing IP address 38.15.239.148 on the date and time specified above;

11. Whether the IP address 38.15.239.148 is static or dynamic;

12. The entire period of time during which IP address 38.15.239.148 was assigned or issued to the account holder to whom such IP address was assigned on the date and time specified herein; and

13. The email address of the person(s) who created the account, and any recovery email accounts associated with the account.

### INSTRUCTIONS

A. **Time Period.** Unless otherwise specified, the time period covered by this subpoena is from January 1, 2020 to the present.

B. **Format of Production.** Documents shall be produced in their native electronic format or, if not available in electronic format, as legible copies. All metadata shall be preserved and produced.

C. **Privilege Log.** If any document responsive to this subpoena is withheld on the basis of any privilege or protection, you shall provide a privilege log identifying each such document with sufficient detail to permit assessment of the claim of privilege, including the date, author, recipient(s), subject matter, and the specific privilege or protection asserted, in accordance with Fed. R. Civ. P. 45(e)(2)(A).

D. **Continuing Obligation.** If, after producing documents in response to this subpoena, you become aware of additional responsive documents, you are requested to produce such documents promptly.

E. **Definitions.** As used herein, "records" and "documents" include all writings, communications, electronically stored information, data, files, logs, databases, and any other tangible or intangible thing containing information, in whatever form or medium.

F. **Manner of Production.** Documents may be produced by delivering them to the address above, or by transmitting them electronically to daniel@veridianlegal.com, or by secure file transfer to a location designated by Plaintiffs' counsel.

G. **Objections.** Pursuant to Fed. R. Civ. P. 45(d)(2)(B), any objection to this subpoena must be served on Plaintiffs' counsel before the earlier of the time specified for compliance or 14 days after the subpoena is served.

H. **Cost of Production.** Plaintiffs will bear the reasonable cost of production, if any, upon submission of an invoice.

## NOTICE PURSUANT TO FED. R. CIV. P. 45

The provisions of Fed. R. Civ. P. 45(d) and (e) relating to your obligations in responding to this subpoena and the potential consequences of not doing so are as follows:

**Duty to Respond.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B).

**Protection of Persons Subject to Subpoenas.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply. Fed. R. Civ. P. 45(d)(1).

**Contempt.** The court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 26-cv-00580-AMD-VMS

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
　**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
　**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
　　**(i)** is a party or a party's officer; or
　　**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
　**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
　**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
　**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
　**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
　　**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
　　**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
　**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
　　**(i)** fails to allow a reasonable time to comply;
　　**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
　　**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
　　**(iv)** subjects a person to undue burden.
　**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
　　**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

　　**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
　**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
　　**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
　　**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
　**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
　**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
　**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
　**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
　**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
　　**(i)** expressly make the claim; and
　　**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
　**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

 Gmail

Daniel Szalkiewicz <daniel@lawdss.com>

## Activity in Case 1:26-cv-00580-AMD-VMS Sanon et al v. Chatterjee et al Set Motion and R&R Deadlines/Hearings

1 message

---

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>            Fri, Apr 10, 2026 at 8:39 AM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\*** Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 4/10/2026 at 8:39 AM EDT and filed on 4/10/2026
**Case Name:**            Sanon et al v. Chatterjee et al
**Case Number:**        1:26-cv-00580-AMD-VMS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER. As discussed during the 4/7/2026 conference, Defendant's address for service of filings is 214 Atlantic Avenue, Apartment # 2, Brooklyn, NY 11201; if and when counsel appears on her behalf, counsel will receive service of the filings. The Court notes that Defendant raised her counsel's impending appearance in this action as early as 2/24/2026. See ECF No. [9] at 3 (SEALED).**

**Defendant is to submit a reply in further support of her motion for entry of a protective order by 4/10/2026.**

**In consultation with the District Judge's chambers, by 5/8/2026, Plaintiffs are to file their opposition to Defendant's motion to dismiss, and, by 5/22/2026, Defendant is to file her reply in further support of the motion to dismiss.**

**At this time, discovery as to two categories of items will proceed: first, non-party discovery from social media entities and internet service providers and, second, jurisdictional discovery, both pertaining to service of process and diversity jurisdiction. All other discovery is currently stayed.**

**Defendant is reminded of the need to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, the Individual Rules of the District Judge and the undersigned's Individual Practice Rules, all of which are publicly available on the Court's website. The**

**Court notes that a manual for pro se litigants is also publicly available on the Courts website: https://www.nyed.uscourts.gov/index.php/representing-yourself.**

**The Court will mail a copy of this Order to Srijani Chatterjee at 214 Atlantic Avenue, Apartment # 2, Brooklyn, NY 11201. Ordered by Chief Mag. Judge Vera M. Scanlon on 4/10/2026. (SH)**

**1:26-cv-00580-AMD-VMS Notice has been electronically mailed to:**

Daniel Szalkiewicz     daniel@veridianlegal.com, cali@lawdss.com, lawdss@recap.email

Srijani Chatterjee     srijanic91@gmail.com

**1:26-cv-00580-AMD-VMS Notice will not be electronically mailed to:**

**CERTIFICATE OF SERVICE**

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on April 13, 2026, I served PLAINTIFFS' NOTICE OF SUBPOENA STARRY INC. via electronic mail and USPS First Class Mail on the individual listed below:

Srijani Chatterjee
214 Atlantic Avenue, 2
Brooklyn, New York
Email: srijanic91@gmail.com


Dated: April 13, 2026

By: */s/ Daniel S. Szalkiewicz*

2

# EXHIBIT B

Notice of Subpoena to Meta Platforms, Inc. (April 10, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>            Plaintiffs,<br><br>        -against-<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br>            Defendants. | Case No.: 1:26-cv-00580-AMD-VMS |

**PLAINTIFFS' NOTICE OF SUBPOENA TO**
**NOTICE OF SUBPOENA TO META PLATFORMS, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiffs Deven Sanon and Simran Hotchandani by and through their attorneys,

Veridian Legal P.C., intend to serve Meta Platforms, Inc., Corporation Service Company at 80

State Street Albany, NY 12207, with a subpoena requesting the production of documents and

electronically stored information. A copy of the subpoena to be served is attached.

Dated: April 10, 2026

<div align="right">

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
        Cali@VeridianLegal.Com
*Attorneys for Plaintiffs Deven Sanon and Simran Hotchandani*

</div>

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 26-cv-00580-AMD-VMS |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 | ) |
| | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Meta Platforms, Inc., Corporation Service Company at 80 State Street Albany, NY 12207

*(Name of person to whom this subpoena is directed)*

❐ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Veridian Legal, P.C., 23 West 73rd Street, Suite 102, New York, NY 10023. Production can be made by email to daniel@veridianlegal.com | Date and Time: within 14 days of service |
|---|---|

❐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    4/10/2026

CLERK OF COURT

OR

_____           _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
DEVEN SANON and SIMRAN HOTCHANDANI _____, who issues or requests this subpoena, are:
Daniel Szalkiewcz, 23 W. 73rd Street, Suite 102, New York, NY 10023, daniel@veridianlegal.com 212 760 1007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A

## DEFINITIONS

The following definitions shall apply to each of the requests set forth below:

A. "Account" or "Accounts" means any Facebook account, Instagram account, Messenger account, WhatsApp account, Threads account, or any other account maintained, hosted, or administered by Meta Platforms, Inc. or any of its subsidiaries that is associated with, linked to, or accessible through any of the Subject Accounts and Posts, including but not limited to accounts identified as recovery accounts, alternate accounts, linked accounts, or related accounts.

B. "Basic Subscriber Information" or "BSI" means all information provided by or collected from the account holder at the time of account creation or at any time thereafter, including but not limited to: the account holder's name, all names or aliases used on the platform, date of birth, physical address, telephone number(s), email address(es), alternate or recovery email addresses, security questions and answers, method of payment, billing address, profile photograph(s), and any other registration or profile information.

C. "Communication" and "Correspondence" mean any transmittal of information, by and to whomever made and by any means whatsoever, including but not limited to oral, written, electronic, or otherwise, and all documents reflecting such communication.

D. "Document" or "Documents" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, printed material, facsimiles, graphs, charts, drafts, photographs, phonorecords or other sound recordings, computer data, electronic mail, metadata, log files, database records, and other data compilations of whatever kind from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

E. "ESI" means electronically stored information as that term is used in the Federal Rules of Civil Procedure, including data stored on servers, cloud-based storage, backup systems, and archival systems.

F. "Facebook Posts" means the posts identified by URL in Schedule 1 annexed hereto, each of which was published within a Facebook group.

G. "Instagram Accounts" means the Instagram accounts identified by handle in Schedule 2 annexed hereto.

H. "Meta" or "You" or "Your" means Meta Platforms, Inc. (formerly Facebook, Inc.), its subsidiaries (including but not limited to Instagram, LLC and WhatsApp LLC), affiliates, divisions, predecessors, successors, and assigns, and all persons acting or purporting to act on its behalf, including its officers, directors, employees, agents, representatives, contractors, and attorneys.

I. "Identify" with respect to a natural person means to state, to the extent known, the person's full name, present or last known address, present or last known telephone number, and

1

email address. With respect to a business entity or other organization, "identify" means to provide its name, last known address, and telephone number.

J. "Including" shall be construed to mean including, but not limited to, and shall be construed as a term of inclusion, not exclusion.

K. "IP Address" means Internet Protocol address, including both IPv4 and IPv6 addresses.

L. "MAC Address" means Media Access Control address.

M. "Report" or "Reported" means any complaint, flag, report, or notification submitted by any user or automated system to Meta concerning any of the Subject Accounts and Posts, including reports made through Meta's reporting tools, community standards enforcement mechanisms, or any other reporting or flagging system.

N. "Subject Accounts and Posts" means, collectively, the Facebook group posts identified by URL in Schedule 1 and the Instagram accounts identified by handle in Schedule 2.

O. "Subject Time Period" means January 1, 2020 through and including the date of the final judgment or order in this action, or, if no final judgment or order has been entered, through and including the date of production.

P. The past tense of a verb includes the present tense and vice versa. The masculine shall include the feminine and neuter, and the plural shall include the singular, and vice versa.

Q. "Concerning," "relating to," "related to," "referring to," and "regarding" mean, in whole or in part, alluding to, responding to, concerning, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, or in any way pertaining to the subject at issue.

## INSTRUCTIONS

A. You shall produce all Documents and ESI requested that are in Your possession, custody, or control, or that You have the legal right or practical ability to obtain, whether stored on local servers, cloud-based systems, backup or archival systems, or any other storage medium, anywhere in the world.

B. Documents and ESI shall be produced in a manner that identifies which particular documents are responsive to each specific request. To the extent a document is responsive to more than one request, it need only be produced once, with a notation indicating all requests to which it is responsive.

C. Unless otherwise specified, all requests cover the Subject Time Period.

D. Production shall be made in accordance with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in each request. ESI shall be produced in a form in which it is ordinarily maintained or in a reasonably usable form. To the extent data is

maintained in structured or database format (e.g., log files, access records), it should be produced in its native format or in a delimited text format (e.g., CSV) that preserves all fields and metadata.

E. In the event that any Document or ESI called for by these requests is withheld on any basis, including but not limited to a claim of privilege, provide a privilege log in accordance with Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, identifying: (i) the nature of the document; (ii) the date of the document; (iii) the author and all recipients; (iv) the subject matter; and (v) the specific basis for withholding.

F. If You maintain that any Document or ESI responsive to these requests has been destroyed, deleted, overwritten, or is no longer in Your possession, custody, or control, state: (i) the nature and content of such Document or ESI; (ii) the date of destruction, deletion, or disposition; (iii) the reason for such destruction, deletion, or disposition; (iv) the identity of any person who ordered, authorized, or participated in such destruction, deletion, or disposition; and (v) whether any backup, archival, or cached copy exists.

G. If there are no Documents or ESI responsive to a particular request, You shall so state in writing.

H. Each request shall be construed independently and no request shall limit the scope of any other request.

I. For each Facebook Post identified in Schedule 1, Your response shall identify the specific URL to which the responsive information pertains, so that the production can be correlated to the individual posts at issue.

J. These requests are subject to the duty of supplementation under Rule 26(e) of the Federal Rules of Civil Procedure. If, after making Your initial production, You obtain or become aware of any further Documents or ESI responsive to these requests, You shall promptly produce such additional Documents or ESI.

## SCHEDULE OF DOCUMENTS AND INFORMATION TO BE PRODUCED

For each of the Subject Accounts and Posts, and for the entirety of the Subject Time Period, You are commanded to produce the following:

### I. Account Registration and Basic Subscriber Information

1. All Basic Subscriber Information for the Facebook account(s) that created or published each of the Facebook Posts identified in Schedule 1, and for each of the Instagram Accounts identified in Schedule 2, including but not limited to: the account holder's full name, all names or aliases associated with the account, date of birth, physical address, telephone number(s), email address(es), alternate or recovery email address(es), security questions and

3

answers, profile photograph(s), and any other information provided at the time of account creation or subsequently updated.

2.      The Facebook User ID and/or Instagram User ID associated with each account that created or published the Subject Accounts and Posts.

3.      The date each such account was created (opened) and, if applicable, the date each such account was closed, deactivated, suspended, disabled, or terminated, together with the reason for any such closure, deactivation, suspension, disabling, or termination.

4.      The current status of each such account (e.g., active, inactive, suspended, disabled, deleted, memorialized).

## II. Billing and Payment Information

5.      All billing and payment records for each account identified in response to Requests No. 1 and No. 2, including but not limited to: the method of payment (e.g., credit card, debit card, bank account, PayPal, Meta Pay), the name on the payment instrument, the billing address, the last four digits of any payment card or account number, and all detailed billing logs reflecting charges, credits, refunds, and payment history, including payments for Facebook or Instagram advertising, boosted posts, marketplace transactions, or any other paid features.

## III. IP Address and Connection Logs

6.      All IP Addresses used to access, log into, or log out of each account identified in response to Requests No. 1 and No. 2 during the Subject Time Period, together with the date and time (including time zone) of each such access, and a detailed explanation of the event or reason each IP Address was recorded (e.g., account login, account logout, password change, password reset, security alert, access from a new device, access from a new location, account recovery

4

attempt, account settings change, post creation, post editing, or any other event triggering an IP Address log entry).

7.    All internet connection logs for each such account during the Subject Time Period, including session duration, connection type, and any associated network identifiers.

### IV. Device Information

8.    All records identifying devices used to access each account identified in response to Requests No. 1 and No. 2 during the Subject Time Period, including but not limited to: device type, device make and model, device name, operating system and version, browser type and version, unique device identifiers (e.g., IMEI, MEID, serial number, advertising ID), and MAC Addresses.

9.    All logs reflecting when each device identified in response to Request No. 8 accessed each such account, including the date, time, and IP Address of each such access.

### V. Location Data

10.    All location data stored, collected, or derived by Meta in connection with each account identified in response to Requests No. 1 and No. 2 during the Subject Time Period, including but not limited to: GPS coordinates, Wi-Fi access point data, cell tower data, Bluetooth beacon data, check-in data, tagged locations, and any location history, together with the date and time of each location data point.

11.    All location data associated with or derived from the IP Addresses identified in response to Request No. 6, including geolocation information, city, state, country, and ISP or network provider associated with each IP Address.

5

## VI. Related and Linked Accounts

12.    All recovery email addresses, recovery telephone numbers, and alternate email addresses associated with each account identified in response to Requests No. 1 and No. 2.

13.    All Meta accounts (including Facebook, Instagram, Messenger, WhatsApp, and Threads accounts) linked to, associated with, or related to each such account, including but not limited to accounts sharing the same recovery information, payment method, device, IP Address, phone number, email address, Accounts Center linkage, or other common identifiers.

14.    For any related or linked account identified in response to Requests No. 12 and No. 13 that is also hosted, maintained, or administered by Meta Platforms, Inc. or any of its subsidiaries, all of the information described in Requests No. 1 through No. 13 for each such account.

## VII. Post-Specific Information

15.    For each Facebook Post identified by URL in Schedule 1: the full content of the post (including text, images, videos, links, and attachments), the date and time the post was created, the date and time of any edits or modifications, the IP Address from which the post was created and from which any edits were made, the device used to create the post and to make any edits, and the identity of the account that created the post.

16.    For each Instagram Account identified in Schedule 2: the full content of all posts, stories, reels, and other content published by the account during the Subject Time Period (including text, images, videos, links, and captions), the date and time each item was created, the date and time of any edits or modifications, the IP Address from which each item was created and from which any edits were made, and the device used to create each item.

**VIII. Reports, Complaints, and Enforcement Actions**

17.     All records of any and every instance in which any of the Subject Accounts and Posts, or any account identified in response to Requests No. 1 and No. 2, was Reported, flagged, or the subject of a complaint by any user or automated system, including but not limited to: the date and time of each Report; the identity of the reporting user (to the extent permitted by law); the reason stated for the Report; the category or type of violation alleged; the specific content or account that was the subject of the Report; and any internal notes, classifications, or assessments generated in connection with the Report.

18.     All records of any action taken by Meta in response to each Report identified in Request No. 17, including but not limited to: content removal, content restriction, account warning, account suspension, account disabling, account termination, shadow banning, reduced distribution, fact-check labeling, or any other enforcement action; the date and time of each such action; the basis or reason for each such action; and any internal review, appeal, or reversal of each such action.

19.     All records of any Community Standards or Terms of Service violation determination made by Meta with respect to any of the Subject Accounts and Posts, or any account identified in response to Requests No. 1 and No. 2, whether or not initiated by a user Report, including automated detection and enforcement actions.

