**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DEVEN SANON and SIMRAN
HOTCHANDANI,

               Plaintiffs,

  -against-

SRIJANI CHATTERJEE, JOHN DOES 1-10,
and JANE DOES 1-10,

               Defendants.

--------------------------------------------x

Civil Action No.:
1:26-cv-00580 (AMD)(VMS)

**EMERGENCY LETTER MOTION TO
REDACT ADDRESS FROM PUBLIC
DOCKET (ECF Nos. 31, 35, and April 10,
2026 Order)**

April 16, 2026

The Honorable Vera M. Scanlon
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:   Emergency Letter Motion to Redact Address from Three Public Docket
Entries: (1) Court's April 10, 2026 Order; (2) April 7, 2026
Conference Transcript (ECF No. 31); and (3) Court's April 16,
2026 Order (ECF No. 35)**
Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS)

Dear Judge Scanlon:

Defendant Srijani Chatterjee respectfully submits this emergency letter motion requesting

that the Court order redaction of an address from three publicly accessible docket entries: (1) the

Court's April 10, 2026 Order; (2) the transcript of the April 7, 2026 conference before this Court

(ECF No. 31); and (3) the Court's April 16, 2026 Order (ECF No. 35) denying Defendant's Emergency Application and directing Plaintiffs to respond to the pending motions by April 27, 2026. Defendant is a VAWA self-petitioner with prima facie approval from USCIS whose petition was filed in April 2023, nearly three years before this litigation commenced. The plaintiffs are the individuals identified in Defendant's VAWA petition as her abusers. This motion is filed in connection with Defendant's Motion to Quash Third-Party Subpoenas, Strike Discovery Requests, and for Protective Order (ECF No. 33) and Emergency Application (ECF No. 34), which remain pending.

## I. THE THREE DOCKET ENTRIES AT ISSUE

First, the Court's April 10, 2026 Order contains an address in its publicly accessible docket text, noted as Defendant's address "for service of filings." That same address was discussed at the April 7, 2026 conference before this Court, as the April 10 Order itself confirms, and therefore appears in the conference transcript filed as ECF No. 31 by Court Transcriber Linda D. Danelczyk.

Second, the transcript carries an independent urgent deadline. The ECF docket identifies a redaction request deadline of May 5, 2026, with the transcript restriction lifting automatically on July 13, 2026 if no redaction is ordered. If this motion is not addressed before May 5, 2026, the transcript will become permanently and unreservedly publicly accessible.

Third, and most recently, the Court's April 16, 2026 Order (ECF No. 35) again publishes the same address in its publicly accessible docket text. That Order, issued today, denies Defendant's Emergency Application, directs Plaintiffs to respond to the pending motions by April 27, 2026, and orders that any subpoenaed documents received be maintained as "attorneys' eyes only" pending the motions. While the attorneys' eyes only designation provides meaningful interim protection against disclosure to Plaintiffs themselves, it does not address the separate and ongoing

harm caused by the address appearing on the public docket — where it is accessible not only to Plaintiffs' counsel but to Plaintiffs directly and to any third party with a PACER account.

All three entries are currently publicly accessible on PACER to any person with an account, including Plaintiffs and their counsel — the individuals Defendant identified as her abusers in her VAWA petition.

## II. THE ADDRESS IS NOT DEFENDANT'S DOMICILE AND DOES NOT RESOLVE THE JURISDICTIONAL DISPUTE

The address appearing in both docket entries has been associated with Defendant on an intermittent basis for specific limited purposes. It is not, and has never been, Defendant's domicile. Domicile requires both physical presence at a location and the intent to remain there indefinitely. See *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Defendant has never formed the requisite intent to make this address her permanent home, and it does not reflect the place she regards as her fixed and permanent establishment.

Defendant expressly preserves and does not waive her pending motion to dismiss for lack of personal jurisdiction and her contest of diversity jurisdiction in this action. The address was provided to the Court solely for the limited administrative purpose of ensuring receipt of court filings during the pendency of this litigation — not as a concession of domicile, not as a representation of permanent residence, and not as a resolution of the jurisdictional question that remains genuinely and materially in dispute.

Publishing this address in publicly accessible docket text before the jurisdictional question has been resolved risks creating a false public impression that the Court has already determined the question of Defendant's domicile. It has not. The grant of this motion likewise constitutes no

such finding. Redacting the address from public view preserves the integrity of the jurisdictional inquiry while preventing immediate and irreversible harm to Defendant.

