

April 17, 2026
Via ECF


Chief Magistrate Judge Vera M. Scanlon

United States District Court, Eastern District of New York

225 Cadman Plaza East, Brooklyn, New York 11201


**Re:** *Sanon et ano. v. Chatterjee et al., No. 1:26-cv-00580 (AMD)(VMS)* **— Response to Plaintiffs' April 17 Letter; Renewed Emergency Motion to Seal Address; Motion to Suppress Viverette Information**


Dear Chief Magistrate Judge Scanlon:


I am Defendant Srijani Chatterjee, proceeding pro se and as a prima facie approved VAWA petitioner whose identified abusers are the Plaintiffs in this action. I write in urgent response to Plaintiffs' counsel's letter of today's date. That letter contains a material misstatement of fact regarding the length of my memorandum of law, seeks denial of motions raising urgent and immediate safety concerns, and — most critically — discloses that my residential and personal information was transmitted directly to my abusers through a subpoena that: (1) was served on Ms. Allison Viverette without prior notice to me, in violation of Federal Rule of Civil Procedure 45(a)(4); (2) attached no court order and had no lawful basis whatsoever; and (3) produced information that was shared with Plaintiffs the very same day it was received, rather than preserved for court review — confirming that the subpoena's sole purpose was never jurisdictional discovery, but to stalk and locate a domestic violence victim protected by federal law. Plaintiffs' letter also attempts to minimize my safety concerns in direct contravention of federal law. I address each issue below.


## I. Plaintiffs' Counsel Misstates the Length of My Memorandum of Law.

Plaintiffs assert that my memorandum of law at ECF No. 34 violates the 25-page limit. This is factually incorrect and should not be credited by the Court. The memorandum of law in ECF No. 34 begins at page 5 and concludes at page 28 — a total of 24 pages, within the 25-page limit. Pages 1 through 4 consist of the Notice of Motion, Table of Contents, and Table of Authorities, which do not count toward the page limit under Local Civil Rule 7.1. Pages 29 through 167 consist of the Exhibit Index, Certificate of Word Count, Certificate of Service, and the attached exhibits — none of which count toward the memorandum page limit. The motion also includes a word count certification confirming approximately 7,200 words, well within the 8,750-word limit. Plaintiffs' counsel's misstatement of the motion's length is not a minor error; it The Court should not deny my motions on the basis of a page-limit violation that did not occur.


## II. My Filing With Judge Donnelly Was a Good-Faith Error; Denial Would Cause Irreversible Harm.

I acknowledge that Your Honor's Individual Practice Rules III(b) require that discovery and other non-dispositive motions be brought by four-page letter motion. My filing with Judge Donnelly reflected a good-faith assumption based on the existing directive in this case directing motions to Judge Donnelly

— a directive issued in connection with the pending motion to dismiss. I recognize that directive applied to dispositive motions, not discovery motions. I do not seek to excuse non-compliance, but respectfully submit that denial without prejudice is not the appropriate remedy.

The Court has already directed Plaintiffs to respond by April 27, 2026. Resetting that deadline while five third-party subpoenas remain outstanding — and while my residential information has already been transmitted to my abusers through the defective Viverette subpoena, as described below — would compound an ongoing and irreversible harm to a VAWA petitioner. The substance of my motions is fully before the Court. I respectfully ask the Court to treat ECF No. 34, or this letter incorporating it by reference, as a conforming submission and maintain the April 27 opposition deadline.

### III. The Viverette Subpoena Was Doubly Defective; Its Fruits Were Used to Stalk and Locate Me and the Damage Cannot Be Undone by Court Order Alone.

Plaintiffs' Letter discloses that Ms. Allison Viverette voluntarily contacted Plaintiffs' counsel on April 13, 2026 — the day a subpoena was served on her — and provided information including communications between herself, me, and my landlord. That information was then shared directly with Plaintiffs on April 13, 2026. This disclosure is the direct and foreseeable consequence of a subpoena that was defective on two independent grounds, each of which independently warrants suppression.

**First, no prior notice in violation of FRCP 45(a)(4).** Federal Rule of Civil Procedure 45(a)(4) requires that before or when a subpoena commanding document production is served on a third party, notice must be served on all other parties. Plaintiffs served the subpoena on Ms. Viverette without first serving notice on me. I did not know the subpoena had been served until I learned of it through other means — after Ms. Viverette had already contacted Plaintiffs' counsel and disclosed my residential information. The prior notice requirement exists precisely to give the opposing party a meaningful opportunity to move to quash before the third party responds. By bypassing it entirely, Plaintiffs stripped me of my only opportunity to seek court protection before the harm was done.

**Second, no court order attached — no lawful basis.** As set forth in ECF No. 34, Section B, the Viverette subpoena attached no court order at all — not even the non-operative order attached to the Meta and Google subpoenas. Plaintiffs could not attach the April 10 Order because it authorizes non-party discovery only from social media entities and internet service providers. A residential sublessor is neither. The subpoena was issued without any judicial authority, presenting Ms. Viverette with a document that falsely implied court sanction for demands no court had approved.

