*** Filed ***
01:13 AM, 18 Apr, 2026
U.S.D.C., Eastern District of New York

April 18, 2026

Via ECF

Chief Magistrate Judge Vera M. Scanlon

United States District Court, Eastern District of New York

225 Cadman Plaza East, Brooklyn, New York 11201

**Re:** *Sanon et ano. v. Chatterjee et al., No. 1:26-cv-00580 (AMD)(VMS)* — **Opposition to Conference Request and Additional Grounds for Suppression of Viverette Information; In the Alternative, Request to Appear Telephonically**

Dear Chief Magistrate Judge Scanlon:

I am Defendant Srijani Chatterjee, proceeding pro se. I write in response to Plaintiffs' letter of today's date requesting a pre-motion conference or guidance on format. I respectfully submit that the Court should deny the conference request entirely. I also write to bring to the Court's attention an additional and serious concern arising from the timeline of the Viverette disclosure that was not fully addressed in my letter of April 17, 2026. In the alternative, if the Court determines that a conference is warranted, I request permission to appear telephonically.

**I. The Court Should Deny the Conference Request.**

Plaintiffs' request for a conference must be understood against the backdrop of what they did before making it. They first served five subpoenas — one with no court order attached, one with a non-operative order omitting this Court's express limitations, and one without prior notice to Defendant in violation of Federal Rule of Civil Procedure 45(a)(4). They transmitted Defendant's personal information directly to her abusers on April 13, 2026, three days before this Court's attorneys' eyes only order. They served fourteen interrogatories in direct violation of the Court's discovery stay, including an explicit demand for Defendant's immigration filings in violation of 8 U.S.C. § 1367. They violated the state court's Jane Doe designation by filing the federal complaint using Defendant's real name while that order remained in force. Only after all of this did they write to the Court asking for guidance on format.

A lawyer acting in good faith who was genuinely uncertain about the proper procedural format would seek guidance before serving discovery, not after. The sequencing is not coincidental. By seeking guidance only after the damage was done, Plaintiffs ensured that whatever ruling the Court makes cannot undo the harm already caused. Their request for a conference is not a good-faith procedural inquiry. It is a delay tactic designed to reset the briefing schedule, extend the period during which five outstanding subpoenas remain live, and provide additional time to

pursue further unlawful discovery while Defendant's emergency requests remain unresolved. The Court should deny the conference request, maintain the April 27 opposition deadline, and rule on Defendant's emergency requests without awaiting further briefing. Every day of delay is a day Defendant's abusers retain information already unlawfully in their possession and an opportunity for further irreparable harm.

## II. The Timeline of the Viverette Disclosure Raises Additional Serious Concerns Requiring In Camera Disclosure.

Plaintiffs' letter discloses that Ms. Allison Viverette was served with a subpoena, contacted Plaintiffs' counsel, and her information was transmitted to Plaintiffs — all on April 13, 2026. Ms. Viverette resides in Pittsburgh, Pennsylvania, a fact Plaintiffs themselves disclosed in their filings. This timeline is physically impossible if the subpoena was served by mail. Mail from New York to Pittsburgh, Pennsylvania cannot arrive, be read, and generate a same-day response. The subpoena was served, responded to, and the information transmitted to Defendant's abusers, all within a single day — to a recipient in another state.

This raises questions that go beyond a procedural defect and require the Court's immediate attention. If the subpoena was served by process server at Ms. Viverette's Pennsylvania address, how did Plaintiffs obtain that address, and through what means? If Ms. Viverette contacted Plaintiffs' counsel the same day the subpoena was served, was she already in communication with Plaintiffs or their agents before formal service? If so, the subpoena itself may have been a pretext for information gathering that had already begun through extrajudicial contact — contact that, if it preceded formal service, could constitute improper communication with a witness known to possess information relevant to this litigation. Defendant does not have access to the information necessary to resolve these questions. Plaintiffs do.

The in camera disclosure requested in Defendant's letter of April 17, 2026 date should therefore include: the precise method, date, and time of service of the subpoena on Ms. Viverette; the date and time of Ms. Viverette's first contact with Plaintiffs' counsel or any agent of Plaintiffs; and whether any communication between Ms. Viverette and Plaintiffs or their agents preceded formal service of the subpoena. If any such prior contact occurred, it constitutes an additional and independent basis for suppression of all information obtained from Ms. Viverette.

## III. In the Alternative, Defendant Requests Telephonic Appearance.

If the Court determines that a conference is warranted, Defendant respectfully requests permission to appear telephonically rather than in person or by video. Defendant is a prima

facie approved VAWA petitioner whose abusers are the Plaintiffs. Appearing by video could risk revealing identifying information about Defendant's surroundings to opposing counsel who represents her abusers. Defendant's pending VAWA protective motion and emergency sealing motion both bear directly on the manner of her appearance. Telephonic appearance eliminates these risks while allowing full participation. Defendant appearance eliminates these risks while allowing full participation. Defendant respectfully requests permission to provide her telephone number directly to chambers by email, for the Court's use only, so that it does not appear on the public docket where it would be accessible to Plaintiffs and their counsel who represent her abusers.

Respectfully submitted,


/s/ Srijani Chatterjee


Srijani Chatterjee, Defendant Pro Se

Email: srijanic91@gmail.com

cc: Daniel S. Szalkiewicz, Esq. (daniel@veridianlegal.com)

Cali Madia, Esq. (cali@veridianlegal.com)

Marc Pelta, Esq., Prospective Counsel for Defendant (marc@peltalaw.com)