VERIDIAN
LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

April 20, 2026

**Via ECF**
Chief Magistrate Judge Vera M. Scanlon
United States District Court Eastern District of New York

*Re:* *Sanon et ano v. Chatterjee et al.,*
    *Docket No.: 26-cv-00580*

Dear Judge Scanlon,

We represent Plaintiffs Deven Sanon and Simran Hotchandani ("Plaintiffs") in the above-captioned matter.  We write pursuant to Your Honor's Individual Practice Rules III(b) in response to Defendant's Emergency Motion to Seal (D.E. 36); Renewed Emergency Motion to Seal/Motion to Suppress (D.E. 37); and Response in Opposition for Conference and Additional Grounds for Suppression/Request to Appear Telephonically (D.E. 38) filed April 17, 2026; April 17, 2026; and April 18, 2026, respectively[1].  For the sake of judicial economy all issues will be addressed herein.

**Defendant's Address**
Defendant seeks an order sealing her address.  As previously mentioned, Defendant's address is a matter of public record and has been since before Plaintiffs filed this lawsuit/served her there.  Plaintiff's address appears on the summons and numerous docket entries beyond those which Defendant is attempting to have sealed.  Importantly, sealing the docket entries will neither remove her address from the public record nor from Plaintiffs' knowledge.  Contrary to Defendant's representations, nothing about her address appearing on the docket creates a false impression that the Court has determined her domicile.

Plaintiffs need not use this litigation to locate Defendant; her location has already been known.

**Bronx County Supreme Court Did Not Designate Defendant Jane Doe**
Defendant asserts that the Bronx Court designated her Jane Doe based on her VAWA status.  This is not accurate.  A review of the Bronx County Supreme Court pre-action discovery litigation (818359/2025E) shows Plaintiffs sought discovery from various companies to identify their online harasser(s).  When some of those companies informed the online harasser his/her information was being requested in a lawsuit, an individual identifying themselves as Jane Doe began sending documents to the court, even going so far as to unilaterally change the caption of the lawsuit so it appeared as if Plaintiffs were suing Jane Doe specifically (NYSCEF Doc. 33).  The content of Jane Doe's filings made clear Jane Doe was Srijani Chatterjee.  There was no briefing or resulting Order permitting Defendant to appear as Jane Doe, she just unilaterally began referring to herself as such and the Court, not possessing her true name, referred to her by the name she provided.

---

[1] Since Plaintiffs' counsel began writing this letter, Defendant has also filed a **fourth** motion in as many days – Emergency Supplemental Notice Concerning Plaintiff Simran Hotchandani's Legal Identity, Jurisdictional Ambiguity, and its Direct Bearing on Defendant's Motion to Dismiss – which will likely be docketed as D.E. 39.  Plaintiffs intend to address that motion in a separate letter.

Veridian Legal P.C.



As of April 20, 2026
Page 2

**Defendant's Motion Skips Letter Motion Required Under Rules**
Defendant concedes that her voluminous discovery motion is "a total of 24 pages" which violates Your Honor's rules because it was required to be four pages in length.

**The Viverette Subpoena**
Defendant has previously filed a Motion to Quash (D.E. 33 and 34) and yet seems to seek to add additional arguments in both D.E. 37 and D.E. 38. Plaintiffs respectfully request that Defendant's arguments be limited to the motions and Defendant not be permitted to continually add arguments to her motion with every passing day.

**Plaintiffs' Conference Request**
Plaintiffs' letter motion (D.E. 35) requests guidance as to how Plaintiffs should respond to Defendant's loading of the docket with presumptively procedurally improper motions and was made in consideration of judicial resources and preferences.

**Defendant's Objections to Video Appearance Are Unfounded**
Defendant's concerns regarding appearing by video are without merit. Defendant has previously appeared on video against a neutral background and can do so again, including by utilizing a blurred background if she prefers. Moreover, Plaintiff's participation by telephone does not alter the fact that Defendant's address is already known, as it was previously used for service. Accordingly, Defendant's stated concerns do not provide a basis to avoid a standard video appearance.

**Conclusion**
While Plaintiffs are mindful that Defendant is proceeding *pro se*, Defendant has also represented herself to be an attorney and therefore may be expected to possess a greater familiarity with court procedures and professional standards than a typical *pro se* litigant.

To date, Defendant has submitted hundreds of pages of filings prior to even interposing an answer, and some of those submissions may be the subject of a forthcoming Rule 11 motion. In addition, Defendant has, at times, engaged in personal commentary directed at both Plaintiffs and undersigned counsel in emails, writing "the tackier the law school…but more pertinently, the tackier the client, the tackier the attorney."

In light of the foregoing, Plaintiffs respectfully submit that Defendant's three letter motions be denied in their entirety and Defendant be directed to refrain from filing sequential motions regarding the same issues and matters.

Respectfully submitted,

VERIDIAN LEGAL P.C.
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.

cc: Srijani Chatterjee (via Email srijanic91@gmail.com and First Class Mail)

Veridian Legal P.C.