

April 22, 2026

Via ECF

Chief Magistrate Judge Vera M. Scanlon

United States District Court, Eastern District of New York

225 Cadman Plaza East, Brooklyn, New York 11201

**Re: *Sanon et ano. v. Chatterjee et al.*, No. 1:26-cv-00580 (AMD)(VMS) — Emergency Letter: Subpoena to VAWA Immigration Attorney Demanding Complete Petition File; Absolute Violation of 8 U.S.C. § 1367; Request for Immediate Quash and Substantial Sanctions**

Dear Chief Magistrate Judge Scanlon:

I am Defendant Srijani Chatterjee, proceeding pro se. This Court docketed Defendant's emergency letter yesterday, April 21, 2026, reporting that Plaintiffs' counsel telephoned Defendant's immigration attorney, Gadi Zohar, Esq. of Zohar Law PLLC, without authorization, demanded information about Defendant's VAWA petition, asked him to "help" opposing counsel extract federally protected information about his own client's petition, and threatened him with subpoenas when he refused. Today — the day after that letter was docketed — Plaintiffs' counsel served a subpoena on Zohar Law PLLC demanding the complete contents of Defendant's VAWA petition file. No court order is attached. The subpoena is void on its face and must be quashed immediately. This Court must also impose sanctions sufficient to make unmistakably clear that serving a subpoena demanding a domestic violence victim's complete VAWA petition file — the day after a court dockets a letter reporting the extrajudicial threats that preceded it — will not be tolerated.

### I. What the Subpoena Demands: The Complete VAWA Petition File, to Be Produced to Her Abusers.

The subpoena demands every Form I-360 (VAWA self-petition) and all amendments; every declaration, affidavit, and exhibit submitted to USCIS including Defendant's Affidavit of Abuse and all personal declarations; every other immigration application including Forms I-485, I-765, and I-131; every receipt notice, approval notice, and prima facie determination from USCIS; every document reflecting Defendant's residential address or physical location provided to any federal immigration authority from March 2023 to present; every change of address form; every document reflecting Defendant's travel history; and every employment authorization document including the addresses listed thereon. Plaintiffs' counsel — retained by the individuals identified in Defendant's VAWA petition as her abusers — is demanding that her immigration attorney produce to him the sworn account of the abuse those individuals inflicted on her, every address she has ever provided to a federal immigration authority, and every document reflecting her whereabouts and travel history. This is not discovery. This is a surveillance demand served on a domestic violence victim's own lawyer.

### II. The Subpoena Is Void Under 8 U.S.C. § 1367. No Argument Saves It.

8 U.S.C. § 1367 prohibits any person from compelling, by any means, the disclosure of information relating to a VAWA petitioner's immigration petition in any proceeding. The statute is not aspirational. It is not a balancing test. It admits of no exception, no good cause override, no jurisdictional carve-out, and no waiver through litigation conduct. Every item this subpoena demands is information about Defendant's VAWA petition. The demand for the Affidavit of Abuse alone — requiring Defendant to produce to her identified abusers the sworn account of the abuse they inflicted on her — is sufficient to establish that this subpoena is a federal statutory violation. It must be quashed in its entirety, without condition, and without the possibility of a narrowing order that would preserve any part of it.

### III. Counsel's Attempt to Argue That Filing a VAWA Petition Waives § 1367 Protection Must Be Rejected Explicitly.

Instruction D of Schedule A asserts that submission of documents to USCIS "may constitute waiver" of attorney-client privilege and directs Zohar Law PLLC to log such documents accordingly. This is the most cynical legal position counsel has yet advanced in this case. If filing a VAWA petition constituted waiver of § 1367 protection, then § 1367 would protect no VAWA petitioner from discovery of her petition by her abusers. The statute would be self-defeating. No victim would ever be safe. Congress enacted § 1367 precisely to prevent abusers from using legal proceedings to access their victims' immigration files. Counsel's argument inverts the statute entirely and must be rejected explicitly, on the record, and with prejudice. The Court should state plainly that advancing this argument before a federal court is itself sanctionable conduct.

