*** Filed ***
03:51 PM, 22 Apr, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

DEVEN SANON and SIMRAN HOTCHANDANI,

        Plaintiffs,

        -against-

SRIJANI CHATTERJEE, JOHN DOES 1-10, and
JANE DOES 1-10,

        Defendants.

Case No.: 1:26-cv-00580-AMD-VMS

### PLAINTIFFS' NOTICE OF SUBPOENA TO
### NOTICE OF SUBPOENA TO ZOHAR LAW PLLC.

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that, pursuant to Rule 45(a)(4) of the Federal Rules of Civil

Procedure, Plaintiffs Deven Sanon and Simran Hotchandani by and through their attorneys,

Veridian Legal P.C., intend to serve Zohar Law PLLC, 200 Vesey Street Suite 24132, New

York, NY 10281, with a subpoena requesting the production of documents and electronically

stored information. A copy of the subpoena to be served is attached.

Dated: April 22, 2026

        By: */s/ Daniel S. Szalkiewicz*
        VERIDIAN LEGAL P.C.
        23 West 73rd Street, Suite 102
        New York, New York 10023
        Telephone: (212) 706-1007
        Facsimile: (646) 849-0033
        Email: Daniel@VeridianLegal.Com
              Cali@VeridianLegal.Com
        *Attorneys for Plaintiffs Deven Sanon and Simran*
        *Hotchandani*

1

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No. 26-cv-00580-AMD-VMS |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10 | ) |
| | ) |
| *Defendant* | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Zohar Law PLLC, 200 Vesey Street Suite 24132,
New York, NY 10281

*(Name of person to whom this subpoena is directed)*

❏ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See ATTACHMENT A

| Place: Veridian Legal, P.C., 23 West 73rd Street, Suite 102, New York, NY 10023. Production can be made by email to daniel@veridianlegal.com | Date and Time: within 14 days of service |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:  4/22/2026

| *CLERK OF COURT* | OR | |
|---|---|---|
| _____ | | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____
DEVEN SANON and SIMRAN HOTCHANDANI _____ , who issues or requests this subpoena, are:
Daniel Szalkiewcz, 23 W. 73rd Street, Suite 102, New York, NY 10023, daniel@veridianlegal.com 212 760 1007

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## SCHEDULE A

## DOCUMENTS AND INFORMATION TO BE PRODUCED

You are commanded to produce the following documents, electronically stored information, and tangible things in your possession, custody, or control, to the extent such documents were filed with, submitted to, or received from the United States Citizenship and Immigration Services ("USCIS") or any other federal immigration authority on behalf of, or in connection with, Srijani Chatterjee ("Defendant"):

### I. USCIS Filings and Submissions

1. All Forms I-360 (Petition for Amerasian, Widow(er), or Special Immigrant) filed with USCIS on behalf of or in connection with Defendant, including all versions, amendments, and supplements.

2. All supporting documents, declarations, affidavits, and exhibits submitted to USCIS in connection with any I-360 petition filed on behalf of or in connection with Defendant, including but not limited to any Affidavit of Abuse, personal declarations, or sworn statements.

3. All Forms I-485 (Application to Register Permanent Residence or Adjust Status), Forms I-765 (Application for Employment Authorization), Forms I-131 (Application for Travel Document), and any other immigration application or petition filed with USCIS on behalf of or in connection with Defendant.

4. All cover letters, transmittal letters, and correspondence submitted to USCIS in connection with any filing made on behalf of or in connection with Defendant.

### II. USCIS Receipts, Notices, and Determinations

5. All receipt notices, approval notices, denial notices, requests for evidence ("RFEs"), notices of intent to deny ("NOIDs"), and any other correspondence or determination received from USCIS in connection with any petition or application filed on behalf of or in connection with Defendant, including all Prima Facie Determination notices.

6. All responses to any RFE or NOID submitted to USCIS on behalf of or in connection with Defendant, including all supporting documents and exhibits submitted therewith.

### III. Address and Domicile Information

7. All documents reflecting the residential address, mailing address, or physical location provided by or on behalf of Defendant to USCIS or any other federal immigration authority at any time from March 3, 2023 to the present, including but not limited to addresses listed on any form, application, petition, or correspondence.

8. All Forms AR-11 (Change of Address) filed with USCIS on behalf of or in connection with Defendant, or any other notification of change of address submitted to any federal immigration authority.

9. All documents reflecting Defendant's claimed country of citizenship, nationality, or immigration status as represented to USCIS or any other federal immigration authority from March 3, 2023 to the present.

## IV. Travel and Presence in the United States

10. All documents submitted to or received from USCIS reflecting Defendant's travel into or out of the United States, including but not limited to advance parole applications, travel document applications, and any records of entry or departure submitted in connection with any immigration filing.

11. All documents submitted to or received from USCIS reflecting Defendant's physical presence in the United States, including but not limited to any representations regarding continuous physical presence or continuous residence made in connection with any immigration application or petition.

## V. Employment Authorization

12. All employment authorization documents ("EADs") issued to Defendant by USCIS, and all applications therefor, including the address listed on each such application and document.

### INSTRUCTIONS

A. **Scope.** This subpoena seeks only documents that were filed with, submitted to, or received from USCIS or any other federal immigration authority. It does not seek internal attorney work product, attorney-client communications, or legal strategy memoranda that were not submitted to a government agency.

B. **Time Period.** Unless otherwise specified, the time period covered by this subpoena is from March 3, 2023 to the present.

C. **Format of Production.** Documents shall be produced in their native electronic format or, if not available in electronic format, as legible copies. All metadata shall be preserved and produced.

D. **Privilege Log.** If any document responsive to this subpoena is withheld on the basis of any privilege or protection, you shall provide a privilege log identifying each such document with sufficient detail to permit assessment of the claim of privilege, including the date, author, recipient(s), subject matter, and the specific privilege or protection asserted, in accordance with Fed. R. Civ. P. 45(e)(2)(A). To the extent any document was filed with or submitted to USCIS, the act of submission to a third party (the federal government) may constitute waiver of any applicable privilege, and you are requested to identify any such document separately on the privilege log.

E. **Continuing Obligation.** If, after producing documents in response to this subpoena, you become aware of additional responsive documents, you are requested to produce such documents promptly.

F. **Definitions.** As used herein, "records" and "documents" include all writings, communications, electronically stored information, data, files, logs, databases, and any other tangible or intangible thing containing information, in whatever form or medium. "On behalf of or in connection with Defendant" means any filing, submission, or communication made for, about, or referencing Srijani Chatterjee in any capacity.

G. **Manner of Production.** Documents may be produced by delivering them to Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, New York 10023, or by transmitting them electronically to daniel@veridianlegal.com, or by secure file transfer to a location designated by Plaintiffs' counsel.

H. **Objections.** Pursuant to Fed. R. Civ. P. 45(d)(2)(B), any objection to this subpoena must be served on Plaintiffs' counsel before the earlier of the time specified for compliance or 14 days after the subpoena is served.

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 26-cv-00580-AMD-VMS

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❒ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❒ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0_____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Print       Save As...       Add Attachment       Reset

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## CERTIFICATE OF SERVICE

I, DANIEL SZALKIEWICZ, HEREBY CERTIFY that on April 22, 2026, I served PLAINTIFFS' NOTICE OF SUBPOENA on Zohar Law PLLC. via electronic mail on the individual listed below and by First Class Mail:

Srijani Chatterjee
214 Atlantic Avenue, 2
Brooklyn, New York
Email: srijanic91@gmail.com

Dated: April 22, 2026

By: */s/ Daniel S. Szalkiewicz*

2