**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> Plaintiffs, <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> Defendants. | **DECLARATION** <br><br> Case Action No. 26-cv-00580 |

DANIEL S. SZALKIEWICZ declares as follows:

1.      I am a partner at the law firm of Veridian Legal P.C., attorneys for plaintiffs DEVEN SANON and SIMRAN HOTCHANDANI ("Plaintiffs") in the above-captioned action. I submit this Declaration in opposition to Defendant Srijani Chatterjee's ("Defendant") Consolidated Motion to Quash Third-Party Subpoenas, Strike Discovery Requests, and for Protective Order (ECF Nos. 33, 34).

2.      I am fully familiar with the facts and proceedings in this matter based upon my review of the pleadings, my communications with my clients, and my involvement in all discovery proceedings in this action.

THE COURT'S APRIL 10, 2026 ORDER AND SERVICE OF SUBPOENAS

3.      On April 7, 2026, the parties appeared before Chief Magistrate Judge Vera M. Scanlon for a conference. During the conference, the Court indicated that two categories of discovery would proceed: (1) non-party discovery from social media entities and internet service providers, and (2) jurisdictional discovery pertaining to service of process and diversity jurisdiction.

1

4.      On April 10, 2026, the Court issued an Order memorializing this directive.

5.      Following the April 10, 2026 Order, Plaintiffs served subpoenas on five entities: Meta Platforms, Inc. ("Meta"), Google LLC ("Google"), Starry Inc. ("Starry"), Stripe, Inc. ("Stripe"), and Allison Viverette.

## MEET AND CONFER WITH COUNSEL FOR GOOGLE AND META AND NARROWING OF SUBPOENAS

6.      Both Google and Meta are represented by Perkins Coie LLP.

7.      After serving the subpoenas on Google and Meta, on April 14, 2026, prior to receiving the motion to quash, I engaged in a meet-and-confer with counsel regarding the scope of the subpoenas.

8.      During the meet and confer, Plaintiffs agreed to narrow the scope of the Google and Meta subpoenas in two respects. First, Plaintiffs agreed to provide 21 days' user notice on the subpoenas- the same notice period that was provided under the stipulated orders entered in the Bronx County state court proceeding. Second, Plaintiffs agreed to limit the scope of production to the same categories of non-content basic subscriber information ("BSI") that were the subject of the stipulated orders in state court, plus four additional Instagram accounts and one additional Gmail account that were not part of the state court proceeding.

9.      The narrowing of the subpoenas was codified in an email, which is annexed hereto as Exhibit 1.

10.     The narrowed scope eliminates the categories of information that Defendant identifies as most objectionable in her motion, including GPS coordinates, cell tower data, Bluetooth beacon data, device identifiers, the full content of social media posts, internal enforcement records, and linked account data across multiple platforms.

<u>COMMUNICATIONS WITH DEFENDANT</u>

11.    Defendant attaches to her motion an email exchange concerning efforts to meet and confer prior to the filing of the instant motion.

12.    However, Defendant does not include an email I sent on April 14, 2026. A true and correct copy of that email is annexed hereto as Exhibit 2. In that correspondence, I agreed to meet and confer regarding the subpoenas and requested that Defendant provide objections to Plaintiffs' discovery demands within the timeframes set forth in the Federal Rules of Civil Procedure. Defendant did not respond to that request.  Hours later, this motion was filed.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: New York, New York
          April 27, 2026

*/s/Daniel Szalkiewicz, Esq.*
Daniel S. Szalkiewicz

3