**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, | Civil Action No. |
| Plaintiffs, | 1:26-cv-00580 (AMD)(VMS) |
| v. | |
| SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, | |
| Defendants. | |

**DEFENDANT'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION TO QUASH**

Before: Hon. Vera M. Scanlon, Chief United States Magistrate Judge

**PRELIMINARY STATEMENT**

This action arises from a multi-year pattern of stalking, harassment, and vexatious litigation against Defendant, spanning multiple jurisdictions, by members of a family in privity with one another — the same individuals named in Defendant's thrice prima facie approved VAWA petition as her abusers, an account credited by USCIS in three successive Prima Facie Determinations. The pattern has already given rise to *sua sponte* intervention by this Court. ECF Nos. 35, 43. Plaintiffs' discovery campaign in this Court is the present vehicle for that conduct. Defendant moves to quash all five subpoenas in full, strike the interrogatories and document requests in their entirety, and impose sanctions. **Defendant does not seek narrowing in the alternative.** On this record, modification cannot cure the procedural, statutory, and proportionality defects identified below.

Plaintiffs' Opposition (ECF No. 46-1) does not refute the Motion to Quash. It confirms it. In twenty-five pages, Plaintiffs' counsel concedes every dispositive fact: that the Bronx County pre-litigation discovery "resulted in information which conclusively identified Defendant as the responsible party" (ECF No. 46-1 at 24); that notice of the Viverette subpoena was served on the same day as the subpoena itself, not before (id. at 13); that 8

U.S.C. § 1367 is "unambiguous" (id. at 21); and that the only case Plaintiffs cite to escape § 1367 — *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540 (5th Cir. 2016) — in fact involved the EEOC and disposed of nothing comparable to the discovery Plaintiffs seek here. Each of these concessions is dispositive standing alone. Together they require granting the Motion to Quash in full.

More fundamentally, Plaintiffs' Opposition recharacterizes the USCIS Prima Facie Determination as a mere "preliminary administrative screening" (id. at 21) — a misrepresentation of federal immigration law. A USCIS Prima Facie Determination requires the agency to find credible evidence of each statutory element under 8 U.S.C. § 1154(a)(1)(A)(iii), including battery or extreme cruelty by the named abuser. Defendant has received three such determinations across successive renewals. The federal agency's credibility finding has been made, and reaffirmed, three times. Plaintiffs' attempt to recast that finding as procedural is itself a factual misstatement to this Court. Plaintiffs compound that misstatement by characterizing the determination as an "unfiled year-old Prima Facie Determination." ECF No. 46-1 at 5. The characterization is factually incorrect on its face: a Prima Facie Determination cannot issue in the absence of a filed petition. Defendant filed her VAWA self-petition in April 2023; it remains pending and has generated three successive Prima Facie Determinations — in June 2023, April 2025, and March 2026. Plaintiffs' reference to a "year-old" determination ignores the subsequent reaffirmations, and their reference to an "unfiled" determination is impossible as a matter of immigration procedure.

**ARGUMENT**

**I. Plaintiffs Have Conceded That the Bronx County Pre-Litigation Discovery Conclusively Identified Defendant, Defeating Their Stated Justification for Renewed Discovery in This Action.**

Plaintiffs' Opposition states, in a section captioned "Claims about Plaintiffs' Bronx County Petition for Pre-Action Discovery," that the Bronx County petition "served its purpose as it resulted in information which conclusively identified Defendant as the responsible party." ECF No. 46-1 at 24. This is the second such written concession to this Court; counsel made the same admission in his April 20, 2026 letter.

That dual concession is fatal. Plaintiffs cannot represent to two courts that pre-litigation discovery conclusively identified Defendant and then justify renewed identification discovery here on the ground that they need to identify her. Either the Bronx County discovery conclusively identified her — in which case the present subpoenas are duplicative under Rule 26(b)(2)(C) — or it did not, in which case Plaintiffs' own pleading admits the Complaint was filed without the identification its filing required. Either way, the subpoenas fail. *Arista Records LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010).

Plaintiffs' footnote concedes that pre-litigation discovery established "responsibility for a portion but not all of the harassive conduct." ECF No. 46-1 at 14 n.1. That concession does not save the subpoenas; it sharpens why they must be quashed. Identification discovery is not the lawful purpose of this subpoena category regardless of completeness. The April 10 Order authorized non-party discovery from social media entities and ISPs and jurisdictional discovery; it did not authorize merits identification as a third category. Whether Plaintiffs have identified Defendant in full, in part, or not at all, authorship attribution remains a merits question outside the Order's scope. Plaintiffs' remedy for partial identification, if any, lies through proper channels — not subpoenas issued under the present Order.

