# VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

April 28, 2026

**Via ECF**
Hon. Ann M. Donnelly
United States District Court Eastern District of New York

*Re:   Sanon et ano v. Chatterjee et al.,*
*Docket No.: 26-cv-00580*

Dear Judge Donnelly,

We represent Plaintiffs Deven Sanon and Simran Hotchandani ("Plaintiffs") in the above-captioned matter. We write pursuant to Your Honor's Individual Part Rules 2(E) to request that this Court either adjourn Plaintiffs' deadline to oppose Defendant's motion to dismiss or, in the alternative, bifurcate the motion to permit Plaintiffs to address non-jurisdictional issues while jurisdictional discovery remains pending.  Plaintiff's current deadline to respond is May 8, 2026. This is Plaintiffs' first request.

At our April 7, 2026 conference, Magistrate Judge Vera Scanlon ordered two types of discovery to proceed, the relevant portion for this letter being "jurisdictional discovery, both pertaining to service of process and diversity jurisdiction."  In a subsequent order issued in consultation with Your Honor's chambers, Plaintiffs were directed to file their opposition to Defendant's motion to dismiss by May 8, 2026. *See April 10, 2026 Order*.

Since that conference, Plaintiffs has served several subpoenas[1] as well as interrogatories and requests for production directed to Defendant, all pertaining to the jurisdictional defenses Defendant has raised. To date, Plaintiffs have received only production from Ms. Viverette, and that information is currently subject to an attorneys' eyes only designation. *See April 16, 2026 Order*.

Defendant has moved to quash all subpoenas, strike the interrogatories and document requests, and for entry of a protective order. *See ECF Nos. 33, 34*. Plaintiffs filed their opposition to those motions on April 27, 2026, and the motions remain pending before Magistrate Judge Scanlon.

Defendant's motion to dismiss raises jurisdictional challenges under Rules 12(b)(1), 12(b)(2), 12(b)(3), and 12(b)(5), asserting that Plaintiffs have not established diversity of citizenship, that the Court lacks personal jurisdiction, that venue is improper, and that service was defective. The IP address data, subscriber information, and domicile-related records sought through the outstanding subpoenas and party discovery are directly probative of each of these issues and essential to Plaintiffs' opposition. Without this discovery, Plaintiffs cannot meaningfully respond to Defendant's jurisdictional arguments.

---

[1] Notably, Defendant objected to Plaintiffs' subpoena to Zohar Law PLLC prior to service so the subpoena has not been served.

Veridian Legal P.C.



Page 2

Accordingly, Plaintiffs respectfully request that this Court either (A) adjourn Plaintiffs' time to oppose Defendant's motion to dismiss until thirty (30) days after resolution of the pending motions to quash (ECF Nos. 33, 34) and completion of jurisdictional discovery; or (B) in the alternative, bifurcate Defendant's motion to dismiss so that Plaintiffs may address the non-jurisdictional grounds now while reserving the jurisdictional grounds until discovery is complete. Specifically, Plaintiffs are prepared to oppose Sections V through XVI of Defendant's Memorandum of Law, which address the VAWA designation, the pending state court action, authorship and control, defamation specificity, Section 230 immunity, Anti-SLAPP, First Amendment, res judicata, forum shopping, Rule 11 sanctions, New York Civil Rights Law Section 79-n, and the discovery stay, while deferring opposition on Sections I through IV, which address subject matter jurisdiction, personal jurisdiction, venue, and service of process.

I thank this Court for its attention to this matter.

Respectfully submitted,

VERIDIAN LEGAL P.C.
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.

cc: Srijani Chatterjee (via Email srijanic91@gmail.com)

Veridian Legal P.C.