*** Filed ***
02:26 PM, 30 Apr, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>*Plaintiffs,*<br><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10,<br><br>*Defendants.* | Civil Action No. 1:26-cv-00580 (AMD)(VMS)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER** |

**PRELIMINARY STATEMENT**

Defendant Srijani Chatterjee is a British citizen and a VAWA self-petitioner (8 U.S.C. § 1154(a)(1)(A)(iii)). USCIS has issued Prima Facie Determinations finding her account of battery and extreme cruelty by Plaintiffs Deven Sanon and Simran Hotchandani, also known as Simran Sanon,[1] credible on three successive independent occasions—June 2023, April 2025, and February 2026. Critically, the VAWA Prima Facie Determinations reflect a federal agency finding that Defendant's allegations—including those concerning Plaintiffs themselves—are credible at the prima facie level, encompassing emotional, mental, and psychological abuse by Deven Sanon and Simran Hotchandani. Plaintiffs are identified in Defendant's VAWA self-petition, for which USCIS has issued three separate prima facie credibility determinations. Three separate courts have granted Defendant protective relief against Plaintiffs and their family members. On April 28, 2026, while Plaintiffs were actively litigating access to Defendant's location data in this Court, individuals appeared at Defendant's address of record, identified her by name, delivered a direct threat,

and identified Plaintiffs by name. The timing, specificity, and context of the April 28 incident—occurring while Plaintiffs actively sought Defendant's location through formal discovery—creates a compelling inference that continued litigation activity poses an immediate risk to Defendant's physical safety. The full factual record is set forth in the accompanying Verified Declaration of Srijani Chatterjee, submitted pursuant to 28 U.S.C. § 1746. A temporary restraining order is required to prevent immediate and irreparable harm. This motion does not seek to adjudicate the merits of Plaintiffs' claims, but to prevent imminent physical harm while those claims are litigated.

## LEGAL STANDARD

A temporary restraining order may be granted ex parte under Federal Rule of Civil Procedure 65(b) where: (1) specific facts in an affidavit or verified complaint clearly show that immediate and irreparable injury will result before the adverse party can be heard; and (2) the movant certifies the efforts made to give notice and the reasons why notice should not be required (*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). In the Second Circuit, a court considers: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent injunctive relief; (3) balance of hardships; and (4) whether an injunction is in the public interest (*Salinger v. Colting*, 607 F.3d 68, 79–80 (2d Cir. 2010)). Notice may be dispensed with where providing notice would itself endanger the protected party or where the adverse party's demonstrated conduct raises substantial concern that notice would not preserve the status quo (Fed. R. Civ. P. 65(b)(1)).

## ARGUMENT

## I. DEFENDANT IS LIKELY TO SUCCEED ON THE MERITS

Defendant's pending motion to dismiss presents multiple independent grounds each sufficient on its own to warrant dismissal. First, the complaint fails to establish subject matter jurisdiction: Plaintiffs certified Massachusetts domicile in this federal action while the same