**IX. Additional Records**

20.     Any and all other records, logs, or data in Your possession, custody, or control that identify or tend to identify the individual(s

7

# Schedule 1

https://www.facebook.com/groups/1041205992620167?multi_permalinks=25443120678668692&hoisted_section_header_type=recently_seen
https://www.facebook.com/groups/222993801243805/posts/2379627368913760/
https://www.facebook.com/groups/217031482885600/posts/1103930637529009/
https://www.facebook.com/groups/edmindfullyNY/posts/2701658963341489/
https://www.facebook.com/groups/aupisa/posts/7220830788007078/
https://www.facebook.com/groups/110370535666056/posts/7237985552904483/
https://www.facebook.com/groups/749590971728725/posts/7708088159212270/
https://www.facebook.com/groups/uo.isa/posts/10161540785042783/
https://www.facebook.com/groups/RutgersWIB/posts/7607300962655269/
https://www.facebook.com/groups/372831546785489/posts/1618597662208865/
https://www.facebook.com/groups/ISAfiu/posts/8871591806190254/
https://www.facebook.com/groups/1628162870794236/posts/3690317244578778/
https://www.facebook.com/groups/nationalsfa/posts/24941256772185650/
https://www.facebook.com/groups/245108819645527/posts/1574931306663265/
https://www.facebook.com/groups/2029247980684337/posts/3686387984970320/
https://www.facebook.com/groups/420415507978122/posts/7696272993725634/
https://www.facebook.com/groups/823066882031007/posts/1148536452817380/
https://www.facebook.com/groups/edmindfullyNY/posts/2701658963341489/
https://www.facebook.com/groups/210860357451862/posts/897291955475362/
https://www.facebook.com/groups/2200446100/posts/10161318526531101/
https://www.facebook.com/groups/268555793425/posts/10161230800873426/
https://www.facebook.com/groups/2222159465/posts/10163955292399466/
https://www.facebook.com/groups/internationalsmc/posts/7319372644806200/
https://www.facebook.com/groups/desisinsiliconvalley/posts/2090722907953389/
https://www.facebook.com/groups/690118391385278/posts/1971960446534393/
https://www.facebook.com/groups/984941111896753/posts/2348439942213523/
https://www.facebook.com/groups/333630900079555/posts/7116663065109604/
https://www.facebook.com/groups/batteryparkcitymoms/posts/1770779827060396/
https://www.facebook.com/groups/483544141722340/posts/7531154096961274/
https://www.facebook.com/groups/409789729857239/posts/1579815942854606/
https://www.facebook.com/groups/674405482572884/posts/8080321025314589/
https://www.facebook.com/groups/bayareadesiwomen/posts/1160708048259614/
https://www.facebook.com/groups/2383851110/posts/10161530662706111/
https://www.facebook.com/groups/1487254611604718/posts/3652680631728761/
https://www.facebook.com/groups/McGillJazzArea/posts/7365300573528082/
https://www.facebook.com/groups/2201524085/posts/10160482948084086/
https://www.facebook.com/groups/296434499549/posts/10161304647854550/
https://www.facebook.com/groups/1659297930994352/posts/3787003018223822/
https://www.facebook.com/groups/MISA1/posts/10159853659886875/

https://www.facebook.com/groups/1620833691518711/posts/3806937842908274/
https://www.facebook.com/groups/341831271887/posts/10160827751021888/
https://www.facebook.com/groups/502232443291439/posts/2835164089998251/
https://www.facebook.com/groups/2667553703481394/posts/3697185667184854/
https://www.facebook.com/groups/832761620403793/posts/2341676109512329/
https://www.facebook.com/groups/832761620403793/posts/2344183665928240/
https://www.facebook.com/groups/436952686510603/posts/2399281956944323/
https://www.facebook.com/groups/1302124636593412/posts/3735750976564087/
https://www.facebook.com/groups/261761540603851/posts/7522737927839473/
https://www.facebook.com/groups/sinpupdatesbypis/posts/1348947702478821/
https://www.facebook.com/groups/2461865924032522/posts/3961468584072241/
https://www.facebook.com/groups/206253816641142/posts/1548280315771812/
https://www.facebook.com/groups/Chicagoindians/posts/2175270992832718/
https://www.facebook.com/groups/Chicagoindians/posts/2174838842875933/
https://www.facebook.com/groups/virginiaindians/posts/3565480967002061/
https://www.facebook.com/groups/210860357451862/posts/900875878450303/
https://www.facebook.com/groups/117888761642763/posts/7803087623122800/
https://www.facebook.com/groups/1186179924748547/posts/8556422691057530/
https://www.facebook.com/groups/1213958348621333/posts/8856028331080925/
https://www.facebook.com/groups/2340242616223928/posts/3804659179782257/
https://www.facebook.com/groups/127591893930818/posts/8321700277853231/
https://www.facebook.com/groups/1190224158100238/posts/1998006613988651/
https://www.facebook.com/groups/1190224158100238/posts/1997548344034478/
https://www.facebook.com/groups/1190780177732443/posts/3216801111796996/
https://www.facebook.com/groups/1500319660327499/posts/2219805498378908/
https://www.facebook.com/groups/312880775440076/posts/7555840064477408/
https://www.facebook.com/groups/353354516630052/posts/900506158581549/
https://www.facebook.com/groups/964043766953588/posts/8369405279750696/
https://www.facebook.com/groups/3761768807205660/posts/7925896434126189/
https://www.facebook.com/groups/644962065549020/posts/8397235156988300/
https://www.facebook.com/groups/947452285954168/posts/1445030362863022/
https://www.facebook.com/groups/858994978512075/posts/1147246003020303/
https://www.facebook.com/groups/746477535755072/posts/2003727110030102/
https://www.facebook.com/groups/indiansandsouthasianexpatriates/posts/7455294637861200/
https://www.facebook.com/groups/258808817640688/posts/2493645347490346/
https://www.facebook.com/groups/456531991561272/posts/1498464117368049/
https://www.facebook.com/groups/277546534710/posts/10161449502079711/
https://www.facebook.com/groups/BayAreaDesiGroup/posts/3850905745050855/
https://www.facebook.com/groups/941181566371490/posts/1734353287054310/
https://www.facebook.com/groups/810721483447243/posts/1233561507829903/

2

https://www.facebook.com/groups/prepare4college/posts/1353477521948653/
https://www.facebook.com/groups/aupisa/posts/7220830788007078/
https://www.facebook.com/groups/197996309948950/posts/323255804089666/
https://www.facebook.com/groups/IndiansInVenlo/posts/3332256930414601/
https://www.facebook.com/groups/internationalsmc/posts/8053078334768957/
https://www.facebook.com/groups/internationalsmc/posts/8064159656994158/
https://www.facebook.com/groups/1808556619294536/posts/2972812869535566/
https://www.facebook.com/groups/batteryparkcitymoms/posts/1768655460606166/
https://www.facebook.com/groups/327690165548133/posts/950236259960184/
https://www.facebook.com/groups/2332023182/posts/10161025875133183/
https://www.facebook.com/groups/ParkSlopeFriends/posts/2637058776498041/
https://www.facebook.com/groups/128197133978001/posts/3232675353530148/
https://www.facebook.com/groups/expatsclubistanbul/posts/3813186445673246/
https://www.facebook.com/groups/911333962248736/posts/7820972097951520/
https://www.facebook.com/groups/expatsclubistanbul/posts/3812386669086557/
https://www.facebook.com/groups/1788881687910562/posts/3259587500839966/
https://www.facebook.com/groups/610945724029474/posts/1019957286461647/
https://www.facebook.com/groups/814317323353277/posts/1213948690056803/
https://www.facebook.com/groups/1829049877213123/posts/7268610289923694/
https://www.facebook.com/groups/480141867141367/posts/936830678139148/
https://www.facebook.com/groups/552335328536411/posts/1961078997662030/
https://www.facebook.com/groups/177207417828395/posts/813537060862091/
https://www.facebook.com/groups/457533672368013/posts/1173237397464300/
https://www.facebook.com/groups/286967191441771/posts/2937368953068235/
https://www.facebook.com/groups/221426487902074/posts/8417911408253500/
https://www.facebook.com/groups/193740185852825/posts/937909268102576/
https://www.facebook.com/groups/internationalstudentsgeorgia/posts/1117118619712833/
https://www.facebook.com/groups/internationalstudentsgeorgia/posts/1209664350458259/
https://www.facebook.com/groups/internationalstudentsgeorgia/posts/1118154059609289/
https://www.facebook.com/groups/ve2un/posts/1831864653921739/
https://www.facebook.com/groups/indianinamsterdam/posts/1906009013230578/
https://www.facebook.com/groups/hvnhn/posts/8135956363164653/
https://www.facebook.com/groups/730223264860768/posts/1094029421813482/
https://www.facebook.com/groups/IndiansInVenlo/posts/3330461197260841/
https://www.facebook.com/groups/ParkSlopeFriends/posts/2634446720092580/
https://www.facebook.com/groups/182612782231333/posts/1761780844314511/
https://www.facebook.com/groups/182612782231333/posts/1762453787580550/
https://www.facebook.com/groups/552335328536411/posts/1962394930863770/
https://www.facebook.com/groups/1190780177732443/posts/3348057952004644/
https://www.facebook.com/groups/206253816641142/posts/1548649369068240/

3

https://www.facebook.com/groups/446288515551922/posts/2557477454433007/
https://www.facebook.com/groups/356920068124636/posts/1866851863798108/
https://www.facebook.com/groups/1676274106004803/posts/3342729566025907/
https://www.facebook.com/groups/115224378568412/posts/7415210071903103/
https://www.facebook.com/groups/indiansinvirginia/posts/2425824587627785/
https://www.facebook.com/groups/185373375538212/posts/1616773165731552/
https://www.facebook.com/groups/buy.sell.exchange.kids.stuff/posts/3997865097116101/
https://www.facebook.com/groups/4961189932/posts/10160837137999933/
https://www.facebook.com/groups/MISA1/posts/10159584713246875/
https://www.facebook.com/groups/LatinosyDominicanosNY/posts/1445581939485926/
https://www.facebook.com/groups/2095634454016367/posts/3844735545772907/
https://www.facebook.com/groups/montreal.lgbtq/posts/2314506015556418/
https://www.facebook.com/groups/livinghealthyinRoc/posts/7230232130413380/
https://www.facebook.com/groups/646042838871941/posts/2914851348657734/
https://www.facebook.com/groups/106783829365700/posts/7634303953280279/
https://www.facebook.com/groups/buffalogrovedesi/posts/1411236439509474/
https://www.facebook.com/groups/206872921186968/posts/986618703212382/
https://www.facebook.com/groups/1398086710442337/posts/3529848543932799/
https://www.facebook.com/groups/188500308178062/posts/2139817299713010/
https://www.facebook.com/groups/desiinchicago/posts/1515845692322829/
https://www.facebook.com/groups/desiinchicago/posts/1522059115034820/
https://www.facebook.com/groups/5912660871/posts/10160320523855872/
https://www.facebook.com/groups/327345728831007/posts/937310327834541/
https://www.facebook.com/groups/dentists.brazil/posts/842313950902341/
https://www.facebook.com/groups/allbengalisinuk/posts/10161613903268392/
https://www.facebook.com/groups/523675837970705/posts/2299272960410975/
https://www.facebook.com/groups/2204749292/posts/10161712229724293/
https://www.facebook.com/groups/107595446255514/posts/2168167830198255/
https://www.facebook.com/groups/290204132718662/posts/848508626888207/
https://www.facebook.com/groups/londonsu/posts/10160822595004892/
https://www.facebook.com/groups/742898600509195/posts/957115272420859/
https://www.facebook.com/groups/3737537746302376/posts/7271219086267540/
https://www.facebook.com/groups/1690729687844242/posts/3478960795687780/
https://www.facebook.com/groups/363776390642423/posts/2105785326441512/
https://www.facebook.com/groups/CSULB.AAAS/posts/6951966414870047/
https://www.facebook.com/groups/UCLA.AASundergrad/posts/10159465777425918/
https://www.facebook.com/groups/29922960432/posts/10168053239135433/
https://www.facebook.com/groups/2295577919/posts/10161152348337920/
https://www.facebook.com/groups/893455798702237/posts/1092294772151671/
https://www.facebook.com/groups/696632787433719/posts/1824237008006619/

4

https://www.facebook.com/groups/2201524085/posts/10160327920674086/
https://www.facebook.com/groups/518275015607865/posts/1513869359381754/
https://www.facebook.com/groups/2768905260016565/posts/3559144307659319/
https://www.facebook.com/groups/498289671275419/posts/990372748733773/
https://www.facebook.com/groups/du.matrimiony/posts/7595549090474684/
https://www.facebook.com/groups/AlbanyAAA/posts/10160828090510255/
https://www.facebook.com/groups/148086213506152/posts/902814931366606/
https://www.facebook.com/groups/IFAABoston/posts/2862219010594257/
https://www.facebook.com/groups/ISAfiu/posts/9042442525771847/
https://www.facebook.com/groups/newyorkcityhousinggroup/permalink/8055602297872380/
https://www.facebook.com/groups/2209675194/posts/10169772492600195/#?dgf
https://www.facebook.com/groups/411282719663036/posts/1654839045307391/
https://www.facebook.com/groups/COCONUTGROVE37/posts/8642589775784891/
https://www.facebook.com/groups/desiinchicago/posts/1629612880946109/
https://www.facebook.com/groups/desiinchicago/posts/1665467014027362/
https://www.facebook.com/groups/BayAreaDesiGroup/posts/3987162774758484/
https://www.facebook.com/groups/Pascack/posts/8558668180830021/
https://www.facebook.com/groups/295603328241251/posts/1226953438439564/
https://www.facebook.com/groups/2340242616223928/posts/3830827760498732/
https://www.facebook.com/groups/2340242616223928/posts/3828399254074916/
https://www.facebook.com/groups/2340242616223928/posts/3811397709108404/
https://www.facebook.com/groups/2340242616223928/posts/3794371700811005/
https://www.facebook.com/groups/814317323353277/posts/1232153234903015/
https://www.facebook.com/groups/677908626961995/posts/1219767856109400/
https://www.facebook.com/groups/9818974835/posts/10161669294269836/
https://www.facebook.com/groups/128197133978001/posts/3258794577584892/
https://www.facebook.com/groups/expatslivingincancun/posts/1727104351455359/
https://www.facebook.com/groups/expatslivingincancun/posts/1727093341456460/
https://www.facebook.com/groups/TheWEVGroup/posts/3780149372265762/
https://www.facebook.com/groups/2991590797832666/posts/3909525309372539/
https://www.facebook.com/groups/282958329573574/posts/1213443116525086/
https://www.facebook.com/groups/NJNYSingles/posts/8475408022552261/
https://www.facebook.com/groups/651978284814407/posts/8648659408479548/
https://www.facebook.com/groups/2264971266850750/posts/8951220521559091/
https://www.facebook.com/groups/282958329573574/posts/1213443116525086/
https://www.facebook.com/groups/705622099454919/posts/9167666256583752/
https://www.facebook.com/groups/580334117007351/posts/1082509236789834/
https://www.facebook.com/groups/943188419783909/posts/1720456665390410/
https://www.facebook.com/groups/2200446100/posts/10162422343676101/
https://www.facebook.com/groups/182548561758149/posts/8663440883668832/

5

https://www.facebook.com/groups/137422990240089/posts/1490019271647114/
https://www.facebook.com/groups/1261604960657800/posts/2827732240711723/
https://www.facebook.com/groups/353676575497067/posts/1589920095206036/
https://www.facebook.com/groups/NYYRC/posts/10160321182393483/
https://www.facebook.com/groups/1500319660327499/posts/2246817012344423/
https://www.facebook.com/groups/1303363556854166/posts/1842585589598624/
https://www.facebook.com/groups/texasindiansnew/posts/3605212753124088/
https://www.facebook.com/groups/22520150998/posts/10161911155695999/
https://www.facebook.com/groups/raiseourvoices/posts/8526948967386803/
https://www.facebook.com/groups/984941111896753/posts/2478542275869955/
https://www.facebook.com/groups/984941111896753/posts/2477844672606382/
https://www.facebook.com/groups/ipa.in/posts/2091556417913871/
https://www.facebook.com/groups/liupost/posts/10161373173200783/
https://www.facebook.com/groups/595495958004172/posts/1549837772569981/
https://www.facebook.com/groups/443167549209728/posts/2464190643774065/
https://www.facebook.com/groups/182612782231333/posts/1875572806268647/
https://www.facebook.com/groups/CreativeLady/posts/8219012138166736/
https://www.facebook.com/groups/221426487902074/posts/8626693624041943/
https://www.facebook.com/groups/medellinbritischexpatsandtourism/posts/26380997581545222/
https://www.facebook.com/groups/IndiansInVenlo/posts/3355382128102081/
https://www.facebook.com/groups/858405334668754/posts/1931612150681395/
https://www.facebook.com/groups/282367928449142/posts/8585651871453998/
https://www.facebook.com/groups/172683128036107/posts/903851441585935/
https://www.facebook.com/groups/2511967222244733/posts/8895832400524818/
https://www.facebook.com/groups/ParkSlopeFriends/posts/2664792440391341/
https://www.facebook.com/groups/1008494955938267/posts/8092478047539887/
https://www.facebook.com/groups/947452285954168/posts/1452391428793582/
https://www.facebook.com/groups/947452285954168/posts/1449752059057519
https://www.facebook.com/groups/211534242944652/posts/1696353004462761/
https://www.facebook.com/groups/1190224158100238/posts/2003397910116188/
https://www.facebook.com/groups/HillsboroughDesis/posts/2465202863682659/
https://www.facebook.com/groups/290204132718662/posts/869782161427520/
https://www.facebook.com/groups/842288062471186/posts/8625084550858126/
https://www.facebook.com/groups/290204132718662/posts/862633828809020/
https://www.facebook.com/groups/1426284454820471/posts/1612391466209768/
https://www.facebook.com/groups/1853798954835001/posts/3744907975724080/
https://www.facebook.com/groups/135986945908417/posts/399017956271980/
https://www.facebook.com/groups/193740185852825/posts/875421914351312/
https://www.facebook.com/groups/193740185852825/posts/945708803989289/

6

https://www.facebook.com/groups/193740185852825/posts/942494670977369/
https://www.facebook.com/groups/2991590797832666/posts/3890020807989656/
https://www.facebook.com/groups/isaosu/posts/10161747308840011/
https://www.facebook.com/groups/12968420010/?multi_permalinks=10161775885385011
https://www.facebook.com/groups/1778621695772551/posts/3147207225580651/
https://www.facebook.com/groups/1042741119118620/posts/8392323230827002/
https://www.facebook.com/groups/desisinsiliconvalley/posts/2198686747157004/
https://www.facebook.com/groups/desisinsiliconvalley/posts/2210856435940035/
https://www.facebook.com/groups/desisinsiliconvalley/posts/2109163852775961/
https://www.facebook.com/groups/2538678109793925/posts/3906040273057695/
https://www.facebook.com/groups/ExpatsInSG/posts/3382013868770650/
https://www.facebook.com/groups/385527792231720/posts/1588250051959482/
https://www.facebook.com/groups/385527792231720/posts/1588231781961309/
https://www.facebook.com/groups/aiadanapur/posts/8271642692882001/
https://www.facebook.com/groups/1190780177732443/posts/3379503205526785/
https://www.facebook.com/groups/1190780177732443/posts/3357480981062341/
https://www.facebook.com/groups/1190780177732443/posts/3335710749906031
https://www.facebook.com/groups/1015347222488351/posts/1441208899902179/
https://www.facebook.com/groups/BengalisInEurope/posts/6834111103355292/
https://www.facebook.com/groups/1186179924748547/posts/8760567267309737/
https://www.facebook.com/groups/bayareaindiansgroup/posts/8586341244732672/
https://www.facebook.com/groups/expatsclubparis/posts/8980945668600573/
https://www.facebook.com/groups/coconutgroverunclub/posts/8271970086183810/
https://www.facebook.com/groups/1451079011594818/posts/8261813987187919/
https://www.facebook.com/groups/1451079011594818/posts/8205603372808981/
https://www.facebook.com/groups/1451079011594818/posts/8117410901628229/
https://www.facebook.com/groups/1105305926602843/posts/1885671941899567/
https://www.facebook.com/groups/448410378963134/posts/1932088310595326/
https://www.facebook.com/groups/761181877302715/posts/8475284195892406/
https://www.facebook.com/groups/761181877302715/posts/8450085451745614/
https://www.facebook.com/groups/246975642078978/posts/7825565644219902
https://www.facebook.com/groups/1973444832764733/posts/7058234150952417/
https://www.facebook.com/groups/1973444832764733/posts/7556579524451208/
https://www.facebook.com/groups/105816175817/posts/10161382544730818
https://www.facebook.com/groups/105816175817/posts/10161666332875818/
https://www.facebook.com/groups/706747661193032/posts/1045053310695797/#?gba
https://www.facebook.com/groups/indiansinhongkongofficial/posts/8804694546213424
https://www.facebook.com/groups/virginiaindians/posts/3571739349709556
https://www.facebook.com/groups/175033455936524/posts/7868300089943117/
https://www.facebook.com/groups/896477183724198/posts/8105515742820270/

7

https://www.facebook.com/groups/896477183724198/posts/8107970779241433/
https://www.facebook.com/groups/128429399294625/posts/704320428372183/
https://www.facebook.com/groups/138585999597448/posts/7826883257434312/
https://www.facebook.com/groups/138585999597448/posts/7699982013457771/
https://www.facebook.com/groups/4198040906987770/posts/6968639686594531/
https://www.facebook.com/groups/4198040906987770/posts/6228514800607027/
https://www.facebook.com/groups/desidenver/posts/3824582994477032/
https://www.facebook.com/groups/375859336118446/posts/2210122522692109/
https://www.facebook.com/groups/ektha/posts/26704871412494111/
https://www.facebook.com/groups/362811437166407/posts/8337214629726008/
https://www.facebook.com/groups/1595376023862688/posts/8050635231670036/
https://www.facebook.com/groups/1247354331964390/posts/8679282908771458/
https://www.facebook.com/groups/1788881687910562/posts/3269315906533792/
https://www.facebook.com/groups/1788881687910562/posts/3270260336439349/
https://www.facebook.com/groups/Chicagoindians/posts/2180941042265713/
https://www.facebook.com/groups/5912660871/posts/10160281124830872/
https://www.facebook.com/groups/5912660871/posts/10160073647770872/
https://www.facebook.com/groups/edinburghlawstudents2015/posts/3601543490084679/
https://www.facebook.com/groups/445819215583070/posts/2743510012480634/
https://www.facebook.com/groups/241486868504484/posts/485434724109696/
https://www.facebook.com/groups/texasdesi/posts/1012422010606952/
https://www.facebook.com/groups/texasdesi/posts/1009477844234702/
https://www.facebook.com/groups/911333962248736/posts/7970562999659095/
https://www.facebook.com/groups/Hoboken1/posts/10163315709812786/
https://www.facebook.com/groups/436399850661401/posts/976879486613432/
https://www.facebook.com/groups/832761620403793/posts/2263782903968317/
https://www.facebook.com/groups/edinburghnightlife/posts/3671391296431921/
https://www.facebook.com/groups/147384045756329/posts/1876650626162987/
https://www.facebook.com/groups/562831623898130/posts/2589853357862603/
https://www.facebook.com/groups/622245175878117/posts/1166983984737564/
https://www.facebook.com/groups/ISAfiu/posts/9099652756717490/
https://www.facebook.com/groups/206872921186968/posts/906777374529849/
https://www.facebook.com/groups/206872921186968/posts/977439820796937/
https://www.facebook.com/groups/1098741637695416/posts/1539949693574606/
https://www.facebook.com/groups/282367928449142/posts/8484599394892580/
https://www.facebook.com/groups/WomensRightsNews/posts/1883339355475959/
https://www.facebook.com/groups/batteryparkcitymoms/posts/1776510483153997/
https://www.facebook.com/groups/batteryparkcitymoms/posts/1777380246400354/
https://www.facebook.com/groups/batteryparkcitymoms/posts/1762362617902117/
https://www.facebook.com/groups/batteryparkcitymoms/posts/1762068554598190/