### III. THE SAFETY HARM IS IMMEDIATE, ACTIVE, AND IRREVERSIBLE REGARDLESS OF DOMICILE

Independently of the jurisdictional question, the publication of this address on the public docket causes immediate harm that cannot be undone. Any address with which Defendant has been associated — even intermittently — is information that her identified abusers can use to locate, surveil, or harm her. The harm does not depend on whether the address is Defendant's domicile. It depends only on the fact that it is on a public docket where her abusers can see it.

That harm is not abstract. Plaintiffs have served a subpoena on Defendant's sublessor, Allison Viverette, specifically demanding documents confirming Defendant's address and physical presence (**Exhibit E** to the Motion to Quash). Plaintiffs have served a subpoena on Starry Inc. seeking internet service records tied to that address (**Exhibit A**). Plaintiffs' first interrogatory demands Defendant's "current address" as the opening item of jurisdictional discovery (**Exhibit N**). Plaintiffs are actively using this litigation to locate Defendant. The public docket entry hands them, and anyone they may engage, an address associated with Defendant without any need for further discovery.

A subpoena that is quashed does not undo the harm caused by a publicly visible docket entry. Once Defendant's identified abusers have accessed this address, no subsequent court order can restore the confidentiality that 8 U.S.C. § 1367 was enacted to protect. The harm is irreversible from the moment it occurs.

## IV. PUBLICATION IS UNNECESSARY TO THE OPERATIVE EFFECT OF EITHER ENTRY

The address in the April 10 Order serves the sole administrative purpose of ensuring service of filings — a purpose fully achieved by maintaining the address in the Court's internal records and with the Clerk. It does not require the address to appear in publicly accessible docket text. The operative provisions of the April 10 Order — limiting discovery to two categories and staying all other discovery — are entirely unaffected by redacting the address from public view.

Similarly, any reference to the address in the April 7 transcript is not necessary to the substantive record of the conference proceedings. Defendant does not request any modification to the substance or operative provisions of either entry. She requests only that the address be replaced with the designation "[ADDRESS ON FILE WITH COURT]" in both publicly visible entries, with unredacted versions maintained under seal accessible only to the Court and parties of record.

## V. LEGAL BASIS

This Court has inherent authority to manage its docket to prevent harm to parties, including authority to order redaction of information that poses a safety risk. See *Doe v. Skyline Automobiles Inc.*, 375 F. Supp. 3d 401, 403 (S.D.N.Y. 2019). Federal Rule of Civil Procedure 26(c) authorizes protective orders prohibiting disclosure of identifying and location information. Federal Rule of Civil Procedure 5.2 authorizes courts to require redaction of personal information from court records to protect privacy. The policies underlying 8 U.S.C. § 1367 reinforce this Court's authority — Congress enacted VAWA's confidentiality provisions specifically to prevent abusers from using legal process to locate their victims, and those protections apply with full force to any address with which a VAWA petitioner has been associated, regardless of its legal characterization for jurisdictional purposes. The Bronx Supreme Court designated Defendant as "Jane Doe" in February 2026 and recognized her VAWA status specifically to prevent disclosure of her

identifying information to Plaintiffs. This Court should extend that same protection to the address appearing on its own docket.

## VI. RELIEF REQUESTED

Defendant respectfully requests that the Court:

(1) Order that the April 10, 2026 docket entry be redacted to replace the address with "[ADDRESS ON FILE WITH COURT]", with the unredacted version maintained under seal accessible only to the Court and parties of record;

(2) Order that the April 7, 2026 conference transcript (ECF No. 31) be redacted to remove or replace any reference to Defendant's address, with the redacted transcript filed on or before the May 5, 2026 deadline and the unredacted version maintained under seal;

(3) Order that the April 16, 2026 Order (ECF No. 35) be redacted to replace the address with "[ADDRESS ON FILE WITH COURT]", with the unredacted version maintained under seal accessible only to the Court and parties of record;

(4) Direct the Clerk to implement all three redactions on the public-facing ECF docket; and

(5) Order that no future filings, orders, or docket entries in this action include any address associated with Defendant in publicly accessible form, consistent with the protective order sought in Defendant's pending Motion to Quash (ECF No. 33).

None of this relief alters the operative provisions of any court order, constitutes any finding regarding the contested jurisdictional questions, or prejudices either party's position on the merits. Defendant respectfully urges the Court to act on this motion on an emergency basis given that the address is accessible on the public docket at this moment across three separate entries and the transcript redaction deadline is May 5, 2026.

Respectfully submitted,

/s/ Srijani Chatterjee

**Srijani Chatterjee**

srijanic91@gmail.com

Defendant, Pro Se

cc:  Daniel S. Szalkiewicz, Esq. (via email: daniel@veridianlegal.com)

Cali Madia, Esq. (via email: cali@veridianlegal.com)

Marc Pelta, Esq., Prospective Counsel for Defendant (via email: marc@peltalaw.com)