**Third, immediate transmission to Plaintiffs confirms the subpoena's improper purpose.** Plaintiffs' counsel received Ms. Viverette's information on April 13, 2026 and shared it with Plaintiffs directly that same day — three days before this Court's April 16, 2026 attorneys' eyes only order. A lawyer conducting legitimate jurisdictional discovery in a case involving a pending VAWA protective motion would have preserved the information and disclosed it to the Court before sharing it with the client. Instead, it went immediately to the very individuals identified in my VAWA petition as my abusers. This is not an act of evidence preservation. It is the fulfillment of the subpoena's actual purpose: to give my abusers real-time intelligence about where I live, how I conduct my daily life, and who I have relationships with. The subpoena to Ms. Viverette was not a tool of jurisdictional discovery.

It was an instrument of stalking, issued without notice and without authority. Plaintiffs did not need this information to establish jurisdiction — they needed it to find out where I live. The speed with which its fruits were placed in my abusers' hands confirms it.

Critically, suppression and the attorneys' eyes only designation — while necessary and warranted — cannot undo the harm that has already been caused. My abusers received my residential information on April 13, 2026. That information is now in their possession. No court order erases what they already know. The risk to my safety is ongoing and irreversible by procedure alone. This is why the relief sought here — in camera disclosure of exactly what was shared and with whom, a direction to Ms. Viverette to cease cooperation, and emergency sealing — is urgent and essential. This conduct independently satisfies the Rule 26(g)(3) sanctions standard in ECF No. 34.

I respectfully request that the Court:

1. Order Plaintiffs' counsel to disclose to the Court in camera the full and complete contents of all information received from Ms. Viverette, every person to whom that information was transmitted, and the precise date and time of each transmission;

2. Suppress and prohibit any use by Plaintiffs, their counsel, or their agents of any information obtained through the Viverette subpoena, which was served without prior notice in violation of FRCP 45(a)(4), issued without any court order or authorization, and obtained in violation of 8 U.S.C. § 1367;

3. Quash the Viverette subpoena nunc pro tunc and direct Ms. Viverette not to provide any further information to Plaintiffs, their counsel, or their agents, pending further order of the Court; and

4. Clarify that the April 16, 2026 attorneys' eyes only designation applies retroactively to all information obtained from or relating to Ms. Viverette, including all information transmitted to Plaintiffs on April 13, 2026.

**IV. Plaintiffs' Safety Minimization Misrepresents VAWA Law and Must Be Rejected; Emergency Sealing of My Address Is Required.**

Plaintiffs' letter again publishes my home address on the public ECF docket — the second filing in this case to do so — while simultaneously arguing my Affidavit of Abuse "fails to allege any physical safety concerns." Both acts require immediate relief. Each publication of my address compounds the ongoing risk to my safety. The safety minimization argument is a deliberate attempt to undermine my VAWA protections and is exactly the kind of argument courts have consistently rejected.

Plaintiffs' VAWA's confidentiality protections under 8 U.S.C. § 1367 do not require proof of physical violence. Congress enacted § 1367 to protect survivors of battery, extreme cruelty, coercive control, financial abuse, and immigration-related abuse alike — because abusers use many forms of harm beyond physical violence, and location information is one of the primary tools through which abusers maintain power and access to their victims. See H.R. Rep. No. 109-233, at 120 (2005). The statute protects all prima facie approved VAWA petitioners regardless of the form of abuse alleged. Plaintiffs'

counsel's argument to the contrary is not only legally wrong — it is the precise tactic that VAWA was designed to defeat: an abuser using legal process to argue that their victim does not deserve protection.

The argument that my address is already public because it appeared in a prior filing does not justify its republication. Each appearance of my address on the public docket is an independent harm that compounds the risk to my safety. The Court has inherent authority to seal information from the public docket where necessary to protect the safety of a litigant, and 8 U.S.C. § 1367 provides an additional and independent statutory basis to do so here. I renew my emergency request that the Court: (a) immediately seal and redact my residential address from all public docket entries in this case, including the April 10, 2026 Order and Plaintiffs' April 17, 2026 letter; and (b) direct that all future filings by any party that reference my residential address be filed under seal or with redactions, and that Plaintiffs' counsel be directed not to include my address in any future public ECF filing.

The conduct documented above — a subpoena served without notice and without court authorization, with information immediately transmitted to my abusers, with the damage of that disclosure now irreversible, and with my address now republished on the public docket for the second time — is not a series of isolated missteps. It is a deliberate and continuing pattern of using civil litigation as an instrument to locate, surveil, and intimidate a domestic violence victim whose identity and location are protected by federal law. I respectfully but urgently ask the Court to intervene.

Respectfully submitted,

_____

/s/ Srijani Chatterjee
Srijani Chatterjee, Defendant Pro Se
Email: srijanic91@gmail.com

cc: Veridian Legal P.C. / Daniel S. Szalkiewicz, Esq. (via email: daniel@veridian.legal)