### IV. The Subpoena Has No Court Order Attached and Follows a Deliberate Pattern of Unauthorized Discovery.

The Court's April 10, 2026 Order limits non-party discovery to social media entities and internet service providers, and jurisdictional discovery pertaining to service of process and diversity jurisdiction. Zohar Law PLLC is none of these. No court order is attached to this subpoena. This is the third subpoena Plaintiffs' counsel has served without an operative court order. The Meta and Google subpoenas attached a superseded, non-operative order. The Viverette subpoena attached no order. This subpoena attaches no order. The pattern is deliberate: issue subpoenas outside the Court's authorized categories, attach no operative order, and rely on recipients' uncertainty to obtain compliance before this Court can intervene. Zohar Law PLLC should be directed immediately that it has no obligation to comply and must not produce any document in response.

### V. The Timing Is Retaliation. The Threat Made on the Extrajudicial Call Was Executed the Day This Court Docketed the Report of That Threat.

During the extrajudicial telephone call to Mr. Zohar on April 18, Plaintiffs' counsel threatened to serve him with subpoenas when he refused to provide information about Defendant's VAWA petition. Defendant reported that threat to this Court in an emergency letter docketed April 22, 2026. The subpoena to Zohar Law PLLC is dated April 22, 2026 — the same day. Counsel executed the threat the same day this Court docketed the report of it. There is no innocent explanation for this sequence. It is contempt for this Court's oversight expressed through action. It tells this Court that no pending emergency letter, no pending motion, and no pending sanctions request will deter counsel from proceeding with conduct this Court has been asked to prohibit. The Court's response must reflect the gravity of that message.

### VI. Counsel Has a Documented History of Ignoring Court Orders. This Court Is Watching That Pattern Repeat in Real Time.

The conduct before this Court is not an aberration. It is a pattern with a documented history. Plaintiffs' counsel has previously stood before a court, ignored its orders across three consecutive conferences, watched his client's case dismissed as a direct consequence, admitted the failure in writing, blamed the opposing party, and had every excuse rejected. That record is public, established by judicial findings, and directly relevant to how this Court should calibrate its sanctions.

In *Cooper v. Broems*, Index No. 153384/2018 (Sup. Ct. N.Y. County), a revenge porn action in which counsel represented the plaintiff, the court dismissed the case after counsel ignored the court's orders and directives for seven months across three consecutive conferences. This was not a failure to read a notice. This was a sustained, months-long refusal to comply with a court's repeated and explicit orders, each accompanied by warnings that non-compliance would result in dismissal. Counsel did not comply. He did not respond. He did not appear. He did not explain. The case was dismissed. On

his motion to vacate, counsel admitted in his own signed affirmation that his failure constituted law office failure. The court rejected that explanation as insufficient, finding specifically that counsel had simply decided to do what he wanted to do regardless of the court's orders — and that no adequate explanation had been offered for why he could not spend five minutes complying with a court order. The motion was denied.

The parallel to this case is exact. In *Cooper v. Broems*, a court issued orders and counsel decided to ignore them. Here, this Court issued the April 10, 2026 Order limiting discovery to two specific categories. Counsel has proceeded to issue subpoenas outside both categories, attach superseded orders, attach no orders at all, conduct extrajudicial witness contact to circumvent the Court's framework, make false representations to this Court, exploit a privileged communication, telephone Defendant's immigration attorney to demand federally protected information, and now serve a federally prohibited subpoena the same day this Court dockets an emergency letter about the extrajudicial threats that preceded it. In *Cooper v. Broems*, the court found that counsel simply decided to do what he wanted to do. That is precisely what this Court is now observing. The conduct is not identical to *Cooper v. Broems*. It is worse. And unlike in *Cooper v. Broems*, where the consequence fell primarily on counsel's own client, the consequence here falls on a domestic violence victim and a prima facie approved VAWA petitioner. This Court should not wait to be forced into action. It should impose sanctions now, calibrated to the full pattern, sufficient to make clear that this ends here.

### VII. The Certificate of Service Repeats the Viverette Defect.

The Certificate of Service certifies service on Defendant by electronic mail and First Class Mail to the Brooklyn address. It does not certify how, when, or by whom the actual subpoena was served on Zohar Law PLLC. This is the identical defect documented in the Viverette Certificate of Service, which this Court has already been asked to address. The Court should direct in camera disclosure of the actual method and time of service on Zohar Law PLLC.