## II. The April 10, 2026 Order Authorized Two Narrow Categories of Discovery; Plaintiffs' Subpoenas Exceed Both.

Plaintiffs read this Court's April 10, 2026 Order to authorize (1) non-party discovery from social media entities and ISPs encompassing underlying liability, and (2) jurisdictional discovery encompassing any topic. ECF No. 46-1 at 10. That reading is wrong on both counts.

First, the Order limited social media and ISP discovery to two specified issues identified at the April 7 conference: ongoing electronic evidence preservation and jurisdiction. The Court did not authorize merits discovery into authorship of the underlying defamatory content. Plaintiffs' own quotation of the transcript proves this: "the nonparty discovery related to the social media and the service providers can go forward," but the Court framed both categories as tied to the "two issues that are brewing here" — service and jurisdiction. ECF No. 46-1 at 11 (quoting Tr. p. 28, lns. 21–23; p. 29, lns. 9–22). Plaintiffs cannot extract from those limited categories a license to subpoena the contents of Defendant's online accounts to prove authorship on the merits.

Second, jurisdictional discovery is bounded by jurisdictional necessity. *Lever v. Lyons*, No. 16-CV-5130, 2021 U.S. Dist. LEXIS 16915, at \*18 (E.D.N.Y. Jan. 27, 2021) (jurisdictional discovery proportional to the disputed jurisdictional facts). The Viverette subpoena seeks every photograph of Defendant in the apartment, every communication relating to her travel plans, and every package she received — none of which is necessary to determine domicile or service when Plaintiffs' own counsel has now conceded that "her location has already been known." April 20, 2026 Letter to Court. That concession, made in the same letter in which counsel defended the Viverette subpoena as jurisdictional discovery, eliminates the subpoena's stated purpose.

The Stripe subpoena fails for the same reason. Plaintiffs assert that Stripe transactions "bear directly on Defendant's domicile" (ECF No. 46-1 at 14), but the subpoena targets precisely the transactions Plaintiffs allege "represent payments for the two defamatory websites identified in the Complaint." ECF No. 46-1 at 13. Transaction records tied to the alleged defamatory conduct are merits discovery, not domicile discovery.

### III. Plaintiffs Cannot Treat Authorship as Established to Deny Standing While Simultaneously Seeking Discovery to Prove It.

Plaintiffs' standing argument depends on a logical contradiction. They contend that Defendant lacks standing to challenge the non-party subpoenas because she has "apparently denied that she is behind the postings" and therefore lacks any privilege, privacy, or proprietary interest in the content. ECF No. 46-1 at 9. In the same brief, however, Plaintiffs assert as established fact that Defendant "created," "published," and "paid to promote" the content, and that pre-litigation discovery "conclusively identified Defendant as the responsible party." ECF No. 46-1 at 7, 24. Plaintiffs cannot have it both ways.

Either authorship is disputed — in which case Defendant has a personal privacy interest in account-level information that may falsely be attributed to her — or authorship is conceded, in which case the subpoenas are not necessary to identify the responsible party. The standing objection collapses under either reading. The contradiction exposes the subpoenas' true purpose: merits discovery into authorship, intent, and liability — the very issues the April 10 Order did not authorize. *Arista Records LLC v. Doe*, 604 F.3d 110 (2d Cir. 2010), which Plaintiffs cite, requires only a prima facie showing before permitting limited identification

discovery, and requires that identification discovery proceed in the least intrusive sequence — beginning with subscriber information and escalating only upon a threshold showing. Plaintiffs' subpoenas skip that structure entirely, demanding IP logs, transaction-level financial data, photographs of Defendant in her residence, and communications about her travel — categories that speak to liability and surveillance, not to domicile or service.

## IV. Plaintiffs Concede the Viverette Subpoena Was Served Without Prior Notice in Violation of Federal Rule 45(a)(4).

Federal Rule of Civil Procedure 45(a)(4) requires that, before a subpoena commanding the production of documents is served on a non-party, "a notice and a copy of the subpoena must be served on each party." The word "before" is not optional.