counsel filed sworn state court petitions less than four months earlier representing Plaintiffs as residents of New York, and WhatsApp communications produced in those proceedings reflect a Montréal, Canada address for Plaintiff Simran Hotchandani. These conflicting sworn representations raise serious questions as to Plaintiffs' invocation of diversity jurisdiction. Second, the complaint fails to overcome Section 230 immunity. The complaint pleads two authorship theories that are irreconcilable with each other: it alleges Defendant personally 'created or caused the creation' of articles and websites (Compl. ¶¶ 2, 34), while simultaneously and repeatedly attributing actual authorship to third-party John Does and Jane Does whom Defendant allegedly paid through a digital marketing agency (Compl. ¶¶ 39, 42, 47, 50, 53, 55, 81, 148–152). To the extent the content was authored by third-party information content providers—which is what the complaint itself alleges in its causes of action for aiding and abetting defamation and civil conspiracy—Section 230 of the Communications Decency Act bars treating Defendant as the publisher of that third-party content (47 U.S.C. § 230(c)(1)). The complaint cannot simultaneously predicate liability on Defendant's role as publisher of third-party content and survive Section 230. Third, Plaintiffs cannot establish personal jurisdiction: the complaint relies entirely on the alleged effects of online content on New York-based Plaintiffs, but the Second Circuit holds that a defendant's relationship must be with the forum itself, not merely with forum residents (*Walden v. Fiore*, 571 U.S. 277, 284 (2014)). The complaint pleads no specific New York-directed conduct by Defendant beyond the foreseeable effects of online publication, which is insufficient to establish purposeful availment (CPLR 302(a)). Fourth, the claims are barred by res judicata: on October 30, 2024, the Family Court of Monroe County, New York dismissed with prejudice identical claims brought by Micky Suri—the mother of Plaintiff Deven Sanon and a party in privity with Plaintiffs—arising from the same nucleus of operative facts against the same Defendant (File No. 129846, Docket No. O-09381-23). Fifth, the complaint's own damages allegations are internally contradictory: it claims Defendant's articles devastated Plaintiffs'

professional reputations while simultaneously acknowledging that Plaintiff Deven Sanon continued to raise 'impressive' amounts of investor capital during the same period (Compl. ¶ 116)—a pleading that disproves its own damages narrative (*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Courts routinely grant injunctive relief where litigation conduct is used as a vehicle for harassment or intimidation, particularly where discovery targets sensitive personal or location information. Chief Magistrate Judge Scanlon has twice sua sponte intervened to restrict Plaintiffs' discovery—entering an attorneys'-eyes-only designation (ECF No. 35) and staying the subpoena to Defendant's VAWA immigration counsel (ECF No. 43)—each reflecting this Court's recognition of the risk that discovery poses to Defendant. That risk is not theoretical: an extrajudicial subpoena served on Defendant's sublessor resulted in Defendant's private correspondence with her sublessor being transmitted to Plaintiffs on the same day it was obtained—before any court had an opportunity to review or restrict the disclosure. Chief Magistrate Judge Scanlon's attorneys'-eyes-only designation (ECF No. 35) was entered specifically in response to that breach, establishing that this Court has already made a formal finding that unrestricted disclosure of Defendant's information in this proceeding poses a cognizable risk of harm.

## II. DEFENDANT WILL SUFFER IMMEDIATE AND IRREPARABLE HARM ABSENT RELIEF

The April 28, 2026 events are set forth fully in the accompanying Verified Declaration (paragraphs 3–5). In summary: while Plaintiffs were actively pursuing subpoenas seeking Defendant's GPS coordinates, cell tower data, device identifiers, and VAWA immigration file, an unidentified man repeatedly pounded on the door of Defendant's address of record, announced knowledge of her location by name, and stated that she "better be very scared." Minutes later, an unidentified woman arrived at the same address requesting a signature for

'the Sanon wife'—identifying Plaintiffs by name. The resident contacted NYPD, officers responded, and a police report was filed (Complaint No. 2026-84-3041). To Defendant's knowledge, this is the first documented instance of individuals physically appearing at her address of record and referencing Plaintiffs by name.

The causal link between this litigation and the physical threat is not merely a matter of inference. Earlier in this proceeding, an extrajudicial subpoena served on Defendant's sublessor resulted in Defendant's private correspondence being transmitted directly to Plaintiffs on the same day it was obtained—before any court could review or restrict the disclosure. That breach demonstrated concretely that Plaintiffs' litigation activity produces same-day disclosure of Defendant's private information to her federally recognized abusers. Chief Magistrate Judge Scanlon entered the attorneys'-eyes-only designation (ECF No. 35) in direct response to that breach. The April 28 incident follows the same pattern: Plaintiffs pursue discovery targeting Defendant's location, Defendant's information reaches individuals associated with Plaintiffs, and a physical threat materializes. This temporal and factual alignment supports a reasonable inference that the risk is ongoing—this Court has already acted to interrupt the sequence once. This sequence—litigation-driven disclosure of Defendant's private information followed immediately by physical approach at her address of record—has already occurred once in this case and culminated again in the April 28, 2026 incident.