8

https://www.facebook.com/groups/batteryparkcitymoms/posts/1779469669524745/

https://www.facebook.com/groups/319496485879243/posts/1156554642173419/

https://www.facebook.com/groups/16953890108/posts/10168628352545109/

https://www.facebook.com/groups/SUNYOswegoCELT/posts/10162058461851349/

https://www.facebook.com/groups/London.Expats.Group/posts/3790471017873705/

https://www.facebook.com/groups/newyorkbrideschoice/posts/3900978890178368/

https://www.facebook.com/groups/610245010812099/posts/766066848563247/

https://www.facebook.com/groups/119471207238/posts/10160586981132239/

https://www.facebook.com/groups/2003379923263141/posts/3793189237615525/

https://www.facebook.com/groups/rockhillnewyork/posts/7943594085652176/

https://www.facebook.com/groups/WoodcliffLake/posts/2325226831142985/

https://www.facebook.com/groups/436343864005825/posts/1303320477308155/

https://www.facebook.com/groups/buy.sell.exchange.kids.stuff/posts/4023436981225579/

https://www.facebook.com/groups/42673847584/posts/10160844945387585/

https://www.facebook.com/groups/42673847584/posts/10160830368742585/

https://www.facebook.com/groups/972618176506763/posts/1952669231834981/

https://www.facebook.com/groups/LatinosyDominicanosNY/posts/1439760226734764/

https://www.facebook.com/groups/1621738164689339/posts/2436256183237529/

https://www.facebook.com/groups/Spanglish360Community/posts/3973240409627135/

https://www.facebook.com/groups/Spanglish360Community/posts/3797635930520918/

https://www.facebook.com/groups/IndiansInVenlo/posts/3313428688964092/

https://www.facebook.com/groups/IndiansInVenlo/posts/3337934746513486/

https://www.facebook.com/groups/bangkokdesis/posts/26380491978266183/

https://www.facebook.com/groups/3321876657927070/posts/8105796072868414/

https://www.facebook.com/groups/1363244120529023/posts/2652017508318338/

https://www.facebook.com/groups/39293146066/posts/10161249119021067/

https://www.facebook.com/groups/578055526534514/posts/1255571985449528/

https://www.facebook.com/groups/590847894400876/posts/2875399779278998/

https://www.facebook.com/groups/223884664950936/posts/1432481734091217/

https://www.facebook.com/groups/447052698731796/posts/6636809009756103/

https://www.facebook.com/groups/1071329557581414/posts/1254794092568292/

https://www.facebook.com/groups/848682705492690/posts/2285224441838502/

https://www.facebook.com/groups/836524900793886/posts/1152998019146571/

https://www.facebook.com/groups/westvillagemoms/posts/1398221567518158/

https://www.facebook.com/groups/20130191648/posts/10161499295841649/

https://www.facebook.com/groups/410845309119054/posts/2288298524707047/

https://www.facebook.com/groups/1995887453855373/posts/7901886226588770/

https://www.facebook.com/groups/expatsdn/posts/3708627736019203/

https://www.facebook.com/groups/374853357457832/posts/1017466013196560/

https://www.facebook.com/groups/allsouthasian/posts/3831086180464908/

9

https://www.facebook.com/groups/462278474270586/posts/1804353610063059/
https://www.facebook.com/groups/expatsclublosangeles/posts/8021367001295650/
https://www.facebook.com/groups/JerseyCityRoomsForRent/posts/1904222630092724/
https://www.facebook.com/groups/514859438620795/posts/7649961901777144/
https://www.facebook.com/groups/483503085975753/posts/1088316695494386/

https://www.facebook.com/groups/363154648233885/posts/1432026311346708/
https://www.facebook.com/groups/896222297389776/posts/2166393673705959/
https://www.facebook.com/groups/201071399952429/posts/7369876666405164
https://www.facebook.com/groups/297161007135799/permalink/2371895199662359/?rdid=McR7fINCdciNdJM3
https://www.facebook.com/groups/616235176059302/posts/1119031975779617/
https://www.facebook.com/groups/127108180674062/posts/7650450695006402/
https://www.facebook.com/groups/4961189932/posts/10160784331754933/
https://www.facebook.com/groups/2768905260016565/permalink/3629789070594842/?rdid=NG3ehKkuAqL6DN3
https://www.facebook.com/groups/341831271887/posts/10160814263271888/
https://www.facebook.com/groups/296434499549/posts/10160944732049550/
https://www.facebook.com/groups/1776175539430946/posts/2016304745418023/
https://www.facebook.com/groups/CSULB.AAAS/posts/7225215324211820
https://www.facebook.com/groups/CSULB.AAAS/posts/7225215324211820/
https://www.facebook.com/groups/133858296704101/posts/6961776957245500/
https://www.facebook.com/groups/BelizeanGamers/permalink/6810934919035531/?rdid=GOl5RvyFqFXy41l2
https://www.facebook.com/groups/153649171510534/posts/2512985282243566/
https://www.facebook.com/groups/555119475685935/permalink/1062745491589995/?rdid=ktOLtyLx66pFdH5W
https://www.facebook.com/groups/313424592113126/permalink/6623785457743643/?rdid=LOh61MSEh9G2aJAG
https://www.facebook.com/groups/302087459885014/posts/7033764206717272/
https://www.facebook.com/groups/1812039275787226/permalink/3703661919958276/?rdid=jk7L20jEN7Nc3W9l
https://www.facebook.com/groups/2309034044/posts/10162990010454045/
https://www.facebook.com/groups/911333962248736/posts/6804521912929882/
https://www.facebook.com/groups/977463485641560/posts/7253686824685830/
https://www.facebook.com/groups/117888761642763/posts/6906941002737471/
https://www.facebook.com/groups/117888761642763/posts/6897117023719869/
https://www.facebook.com/groups/610141050063887/posts/1041072336970754/
https://www.facebook.com/groups/1548916238683835/posts/3679123478996423/
https://www.facebook.com/groups/1114638002504772/posts/1385995508702352/
https://www.facebook.com/groups/longlivethehabs/posts/7339672016072005/
https://www.facebook.com/groups/1503049590533716/posts/1585662382272436/
https://www.facebook.com/groups/420127714854026/posts/2333670060166439/

10

https://www.facebook.com/groups/expatsclubparis/posts/8015493345145815/
https://www.facebook.com/groups/delhiitesintoronto/posts/3789130594656994/
https://www.facebook.com/groups/expatsmex/posts/787612923224839/
https://www.facebook.com/groups/353354516630052/posts/793688529263313/
https://www.facebook.com/groups/353354516630052/posts/807711881194311/
https://www.facebook.com/groups/1060541703988214/posts/25546979844917726/
https://www.facebook.com/groups/295603328241251/posts/1073179040483672/
https://www.facebook.com/groups/125295511620407/posts/1543585673124710/
https://www.facebook.com/groups/McGillJazzArea/posts/7225908717467269/
https://www.facebook.com/groups/495755214641586/posts/1361670881383344/
https://www.facebook.com/groups/mcgillartscovidgroup/posts/929430418772057/
https://www.facebook.com/groups/576123075785119/posts/7470618923002132/
https://www.facebook.com/groups/340268935460033/posts/380643544755905/
https://www.facebook.com/groups/Cambridge02141/posts/3541375066176529/
https://www.facebook.com/groups/CitizensofGrovelandMassachusetts/posts/2529228957256341/
https://www.facebook.com/groups/mexicoexpat/posts/923183262836340/
https://www.facebook.com/groups/toronto.rent/posts/1149389429813581/
https://www.facebook.com/groups/latinosmtl/posts/1141327213897103/
https://www.facebook.com/groups/IndiansInFriscoTX/posts/2231285107067798/
https://www.facebook.com/groups/711661820083177/posts/1103276260921729/
https://www.facebook.com/groups/711661820083177/posts/1120517135864308/
https://www.facebook.com/groups/NorthDenverIndians/posts/3601158803436195/#?ich
https://www.facebook.com/groups/206872921186968/posts/870366501504270/
https://www.facebook.com/groups/882148629467262/posts/1148449519503837/
https://www.facebook.com/groups/1168082837438172/posts/1477979769781809/
https://www.facebook.com/groups/chicagohousingroomroommateapartmentsubletrent/posts/791164182827354/
https://www.facebook.com/groups/uscisnvc/posts/1416907852228844/
https://www.facebook.com/groups/415558891972196/posts/2333201373541262/
https://www.facebook.com/groups/135986945908417/posts/299762952864148/
https://www.facebook.com/groups/indianscommunitymissouri/posts/2524927401043710/
https://www.facebook.com/groups/120771247945755/posts/7383936661629141/
https://www.facebook.com/groups/Amychenbostonhousing/posts/7192436097500773/
https://www.facebook.com/groups/347671013062585/posts/1062767961552883/
https://www.facebook.com/groups/347671013062585/posts/1057166128779733/
https://www.facebook.com/groups/836524900793886/posts/983192132793828/
https://www.facebook.com/groups/sindhis.united/posts/6917870568295911/
https://www.facebook.com/groups/sindhis.united/posts/6917471541669147/
https://www.facebook.com/groups/2399682917/posts/10159533433947918/

https://www.facebook.com/groups/2383851110/posts/10161238746896111/
https://www.facebook.com/groups/273121496163425/posts/2876279225847626/
https://www.facebook.com/groups/upstatelatindance/posts/6912094462166698/
https://www.facebook.com/groups/1487254611604718/posts/3533426516987507/

**<u>Schedule 2</u>**

1. @CriminalAbusersWatchlist
2. @CrimeNorthAmerica
3. @TrueCrimeAlert
4. @AngelaWedsBrian

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Daniel Szalkiewicz <daniel@lawdss.com>

## Activity in Case 1:26-cv-00580-AMD-VMS Sanon et al v. Chatterjee et al Scheduling Order

1 message

---

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>   Mon, Feb 9, 2026 at 9:38 AM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*Additional Security Enhancements Coming Soon\*\*\* For information visit PACER website**

**https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

## Notice of Electronic Filing

The following transaction was entered on 2/9/2026 at 9:38 AM EST and filed on 2/9/2026
**Case Name:**      Sanon et al v. Chatterjee et al
**Case Number:**   1:26-cv-00580-AMD-VMS
**Filer:**
**Document Number:** 7

Docket Text:
**ORDER. An initial conference is scheduled for 4/14/2026 at 10:45 AM before Chief Magistrate Judge Vera M. Scanlon via ZoomGov. To gain access to the ZoomGov audio conferencing system, counsel and/or any pro se parties are to dial 1-646-828-7666; enter meeting ID 16121901090 and press the pound key. You will be asked for a participant ID. You do not have one, so simply press the pound key. Then, enter passcode 091622 and press the pound key again. Please note that your microphone will be automatically muted when you enter the virtual conference room. If another conference is underway, please remain on mute until the case is called. At that time, you may unmute your microphone by pressing \*6 on your keypad.**

**The parties must complete the attached Joint Proposed Case Management Plan (CMP) and file it on ECF no later than 4/6/2026. As to any Defendant who or which has not appeared by 3/23/2026, Plaintiff(s) must mail a copy of this Order, its attachment and the full public docket to each last known mailing address for each such Defendant and file proof of service on ECF by 3/30/2026.**

**Ordered by Chief Mag. Judge Vera M. Scanlon on 2/9/2026. (SH)**

**1:26-cv-00580-AMD-VMS Notice has been electronically mailed to:**

Daniel Szalkiewicz      daniel@veridianlegal.com, cali@lawdss.com, lawdss@recap.email

**1:26-cv-00580-AMD-VMS Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=2/9/2026] [FileNumber=20787668-0]
[4c195db60d0dbbd42aea11a31e38ca1c23e744d90b1aca0e30aef7c8713506aa5f534
cef6da072af6116f0afcc2b365076401b478e74a5b51553a1def697b28a]]

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on April 10, 2026, I served PLAINTIFFS' NOTICE OF SUBPOENA TO Meta Platforms, Inc. via electronic mail and USPS First Class Mail, RRR on the individual listed below:

Srijani Chatterjee
214 Atlantic Avenue, 2
Brooklyn, New York
Email: srijanic91@gmail.com

Dated: April 10, 2026

By: */s/ Daniel S. Szalkiewicz*

2

# EXHIBIT C

Notice of Subpoena to Google LLC (April 10, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DEVEN SANON and SIMRAN HOTCHANDANI,

                Plaintiffs,

       -against-

SRIJANI CHATTERJEE, JOHN DOES 1-10, and
JANE DOES 1-10,

                Defendants.

Case No.: 1:26-cv-00580-AMD-VMS

**PLAINTIFFS' NOTICE OF SUBPOENA TO**
**NOTICE OF SUBPOENA TO GOOGLE LLC**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiffs Deven Sanon and Simran Hotchandani by and through their attorneys,

Veridian Legal P.C., intend to serve GOOGLE LLC, Corporation Service Company at 80 State

Street Albany, NY 12207, with a subpoena requesting the production of documents and

electronically stored information. A copy of the subpoena to be served is attached.

Dated: April 10, 2026

<div align="right">

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
      Cali@VeridianLegal.Com
*Attorneys for Plaintiffs Deven Sanon and Simran*
*Hotchandani*

</div>

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | ) |
| *Plaintiff* | ) |
| v. | ) |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 | ) |
| *Defendant* | ) |

Civil Action No.  26-cv-00580-AMD-VMS

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:     GOOGLE LLC, Corporation Service Company at 80 State Street Albany, NY 12207

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Veridian Legal, P.C., 23 West 73rd Street, Suite 102, New York, NY 10023. Production can be made by email to daniel@veridianlegal.com | Date and Time: within 14 days of service |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     4/10/2026

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
DEVEN SANON and SIMRAN HOTCHANDANI _____ , who issues or requests this subpoena, are:
Daniel Szalkiewcz, 23 W. 73rd Street, Suite 102, New York, NY 10023, daniel@veridianlegal.com 212 760 1007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## ATTACHMENT A

## DEFINITIONS

The following definitions shall apply to each of the requests set forth below:

A. "Account" or "Accounts" means any Google account, Gmail account, Google Workspace account, or any other account maintained, hosted, or administered by Google LLC that is associated with, linked to, or accessible through any of the Subject Accounts, including but not limited to accounts identified as recovery accounts, alternate accounts, or related accounts.

B. "Basic Subscriber Information" or "BSI" means all information provided by or collected from the account holder at the time of account creation or at any time thereafter, including but not limited to: the account holder's name, address, telephone number, date of birth, alternate or recovery email addresses, security questions and answers, method of payment, billing address, and any other registration or profile information.

C. "Communication" and "Correspondence" mean any transmittal of information, by and to whomever made and by any means whatsoever, including but not limited to oral, written, electronic, or otherwise, and all documents reflecting such communication.

D. "Document" or "Documents" shall have the broadest meaning permitted under Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, writings, drawings, printed material, facsimiles, graphs, charts, drafts, photographs, phonorecords or other sound recordings, computer data, electronic mail, metadata, log files, database records, and other data compilations of whatever kind from which information can be obtained, translated, if necessary, through detection devices into reasonably usable form.

E. "ESI" means electronically stored information as that term is used in the Federal Rules of Civil Procedure, including data stored on servers, cloud-based storage, backup systems, and archival systems.

F. "Google" or "You" or "Your" means Google LLC, its subsidiaries, affiliates, divisions, predecessors, successors, and assigns, and all persons acting or purporting to act on its behalf, including its officers, directors, employees, agents, representatives, contractors, and attorneys.

G. "Identify" with respect to a natural person means to state, to the extent known, the person's full name, present or last known address, present or last known telephone number, and email address. With respect to a business entity or other organization, "identify" means to provide its name, last known address, and telephone number.

H. "Including" shall be construed to mean including, but not limited to, and shall be construed as a term of inclusion, not exclusion.

I. "IP Address" means Internet Protocol address, including both IPv4 and IPv6 addresses.

J. "MAC Address" means Media Access Control address.

1

K. "Subject Accounts" means the following email accounts: tater9838@gmail.com and somachatterjee0266@gmail.com,

L. "Subject Time Period" means January 1, 2020 through and including the date of the final judgment or order in this action, or, if no final judgment or order has been entered, through and including the date of production.

M. The past tense of a verb includes the present tense and vice versa. The masculine shall include the feminine and neuter, and the plural shall include the singular, and vice versa.

N. "Concerning," "relating to," "related to," "referring to," and "regarding" mean, in whole or in part, alluding to, responding to, concerning, connected with, involving, commenting on, in respect of, about, associated with, discussing, evidencing, showing, describing, reflecting, analyzing, summarizing, memorializing, consisting of, constituting, identifying, stating, or in any way pertaining to the subject at issue.

## **INSTRUCTIONS**

A. You shall produce all Documents and ESI requested that are in Your possession, custody, or control, or that You have the legal right or practical ability to obtain, whether stored on local servers, cloud-based systems, backup or archival systems, or any other storage medium, anywhere in the world.

B. Documents and ESI shall be produced in a manner that identifies which particular documents are responsive to each specific request. To the extent a document is responsive to more than one request, it need only be produced once, with a notation indicating all requests to which it is responsive.

C. Unless otherwise specified, all requests cover the Subject Time Period.

D. Production shall be made in accordance with Rule 34(b)(2)(E) of the Federal Rules of Civil Procedure. Documents shall be produced as they are kept in the usual course of business or organized and labeled to correspond to the categories in each request. ESI shall be produced in a form in which it is ordinarily maintained or in a reasonably usable form. To the extent data is maintained in structured or database format (e.g., log files, access records), it should be produced in its native format or in a delimited text format (e.g., CSV) that preserves all fields and metadata.

E. In the event that any Document or ESI called for by these requests is withheld on any basis, including but not limited to a claim of privilege, provide a privilege log in accordance with Rule 45(e)(2)(A) of the Federal Rules of Civil Procedure, identifying: (i) the nature of the document; (ii) the date of the document; (iii) the author and all recipients; (iv) the subject matter; and (v) the specific basis for withholding.

F. If You maintain that any Document or ESI responsive to these requests has been destroyed, deleted, overwritten, or is no longer in Your possession, custody, or control, state: (i) the nature and content of such Document or ESI; (ii) the date of destruction, deletion, or disposition; (iii) the reason for such destruction, deletion, or disposition; (iv) the identity of any

2

person who ordered, authorized, or participated in such destruction, deletion, or disposition; and (v) whether any backup, archival, or cached copy exists.

G. If there are no Documents or ESI responsive to a particular request, You shall so state in writing.

H. Each request shall be construed independently and no request shall limit the scope of any other request.

I. These requests are subject to the duty of supplementation under Rule 26(e) of the Federal Rules of Civil Procedure. If, after making Your initial production, You obtain or become aware of any further Documents or ESI responsive to these requests, You shall promptly produce such additional Documents or ESI.

## SCHEDULE OF DOCUMENTS AND INFORMATION TO BE PRODUCED

For each of the Subject Accounts, and for the entirety of the Subject Time Period, You are commanded to produce the following:

### I. Account Registration and Basic Subscriber Information

1.      All Basic Subscriber Information for each Subject Account, including but not limited to: the account holder's full name, all names or aliases associated with the account, date of birth, physical address, telephone number(s), alternate or recovery email address(es), security questions and answers, and any other information provided at the time of account creation or subsequently updated.

2.      The date each Subject Account was created (opened) and, if applicable, the date each Subject Account was closed, deactivated, suspended, or terminated, together with the reason for any such closure, deactivation, suspension, or termination.