### VIII. Mr. Zohar Has Firmly Refused Compliance and Is Fully Prepared to Pursue Independent Action Against Counsel for This Conduct.

Mr. Zohar has made unequivocally clear that he will not comply with this subpoena. He will not produce a single document in response to it. He identified the Rule 4.2 violation in real time during the extrajudicial call itself. He does not require a court order to recognize that a federally prohibited subpoena demanding his client's complete VAWA petition file has no legal basis.

The Court should further be aware that Mr. Zohar is a licensed New York attorney who was subjected to an unauthorized extrajudicial telephone call demanding his client's VAWA-protected information, threatened with subpoenas when he refused, and then served with a federally prohibited subpoena demanding that same information the following day. He is fully prepared to pursue independent remedies against Plaintiffs' counsel for this conduct. Mr. Zohar is a licensed New York attorney who was the direct and personal target of those violations in the course of his professional representation of a VAWA petitioner. As such, he has independent standing under the New York Rules of Professional Conduct to pursue disciplinary action against Plaintiffs' counsel. The grounds are unambiguous: Rule 4.2, violated when counsel telephoned Mr. Zohar without authorization to interrogate him about his client's immigration petition; 8 U.S.C. § 1367, violated by the extrajudicial attempt to extract VAWA-protected information and now by the subpoena itself; Rule 3.4, violated by using extrajudicial means to obtain evidence counsel had no right to obtain; and Rules 8.4(a), 8.4(c), and 8.4(d), each of which was breached by the conduct described herein in its entirety. Mr. Zohar observed this conduct firsthand as a licensed member of the New York bar, concluded that it reflected either a fundamental ignorance of or a deliberate indifference to the professional obligations of a member of the bar, and is poised to take independent disciplinary action against Plaintiffs'

counsel for this conduct. The Court should treat his assessment — that of a lawyer who was on the direct receiving end of these violations — as part of the sanctions record before it.

### *IX. Sanctions Must Be Substantial. Cost Reimbursement Is Not Enough.*

Defendant has filed multiple emergency letters, motions to quash, and sanctions requests in response to a campaign of discovery abuse that has escalated with each court filing rather than abating. Counsel has responded to every court submission by doing more of what the submission reported, not less. Sanctions that merely reimburse Defendant's costs reward this strategy: counsel continues the conduct, Defendant incurs the burden of responding, and the sanction at most returns her to where she started. That is not deterrence. This Court has inherent authority under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), authority under 28 U.S.C. § 1927, and authority under Rule 26(g)(3) to impose sanctions that go beyond cost reimbursement where counsel has engaged in wilful, repeated, and escalating misconduct. The sanctions imposed here should be sufficient to stop this conduct, not merely to compensate for it.

### *X. Relief Requested.*

Defendant respectfully requests that the Court: (1) immediately quash the subpoena to Zohar Law PLLC in its entirety as absolutely barred by 8 U.S.C. § 1367 and outside the scope of the April 10, 2026 Order; (2) explicitly reject on the record counsel's argument that filing a VAWA petition constitutes waiver of § 1367 protection, and find that advancing that argument before a federal court is itself sanctionable; (3) immediately direct Zohar Law PLLC that it has no obligation to comply with the subpoena and must not produce any documents; (4) impose substantial sanctions on Plaintiffs' counsel under the Court's inherent authority, 28 U.S.C. § 1927, and Rule 26(g)(3), calibrated to the full pattern of escalating misconduct and not limited to cost reimbursement; (5) direct in camera disclosure of the actual method and time of service on Zohar Law PLLC; and (6) consider whether a referral to the Committee on Grievances of this Court is warranted in light of the totality of counsel's conduct.

Respectfully submitted,

/s/ Srijani Chatterjee

_____

Srijani Chatterjee, Defendant Pro Se

Email: srijanic91@gmail.com

cc: Daniel S. Szalkiewicz, Esq. (daniel@veridianlegal.com); Cali Madia, Esq. (cali@veridianlegal.com); Marc Pelta, Esq., Prospective Counsel for Defendant (marc@peltalaw.com)