Plaintiffs' Opposition concedes the violation. ECF No. 46-1 at 13: "Plaintiffs served notice of the Viverette subpoena on Defendant by email on April 13, 2026 — the same day the subpoena was served on Ms. Viverette — either satisfying the prior-notice requirement of Federal Rule of Civil Procedure 45(a)(4) or not causing any prejudice to Defendant." The first alternative is wrong as a matter of plain text: same-day service is not prior notice. The second alternative is wrong as a matter of Rule 45 doctrine: the rule does not contain a no-prejudice exception. *In re Application of Sklar*, 2016 WL 7229127, at \*5 (E.D.N.Y. Dec. 13, 2016) (Rule 45(a)(4) violation warrants quashing the subpoena regardless of asserted lack of prejudice).

This ground is sufficient, standing alone, to quash the Viverette subpoena. The Court need not reach any other argument in this brief to grant that portion of the relief sought. The remaining four subpoenas independently fail on the additional grounds set forth in Sections II, III, V, VI, and VIII below; each of those grounds is likewise sufficient on its own.

On April 16, 2026, this Court *sua sponte* ordered counsel to maintain all subpoenaed information as "attorneys' eyes only." ECF No. 35. Counsel has since sworn that the original subpoenas sought "GPS coordinates, cell tower data, Bluetooth beacon data, device identifiers, the full content of social media posts, internal enforcement records, and linked account data across multiple platforms." Szalkiewicz Decl. ¶ 10 (ECF No. 46). The AEO designation is itself evidence that these categories require heightened scrutiny under Rule 26(b)(1); it does not validate discovery that is overbroad or statutorily protected.

**V. 8 U.S.C. § 1367 Bars the Discovery Plaintiffs Seek; Plaintiffs' Sole Authority Confirms It.**

Plaintiffs concede that 8 U.S.C. § 1367 is "unambiguous." ECF No. 46-1 at 21. They then offer a single case to evade the statute's plain language: *Cazorla v. Koch Foods of Mississippi, LLC*, 838 F.3d 540 (5th Cir. 2016). It is the only authority in their twenty-five-page brief that addresses § 1367 directly. It does not say what they claim it says.

*Cazorla* arose in the context of an EEOC enforcement action where the question was whether private defendants could obtain discovery from U-visa-applicant *complainants* in employment litigation. The Fifth Circuit held that § 1367 unambiguously prohibits the EEOC from disclosing protected information; the question of discovery from individual U-visa applicants in that EEOC case was a separate matter the court analyzed under a balancing test. *Id.* at 552–55. *Cazorla* did not authorize the discovery Plaintiffs seek. It did not consider — and certainly did not bless — (a) subpoenas to a VAWA petitioner's immigration counsel, or (b) interrogatories and document requests to a VAWA petitioner herself demanding her immigration filings, abuse history, and protected location information.

This Court has already addressed precisely this issue. On April 23, 2026, the Court *sua sponte* stayed Plaintiffs' subpoena to Zohar Law PLLC — served the day after this Court docketed Defendant's emergency letter regarding the unauthorized telephone call to Mr. Zohar — and ordered counsel to serve the order on Mr. Zohar "imminently via email and overnight mail." ECF No. 43. That order is dispositive of the question Plaintiffs raise here. This Court has already determined that subpoenaing a VAWA petitioner's VAWA-related information from her counsel implicates protections warranting immediate intervention.

**VI. Defendant Has Standing to Move to Quash.**

Plaintiffs argue Defendant lacks standing to move to quash non-party subpoenas. ECF No. 46-1 at 9–10. The argument fails.

A non-party movant has standing where the subpoenas implicate a "privilege, privacy[,] or proprietary interest." *Major League Baseball Props. v. Corporacion De TV Y Microonda Rafa*, 2023 U.S. Dist. LEXIS 13808, at *2–3 (S.D.N.Y. Jan. 26, 2023) (cited in Opp. at 10). Defendant's VAWA petitioner status — protected by 8 U.S.C. § 1367 — is the paradigm of substantial privacy interest, and the subpoenas seek precisely the categories §

1367 protects.

Plaintiffs argue Defendant's privacy interest is "self-defeated" by her own public filings. ECF No. 46-1 at 15–16 & nn.2–3. Public filings disclose only what Defendant chose to disclose; they do not waive her privacy interest in what she has *not* disclosed — IP address logs, financial transaction records, landlord communications, photographs of her residence, and account-level information. A litigant who files a public lawsuit does not surrender confidentiality in every electronic record she has ever generated. Plaintiffs themselves treat Defendant as having standing by responding substantively across twenty-five pages — a posture incompatible with their standing argument.