The harm is irreparable. It involves a credible and imminent risk of physical harm that cannot be remedied by monetary damages. This risk is materially heightened by the identity of the parties: the VAWA Prima Facie Determinations reflect a federal agency finding that Defendant's allegations concerning Plaintiffs are credible at the prima facie level, encompassing abuse by the Plaintiffs themselves. Plaintiffs' own complaint further reflects familiarity with the risks associated with publishing individuals' location information online

(Compl. ¶ 83). Absent relief, Defendant's location will be further exposed through ongoing subpoenas and discovery proceedings, with consequences this Court has already observed firsthand.

This incident is part of a documented pattern. As detailed in the Verified Declaration (paragraphs 6–9), it follows three years of documented threats—including a delivery sent immediately after Plaintiffs' family member learned Defendant's prior address at a court hearing, and explicit threats corroborated by multiple sworn affiants. Three courts have granted prior protective relief against members of this family, each finding the threat sufficient to warrant court intervention. Those prior findings provide context for the credibility of the current threat; they are not offered as proof of it. The threat of physical harm constitutes quintessential irreparable injury warranting immediate injunctive relief. Absent immediate relief, the same sequence is likely to recur as Plaintiffs continue to pursue discovery directed at Defendant's location and identifying information.

## III. THE BALANCE OF HARDSHIPS TIPS DECISIVELY IN DEFENDANT'S FAVOR

Defendant is a VAWA self-petitioner facing physical intimidation and the ongoing risk of location disclosure through active litigation. The hardship to Plaintiffs of being restrained from approaching Defendant's address of record, contacting her, or serving further subpoenas without leave of court is minimal—particularly given that Chief Magistrate Judge Scanlon has already restricted the discovery campaign. A party cannot claim hardship from being ordered to refrain from conduct that is already subject to judicial limitation.

## IV. A TEMPORARY RESTRAINING ORDER IS IN THE PUBLIC INTEREST

Congress enacted strong federal confidentiality protections for VAWA petitioners in recognition that such petitioners face the specific danger of adverse parties using legal proceedings to obtain their identifying and location information (8 U.S.C. § 1367). Those

protections inform the heightened Rule 26(c) protective relief warranted here. The subpoenas Plaintiffs issued—seeking GPS coordinates, cell tower data, device identifiers, and Defendant's VAWA immigration file—implicate the sensitive personal information that the VAWA confidentiality scheme was designed to protect. Chief Magistrate Judge Scanlon's sua sponte stay of the subpoena directed to Defendant's VAWA immigration counsel reflects that statutory purpose (ECF No. 43). Granting relief to protect a VAWA petitioner from physical intimidation occurring in close temporal proximity to active location-targeting discovery vindicates the federal policy Congress established.

## V. EX PARTE RELIEF IS WARRANTED WITHOUT ADVANCE NOTICE TO PLAINTIFFS

Advance notice is not warranted for four specific reasons. First, individuals appeared at Defendant's address of record on April 28, 2026, identified Defendant by name, and expressly referenced Plaintiffs' names, in close temporal proximity to Plaintiffs' active efforts to obtain Defendant's location data through this litigation—notice of a pending TRO application would alert Plaintiffs at a moment when physical approach has already occurred and before the Court has had opportunity to act. Second, Plaintiffs are actively litigating access to Defendant's location data in this proceeding; notice would disclose the pendency of this application before court protection is in place. Third, the VAWA Prima Facie Determinations reflect a federal agency finding that Defendant's allegations concerning Plaintiffs are credible at the prima facie level—and advance notice to individuals whose alleged conduct is the subject of a federal credibility finding would risk undermining the status quo. Fourth, this proceeding has involved a documented pattern of escalation in response to prior judicial limitations: on February 2, 2026, the Bronx County Supreme Court stayed all discovery in the parallel state action and Plaintiffs' counsel represented to that court that a stipulation of discontinuance would be filed within two weeks—hours later, on the same day, Plaintiffs filed this 44-page federal complaint with substantially broader discovery demands, including subpoenas for GPS coordinates, cell