3.      The current status of each Subject Account (e.g., active, inactive, suspended, disabled, deleted).

### II. Billing and Payment Information

4.      All billing and payment records for each Subject Account, including but not limited to: the method of payment (e.g., credit card, debit card, bank account, gift card, carrier

3

billing), the name on the payment instrument, the billing address, the last four digits of any payment card or account number, and all detailed billing logs reflecting charges, credits, refunds, and payment history.

### III. IP Address and Connection Logs

5.      All IP Addresses used to access, log into, or log out of each Subject Account during the Subject Time Period, together with the date and time (including time zone) of each such access, and a detailed explanation of the event or reason each IP Address was recorded (e.g., account login, account logout, password change, password reset, security alert, access from a new device, access from a new location, account recovery attempt, account settings change, or any other event triggering an IP Address log entry).

6.      All source port numbers associated with each IP Address session identified in response to Request No. 5.

7.      All internet connection logs for each Subject Account during the Subject Time Period, including session duration, connection type, and any associated network identifiers.

### IV. Device Information

8.      All records identifying devices used to access each Subject Account during the Subject Time Period, including but not limited to: device type, device make and model, device name, operating system and version, browser type and version, unique device identifiers (e.g., IMEI, MEID, serial number, Android ID, advertising ID), and MAC Addresses.

9.      All logs reflecting when each device identified in response to Request No. 8 accessed each Subject Account, including the date, time, and IP Address of each such access.

**V. Location Data**

10.     All location data stored, collected, or derived by Google in connection with each Subject Account during the Subject Time Period, including but not limited to: GPS coordinates, Wi-Fi access point data, cell tower data, Bluetooth beacon data, and any location history or timeline data, together with the date and time of each location data point.

11.     All location data associated with or derived from the IP Addresses identified in response to Request No. 5, including geolocation information, city, state, country, and ISP or network provider associated with each IP Address.

**VI. Related and Recovery Accounts**

12.     All recovery email addresses, recovery telephone numbers, and alternate email addresses associated with each Subject Account.

13.     All Google accounts linked to, associated with, or related to each Subject Account, including but not limited to accounts sharing the same recovery information, payment method, device, IP Address, or other common identifiers.

14.     For any recovery email address or related account identified in response to Requests No. 12 and No. 13 that is also hosted, maintained, or administered by Google LLC, all of the information described in Requests No. 1 through No. 13 for each such account.

**VII. Additional Records**

15.     Any and all other records, logs, or data in Your possession, custody, or control that identify or tend to identify the individual(s) who created, own, operate, access, or control each Subject Account.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 26-cv-00580-AMD-VMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).



Daniel Szalkiewicz <daniel@lawdss.com>

## Activity in Case 1:26-cv-00580-AMD-VMS Sanon et al v. Chatterjee et al Scheduling Order

1 message

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>   Mon, Feb 9, 2026 at 9:38 AM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*Additional Security Enhancements Coming Soon\*\*\* For information visit PACER website**

**https://pacer.uscourts.gov/announcements/2025/06/27/additional-security-enhancements-coming-soon**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

### U.S. District Court

### Eastern District of New York

### Notice of Electronic Filing

The following transaction was entered on 2/9/2026 at 9:38 AM EST and filed on 2/9/2026
**Case Name:**        Sanon et al v. Chatterjee et al
**Case Number:**      1:26-cv-00580-AMD-VMS
**Filer:**
**Document Number:** 7

Docket Text:
**ORDER. An initial conference is scheduled for 4/14/2026 at 10:45 AM before Chief Magistrate Judge Vera M. Scanlon via ZoomGov. To gain access to the ZoomGov audio conferencing system, counsel and/or any <u>pro</u> <u>se</u> parties are to dial 1-646-828-7666; enter meeting ID 16121901090 and press the pound key. You will be asked for a participant ID. You do not have one, so simply press the pound key. Then, enter passcode 091622 and press the pound key again. Please note that your microphone will be automatically muted when you enter the virtual conference room. If another conference is underway, please remain on mute until the case is called. At that time, you may unmute your microphone by pressing \*6 on your keypad.**

**The parties must complete the attached Joint Proposed Case Management Plan (CMP) and file it on ECF no later than 4/6/2026. As to any Defendant who or which has not appeared by 3/23/2026, Plaintiff(s) must mail a copy of this Order, its attachment and the full public docket to each last known mailing address for each such Defendant and file proof of service on ECF by 3/30/2026.**

**Ordered by Chief Mag. Judge Vera M. Scanlon on 2/9/2026. (SH)**

**1:26-cv-00580-AMD-VMS Notice has been electronically mailed to:**

Daniel Szalkiewicz      daniel@veridianlegal.com, cali@lawdss.com, lawdss@recap.email

**1:26-cv-00580-AMD-VMS Notice will not be electronically mailed to:**

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**n/a
**Electronic document Stamp:**
[STAMP NYEDStamp_ID=875559751 [Date=2/9/2026] [FileNumber=20787668-0]
[4c195db60d0dbbd42aea11a31e38ca1c23e744d90b1aca0e30aef7c8713506aa5f534
cef6da072af6116f0afcc2b365076401b478e74a5b51553a1def697b28a]]

**CERTIFICATE OF SERVICE**

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on April 10, 2026, I served PLAINTIFFS' NOTICE OF SUBPOENA TO GOOGLE LLC via electronic mail and USPS First Class Mail, RRR, on the individual listed below:

Srijani Chatterjee
214 Atlantic Avenue, 2B
Brooklyn, New York
Email: srijanic91@gmail.com

Dated: April 10, 2026

By: */s/ Daniel S. Szalkiewicz*

# EXHIBIT D

Notice of Subpoena to Stripe, Inc. (April 13, 2026)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, | |
| Plaintiffs, | Case No.: 1:26-cv-00580-AMD-VMS |
| -against- | |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, | |
| Defendants. | |

**PLAINTIFFS' NOTICE OF SUBPOENA TO
NOTICE OF SUBPOENA TO STRIPE, INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiffs Deven Sanon and Simran Hotchandani by and through their attorneys,

Veridian Legal P.C., intend to serve STRIPE, INC., The Corporation, 234 West 39th Street, 8th

Fl. New York, NY 10018, with a subpoena requesting the production of documents and

electronically stored information. A copy of the subpoena to be served is attached.

Dated: April 13, 2026

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
          Cali@VeridianLegal.Com
*Attorneys for Plaintiffs Deven Sanon and Simran
Hotchandani*

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI <br><br> *Plaintiff* <br> v. <br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 <br><br> *Defendant* | ) ) ) ) ) ) )  Civil Action No.  26-cv-00580-AMD-VMS |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To:  STRIPE, INC.*,* The Corporation, 234 West 39th Street, 8th Fl. New York, NY 10018

*(Name of person to whom this subpoena is directed)*

❒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Veridian Legal, P.C., 23 West 73rd Street, Suite 102, New York, NY 10023. Production can be made by email to daniel@veridianlegal.com | Date and Time: <br> within 14 days of service |
|---|---|

❒ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:    4/13/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ <br> *Signature of Clerk or Deputy Clerk* | | _____ <br> *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
DEVEN SANON and SIMRAN HOTCHANDANI _____ , who issues or requests this subpoena, are:
Daniel Szalkiewcz, 23 W. 73rd Street, Suite 102, New York, NY 10023, daniel@veridianlegal.com 212 760 1007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## DOCUMENTS AND INFORMATION TO BE PRODUCED

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control relating to the full transaction history, account information, and payment records for the following Stripe CC Order IDs and Charge IDs:

1. **CC Order ID:** 3d6d199f-c7cb-488d-a3f8-70d94c25f07a

   **Charge ID:** ch_3QHv8xI2aKwfvOvn1d0O0plM

2. **CC Order ID:** 92b2e62f-a024-40fd-b5f4-9e5ed4f82655

   **Charge ID:** ch_3QCOJYI2aKwfvOvn1Lb0BMX0

3. **CC Order ID:** a8e4acf3-a9c1-454c-969a-ee8cd9829e4a

   **Charge ID:** ch_3QCejmI2aKwfvOvn0cFJsWGJ

   For each of the above transactions, produce the following:

4. The complete credit card number associated with the transaction;

5. The account holder's full legal name;

6. The account holder's date of birth;

7. The credit card statement(s) reflecting the transaction(s) identified above;

8. The email address associated with the account;

9. The telephone number associated with the account;

10. The address associated with the account, together with the date each address was entered or updated;

1

11. All mobile payment information associated with the account, including but not limited to Apple Pay, Google Pay, or other digital wallet identifiers linked to the transaction(s);

12. The full transaction history for the account(s) from which the above payments were made, including the date, time, amount, recipient, and description of each transaction;

13. All records identifying the merchant or recipient of each payment, including the merchant's name, Stripe account ID, and contact information;

14. All IP address logs associated with the account at the time each of the above transactions was initiated; and

15. All records reflecting the funding source for each transaction, including bank account information, card network, and issuing bank.

## INSTRUCTIONS

A. **Time Period.** Unless otherwise specified, the time period covered by this subpoena is from January 1, 2020 to the present.

B. **Format of Production.** Documents shall be produced in their native electronic format or, if not available in electronic format, as legible copies. All metadata shall be preserved and produced.

C. **Privilege Log.** If any document responsive to this subpoena is withheld on the basis of any privilege or protection, you shall provide a privilege log identifying each such document with sufficient detail to permit assessment of the claim of privilege, including the date, author, recipient(s), subject matter, and the specific privilege or protection asserted, in accordance with Fed. R. Civ. P. 45(e)(2)(A).

D. **Continuing Obligation.** If, after producing documents in response to this subpoena, you become aware of additional responsive documents, you are requested to produce such documents promptly.

E. **Definitions.** As used herein, "records" and "documents" include all writings, communications, electronically stored information, data, files, logs, databases, and any other tangible or intangible thing containing information, in whatever form or medium.

F. **Manner of Production.** Documents may be produced by delivering them to Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, New York 10023, or by transmitting

2

them electronically to daniel@veridianlegal.com, or by secure file transfer to a location designated by Plaintiffs' counsel.

G. **Objections.** Pursuant to Fed. R. Civ. P. 45(d)(2)(B), any objection to this subpoena must be served on Plaintiffs' counsel before the earlier of the time specified for compliance or 14 days after the subpoena is served.

H. **Cost of Production.** Plaintiffs will bear the reasonable cost of production, if any, upon submission of an invoice.

## <u>NOTICE PURSUANT TO FED. R. CIV. P. 45</u>

The provisions of Fed. R. Civ. P. 45(d) and (e) relating to your obligations in responding to this subpoena and the potential consequences of not doing so are as follows:

**Duty to Respond.** A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. Fed. R. Civ. P. 45(d)(2)(B).

**Protection of Persons Subject to Subpoenas.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction, which may include lost earnings and reasonable attorney's fees, on a party or attorney who fails to comply. Fed. R. Civ. P. 45(d)(1).

**Contempt.** The court for the district where compliance is required may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it. Fed. R. Civ. P. 45(g)

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 26-cv-00580-AMD-VMS

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❑ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❑ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

 Gmail

Daniel Szalkiewicz <daniel@lawdss.com>

## Activity in Case 1:26-cv-00580-AMD-VMS Sanon et al v. Chatterjee et al Set Motion and R&R Deadlines/Hearings

1 message

**ecf_bounces@nyed.uscourts.gov** <ecf_bounces@nyed.uscourts.gov>          Fri, Apr 10, 2026 at 8:39 AM
To: nobody@nyed.uscourts.gov

**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mailbox is unattended.**

**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court**

**Eastern District of New York**

## Notice of Electronic Filing

The following transaction was entered on 4/10/2026 at 8:39 AM EDT and filed on 4/10/2026
**Case Name:**          Sanon et al v. Chatterjee et al
**Case Number:**       1:26-cv-00580-AMD-VMS
**Filer:**
**Document Number:** No document attached

**Docket Text:**
**ORDER. As discussed during the 4/7/2026 conference, Defendant's address for service of filings is 214 Atlantic Avenue, Apartment # 2, Brooklyn, NY 11201; if and when counsel appears on her behalf, counsel will receive service of the filings. The Court notes that Defendant raised her counsel's impending appearance in this action as early as 2/24/2026. See ECF No. [9] at 3 (SEALED).**

**Defendant is to submit a reply in further support of her motion for entry of a protective order by 4/10/2026.**

**In consultation with the District Judge's chambers, by 5/8/2026, Plaintiffs are to file their opposition to Defendant's motion to dismiss, and, by 5/22/2026, Defendant is to file her reply in further support of the motion to dismiss.**

**At this time, discovery as to two categories of items will proceed: first, non-party discovery from social media entities and internet service providers and, second, jurisdictional discovery, both pertaining to service of process and diversity jurisdiction. All other discovery is currently stayed.**

**Defendant is reminded of the need to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, the Individual Rules of the District Judge and the undersigned's Individual Practice Rules, all of which are publicly available on the Court's website. The**

**Court notes that a manual for pro se litigants is also publicly available on the Courts website: https://www.nyed.uscourts.gov/index.php/representing-yourself.**

**The Court will mail a copy of this Order to Srijani Chatterjee at 214 Atlantic Avenue, Apartment # 2, Brooklyn, NY 11201. Ordered by Chief Mag. Judge Vera M. Scanlon on 4/10/2026. (SH)**

**1:26-cv-00580-AMD-VMS Notice has been electronically mailed to:**

Daniel Szalkiewicz     daniel@veridianlegal.com, cali@lawdss.com, lawdss@recap.email

Srijani Chatterjee     srijanic91@gmail.com

**1:26-cv-00580-AMD-VMS Notice will not be electronically mailed to:**

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on April 13, 2026, I served PLAINTIFFS' NOTICE OF SUBPOENA TO STRIPE, INC. via electronic mail and USPS First Class Mail on the individual listed below:

Srijani Chatterjee
214 Atlantic Avenue, 2
Brooklyn, New York
Email: srijanic91@gmail.com

Dated: April 13, 2026

By: */s/ Daniel S. Szalkiewicz*

2

# EXHIBIT E

Notice of Subpoena to Allison Viverette (April 13, 2026)

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>Plaintiffs,<br><br>-against-<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br>Defendants. | Case No.: 1:26-cv-00580-AMD-VMS |

**PLAINTIFFS' NOTICE OF SUBPOENA TO**
**NOTICE OF SUBPOENA TO STARRY INC.**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiffs Deven Sanon and Simran Hotchandani by and through their attorneys,

Veridian Legal P.C., intend to serve Allison Viverette, 189 Penhurst Dr., Pittsburgh, PA 15235,

with a subpoena requesting the production of documents and electronically stored information. A

copy of the subpoena to be served is attached.

Dated: April 13, 2026

> By: */s/ Daniel S. Szalkiewicz*
> VERIDIAN LEGAL P.C.
> 23 West 73rd Street, Suite 102
> New York, New York 10023
> Telephone: (212) 706-1007
> Facsimile: (914) 500-2315
> Email: Daniel@VeridianLegal.Com
>         Cali@VeridianLegal.Com
> *Attorneys for Plaintiffs Deven Sanon and Simran*
> *Hotchandani*

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 26-cv-00580-AMD-VMS |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 | ) |
| | ) |
| | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Allison Viverette 189 Penhurst Dr
Pittsburgh, PA 15235

*(Name of person to whom this subpoena is directed)*

❑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Veridian Legal, P.C., 23 West 73rd Street, Suite 102, New York, NY 10023. Production can be made by email to daniel@veridianlegal.com | Date and Time: within 14 days of service |
|---|---|

❑ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 4/13/2026

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                 *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
DEVEN SANON and SIMRAN HOTCHANDANI _____ , who issues or requests this subpoena, are:
Daniel Szalkiewcz, 23 W. 73rd Street, Suite 102, New York, NY 10023, daniel@veridianlegal.com 212 760 1007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 26-cv-00580-AMD-VMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $        0        .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## SCHEDULE A

## DOCUMENTS TO BE PRODUCED

1. All leases, rental agreements, sublease agreements, roommate agreements, or other occupancy agreements relating to 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 from September 1, 2025 to the present, including any agreement to which you or Defendant Srijani Chatterjee is a party.

2. All documents reflecting payments received by you from Defendant Srijani Chatterjee, including but not limited to PayPal transaction records, Venmo records, Zelle records, bank deposit records, checks, and any other records of payment, from September 1, 2025 to the present.

3. All communications between you and Defendant Srijani Chatterjee from September 1, 2025 to the present relating to: (a) the living arrangement at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201; (b) rent, deposits, or other housing-related payments; (c) Defendant's residence, location, or travel; or (d) the receipt or delivery of mail, packages, or legal papers at that address.

4. All communications between you and any landlord, property manager, or property owner relating to 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 from September 1, 2025 to the present.

5. All documents reflecting who resided at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 from September 1, 2025 to the present, including but not limited to lease applications, utility account records, and correspondence with the landlord or property manager identifying tenants or occupants.

1

6. All documents reflecting Defendant Srijani Chatterjee's physical presence at or absence from 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 from September 1, 2025 to the present, including but not limited to text messages, emails, or other communications referencing Defendant's location.

7. All documents reflecting the receipt or delivery of mail, packages, or legal papers at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 addressed to Defendant Srijani Chatterjee from September 1, 2025 to the present.

8. All photographs taken at or depicting 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 from September 1, 2025 to the present that depict Defendant Srijani Chatterjee, Defendant's personal belongings, or the interior of the apartment.

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on April 13, 2026, I served PLAINTIFFS' NOTICE OF SUBPOENA on Allison Viverette. via electronic mail and USPS First Class Mail on the individual listed below:

Srijani Chatterjee
214 Atlantic Avenue, 2
Brooklyn, New York
Email: srijanic91@gmail.com

Dated: April 13, 2026

By: */s/ Daniel S. Szalkiewicz*

2

# EXHIBIT F

Court Order dated February 9, 2026 (Scheduling Order)

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

*Sanon et al v. Chatterjee*

**Case No. 1:26-cv-00580 (AMD) (VMS)**

**Docket Entry 7 — 02/09/2026**

ORDER. An initial conference is scheduled for 4/14/2026 at 10:45 AM before Chief Magistrate Judge Vera M. Scanlon via ZoomGov. To gain access to the ZoomGov audio conferencing system, counsel and/or any pro se parties are to dial 1-646-828-7666; enter meeting ID 16121901090 and press the pound key. You will be asked for a participant ID. You do not have one, so simply press the pound key. Then, enter passcode 091622 and press the pound key again. Please note that your microphone will be automatically muted when you enter the virtual conference room. If another conference is underway, please remain on mute until the case is called. At that time, you may unmute your microphone by pressing *6 on your keypad.

The parties must complete the attached Joint Proposed Case Management Plan (CMP) and file it on ECF no later than 4/6/2026. As to any Defendant who or which has not appeared by 3/23/2026, Plaintiff(s) must mail a copy of this Order, its attachment and the full public docket to each last known mailing address for each such Defendant and file proof of service on ECF by 3/30/2026.

Ordered by Chief Mag. Judge Vera M. Scanlon on 2/9/2026. (SH) (Entered: 02/09/2026)

# EXHIBIT G

Court Order dated April 10, 2026 (Discovery Limitations)

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

*Sanon et al v. Chatterjee*

## Case No. 1:26-cv-00580 (AMD) (VMS)

**Docket Entry — 04/10/2026**

ORDER. As discussed during the 4/7/2026 conference, Defendant's address for service of filings is 214 Atlantic Avenue, Apartment # 2, Brooklyn, NY 11201; if and when counsel appears on her behalf, counsel will receive service of the filings. The Court notes that Defendant raised her counsel's impending appearance in this action as early as 2/24/2026. See ECF No. 9 at 3 (SEALED).

Defendant is to submit a reply in further support of her motion for entry of a protective order by 4/10/2026.

In consultation with the District Judge's chambers, by 5/8/2026, Plaintiffs are to file their opposition to Defendant's motion to dismiss, and, by 5/22/2026, Defendant is to file her reply in further support of the motion to dismiss.

At this time, discovery as to two categories of items will proceed: first, non-party discovery from social media entities and internet service providers and, second, jurisdictional discovery, both pertaining to service of process and diversity jurisdiction. All other discovery is currently stayed.

Defendant is reminded of the need to comply with the Federal Rules of Civil Procedure, the Local Civil Rules, the Individual Rules of the District Judge and the undersigned's Individual Practice Rules, all of which are publicly available on the Court's website. The Court notes that a manual for pro se litigants is also publicly available on the Courts website: https://www.nyed.uscourts.gov/index.php/representing-yourself.