## VII. The Interrogatories and Document Requests Are Not Jurisdictional Discovery.

Plaintiffs claim the nineteen interrogatories and twenty-six document requests are tethered to recognized domicile factors. ECF No. 46-1 at 18–20. The actual content tells a different story. The interrogatories demand the names — not the locations — of every doctor, lawyer, religious organization, insurance provider, and government agency Defendant has engaged. Document requests parallel each and add tax returns, immigration filings, and complete communication archives. The recognized domicile factors under *Lever v. Lyons* are *locations* of providers and registrations, not the substance of medical, legal, or religious engagement. *Lever*, 2021 U.S. Dist. LEXIS 16915, at *18. The demands violate this Court's April 10 Order.

Domicile turns on objective indicia of permanent attachment: voter registration, vehicle registration, primary residence, tax filings. *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000). Plaintiffs ask for none of those. They demand the identity of every mental health provider Defendant has consulted (Interrogatory No. 7) — disclosure particularly damaging to a DV survivor whose treatment records may reflect the abuse credited by USCIS — and the identity of "every lawyer" she has engaged, implicating attorney-client relationships this Court has already protected. ECF No. 43. None of this is calibrated to domicile. It is a fishing expedition: merits-driven surveillance of a federally credentialed VAWA petitioner labeled as a jurisdictional inquiry. Federal courts do not authorize fishing expeditions, and they do not authorize them merely because Plaintiffs label them otherwise. *Hickman v. Taylor*, 329

U.S. 495, 507 (1947) ("discovery, like all matters of procedure, has ultimate and necessary boundaries").

## VIII. The Stored Communications Act Bars Disclosure of Account Contents.

Plaintiffs concede that they have agreed to limit Meta and Google subpoenas to basic subscriber information. ECF No. 46-1 at 22. That concession resolves only part of the issue. The Stripe and Starry subpoenas remain pending and seek transaction-level and IP-level data that exceeds basic subscriber information. The SCA prohibits providers from disclosing the content of communications absent specific exceptions not present here. 18 U.S.C. § 2702(a). Plaintiffs' reliance on *People v. Harris*, 36 Misc. 3d 868 (N.Y. Crim. Ct. 2012), is inapt; that case involved publicly broadcast tweets, not private account data, financial transactions, or session-level IP logs. Once disclosed, subscriber and account data cannot be meaningfully clawed back; the resulting identification and attribution harm is irreversible.

Plaintiffs' fallback that the subpoenas now seek only "basic subscriber information" does not cure the defect. ECF No. 46-1 at 11. Where authorship and identity are disputed, subscriber information is not neutral: it is the very mechanism by which Plaintiffs seek to construct an attribution narrative tying online activity to Defendant. Plaintiffs' Opposition expressly states their intent to use this information to establish that Defendant "created," "published," and "paid to promote" the content at issue. ECF No. 46-1 at 7, 14. That is merits discovery, not jurisdictional or identification discovery. The April 10 Order did not authorize merits discovery. The label "basic" does not transform a merits inquiry into a permissible one. Plaintiffs' counsel has now sworn that the "narrowed" Google and Meta subpoenas cover "the same categories of non-content basic subscriber information … plus four additional Instagram accounts and one additional Gmail account that were not part of the state court proceeding." Szalkiewicz Decl. ¶ 8 (ECF No. 46). The "narrowing" is therefore an expansion. Plaintiffs are seeking subscriber information from accounts that the Bronx County stipulated orders never reached — even as Plaintiffs simultaneously rely on the Bronx County discovery as having "conclusively identified" Defendant. ECF No. 46-1 at 24. The contradiction is admitted in counsel's own sworn declaration.

Plaintiffs' fallback that the Court should "modify" rather than quash (ECF No. 46-1 at 23) does not save these subpoenas. The subpoenas fail at three independent levels: (i) **procedurally**, in violation of Rule 45(a)(4); (ii) **statutorily**, in violation of 8 U.S.C. § 1367; and (iii) **proportionally under Rule 26(b)(1)**, given less intrusive alternatives and the AEO-protected sensitivity of the categories sought. Modification cures only overbreadth. The defects here are foundational. Quashing is required.