tower data, and VAWA immigration records (Case No. 818359/2025E, Bronx County Supreme Court). That conduct demonstrates that judicial limitations do not restrain Plaintiffs but instead prompt escalation, making advance notice particularly inappropriate here. Defendant is providing simultaneous notice to Plaintiffs' counsel of record by CM/ECF and electronic mail. Kaivalya H. Rawal, Esq. is not counsel of record and has not been served. Ms. Rawal was already engaged in the Bronx County proceedings directed at obtaining Defendant's identifying information before this action was filed, was included in VAWA-sensitive meet-and-confer correspondence beginning April 13, 2026 without having appeared in this action, and did not file a pro hac vice motion until April 29, 2026—the day after the April 28 incidents (ECF No. 49). Under these circumstances, advance notice would not preserve the status quo but would materially increase the risk of further harm.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant an emergency ex parte Temporary Restraining Order enjoining Plaintiffs Deven Sanon and Simran Hotchandani, also known as Simran Sanon, their attorneys, agents, employees, and all persons acting in concert with them from: (1) making any contact, direct or indirect, with Defendant or any person at Defendant's address of record; (2) taking any steps to locate, surveil, identify, or approach Defendant or any person at her address of record; (3) serving any further subpoenas or discovery requests seeking Defendant's location, identifying information, or immigration records, absent prior leave of this Court upon a showing of good cause; (4) disclosing or using any information obtained through the subpoenas subject to Defendant's pending Motion to Quash; and (5) filing any further papers identifying Defendant by name in violation of the pseudonymity protections sought in ECF No. 29. Defendant further requests that the Court schedule a hearing on a preliminary injunction at the earliest convenience.

With respect to security under Federal Rule of Civil Procedure 65(c), Defendant respectfully submits that no bond should be required. The relief sought is protective in nature, is consistent with the federal policy reflected in 8 U.S.C. § 1367, and is directed at preventing physical harm to a VAWA self-petitioner. Courts in this Circuit routinely waive the bond requirement where the movant is indigent or where the injunction is issued to prevent non-economic harm. Requiring a bond would impose an additional hardship on a pro se litigant seeking protection from individuals previously subject to protective orders in connection with the same course of conduct, and is not warranted under the circumstances.

Respectfully submitted,

_____

Srijani Chatterjee

Defendant Pro Se

srijanic91@gmail.com

Dated: April 29, 2026

_____

[1] Plaintiff is identified in the complaint caption as Simran Hotchandani. She publicly identifies under the name Simran Sanon on her Instagram account (@simi_hotch, display name "Simran Sanon") and on the public website spreadthejoy.org, where she is listed as "Simran Sanon, Marketing Operations Lead." Both names are used herein to ensure accurate identification.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>　　　　*Plaintiffs,*<br><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10,<br>and JANE DOES 1-10,<br>　　　　*Defendants.* | Civil Action No. 1:26-cv-00580 (AMD)(VMS)<br><br>**CERTIFICATE OF SERVICE** |

I, Srijani Chatterjee, Defendant pro se, hereby certify that on April 29, 2026, I caused a true and correct copy of Defendant's Memorandum of Law in Support of Motion for Emergency Temporary Restraining Order to be served on Plaintiffs' counsel of record—Daniel S. Szalkiewicz, Esq. and Cali Madia, Esq., Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, NY 10023—by (1) the Court's CM/ECF electronic filing system; and (2) electronic mail to daniel@veridianlegal.com and cali@veridianlegal.com.

Kaivalya H. Rawal, Esq. has filed a motion for admission pro hac vice in this action, which remains pending and has not been granted by the Court as of the date of this filing (ECF No. 49). Accordingly, Ms. Rawal is not counsel of record and has not been served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 29, 2026

_____

Srijani Chatterjee

Defendant Pro Se

srijanic91@gmail.com