The Court will mail a copy of this Order to Srijani Chatterjee at 214 Atlantic Avenue, Apartment # 2, Brooklyn, NY 11201. Ordered by Chief Mag. Judge Vera M. Scanlon on 4/10/2026. (SH) (Entered: 04/10/2026)

# EXHIBIT H

Affirmation of Counsel for Google LLC (State Court, Jan. 23, 2026)

Case 1:26-cv-00580-AMD-VMS Document 34 Filed 04/16/26 Page 106 of 167 PageID #: 733

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| Deven Sanon and Simran Hotchandani, | Index No.: 818359/2025E |
| Petitioners, | |
| - against - | **GOOGLE LLC'S AFFIRMATION OF COUNSEL IN RESPONSE TO MOTION TO QUASH** |
| Meta Platforms, Inc., et al., | |
| Respondents. | |

I, Jeffrey Vanacore, am an attorney at law duly admitted to practice before the courts of the State of New York and am Senior Counsel at the law firm of Perkins Coie LLP, attorneys for Respondent Google LLC (Google). I affirm that the following statements are true based on personal knowledge or upon information and belief.

1. Petitioners Deven Sanon and Simran Hotchandani (Petitioners) have filed a petition for pre-action discovery under CPLR 3102(c) to compel Google to produce non-content basic subscriber information (BSI) for the Gmail account tater9838@gmail.com (Gmail Account), which is allegedly associated with the person who created certain websites that have defamed Petitioners. *See* NYSCEF Doc. No. 12.

2. Google and Petitioners entered a Stipulated Order whereby Google would provide 21-days' notice to the Gmail Account and produce BSI if the user did not file timely objections with the Court. *See* NYSCEF Doc. No. 24. In compliance with the Stipulated Order, Google notified the Gmail Account about this proceeding via email on November 18, 2025, and a party identified as "Jane Doe" filed a Motion to Quash in response to Google's notice email. *See* NYSCEF Doc. No. 33.

Case 1:26-cv-00580-AMD-VMS    Document 34    Filed 04/16/26    Page 107 of 167 PageID
#: 734

3.  On January 15, 2026, the Court entered a scheduling order that, among other things, scheduled Jane Doe's Motion to Quash for hearing on February 2, 2026 and required Google to provide a copy of the scheduling order to the Gmail Account. Google complied with that order by emailing the Gmail Account a copy of the scheduling order on January 16, 2026, and by emailing the Gmail Account the Microsoft Teams link for the hearing on January 21, 2026.

4.  Google otherwise takes no position on the merits of Jane Doe's Motion to Quash and awaits the Court's ruling as to whether Petitioners have made the requisite showing under CPLR 3102(c) of the existence of a meritorious cause of action and the necessity of the information sought by their petition. *See Uddin v. N.Y.C. Transit Auth.*, 27 A.D.3d 265, 266 (1st Dep't 2006).

DATED: January 23, 2026

PERKINS COIE LLP

By: */s/ Jeffrey Vanacore*
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-262-6912
JVanacore@perkinscoie.com

*Attorneys for Respondent Google LLC*

## CERTIFICATION PURSUANT TO 22 NYCRR § 202.8-b

I hereby certify that this affirmation complies with the word count limit set forth in 22 NYCRR § 202.8-b, because it contains 334 words, excluding the parts exempted by § 202.8-b(b). In preparing this certification, I have relied on the word count of the word-processing system used to prepare this affirmation.

DATED: January 23, 2026

Respectfully submitted,

By: */s/ Jeffrey Vanacore*

2

# EXHIBIT I

Affirmation of Counsel for Meta Platforms, Inc. (State Court, Jan. 23, 2026)

Case 1:26-cv-00580-AMD-VMS Document 34 Filed 04/16/26 Page 109 of 167 PageID #: 736

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

| | |
|---|---|
| Deven Sanon and Simran Hotchandani, | Index No.: 818359/2025E |
| Petitioners, | |
| - against - | **META PLATFORMS, INC.'S AFFIRMATION OF COUNSEL IN RESPONSE TO MOTION TO QUASH** |
| Meta Platforms, Inc., et al., | |
| Respondents. | |

I, Jeffrey Vanacore, am an attorney at law duly admitted to practice before the courts of the State of New York and am Senior Counsel at the law firm of Perkins Coie LLP, attorneys for Respondent Meta Platforms, Inc. (Meta). I affirm that the following statements are true based on personal knowledge or upon information and belief.

1. Petitioners Deven Sanon and Simran Hotchandani (Petitioners) have filed a petition for pre-action discovery under CPLR 3102(c) to compel Meta to produce non-content basic subscriber information (BSI) for Facebook accounts responsible for several allegedly defamatory Facebook posts about Petitioners. *See* NYSCEF Doc. No. 12.

2. Meta and Petitioners entered a Stipulated Order whereby Meta would provide 21-days' notice to the Facebook users affected by the petition and produce BSI if the users did not file timely objections with the Court. *See* NYSCEF Doc. No. 30.[1] In compliance with the Stipulated Order, Meta notified the affected Facebook users about this proceeding via email on November 19, 2025, and a party identified as "Jane Doe" filed a Motion to Quash in response to Meta's notice emails. *See* NYSCEF Doc. No. 33.

---

[1] In light of the volume of posts listed in the petition, Meta and Petitioners agreed to limit the Stipulated Order to the Facebook accounts responsible for the subset of posts listed in footnote 1 of the order. *See* NYSCEF Doc. No. 30.

Case 1:26-cv-00580-AMD-VMS    Document 34    Filed 04/16/26    Page 110 of 167 PageID #: 737

3.  On January 15, 2026, the Court entered a scheduling order that, among other things, scheduled Jane Doe's Motion to Quash for hearing on February 2, 2026 and required Meta to provide a copy of the scheduling order to the affected Facebook users. Meta complied with that order by emailing the affected Facebook users a copy of the scheduling order on January 16, 2026, and by emailing the affected Facebook users the Microsoft Teams link for the hearing on January 20, 2026.

4.  Meta otherwise takes no position on the merits of Jane Doe's Motion to Quash and awaits the Court's ruling as to whether Petitioners have made the requisite showing under CPLR 3102(c) of the existence of a meritorious cause of action and the necessity of the information sought by their petition. *See Uddin v. N.Y.C. Transit Auth.*, 27 A.D.3d 265, 266 (1st Dep't 2006).

DATED: January 23, 2026

PERKINS COIE LLP

By: _/s/ Jeffrey Vanacore_
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-262-6912
JVanacore@perkinscoie.com

*Attorneys for Respondent Meta Platforms, Inc.*

**CERTIFICATION PURSUANT TO 22 NYCRR § 202.8-b**

I hereby certify that this affirmation complies with the word count limit set forth in 22 NYCRR § 202.8-b, because it contains 333 words, excluding the parts exempted by § 202.8-b(b). In preparing this certification, I have relied on the word count of the word-processing system used to prepare this affirmation.

DATED: January 23, 2026

Respectfully submitted,

By: /s/ Jeffrey Vanacore

2

# EXHIBIT J

Affirmation of Counsel for Starry Inc. (State Court, Jan. 23, 2026)

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

|  |  |
|---|---|
| Deven Sanon and Simran Hotchandani,<br><br>     Petitioners,<br><br> - against -<br><br>Meta Platforms, Inc., et al.,<br><br>     Respondents. | Index No.: 818359/2025E<br><br><br>**AFFIRMATION OF COUNSEL FOR STARRY INC. IN RESPONSE TO MOTION TO QUASH** |

RACHEL IZOWER, an attorney duly admitted to practice in the Courts of the State of New York, affirms the following statements to be true under the penalties of perjury, pursuant to Rule 2160 of the CPLR:

1. I am a partner in the law firm, Izower Lefton, LLP, attorneys for Respondent Starry, Inc. ("Starry"). The statements in this affirmation are based on my personal knowledge and on the filings in this case.

2. Petitioners Deven Sanon and Simran Hotchandani ("Petitioners") have filed an amended petition for pre-action discovery under CPLR 3102(c) to compel Starry, Inc. to produce non-content basic subscriber information ("BSI") for the IP address: 38.15.239.148 on December 14, 2024 at 6:26:31 PM ("IP Address").

3. Starry and Petitioners entered a Stipulated Order whereby Starry would provide 21-days' notice to the user associated with the IP Address and produce BSI if the user did not file timely objections with the Court. The stipulation was so ordered on November 20, 2025. *See* NYSCEF 32. In compliance with the Stipulated Order, Starry notified the user of the IP Address about this proceeding via email on November 25, 2025.

4. On December 3, 2025, a party identified as "Jane Doe" filed a Motion to Quash pre-

action discovery requests issued to Google and Meta. *See* NYSCEF Doc. No. 33.

5.      On November 26, 27, and 28, 2025, Jane Doe notified me that she had filed a motion to quash, provided me with copies of the papers, and proof of mailing.

6.      On January 13, 2026 and again on January 19, 2026, Jane Doe provided me with copies of an amended notice of motion and an amended notice of motion supplemental motion to quash with supporting papers, explicitly directed at the discovery sought from Starry, Inc. (and other entities). Jane Doe also informed me on January 14, 2026 that "all 3 motions have been refiled" and that she understood that they "should be on the docket by the end of the working week."

7.      On January 15, 2026, the Court signed an order that was uploaded on January 21, 2026, NYSCEF 42 ("Order"). The Order, among other things, scheduled Jane Doe's Motion to Quash (NYSCEF 33 and 34) for hearing on February 2, 2026 and required Starry to provide a copy of the scheduling order and the Microsoft Teams link for the February 2 hearing to the user of the IP Address by email. Starry complied with that order on January 22, by sending both to the only email address Starry has for Jane Doe, which is the same email address which Jane Doe used to serve Starry with her papers in this matter. Starry will further comply with the order by providing a copy of this affirmation to Jane Doe at the same email address immediately after uploading it to NYSCEF.

8.      Starry otherwise takes no position on the merits of Jane Doe's Motion to Quash that has been uploaded on NYSCEF or on the amended or supplemental motion to quash that has been served on Starry but has not yet been uploaded to NYSCEF.

9.      Starry will withhold the requested BSI pending the Court's ruling.

Dated: January 23, 2026

                                        /s/Rachel Izower
                                        Rachel Izower

WORD COUNT CERTIFICATION

I hereby certify pursuant to 22 NYCRR § 202.8-b that this affirmation contains 522 words excluding the caption and signature block. In preparing this certification, I have relied on the word count of the word-processing system used to prepare this affirmation.

DATED: January 23, 2026

/s/Rachel Izower
Izower Lefton, LLP
1325 Franklin Ave., Ste. 255
Garden City, NY 11530
646-448-9011
rizower@izowerlefton.com
*Attorneys for Respondent Starry Inc.*

# EXHIBIT K

Order, Supreme Court of New York, County of Bronx (Feb. 2, 2026)

Case 1:26-cv-00580-AMD-VMS   Document 34   Filed 04/16/26   Page 116 of 167 PageID #: 743

SUPREME COURT OF THE STATE OF NEW YORK COUNTY OF BRONX,
PART: IAS-22
------------------------------------------------X,

DEVEN SANON et al,

                    Plaintiff(s)/Petitioner(s),

                  -against-

META PLATFORMS, INC. et al,

                  Defendant(s)/Respondent(s).

        **Index No.**  818359/2025E

        **Hon.**    MARISSA SOTO

             Justice Supreme Court

------------------------------------------------X

The following papers NYSCEF Doc. No. 33, Read on this motion, (Seq No. __)
Noticed on _____and duly submitted as NYSCEF Doc. No. _____>

| Papers | NYSCEF Doc. No. |
|---|---|
| Notice of Motion - Order to Show Cause - Exhibits and Affidavits Annexed | 33-34 |
| Answering Affidavit and Exhibits | |
| Replying Affidavit and Exhibits | |
| Other: Stipulation/Letter | |

A hybrid oral argument was held on February 2, 2026 at 9:30 AM. Appearances were made by Petitioners, Respondents META PLATFORMS, INC. GOOGLE LLC., STARRY, INC., and Non-Party JANE DOE. It is hereby

**ORDERED** that the instant matter is stayed until February 18, 2026; and it is further

**ORDERED** that the parties are to file a stipulation of discontinuance in accordance with the Court's directives; and it is further

**ORDERED** that the hybrid oral argument is adjourned to February 18, 2026 at 9:30 AM EST/ 5:30 PM AST, either in Courtroom 709 or via Microsoft Teams; and it is further

**ORDERED** that if the stipulation of discontinuance is submitted prior to the adjourned conference, then no appearance is necessary; and it is further

**ORDERED** that Respondent META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. are to serve a copy of this Order, and the Microsoft Teams link for the hybrid hearing on JANE DOE via all of JANE DOE's email addresses including the email address(es) used to serve Respondents META PLATFORMS, INC., GOOGLE LLC, and STARRY, INC. the Motion to Squash Pre-Action Discovery; and it is further

**ORDERED** that a copy of this Order be served on JANE DOE within two (2) days hereof.

This constitutes the order of the Court.

Dated: 2/2/2026

Hon. _____
             MARISSA SOTO, J.S.C.

*Motion is Respectfully Referred to Justice:*
*Dated:* _____

1. CHECK ONE.............................
2. MOTION IS.............................
3. CHECK IF APPROPRIATE..........

☐ CASE DISPOSED IN ITS ENTIRETY     ☐ CASE STILL ACTIVE

☐ GRANTED   ☐ DENIED   ☐ GRANTED IN PART    ☐ OTHER

☐ SETTLE ORDER    ☐ SUBMIT ORDER    ☐ SCHEDULE APPEARANCE

☐ FIDUCIARY APPOINTMENT     ☐ REFEREE APPOINTMENT

☐ NEXT APPEARANCE DATE: _____

# EXHIBIT L

Stipulation of Discontinuance - Google (State Court)

Case 1:26-cv-00580-AMD-VMS    Document 34    Filed 04/16/26    Page 118 of 167 PageID #: 745

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

                              Petitioners,

   -   against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.org, PBC,

                              Respondents.

**STIPULATION OF DISCONTINUANCE WITHOUT PREJUDICE**

Index No.:  818359/2025E

IT IS HEREBY STIPULATED AND AGREED by and between Petitioners Deven Sanon and Simran Hotchandani ("Petitioners") and Respondent Google LLC. ("Google"), acting by their undersigned attorneys, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above-entitled action be, and the same is hereby discontinued, without prejudice, solely with respect to Google, without costs or attorneys' fees to either party stated herein as against the other.

IT IS ALSO HEREBY STIPULATED AND AGREED that this stipulation may be executed in any number of counterparts and transmitted by facsimile, digitally or by similar means, and the reproduction of signatures by facsimile or digitally, or by similar means, shall be treated as binding as if originals.

1

Case 1:26-cv-00580-AMD-VMS    Document 34    Filed 04/16/26    Page 119 of 167 PageID #: 746

Dated: New York, New York
        February 4, 2026

VERIDIAN LEGAL P.C.

By:_____*/s/ Daniel S. Szalkiewicz*_____
Daniel S. Szalkiewicz
Cali P. Madia
23 West 73rd Street, Suite 102
New York, New York 10023
212-706-1007
daniel@veridianlegal.com
cali@veridianlegal.com
*Attorneys for Petitioner Deven Sanon and Simran Hotchandani*

PERKINS COIE LLP

By:_____*/s/ Jeffrey D. Vanacore*_
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-262-6912
JVanacore@perkinscoie.com
*Attorneys for Respondent Google LLC.*

2

# EXHIBIT M

Stipulation of Discontinuance - Meta / Starry (State Court)

Case 1:26-cv-00580-AMD-VMS    Document 34    Filed 04/16/26    Page 121 of 167 PageID #: 748

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

                             Petitioners,

   -  against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.org, PBC,

                             Respondents.

**STIPULATION OF DISCONTINUANCE WITHOUT PREJUDICE**

Index No.: 818359/2025E

IT IS HEREBY STIPULATED AND AGREED by and between Petitioners Deven Sanon and Simran Hotchandani ("Petitioners") and Respondent Meta Platforms, Inc. ("Meta"), acting by their undersigned attorneys, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above-entitled action be, and the same is hereby discontinued, without prejudice, solely with respect to Meta, without costs or attorneys' fees to either party stated herein as against the other.

IT IS ALSO HEREBY STIPULATED AND AGREED that this stipulation may be executed in any number of counterparts and transmitted by facsimile, digitally or by similar means, and the reproduction of signatures by facsimile or digitally, or by similar means, shall be treated as binding as if originals.

1

Dated: New York, New York
February 4, 2026

VERIDIAN LEGAL P.C.

By:_____/s/ *Daniel S. Szalkiewicz*_____
Daniel S. Szalkiewicz
Cali P. Madia
23 West 73rd Street, Suite 102
New York, New York 10023
212-706-1007
daniel@veridianlegal.com
cali@veridianlegal.com
*Attorneys for Petitioner Deven Sanon and Simran Hotchandani*

PERKINS COIE LLP

By:_____/s/ Jeffrey D. Vanacore_____
Jeffrey D. Vanacore
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036
212-262-6912
JVanacore@perkinscoie.com
*Attorneys for Respondent Meta Platforms, Inc.*

2

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF BRONX**

Deven Sanon and Simran Hotchandani,

                             Petitioners,

    -   against  -

Meta Platforms, Inc., Namecheap, Inc., and Change.org, PBC,

                             Respondents.

**STIPULATION OF DISCONTINUANCE WITHOUT PREJUDICE**

Index No.:  818359/2025E

IT IS HEREBY STIPULATED AND AGREED by and between Petitioners Deven Sanon and Simran Hotchandani ("Petitioners") and Respondent Starry, Inc. ("Starry"), acting by their undersigned attorneys, that whereas no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party has an interest in the subject matter of the action, that the above-entitled action be, and the same is hereby discontinued, without prejudice, solely with respect to Starry, without costs or attorneys' fees to either party stated herein as against the other.

IT IS ALSO HEREBY STIPULATED AND AGREED that this stipulation may be executed in any number of counterparts and transmitted by facsimile, digitally or by similar means, and the reproduction of signatures by facsimile or digitally, or by similar means, shall be treated as binding as if originals.

1

Case 1:26-cv-00580-AMD-VMS    Document 34    Filed 04/16/26    Page 124 of 167 PageID #: 751

Dated: New York, New York
       February 4, 2026

                              VERIDIAN LEGAL P.C.

                              By:_____*/s/ Daniel S. Szalkiewicz*_____
                              Daniel S. Szalkiewicz
                              Cali P. Madia
                              23 West 73rd Street, Suite 102
                              New York, New York 10023
                              212-706-1007
                              daniel@veridianlegal.com
                              cali@veridianlegal.com
                              *Attorneys for Petitioner Deven Sanon and Simran Hotchandani*

                              IZOWER LEFTON, LLP

                              By:_____*/s/ Rachel Izower*_____
                              Rachel Izower
                              1325 Franklin Ave., Ste. 255
                              Garden City, NY 11530
                              646-448-9011
                              rizower@izowerlefton.com
                              *Attorneys for Respondent Starry Inc.*

2

# EXHIBIT N

Plaintiffs' First Set of Interrogatories (Jurisdictional Discovery)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br><div align="center">Plaintiffs,</div><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br><div align="center">Defendants.</div> | Case No. 1:26-cv-00580-AMD-VMS<br><br>**PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT SRIJANI CHATTERJEE**<br><br>**(Jurisdictional Discovery)** |

Pursuant to Federal Rules of Civil Procedure 26 and 33, Plaintiffs Deven Sanon and Simran Hotchandani ("Plaintiffs"), by and through their attorneys, Veridian Legal P.C., hereby propound the following Interrogatories upon Defendant Srijani Chatterjee ("Defendant"). Defendant is required to answer each Interrogatory separately and fully, in writing and under oath, within thirty (30) days of service hereof, in accordance with Fed. R. Civ. P. 33(b).

<div align="center"><u>DEFINITIONS AND INSTRUCTIONS</u></div>

1.  "You," "Your," and "Defendant" refer to Srijani Chatterjee, individually and in any capacity.

2.  "Document" or "Documents" has the broadest meaning permitted under Fed. R. Civ. P. 34(a) and includes all writings, recordings, electronically stored information, and tangible things of any kind, whether in paper, electronic, or any other form.