## IX. Sanctions Under Rule 26(g)(3) Are Warranted.

Rule 26(g)(1) certifications must be (A) warranted by law; (B) not interposed for improper purpose; and (C) neither unreasonable nor unduly burdensome. Rule 26(g)(3) makes sanctions **mandatory** absent substantial justification. Plaintiffs invoke that defense (ECF No. 46-1 at 24); the record forecloses it at all three prongs.

**Prong (A) — not warranted by existing law.** Counsel served the Viverette subpoena without prior notice in violation of Rule 45(a)(4) — a violation conceded on the face of Plaintiffs' Opposition. ECF No. 46-1 at 13. Counsel served interrogatories demanding Defendant's complete immigration file in violation of 8 U.S.C. § 1367. No reasonable inquiry could have produced these certifications.

**Prong (B) — improper purpose.** Counsel's sworn declaration concedes the original subpoenas sought "GPS coordinates, cell tower data, Bluetooth beacon data, device identifiers, the full content of social media posts, internal enforcement records, and linked account data." Szalkiewicz Decl. ¶ 10. None bears on service or domicile; each bears on locating a VAWA petitioner whose abusers are the Plaintiffs. The "narrowed" Google and Meta subpoenas added "four additional Instagram accounts and one additional Gmail account." Szalkiewicz Decl. ¶ 8. That is admitted expansion under oath — against a party Plaintiffs claim to have "conclusively identified." ECF No. 46-1 at 24. The Zohar subpoena was served the day after this Court docketed Defendant's emergency letter and was *sua sponte* stayed. ECF No. 43.

**Prong (C) — unreasonable and unduly burdensome.** The subpoenas span six-plus years and demand photographs of Defendant in her residence, landlord communications, and complete transaction-level financial data. The interrogatories demand every doctor, lawyer, religious organization, and insurance provider Defendant has engaged — none of which bears

on service or domicile. The Court has intervened *sua sponte* twice in seven days to contain it. ECF Nos. 35, 43. These are not substantially justified certifications. Sanctions are mandatory under Rule 26(g)(3). *Mancia v. Mayflower Textile Servs. Co.*, 253 F.R.D. 354, 358 (D. Md. 2008).

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court enter an Order: (1) quashing the Stripe, Viverette, Starry, Meta, and Google subpoenas in their entirety; (2) striking Plaintiffs' Interrogatories and Requests for Production in their entirety; (3) directing that no further subpoenas issue without prior leave of Court; (4) entering a Rule 26(c) protective order consistent with 8 U.S.C. § 1367; and (5) imposing sanctions pursuant to Rule 26(g)(3), including reasonable expenses, in an amount to be set upon submission of a fee declaration.

Quashing — not modification — is required. The subpoenas are defective at multiple independent levels that cannot be cured through narrowing. First, at least one subpoena was served in violation of Rule 45(a)(4), a procedural defect that cannot be remedied after the fact. Second, the discovery sought is barred by federal statute, including 8 U.S.C. § 1367, which protects against disclosure of precisely the categories of information Plaintiffs seek. Third, the subpoenas exceed the scope of this Court's April 10, 2026 Order, which authorized limited, issue-specific discovery — not merits-based investigation into authorship, intent, or liability.

Where discovery is (i) procedurally improper, (ii) statutorily prohibited, and (iii) beyond the scope of the Court's authorization, the subpoenas cannot be salvaged. Modification addresses overbreadth; it does not cure defects of this kind. Compelled disclosure of protected information, once produced, cannot be undone. **Defendant does not seek narrowing in the alternative.** The only remedy consistent with the Federal Rules and governing statutes is to quash the subpoenas in full.

Respectfully submitted,

_____

Srijani Chatterjee, Defendant Pro Se
Email: srijanic91@gmail.com | Dated: April 28, 2026

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> Plaintiffs, <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> Defendants. | Civil Action No. <br><br> 1:26-cv-00580 (AMD)(VMS) |

## CERTIFICATE OF SERVICE

I, Srijani Chatterjee, Defendant pro se, hereby certify that on April 28, 2026, I caused a true and correct copy of Defendant's Reply Memorandum of Law in Further Support of Motion to Quash to be served on Plaintiffs' counsel of record — Daniel S. Szalkiewicz, Esq. and Cali Madia, Esq., Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, NY 10023 — by (1) the Court's CM/ECF electronic filing system, which will send notification of such filing to all counsel of record; and (2) electronic mail to daniel@veridianlegal.com and cali@veridianlegal.com.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 28, 2026

_____

Srijani Chatterjee
Defendant Pro Se
srijanic91@gmail.com