3.  "Communication" means any exchange of information, whether oral, written, or electronic, including but not limited to letters, emails, text messages, WhatsApp messages, social media messages, and telephone calls.

4.  "Person" includes any natural person, corporation, partnership, association, governmental entity, or other legal entity.

<div align="center">1</div>

5.  "Identify" when used with respect to a person means to state the person's full name, last known address, telephone number, email address, and relationship to you. "Identify" when used with respect to a document means to state the type of document, its date, author, recipient(s), subject matter, and present location or custodian.

6.  "Address" means a street address, city, state or province, country, and postal code.

7.  "Residence" means any location at which you have maintained a dwelling, apartment, house, room, or other living quarters.

8.  The relevant time period for these Interrogatories is January 1, 2021 through the present, unless otherwise specified.

9.  If you object to any Interrogatory, state the specific grounds for the objection and answer the Interrogatory to the extent not objectionable.

10. These Interrogatories are continuing in nature. If you obtain additional information responsive to any Interrogatory after serving your answers, you are required to supplement your responses pursuant to Fed. R. Civ. P. 26(e).

## **INTERROGATORIES**

**I. DOMICILE AND RESIDENCY**

**INTERROGATORY NO. 1:**

State every address at which you have resided, maintained a dwelling, or stayed for a period of more than fourteen (14) consecutive days from January 1, 2021 to the present, and for each address, state: (a) the complete address; (b) the dates during which you resided, maintained a dwelling, or stayed at that address; (c) whether you owned, leased, or subleased the premises, or were a guest or licensee; (d) the name of the landlord, property owner, or host; (e) whether

2

you received mail at that address; (f) whether you kept personal belongings, furniture, or clothing at that address; and (g) whether any other person resided with you at that address, and if so, identify each such person.

**INTERROGATORY NO. 2:**

State your current domicile, including: (a) the country, state or province, and city in which you claim to be domiciled; (b) the date on which you claim to have established that domicile; (c) the address at which you reside in that domicile; and (d) all facts upon which you rely to support your claim of domicile at that location, including but not limited to voter registration, driver's license or government-issued identification, vehicle registration, bank accounts, tax filings, employment, property ownership, location of professional service providers, and membership in religious organizations, social clubs, or other associations.

**INTERROGATORY NO. 3:**

State whether you have applied for, obtained, or maintained any immigration status in the United States from January 1, 2021 to the present, including but not limited to any visa (specifying the visa classification), adjustment of status application, employment authorization, advance parole, or any other immigration benefit, and for each, state: (a) the date of application; (b) the USCIS and (c) the address you listed on each application or form submitted to USCIS or any other immigration authority.

**INTERROGATORY NO. 4:**

State whether you have held, opened, or maintained any bank accounts, financial accounts, credit card accounts, PayPal accounts, or investment accounts in the United States from January 1, 2021 to the present, and for each account, state the name of the financial institution;.

**INTERROGATORY NO. 5:**

3

State whether you have been employed or engaged in any work, business, or professional activity in the State of New York from January 1, 2021 to the present.

**INTERROGATORY NO. 6:**

State whether you currently hold or have held at any time from January 1, 2021 to the present a driver's license, state identification card, or government-issued identification from any state of the United States or any foreign country, and for each, state the issuing jurisdiction.

**INTERROGATORY NO. 7:**

Identify the name and address of every physician, dentist, therapist, mental health provider, lawyer, accountant, and other professional service provider you have used in the United States from January 1, 2024 to the present.

**INTERROGATORY NO. 8:**

State whether you have owned any real property in the United States or any foreign country from January 1, 2021 to the present, and for each property, state and the address,

**INTERROGATORY NO. 9:**

State whether you maintained any insurance policies (including health insurance, automobile insurance, renter's insurance, or homeowner's insurance) in the United States from January 1, 2024 to the present.

**II. DEVICES, INTERNET ACCESS, AND ONLINE ACCOUNTS**

**INTERROGATORY NO. 10:**

Identify all electronic devices (including but not limited to mobile phones, tablets, laptops, and desktop computers) used by you to access any financial account, email account, or social media account from January 1, 2021 to the present, and for each device, state: (a) the device type and manufacturer; (b) the approximate dates during which you used the device; and (c) the location(s) from which such device was primarily used.

**INTERROGATORY NO. 11:**

Identify all accounts you have maintained from January 1, 2021 to the present on any financial, payment, email, or social media platform, including but not limited to PayPal, Venmo, Zelle, Cash App, Gmail, Yahoo Mail, iCloud, Instagram, Facebook, X (formerly Twitter), YouTube, TikTok, and LinkedIn, and for each account, state: (a) the username or account identifier; (b) the email address associated with the account; (c) the phone number associated with the account; and (d) the dates during which the account was active.

### III. CONTACTS WITH NEW YORK

**INTERROGATORY NO. 12:**

State the dates and approximate duration of each period during which you were physically present in the State of New York from January 1, 2025 to the present, and for each such period, state: (a) the dates of arrival and departure; (b) the address at which you stayed; (c) the purpose of your presence; and (d) whether you traveled to or from New York using any airline, and if so, the airline and flight information.

**INTERROGATORY NO. 13:**

State whether you have filed any lawsuit, petition, application, or other legal proceeding in any court or administrative body in the State of New York from January 1, 2021 to the present, and for each, state: (a) the caption and index or case number; (b) the court or body; (c) the date filed; and (d) the address you listed on any filings in that proceeding.

**INTERROGATORY NO. 14:**

State whether you have, at any time from January 1, 2021 to the present, represented to any court, government agency, landlord, employer, financial institution, or other entity that you are a resident of the State of New York.

### IV. SERVICE OF PROCESS

**INTERROGATORY NO. 15:**

State whether you were physically present at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 on February 3, 2026, and if so, state: (a) the approximate times during which you were present at that address on that date; and (b) whether you received any documents from any person at that address on that date.

**INTERROGATORY NO. 16:**

State your precise physical location (country, city, and address) on each of the following dates: (a) February 2, 2026; (b) February 3, 2026; (c) February 23, 2026; (d) February 24, 2026; and (e) March 9, 2026. For each date identified above, state whether you were physically present in the State of New York at any time on that date. If your answer is anything other than an unqualified "yes," state your complete physical location (country, city, and address) for that date and identify all facts and records supporting your answer.

**INTERROGATORY NO. 17:**

State every date on which you traveled into or out of the United States from January 1, 2024 to the present, sufficient to identify your location and travel patterns to or from the United States, and for each trip, state: (a) the date of departure; (b) the date of arrival; (c) the port of entry or departure; (d) the country traveled to or from; and (e) the passport used. If you contend that you have not traveled into or out of the United States at any time during that period, produce documents sufficient to show your last travel into or out of the United States prior to January 1, 2024, including the dates, locations, and manner of such travel.

**INTERROGATORY NO. 18:**

With respect to each declaration, sworn statement, or affidavit submitted, filed, or relied upon by you in connection with your Motion to Dismiss, identify the document and state: (a) the

6

identity of the purported declarant or affiant; (b) the date of execution; (c) the details regarding how the document was prepared, obtained, and transmitted to you; and (d) all communications with the purported declarant or affiant relating to the document.

**INTERROGATORY NO. 19:**

Identify all persons who participated in the drafting, preparation, editing, or review of any pleading, motion, memorandum, declaration, or other filing submitted by you in this action, and for each such person, describe the nature of their involvement. If you contend that you personally drafted any such filing in whole or in part without assistance from any other person, describe the education, training, or experience upon which you relied in doing so.

Dated: April 13, 2026

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
Cali@VeridianLegal.Com
*Attorneys for Plaintiffs Deven Sanon and
Simran Hotchandani*

7

# EXHIBIT O

Plaintiffs' First Set of Requests for Production (Jurisdictional Discovery)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>                              Plaintiffs,<br><br>      v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br>                              Defendants. | Case No. 1:26-cv-00580-AMD-VMS<br><br>**PLAINTIFFS' FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT SRIJANI CHATTERJEE**<br><br>**(Jurisdictional Discovery)** |

Pursuant to Federal Rules of Civil Procedure 26 and 34, Plaintiffs Deven Sanon and Simran Hotchandani ("Plaintiffs"), by and through their attorneys, Veridian Legal P.C., hereby request that Defendant Srijani Chatterjee ("Defendant") produce the documents and electronically stored information described below for inspection and copying within thirty (30) days of service hereof, at the offices of Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, New York 10023, or at such other time and place as the parties may agree.

## DEFINITIONS AND INSTRUCTIONS

1. "You," "Your," and "Defendant" refer to Srijani Chatterjee, individually and in any capacity.

2. "Document" or "Documents" has the broadest meaning permitted under Fed. R. Civ. P. 34(a) and includes all writings, drawings, graphs, charts, photographs, sound recordings, images, electronically stored information, and other data or data compilations stored in any medium from which information can be obtained, translated, if necessary, into reasonably usable form.

1

3. "Communication" means any exchange of information, whether oral, written, or electronic, including but not limited to letters, emails, text messages, WhatsApp messages, social media messages, and telephone calls.

4. "Relating to" or "concerning" means referring to, describing, evidencing, constituting, mentioning, reflecting, pertaining to, or having any logical connection with the subject matter referenced.

5. The relevant time period for these Requests is January 1, 2021 through the present, unless otherwise specified.

6. Documents should be produced as they are kept in the usual course of business or organized and labeled to correspond with the categories in these Requests, and Bates-stamped for identification.

7. If any document is withheld on the basis of privilege, provide a privilege log in compliance with Fed. R. Civ. P. 26(b)(5)(A).

8. You may redact Social Security numbers, dates of birth, and financial account numbers (but not the name of the institution or the address on the account) from any document produced.

## REQUESTS FOR PRODUCTION

### I. DOMICILE AND RESIDENCY

**REQUEST FOR PRODUCTION NO. 1:**

All leases, rental agreements, sublease agreements, license agreements, or other occupancy agreements for any residence or dwelling you have occupied from January 1, 2021 to

the present, including but not limited to any agreement relating to 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201.

**REQUEST FOR PRODUCTION NO. 2:**

All utility bills (including electric, gas, water, internet, cable, and telephone) in your name or for your benefit at any address in the United States from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 3:**

All federal, state, and local tax returns filed by you from tax year 2021 through the present, including all schedules and attachments, or in the alternative, the first two pages of each return showing the address and filing status.

**REQUEST FOR PRODUCTION NO. 4:**

All driver's licenses, state identification cards, or government-issued identification documents (front and back) issued to you by any jurisdiction in the United States or any foreign country from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 5:**

All voter registration records or confirmations of voter registration in any jurisdiction in the United States or any foreign country from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 6:**

All bank account statements, credit card statements, or financial account statements showing the address associated with any account maintained by you in the United States from January 1, 2024 to the present. You may redact account numbers and individual transaction details; Plaintiffs seek only the account holder name, address on file, and institution name.

**REQUEST FOR PRODUCTION NO. 7:**

All documents reflecting your employment or engagement in any work, business, or professional activity in the State of New York from January 1, 2021 to the present, including but

3

not limited to offer letters, employment agreements, pay stubs, W-2 forms, 1099 forms, and correspondence with employers.

**REQUEST FOR PRODUCTION NO. 8:**

All vehicle registration documents, automobile insurance cards, and automobile insurance policies for any vehicle registered or insured in your name in any state of the United States from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 9:**

All documents reflecting ownership of real property in the United States or any foreign country from January 1, 2021 to the present, including but not limited to deeds, mortgage statements, property tax bills, and closing documents.

**REQUEST FOR PRODUCTION NO. 10:**

All insurance policy declarations pages, insurance cards, or enrollment documents for any insurance policy maintained by you from January 1, 2024 to the present, including but not limited to health insurance, renter's insurance, homeowner's insurance, and any other personal insurance policy, showing the address on file, the state or country of coverage, and the name of the insurer. You may redact policy numbers.

**REQUEST FOR PRODUCTION NO. 11:**

All documents reflecting membership in any religious organization, social club, professional association, gym, or other organization in the United States from January 1, 2024 to the present, including membership cards, correspondence, and billing statements.

**REQUEST FOR PRODUCTION NO. 12:**

All documents reflecting the address you provided to any physician, dentist, therapist, mental health provider, lawyer, accountant, or other professional service provider in the United States from January 1, 2024 to the present, including but not limited to patient intake forms, new

4

client forms, billing statements, appointment confirmations, and correspondence reflecting the address on file for you with each such provider.

**REQUEST FOR PRODUCTION NO. 13:**

All documents reflecting your immigration status in the United States from January 1, 2021 to the present, including but not limited to visa approval notices, I-797 notices, employment authorization documents, travel documents (advance parole), and any correspondence with USCIS reflecting your address. You may redact case-specific adjudicatory details unrelated to address or status type.

**REQUEST FOR PRODUCTION NO. 14:**

All passport pages (including biographical data pages and all pages containing entry and exit stamps) for every passport held by you, reflecting travel into and out of the United States from January 1, 2024 to the present.

**REQUEST FOR PRODUCTION NO. 15:**

All airline tickets, boarding passes, travel itineraries, or travel booking confirmations reflecting travel into or out of the United States from January 1, 2024 to the present.

**II. DEVICES, INTERNET ACCESS, AND ONLINE ACCOUNTS**

**REQUEST FOR PRODUCTION NO. 16:**

All documents reflecting the purchase, activation, or registration of any electronic device (including mobile phones, tablets, laptops, and desktop computers) used by you to access any financial account, email account, or social media account from January 1, 2021 to the present, including but not limited to purchase receipts, activation records, and carrier agreements.

**REQUEST FOR PRODUCTION NO. 17:**

All internet service provider agreements, bills, or account statements in your name or for your benefit at any address in the United States from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 18:**

All documents reflecting the PayPal account(s) maintained by you, including but not limited to: (a) account registration or profile information showing the email address(es) and address(es) associated with the account; (b) records of linked bank accounts or financial accounts; and (c) account activity logs or login history reflecting the location(s) from which the account was accessed. You may redact individual transaction amounts unrelated to the address at 214 Atlantic Avenue, Brooklyn, New York.

**REQUEST FOR PRODUCTION NO. 19:**

All documents reflecting the creation, registration, or profile information for any account you have maintained on any financial, payment, email, or social media platform from January 1, 2021 to the present, including but not limited to PayPal, Venmo, Zelle, Cash App, Gmail, Yahoo Mail, iCloud, Instagram, Facebook, X (formerly Twitter), YouTube, TikTok, and LinkedIn, limited to documents showing the username, email address, phone number, and address associated with each account.

**REQUEST FOR PRODUCTION NO. 20:**

All mobile telephone bills, carrier statements, or wireless service agreements in your name from January 1, 2024 to the present, showing the billing address and phone number associated with the account.

**III. CONTACTS WITH NEW YORK AND SERVICE OF PROCESS**

**REQUEST FOR PRODUCTION NO. 21:**

All documents reflecting your physical presence in the State of New York from January 1, 2025 to the present, including but not limited to hotel receipts, Airbnb or short-term rental confirmations, transportation receipts (including rideshare, taxi, subway, or rail), and delivery receipts to any New York address.

6

**REQUEST FOR PRODUCTION NO. 22:**

All documents and communications relating to your occupancy of, access to, or use of the premises at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201, including but not limited to lease agreements, correspondence with the landlord or property manager, rent payment records, key or access arrangements, and mail forwarding instructions.

**REQUEST FOR PRODUCTION NO. 23:**

All documents and communications relating to the service of the Summons and Complaint in this action on February 3, 2026, including but not limited to any notes, photographs, correspondence, or communications with any person regarding the receipt of documents at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 on or about that date.

**REQUEST FOR PRODUCTION NO. 24:**

Produce all documents sufficient to show your physical location on each of the dates identified in Interrogatory No. 25, including but not limited to travel records, passport entries device location data, communications, and financial transactions reflecting your presence at any location.

**REQUEST FOR PRODUCTION NO. 25:**

All documents reflecting any mail, packages, or deliveries received by you or on your behalf at 214 Atlantic Avenue, Apartment 2B, Brooklyn, New York 11201 from January 1, 2025 to the present, including but not limited to USPS change-of-address confirmations, mail forwarding requests, and package delivery confirmations.

**REQUEST FOR PRODUCTION NO. 26:**

All documents and communications between you and any person regarding your residence, domicile, or physical location from January 1, 2025 to the present, including but not

limited to communications with Marc Pelta, Esq. or any other attorney regarding your location or domicile in connection with this litigation or any related proceeding.

## IV. REPRESENTATIONS TO COURTS AND GOVERNMENT AGENCIES

**REQUEST FOR PRODUCTION NO. 27:**

All documents filed by you or on your behalf in any court or administrative proceeding from January 1, 2021 to the present in which you listed a New York address as your residence, including but not limited to pleadings, petitions, applications, affidavits, and declarations.

**REQUEST FOR PRODUCTION NO. 28:**

All documents filed by you or on your behalf in *Chatterjee v. City of New York*, New York County Index No. 163293/2025, including the Complaint, Amended Complaint, and any document listing your address.

**REQUEST FOR PRODUCTION NO. 29:**

The EEO Complaint Form publicly filed by you on the NYSCEF docket in *Chatterjee v. City of New York*, New York County Index No. 163293/2025 (Docket Entry 15), including the unredacted version containing your address, telephone number, and email address.

**REQUEST FOR PRODUCTION NO. 30:**

All documents reflecting any representation made by you to any landlord, employer, financial institution, government agency, or court that you are a resident of the State of New York from January 1, 2021 to the present.

**REQUEST FOR PRODUCTION NO. 31:**

All documents reflecting any PayPal transaction referencing 214 Atlantic Avenue, Brooklyn, New York, including but not limited to the transaction dated October 1, 2025 described as "Srijani Chatterjee – Deposit for 214 Atlantic Ave Flat 2B minus Allison rent for October."

8

**REQUEST FOR PRODUCTION NO. 32:**

All documents reflecting any representation made by you to the United States Citizenship and Immigration Services or any other federal or state agency regarding your residence or domicile from January 1, 2021, to the present, including but not limited to forms, applications, and correspondence listing your address.

**REQUEST FOR PRODUCTION NO. 33:**

Produce all documents and communications identified, referenced, or relied upon in your response to Interrogatory No. 30, including but not limited to documents sufficient to show the preparation, drafting, execution, transmission, receipt of each declaration, sworn statement, or affidavit, and all communications with any purported declarant or affiant relating thereto.

**REQUEST FOR PRODUCTION NO. 34:**

Produce all documents sufficient to show any education, training, or experience identified in your response to Interrogatory No. 31, including documents reflecting the nature of such education, training, or experience.

**REQUEST FOR PRODUCTION NO. 35:**

Produce all documents identified, referenced, or relied upon in your responses to Interrogatories Nos. 25, 26, 30, and 31.

By: */s/ Daniel S. Szalkiewicz*
VERIDIAN LEGAL P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Telephone: (212) 706-1007
Facsimile: (914) 500-2315
Email: Daniel@VeridianLegal.Com
          Cali@VeridianLegal.Com
*Attorneys for Plaintiffs Deven Sanon and Simran Hotchandani*

9

# EXHIBIT P

USCIS Prima Facie Determination of VAWA Petition

February 25, 2026

**U.S. Department of Homeland Security**
U.S. Citizenship and Immigration Services
38 River Road
Essex Junction, VT 05479-0001

**U.S. Citizenship and Immigration Services**



SRIJANI CHATTERJEE
ZOHAR LAW PLLC
c/o GADI ZOHAR
200 VESEY ST STE 24132
NEW YORK, NY 10281

RE: SRIJANI CHATTERJEE
I-360, Petition for Amerasian, Widow(er), or Special
Immigrant

## PRIMA FACIE DETERMINATION

**Receipt Date:** April 17, 2023

The request for an extension of a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act has been reviewed and granted.

THIS NOTICE MAY BE USED TO ASSIST YOU IN RECEIVING PUBLIC BENEFITS.

**THIS PRIMA FACIE DETERMINATION IS VALID FOR A PERIOD OF 180 DAYS FROM THE NOTICE DATE SHOWN ABOVE, AND EXPIRES ON THE DATE INDICATED BELOW.**

We will send you a written notice as soon as we make a decision on this case. It is not expected that a final decision will be made in this case before the end of 180 days. If this period is coming to a close and a decision has not been made on your case, you will automatically receive an extension within 60 days of the ending date.

**PLEASE NOTE: ESTABLISHING A PRIMA FACIE CASE FOR CLASSIFICATION UNDER THE SELF-PETITIONING PROVISIONS OF THE VIOLENCE AGAINST WOMEN ACT DOES NOT NECESSARILY MEAN THAT YOUR PETITION WILL BE APPROVED.**

**EXPIRATION DATE: August 24, 2026**

February 25, 2026



U.S. Department of Homeland Security
U.S. Citizenship and Immigration Services
38 River Road
Essex Junction, VT 05479-0001



**U.S. Citizenship
and Immigration
Services**

SRIJANI CHATTERJEE
ZOHAR LAW PLLC
c/o GADI ZOHAR
200 VESEY ST STE 24132
NEW YORK, NY 10281

RE: SRIJANI CHATTERJEE
I-360, Petition for Amerasian, Widow(er), or Special
Immigrant

## PRIMA FACIE DETERMINATION

**Receipt Date:** April 17, 2023

The request for an extension of a prima facie case for classification under the self-petitioning provisions of the Violence Against Women Act has been reviewed and granted.

THIS NOTICE MAY BE USED TO ASSIST YOU IN RECEIVING PUBLIC BENEFITS.

**THIS PRIMA FACIE DETERMINATION IS VALID FOR A PERIOD OF 180 DAYS FROM THE NOTICE DATE SHOWN ABOVE, AND EXPIRES ON THE DATE INDICATED BELOW.**

We will send you a written notice as soon as we make a decision on this case. It is not expected that a final decision will be made in this case before the end of 180 days. If this period is coming to a close and a decision has not been made on your case, you will automatically receive an extension within 60 days of the ending date.

**PLEASE NOTE: ESTABLISHING A PRIMA FACIE CASE FOR CLASSIFICATION UNDER THE SELF-PETITIONING PROVISIONS OF THE VIOLENCE AGAINST WOMEN ACT DOES NOT NECESSARILY MEAN THAT YOUR PETITION WILL BE APPROVED.**

**EXPIRATION DATE: August 24, 2026**

# EXHIBIT Q

Affidavit of Abuse in Support of VAWA Petition

**PETITIONER'S AFFIDAVIT OF ABUSE**

I met Ronick Sanon, my husband, in February 2021 online. He was 25 years old when we first met and an American citizen of Indian ethnicity and heritage. He is an investor at a hedge fund and as I was working in private finance at the time, we shared a lot of common interests (i.e. the stock market). We also shared interests outside of work like travel, food, and movies. I was very physically attracted to Ronick – he has brunette hair, green eyes, and is a tall man. Just my type.

We proceeded to get to know each other from February 2021 through March 2021, and on 5th March 2021, Ronick flew to London from New York City to meet me for the first time. We first met at Heathrow Airport in London when he landed from New York, and I had rented us an apartment in London for us to move into. We never even thought to book a hotel, we knew we would be living together from the get-go. The decision to do so was confirmed because when we met for the first time, we had instant chemistry. We moved in together in London till April 2021 when Ronick had to return to the United States. I then flew to the United States in May 2021 to visit him and meet his family.

I first met his family at his sister's college graduation in Rochester, New York in June 2021. We continued to fall irrevocably in love with each other and I decided then that I would have to abandon my visitor visa to remain with him. We moved to Miami where Ronick had rented an apartment for us for the month, and we spent that month in bliss together. We would take morning and night walks by the beach, go out dancing late into the night in Little Havana, cook together, laugh together. Being together was just as easy and natural as it had been when Ronick had visited me in London.

Ronick proposed to me one night as we were eating dinner on our balcony in Miami. It was a very natural proposal, there was no ring at the time and I did not question that because he said I would pick out a ring I liked later on. It was an instant yes for me, I just knew he was the one because love had never felt so easy. We decided that we could not bear to be apart and we envisioned a lifetime together, so we tied the knot in a court ceremony in Ronick's hometown – Rochester, New York - on 18th July 2021. It was an intimate civil ceremony for just us, and we celebrated with close family afterwards. We planned to do a big wedding with the extended families on a later date down the line. We signed a lease together for an apartment in Manhattan in July 2021. The address was Apartment 2C, 301 W 57th St, New York, NY, 10019. I sourced the majority of our furniture on Facebook Marketplace and Ronick and I went to go pick it up from the different sellers.

We continued to live together in married life and our first few months were nothing short of blissful. We spent time with each other's family and friends. For instance, Ronick's parents and younger siblings lived in Rochester, New York – a 5-hour car ride from Manhattan. So on at least one weekend per month, Ronick and I would rent a car and drive up to spend the weekend with them. We would stay at his mom's, Micky Suri's, and take his younger siblings – Neal Sanon, Mila Sanon, and Neera Sanon – out for shopping, food, and sightseeing. We

would also visit his maternal grandfather at the elderly citizen home where he resides.

I grew accustomed to American lifestyle and living in New York City, we created our own world that worked perfectly for us. However, a few months after marriage, it was clear that Ronick had financial problems that he wouldn't share with me no matter how hard I tried to get him to open up and be transparent about what these problems were. We kept getting intimidating creditors' letters, loan letters, debt letters through the door but he would physically and aggressively snatch the mail from me and not let me have a look at anything.

Despite the fact that he knew that I did not have the right to work in the United States because my marriage-based immigration application was still pending at the time, Ronick put incessant pressure on me to financially contribute to the household. It took the form of degrading, demeaning, and demoralising emotional and psychological abuse as he said things to me like, "You are so worthless, I make 6x what you make. You are lazy and incompetent. You should be contributing equally to the marriage and you just have nothing but excuses about immigration." Initially I thought that he did not understand the issues with immigration faced by a foreign spouse as they awaited their right to work, but soon I realised, it was not so much that he did not understand but more that he did not care. He would put pressure on me, abuse me, and gaslight me for my inability to get higher paying jobs in a country where he knew I did not have the right to work.

He was extremely financially controlling – to the point where despite having a joint account on paper so he could enjoy the spousal tax exemption, he would not let me have access to the joint account mobile application and neither would he give me access to see exactly what was in the account, what transactions were being made, etc. Any time I needed money even for the smallest thing – be it a $10 subway journey or a $5 snack – he would send me multiple messages/call me during the workday to inquire and barrage me about my excessive spending. He would also blame me for his inability to buy me a ring. He would tell me that it was due to me spending any minimal amount of money that he was unable to afford a ring as a symbol of our marriage. The financial, emotional, and psychological abuse became a constant theme in our marriage, it started in September 2021 and never ceased since. This made me feel very unaccomplished, powerless, and useless as a woman. I felt completely depleted and exhausted trying to make him happy while suppressing my own happiness in turn.

The day I opened the mail without his consent was the day the physical abuse began and he punched me square in my stomach. I was winded but I uncovered the reality he had been trying so desperately to hide from me: he was over $150,000 in debt from gambling. He had not told me this before marrying me and had selfishly made me liable for marital debt that I had no idea about when I married him.

Although he apologised for punching me the first time he did so – in writing, with flowers, and for once helping around the house – as the months passed, he grew unapologetic in getting in my face while snarling at me, choking me by grabbing my throat, pinning me down and slapping me, punching me, kicking me. The physical abuse grew worse and worse, because he knew he could get away with it as I did not call the police on him out of love and hope that he

would change. But Ronick did not change, he took my forgiveness for granted, and instead of apologising for every instance of abuse, took to gaslighting me and telling me I deserved it.

He would also complain to his family about our marriage and me, leading to me incurring severe emotional, mental, and psychological abuse. His father, Manish Sanon, started calling me a "cunt" and a "snake" in his communications with others in the family, he also threatened me directly with deportation; his mother, Micky Suri, persistently tried to get Ronick to file for divorce behind my back and also wrote to ICE to try and have me deported from the country; his brother, Deven Sanon, and his brother's wife, Simran Hotchandani-Sanon, explicitly told me not to come to family events and that they wanted to have no relationship with me.

In addition to this exclusion, Deven Sanon and Simran Hotchandani-Sanon, together with Micky Suri, subjected me to sustained verbal abuse, intimidation, and coercive behaviour. Deven Sanon and Simran Hotchandani-Sanon repeatedly called me "fat," "ugly," and a "cougar," and mocked my age and appearance. They also consistently rebuked and belittled my academic and professional qualifications, undermining my confidence and self-worth. They used my immigration status as a tool of control, repeatedly threatening deportation and attempting to intimidate me into submission, including by writing to and calling USCIS in efforts to have me removed from the United States.

By virtue of my marriage, I became involuntarily privy to unlawful conduct within the family. I was exposed to customs fraud schemes conducted by Deven Sanon and Simran Hotchandani-Sanon involving the movement of wholesale goods across Canada, the United States, and Belize. I refused to participate in any such conduct. Simran Hotchandani-Sanon explicitly represented that her family had access to corrupt customs officials in Belize who could facilitate the improper movement of goods.

This conduct was actively supported and enabled by Micky Suri, who assisted Deven Sanon and Simran Hotchandani-Sanon in packaging and preparing wholesale goods for cross-border transport, reinforcing and legitimising this conduct within the family.

Simran Hotchandani-Sanon also discussed and pursued immigration strategies aimed at exploiting perceived loopholes in Canadian and United States systems, including pressuring for marriage-based arrangements within the family. She expressed hostility towards me following my marriage to Ronick, as my marriage had taken place despite her own efforts to secure similar arrangements.

Ronick would abandon me for events like family weddings, Thanksgiving, Christmas, and go spend it upstate with his whole family while leaving me behind in our apartment in the city to spend the holidays alone. He also started to constructively abandon me and would make demeaning comments about my body, tell me I am fat, refuse to be intimate with me. This damaged my self-esteem and confidence, and I became very depressed. I sought therapy for myself and even tried to get him to attend couples therapy with me, but he was arrogant and apathetic.

In September 2023, I discovered that I had an overgrown uterine fibroid that would require a major surgical removal. I told Ronick and his first words to my anxiety and worry about surgery were, "there is always something with you, this is going to be expensive." I was shattered not to have any emotional support from my own husband.

In November 2023, we learned of a positive pregnancy test, which later turned out to be a life-threatening ectopic pregnancy. On 23rd December 2023, I was served with divorce papers while alone. Ronick left for holiday with his family.

I had to cancel my travel for surgery and later underwent emergency surgery alone, including removal of the ectopic pregnancy and suffering a third-degree burn as a complication.

Following surgery, Ronick blocked me and abandoned me entirely.

This marriage has left me feeling completely untrusting of love and relationships. I suffer from anxiety, depression, panic attacks, and emotional trauma. I experience sleeplessness and severe distress.

I want to rebuild my life in the United States independently and move forward safely.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

_____

Srijani Chatterjee


Date: __March 30, 2023_____

# EXHIBIT R

Meet-and-Confer Correspondence (April 13-14, 2026)

**From:** **Daniel Szalkiewicz** daniel@veridianlegal.com 🚩

**Subject:** Re: Case 26-CV-580

**Date:** April 13, 2026 at 10:40 pm

**To:** Srijani Chatterjee srijanic91@gmail.com

**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal, Esq. khr@krlaw.law

DS

Dear Ms. Chatterjee,

We acknowledge receipt of your correspondence regarding the Court's April 10, 2026 Order.

Your characterization of the permissible scope of discovery is incomplete. The Court's Order limits discovery by subject matter, viz, issues relating to service of process and diversity jurisdiction, not by categorical labels assigned to particular types of information. The relevant inquiry is whether the information sought bears on those jurisdictional issues.

To the extent Defendant contends that any particular request falls outside the scope of the Court's Order, the Federal Rules of Civil Procedure require that such objections be asserted with specificity and on a request-by-request basis, and that responsive information be provided to the extent a request is not objectionable. Defendant has not done so.

Defendant's responses remain deficient under the Federal Rules of Civil Procedure in several material respects and do not satisfy the requirements governing interrogatory and document responses.

As an initial matter, Defendant continues to rely on generalized and blanket objections to the discovery requests as a whole. Such objections are improper. The Federal Rules require that objections be stated with specificity and that responsive information be provided where appropriate. Defendant's wholesale refusal to engage with the requests on that basis is not compliant.

Additionally, to the extent Defendant is withholding any information or documents on the basis of attorney-client privilege or any other protection, the Federal Rules require the production of a privilege log. None has been provided.

Defendant's reference to anticipated motions, including a motion to quash or for a protective order, does not operate to stay her discovery obligations. Unless and until such relief is granted by the Court, Defendant remains obligated to serve compliant responses.

In light of the foregoing, the "deficient response" standard under Rule 37 has been satisfied, subject only to the parties' obligation to meet and confer in good faith prior to seeking judicial intervention.

Plaintiffs are not required to preemptively justify each category of discovery in the abstract. Rather, Defendant must comply with her obligations under the Federal Rules by providing proper, specific responses. If Defendant maintains that particular requests are objectionable, those objections must be asserted in a compliant manner.

Accordingly, Defendant must promptly supplement her responses to:
1. Provide specific, request-by-request objections in compliance with the Federal Rules;
2. Clearly state whether any responsive information or documents are being withheld and on what basis; and
3. Produce a privilege log for any materials withheld.

Meanwhile, we are prepared to meet and confer as required. Please note that any meet-and-confer conference will be recorded by Plaintiffs to ensure a complete and accurate record of the discussion. Participation in the conference will be understood as consent to such recording. I will be joined on the call by my co-counsels, Cali Madia and Kaivalya Rawal.

Please provide your availability within the next 24–48 hours.

If Defendant fails to provide compliant supplemental responses promptly, Plaintiffs will proceed with a motion to compel and seek all appropriate relief, including fees and costs.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023

New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033


Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033


On Mon, Apr 13, 2026 at 7:18 PM Srijani Chatterjee <srijanic91@gmail.com> wrote:

> Dear Mr. Szalkiewicz,
>
> Pursuant to the Federal Rules of Civil Procedure, Defendant hereby serves her Objections and Responses to Plaintiffs' First Set of Interrogatories and Requests for Production.
>
> These objections are made without waiver of Defendant's previously stated positions and without prejudice to Defendant's pending and forthcoming motions, including her motion to quash and motion for a protective order.
>
> Defendant and her counsel remain available to meet and confer by Zoom, as previously requested. Please provide your availability within the next 24–48 hours.
>
> Sincerely,
>
> Srijani Chatterjee
>
> Sent from my iPhone
>
> On Apr 13, 2026, at 19:11, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
> Please object pursuant to the Federal Rules of Civil Procedure and not by email.
>
> Very Truly Yours,
>
> Daniel S. Szalkiewicz, Esq.
>
> Veridian Legal P.C.
> 23 West 73rd Street, Suite 102
> New York, New York 10023
> Tel: (212) 706-1007
> Direct Dial: (212) 760-1007
> Cell: (929) 373-2735
> Fax: (646) 849-0033
>
> On Mon, Apr 13, 2026 at 6:54 PM Srijani Chatterjee <srijanic91@gmail.com> wrote:
>
>> Dear Mr. Szalkiewicz,
>>
>> I have received Plaintiffs' First Set of Interrogatories and Requests for Production.
>>
>> Defendant objects to these discovery requests in their entirety.
>>
>> As set forth in the Court's April 10, 2026 Order, discovery at this stage is expressly limited to matters pertaining to service of process and diversity jurisdiction. The discovery requests you have served go far beyond those permitted purposes.
>>
>> The requests seek sweeping categories of highly sensitive information, including but not limited to financial records, immigration history, device usage, location data, and communications, none of which are narrowly tailored to the limited jurisdictional issues before the Court.
>>
>> Certain requests are additionally improper on their face, including those seeking communications with counsel, which are protected by attorney-client privilege.

Defendant will be seeking relief from the Court, including appropriate protective measures in light of the scope and nature of these requests, and reserves all rights.

Sincerely,

Srijani Chatterjee

Sent from my iPhone

On Apr 13, 2026, at 18:39, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

Mr. Chatterjee,

Please find our interrogatories and document demands attached for service.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033
<Plaintiffs' First Set of Interrogatories to Defendant Srijani Chatterjee (Jurisdictional Discovery).pdf>
<Plaintiffs' First Set of Requests for Production to Defendant Srijani Chatterjee (Jurisdictional Discovery).pdf>

**From:** **Srijani Chatterjee** srijanic91@gmail.com
**Subject:** Re: Case 26-CV-580
**Date:** April 13, 2026 at 11:09 pm
**To:** Daniel Szalkiewicz daniel@veridianlegal.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal Esq. khr@krlaw.law

SC

Dear Mr. Szalkiewicz,

Defendant remains willing to meet and confer in good faith.

However, Defendant does not consent to the recording of any meet-and-confer conference. Any such discussion must proceed without recording.

Additionally, any meet-and-confer should be limited to counsel of record in this action. Kaivalya Rawal is not an attorney of record, and Defendant does not consent to the participation of individuals who have not appeared in this matter.

Defendant will participate in the meet-and-confer, and Marc Pelta, whose forthcoming appearance in this action has been acknowledged by the Court, will also be in attendance.

In light of Defendant's pending motion for a protective order, including relief sought under VAWA, Defendant is particularly mindful of limiting unnecessary disclosure of information and participation to those properly before the Court.

Subject to the foregoing, Defendant is available to meet and confer by Zoom. Please provide your availability within the next 24–48 hours.

Defendant reserves all rights.

Sincerely,
Srijani Chatterjee

> On Apr 13, 2026, at 22:40, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
> Dear Ms. Chatterjee,
>
> We acknowledge receipt of your correspondence regarding the Court's April 10, 2026 Order.
>
> Your characterization of the permissible scope of discovery is incomplete. The Court's Order limits discovery by subject matter, viz, issues relating to service of process and diversity jurisdiction, not by categorical labels assigned to particular types of information. The relevant inquiry is whether the information sought bears on those jurisdictional issues.
>
> To the extent Defendant contends that any particular request falls outside the scope of the Court's Order, the Federal Rules of Civil Procedure require that such objections be asserted with specificity and on a request-by-request basis, and that responsive information be provided to the extent a request is not objectionable. Defendant has not done so.
>
> Defendant's responses remain deficient under the Federal Rules of Civil Procedure in several material respects and do not satisfy the requirements governing interrogatory and document responses.
>
> As an initial matter, Defendant continues to rely on generalized and blanket objections to the discovery requests as a whole. Such objections are improper. The Federal Rules require that objections be stated with specificity and that responsive information be provided where appropriate. Defendant's wholesale refusal to engage with the requests on that basis is not compliant.
>
> Additionally, to the extent Defendant is withholding any information or documents on the basis of attorney-client privilege or any other protection, the Federal Rules require the production of a privilege log. None has been provided.
>
> Defendant's reference to anticipated motions, including a motion to quash or for a protective order, does not operate to stay her discovery obligations. Unless and until such relief is granted by the Court, Defendant remains obligated to serve compliant responses.
>
> In light of the foregoing, the "deficient response" standard under Rule 37 has been satisfied, subject only to the parties' obligation to meet and confer in good faith prior to seeking judicial intervention.
>
> Plaintiffs are not required to preemptively justify each category of discovery in the abstract. Rather, Defendant must comply with her obligations under the Federal Rules by providing proper, specific responses. If Defendant maintains that particular requests are objectionable, those objections must be asserted in a compliant manner.
>
> Accordingly, Defendant must promptly supplement her responses to:

1. Provide specific, request-by-request objections in compliance with the Federal Rules;
2. Clearly state whether any responsive information or documents are being withheld and on what basis; and
3. Produce a privilege log for any materials withheld.

Meanwhile, we are prepared to meet and confer as required. Please note that any meet-and-confer conference will be recorded by Plaintiffs to ensure a complete and accurate record of the discussion. Participation in the conference will be understood as consent to such recording. I will be joined on the call by my co-counsels, Cali Madia and Kaivalya Rawal.

Please provide your availability within the next 24–48 hours.

If Defendant fails to provide compliant supplemental responses promptly, Plaintiffs will proceed with a motion to compel and seek all appropriate relief, including fees and costs.

**From:** **Daniel Szalkiewicz** daniel@veridianlegal.com 🚩
**Subject:** Re: Case 26-CV-580
**Date:** April 13, 2026 at 11:49 pm
**To:** Srijani Chatterjee srijanic91@gmail.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal Esq. khr@krlaw.law

Dear Ms. Chaterjee:

We appreciate Defendant's confirmation of its willingness to meet and confer.

While we typically prefer to maintain an accurate record of substantive discussions, in the interest of moving this process forward efficiently, and to accommodate your request, we are prepared to proceed without recording. For the sake of clarity and to avoid any misunderstanding, we may circulate a written summary of the conference following its conclusion.

With respect to your objection to Attorney Rawal's attendance, our team may include additional counsel assisting in this matter. We are not aware of any rule requiring that meet-and-confer conferences be limited solely to counsel of record, nor is such a limitation consistent with common litigation practice. Accordingly, Attorney Rawal will attend in a consulting capacity, while I will, of course, serve as lead counsel for purposes of the discussion. Relatedly, we note Defendant's reference to the anticipated participation of counsel who has not yet formally appeared. While we could raise similar objections on that basis, we do not intend to do so. Professional courtesy and efficiency favor allowing each side to determine its own team composition, and we will proceed on that basis.

We do not agree that the meet-and-confer should be limited beyond what is required by the Federal Rules, nor do we believe that the pendency of a protective order motion alters the parties' obligation to engage in a meaningful and substantive dialogue regarding the discovery at issue.

That said, we remain committed to proceeding in good faith and addressing any legitimate confidentiality concerns in an appropriate manner.

We are available to meet on this Thursday or Friday. Please let us know what works on your end.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Mon, Apr 13, 2026 at 11:09 PM Srijani Chatterjee <srijanic91@gmail.com> wrote:

> Dear Mr. Szalkiewicz,
>
> Defendant remains willing to meet and confer in good faith.
>
> However, Defendant does not consent to the recording of any meet-and-confer conference. Any such discussion must proceed without recording.
>
> Additionally, any meet-and-confer should be limited to counsel of record in this action. Kaivalya Rawal is not an attorney of record, and Defendant does not consent to the participation of individuals who have not appeared in this matter.
>
> Defendant will participate in the meet-and-confer, and Marc Pelta, whose forthcoming appearance in this action has been acknowledged by the Court, will also be in attendance.
>
> In light of Defendant's pending motion for a protective order, including relief sought under VAWA, Defendant is particularly mindful of limiting unnecessary disclosure of information and participation to those properly before the Court.
>
> Subject to the foregoing, Defendant is available to meet and confer by Zoom. Please provide your availability within the next 24–48 hours.
>
> Defendant reserves all rights.
>
> Sincerely,
> Srijani Chatterjee
>
>> On Apr 13, 2026, at 22:40, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>>
>> Dear Ms. Chatterjee,
>>
>> We acknowledge receipt of your correspondence regarding the Court's
>> April 10, 2026 Order.

April 10, 2026 Order.

Your characterization of the permissible scope of discovery is incomplete. The Court's Order limits discovery by subject matter, viz, issues relating to service of process and diversity jurisdiction, not by categorical labels assigned to particular types of information. The relevant inquiry is whether the information sought bears on those jurisdictional issues.

To the extent Defendant contends that any particular request falls outside the scope of the Court's Order, the Federal Rules of Civil Procedure require that such objections be asserted with specificity and on a request-by-request basis, and that responsive information be provided to the extent a request is not objectionable. Defendant has not done so.

Defendant's responses remain deficient under the Federal Rules of Civil Procedure in several material respects and do not satisfy the requirements governing interrogatory and document responses.

As an initial matter, Defendant continues to rely on generalized and blanket objections to the discovery requests as a whole. Such objections are improper. The Federal Rules require that objections be stated with specificity and that responsive information be provided where appropriate. Defendant's wholesale refusal to engage with the requests on that basis is not compliant.

Additionally, to the extent Defendant is withholding any information or documents on the basis of attorney-client privilege or any other protection, the Federal Rules require the production of a privilege log. None has been provided.

Defendant's reference to anticipated motions, including a motion to quash or for a protective order, does not operate to stay her discovery obligations. Unless and until such relief is granted by the Court, Defendant remains obligated to serve compliant responses.

In light of the foregoing, the "deficient response" standard under Rule 37 has been satisfied, subject only to the parties' obligation to meet and confer in good faith prior to seeking judicial intervention.

Plaintiffs are not required to preemptively justify each category of discovery in the abstract. Rather, Defendant must comply with her obligations under the Federal Rules by providing proper, specific responses. If Defendant maintains that particular requests are objectionable, those objections must be asserted in a compliant manner.

Accordingly, Defendant must promptly supplement her responses to:
1. Provide specific, request-by-request objections in compliance with the Federal Rules;
2. Clearly state whether any responsive information or documents are being withheld and on what basis; and
3. Produce a privilege log for any materials withheld.

Meanwhile, we are prepared to meet and confer as required. Please note that any meet-and-confer conference will be recorded by Plaintiffs to ensure a complete and accurate record of the discussion. Participation in the conference will be understood as consent to such recording. I will be joined on the call by my co-counsels, Cali Madia and Kaivalya Rawal.

Please provide your availability within the next 24–48 hours.

If Defendant fails to provide compliant supplemental responses promptly, Plaintiffs will proceed with a motion to compel and seek all appropriate relief, including fees and costs.

**From: Srijani Chatterjee** srijanic91@gmail.com
**Subject:** Re: Case 26-CV-580
**Date:** April 14, 2026 at 12:21 am
**To:** Daniel Szalkiewicz daniel@veridianlegal.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal Esq. khr@krlaw.law

SC

Dear Mr. Szalkiewicz,

Defendant notes that your proposed availability for Thursday or Friday falls outside the 24–48 hour window previously requested in order to address these issues promptly.

Defendant and Marc Pelta remain available to meet within that timeframe and can make themselves available on either Tuesday or Wednesday. Please confirm whether any time works on either of those days.

Defendant will proceed with the understanding that the conference will not be recorded.

With respect to attendance, Defendant reiterates that this matter involves sensitive issues that are the subject of a pending motion for a protective order, including relief sought under VAWA. In light of those considerations, Defendant requests that participation be limited to counsel of record.

Defendant will participate along with Marc Pelta, whose forthcoming appearance in this action has been acknowledged.

Defendant will engage in good faith to address the scope of discovery and objections. However, Defendant does not agree that the meet-and-confer requires substantive disclosure of information or responses beyond what is appropriate at this stage, and will not be providing substantive information during the conference.

Defendant does not agree that any post-conference summary prepared by Plaintiffs will constitute an agreed or complete record.

Defendant reserves all rights.

Sincerely,
Srijani Chatterjee

Sent from my iPhone

> On Apr 13, 2026, at 23:49, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
> We do not agree that the meet-and-confer should be limited beyond what is required by the Federal Rules, nor do we believe that the pendency of a protective order motion alters the parties' obligation to engage in a meaningful and substantive dialogue regarding the discovery at issue.

**From:** **Daniel Szalkiewicz** daniel@veridianlegal.com
**Subject:** Re: Case 26-CV-580
**Date:** April 14, 2026 at 4:42 am
**To:** Srijani Chatterjee srijanic91@gmail.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal Esq. khr@krlaw.law

Prior to meeting with you about discovery, I need your specific objections to the interrogatories and document demands.

Once we receive them, we will review them to determine if we believe they have any merit.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Tue, Apr 14, 2026 at 12:21 AM Srijani Chatterjee <srijanic91@gmail.com> wrote:

> Dear Mr. Szalkiewicz,
>
> Defendant notes that your proposed availability for Thursday or Friday falls outside the 24–48 hour window previously requested in order to address these issues promptly.
>
> Defendant and Marc Pelta remain available to meet within that timeframe and can make themselves available on either Tuesday or Wednesday. Please confirm whether any time works on either of those days.
>
> Defendant will proceed with the understanding that the conference will not be recorded.
>
> With respect to attendance, Defendant reiterates that this matter involves sensitive issues that are the subject of a pending motion for a protective order, including relief sought under VAWA. In light of those considerations, Defendant requests that participation be limited to counsel of record.
>
> Defendant will participate along with Marc Pelta, whose forthcoming appearance in this action has been acknowledged.
>
> Defendant will engage in good faith to address the scope of discovery and objections. However, Defendant does not agree that the meet-and-confer requires substantive disclosure of information or responses beyond what is appropriate at this stage, and will not be providing substantive information during the conference.
>
> Defendant does not agree that any post-conference summary prepared by Plaintiffs will constitute an agreed or complete record.
>
> Defendant reserves all rights.
>
> Sincerely,
> Srijani Chatterjee
>
> Sent from my iPhone
>
> On Apr 13, 2026, at 23:49, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
> We do not agree that the meet-and-confer should be limited beyond what is required by the Federal Rules, nor do we believe that the pendency of a protective order motion alters the parties' obligation to engage in a meaningful and substantive dialogue regarding the discovery at issue.

**From:** **Srijani Chatterjee** srijanic91@gmail.com
**Subject:** Re: Case 26-CV-580
**Date:** April 14, 2026 at 10:50 am
**To:** Daniel Szalkiewicz daniel@veridianlegal.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal Esq. khr@krlaw.law

SC

Dear Mr. Szalkiewicz,

Defendant does not agree that the meet-and-confer is contingent upon the prior service of formal interrogatory and document responses.

Under the Federal Rules, Defendant has 30 days to serve her responses and objections, and that deadline has not yet elapsed. Defendant will serve formal, request-by-request responses in accordance with the Rules within that timeframe.

In the meantime, Defendant has already articulated her objections in principle, including that Plaintiffs' requests exceed the scope of the Court's April 10, 2026 Order and seek information far beyond what is relevant to service of process and diversity jurisdiction.

Defendant remains willing to meet and confer in good faith to address the scope of discovery and the issues raised by Plaintiffs' requests. That discussion is not dependent on the prior service of formal responses.

As previously stated, Defendant is available within the originally requested 24–48 hour window and has provided specific availability. Please confirm whether you will proceed on that basis.

Defendant reserves all rights.

Sincerely,
Srijani Chatterjwe

> On Apr 14, 2026, at 04:42, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
> Prior to meeting with you about discovery, I need your specific objections to the interrogatories and document demands.
>
> Once we receive them, we will review them to determine if we believe they have any merit.
>
> Very Truly Yours,
>
> Daniel S. Szalkiewicz, Esq.
>
> Veridian Legal P.C.
> 23 West 73rd Street, Suite 102
> New York, New York 10023
> Tel: (212) 706-1007
> Direct Dial: (212) 760-1007
> Cell: (929) 373-2735
> Fax: (646) 849-0033
>
> On Tue, Apr 14, 2026 at 12:21 AM Srijani Chatterjee <srijanic91@gmail.com> wrote:
>
>> Dear Mr. Szalkiewicz,
>>
>> Defendant notes that your proposed availability for Thursday or Friday falls outside the 24–48 hour window previously requested in order to address these issues promptly.
>>
>> Defendant and Marc Pelta remain available to meet within that timeframe and can make themselves available on either Tuesday or Wednesday. Please confirm whether any time works on either of those days.
>>
>> Defendant will proceed with the understanding that the conference will not be recorded.
>>
>> With respect to attendance, Defendant reiterates that this matter involves sensitive issues that are the subject of a pending motion for a protective order, including relief sought under VAWA. In light of those considerations, Defendant requests that participation be limited to counsel of record.
>>
>> Defendant will participate along with Marc Pelta, whose forthcoming appearance in this action has been acknowledged.
>>
>> Defendant will engage in good faith to address the scope of discovery and objections. However, Defendant does not agree that the meet-and-confer requires substantive disclosure of information or responses beyond what is appropriate at this stage, and will not be providing substantive information during the conference.
>>
>> Defendant does not agree that any post-conference summary prepared by Plaintiffs will constitute an agreed or complete record.
>>
>> Defendant reserves all rights.
>>
>> Sincerely,
>> Srijani Chatterjee
>>
>> Sent from my iPhone
>>
>> On Apr 13, 2026, at 23:49, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>>
>>> We do not agree that the meet-and-confer should be limited beyond what is required by the Federal Rules, nor do we believe that the

pendency of a protective order motion alters the parties' obligation to engage in a meaningful and substantive dialogue regarding the discovery at issue.

From: **Srijani Chatterjee** srijanic91@gmail.com
Subject: Re: Case 26-CV-580
Date: April 14, 2026 at 10:57 am
To: Daniel Szalkiewicz daniel@veridianlegal.com
Cc: Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com

SC

Dear Mr. Szalkiewicz,

Defendant addresses the inclusion of non-appearing individuals on correspondence in this matter.

This case involves sensitive issues that are the subject of a pending motion for a protective order, including relief sought under VAWA. In light of those considerations, Defendant does not consent to the inclusion of individuals who have not appeared in this action on email correspondence.

Kaivalya Rawal has not appeared in this matter. Defendant requests that she not be copied on further correspondence.

Defendant remains available to meet and confer in good faith and to proceed with communications consistent with the above.

Defendant reserves all rights.

Sincerely,

Srijani Chatterjee

> On Apr 14, 2026, at 10:50, Srijani Chatterjee <srijanic91@gmail.com> wrote:
>
> Dear Mr. Szalkiewicz,
>
> Defendant does not agree that the meet-and-confer is contingent upon the prior service of formal interrogatory and document responses.
>
> Under the Federal Rules, Defendant has 30 days to serve her responses and objections, and that deadline has not yet elapsed. Defendant will serve formal, request-by-request responses in accordance with the Rules within that timeframe.
>
> In the meantime, Defendant has already articulated her objections in principle, including that Plaintiffs' requests exceed the scope of the Court's April 10, 2026 Order and seek information far beyond what is relevant to service of process and diversity jurisdiction.
>
> Defendant remains willing to meet and confer in good faith to address the scope of discovery and the issues raised by Plaintiffs' requests. That discussion is not dependent on the prior service of formal responses.
>
> As previously stated, Defendant is available within the originally requested 24–48 hour window and has provided specific availability. Please confirm whether you will proceed on that basis.
>
> Defendant reserves all rights.
>
> Sincerely,
> Srijani Chatterjwe
>
> > On Apr 14, 2026, at 04:42, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
> >
> > Prior to meeting with you about discovery, I need your specific objections to the interrogatories and document demands.
> >
> > Once we receive them, we will review them to determine if we believe they have any merit.
> >
> > Very Truly Yours,
> >
> > Daniel S. Szalkiewicz, Esq.
> >
> > Veridian Legal P.C.
> > 23 West 73rd Street, Suite 102

New York, New York 10023
Tel:  (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Tue, Apr 14, 2026 at 12:21 AM Srijani Chatterjee <srijanic91@gmail.com> wrote:

Dear Mr. Szalkiewicz,

Defendant notes that your proposed availability for Thursday or Friday falls outside the 24–48 hour window previously requested in order to address these issues promptly.

Defendant and Marc Pelta remain available to meet within that timeframe and can make themselves available on either Tuesday or Wednesday. Please confirm whether any time works on either of those days.

Defendant will proceed with the understanding that the conference will not be recorded.

With respect to attendance, Defendant reiterates that this matter involves sensitive issues that are the subject of a pending motion for a protective order, including relief sought under VAWA. In light of those considerations, Defendant requests that participation be limited to counsel of record.

Defendant will participate along with Marc Pelta, whose forthcoming appearance in this action has been acknowledged.

Defendant will engage in good faith to address the scope of discovery and objections. However, Defendant does not agree that the meet-and-confer requires substantive disclosure of information or responses beyond what is appropriate at this stage, and will not be providing substantive information during the conference.

Defendant does not agree that any post-conference summary prepared by Plaintiffs will constitute an agreed or complete record.

Defendant reserves all rights.

Sincerely,
Srijani Chatterjee

Sent from my iPhone

On Apr 13, 2026, at 23:49, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

We do not agree that the meet-and-confer should be limited beyond what is required by the Federal Rules, nor do we believe that the pendency of a protective order motion alters the parties' obligation to engage in a meaningful and substantive dialogue regarding the discovery at issue.

**From:** **Daniel Szalkiewicz** daniel@veridianlegal.com
**Subject:** Re: Case 26-CV-580
**Date:** April 14, 2026 at 10:59 am
**To:** Srijani Chatterjee srijanic91@gmail.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com, Kaivalya Harsukh Rawal Esq. khr@krlaw.law

We will meet and confer after we receive your response.

Very Truly Yours,

Daniel S. Szalkiewicz, Esq.

Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
Tel: (212) 706-1007
Direct Dial: (212) 760-1007
Cell: (929) 373-2735
Fax: (646) 849-0033

On Tue, Apr 14, 2026 at 10:50 AM Srijani Chatterjee <srijanic91@gmail.com> wrote:

> Dear Mr. Szalkiewicz,
>
> Defendant does not agree that the meet-and-confer is contingent upon the prior service of formal interrogatory and document responses.
>
> Under the Federal Rules, Defendant has 30 days to serve her responses and objections, and that deadline has not yet elapsed. Defendant will serve formal, request-by-request responses in accordance with the Rules within that timeframe.
>
> In the meantime, Defendant has already articulated her objections in principle, including that Plaintiffs' requests exceed the scope of the Court's April 10, 2026 Order and seek information far beyond what is relevant to service of process and diversity jurisdiction.
>
> Defendant remains willing to meet and confer in good faith to address the scope of discovery and the issues raised by Plaintiffs' requests. That discussion is not dependent on the prior service of formal responses.
>
> As previously stated, Defendant is available within the originally requested 24–48 hour window and has provided specific availability. Please confirm whether you will proceed on that basis.
>
> Defendant reserves all rights.
>
> Sincerely,
> Srijani Chatterjwe
>
> > On Apr 14, 2026, at 04:42, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
> >
> > Prior to meeting with you about discovery, I need your specific objections to the interrogatories and document demands.
> >
> > Once we receive them, we will review them to determine if we believe they have any merit.
> >
> > Very Truly Yours,
> >
> > Daniel S. Szalkiewicz, Esq.
> >
> > Veridian Legal P.C.
> > 23 West 73rd Street, Suite 102
> > New York, New York 10023
> > Tel: (212) 706-1007
> > Direct Dial: (212) 760-1007
> > Cell: (929) 373-2735
> > Fax: (646) 849-0033
> >
> > On Tue, Apr 14, 2026 at 12:21 AM Srijani Chatterjee <srijanic91@gmail.com> wrote:
> >
> > > Dear Mr. Szalkiewicz,
> > >
> > > Defendant notes that your proposed availability for Thursday or Friday falls outside the 24–48 hour window previously requested in order to address these issues promptly.
> > >
> > > Defendant and Marc Pelta remain available to meet within that timeframe and can make themselves available on either Tuesday or Wednesday. Please confirm whether any time works on either of those days.
> > >
> > > Defendant will proceed with the understanding that the conference will not be recorded.
> > >
> > > With respect to attendance, Defendant reiterates that this matter involves sensitive issues that are the subject of a pending motion for a protective order, including relief sought under VAWA. In light of those considerations, Defendant requests that participation be limited to counsel of record.
> > >
> > > Defendant will participate along with Marc Pelta, whose forthcoming appearance in this action has been acknowledged.

Defendant will engage in good faith to address the scope of discovery and objections. However, Defendant does not agree that the meet-and-confer requires substantive disclosure of information or responses beyond what is appropriate at this stage, and will not be providing substantive information during the conference.

Defendant does not agree that any post-conference summary prepared by Plaintiffs will constitute an agreed or complete record.

Defendant reserves all rights.

Sincerely,
Srijani Chatterjee

Sent from my iPhone

On Apr 13, 2026, at 23:49, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:

We do not agree that the meet-and-confer should be limited beyond what is required by the Federal Rules, nor do we believe that the pendency of a protective order motion alters the parties' obligation to engage in a meaningful and substantive dialogue regarding the discovery at issue.

**From:** **Srijani Chatterjee** srijanic91@gmail.com
**Subject:** Re: Case 26-CV-580
**Date:** April 14, 2026 at 11:24 am
**To:** Daniel Szalkiewicz daniel@veridianlegal.com
**Cc:** Cali Madia cali@veridianlegal.com, Marc Pelta Lawyer SF marc@peltalaw.com

Dear Mr. Szalkiewicz,

Defendant notes Plaintiffs' position that they will not meet and confer until after receipt of formal discovery responses.

Defendant does not agree that such a condition is required under the Federal Rules and has been, and remains, available to meet and confer promptly to address the scope of discovery.

Defendant will proceed to serve formal responses within the time permitted under the Federal Rules.

Defendant reserves all rights, including with respect to Plaintiffs' refusal to meet and confer absent conditions not required by the Rules.

Sincerely,

Srijani Chatterjee

> On Apr 14, 2026, at 10:59, Daniel Szalkiewicz <daniel@veridianlegal.com> wrote:
>
> We will meet and confer after we receive your response.
>
> Very Truly Yours,
>
> Daniel S. Szalkiewicz, Esq.