*** Filed ***
02:28 PM, 30 Apr, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> *Plaintiffs,* <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, <br> and JANE DOES 1-10, <br><br> *Defendants.* | Civil Action No. <br> 1:26-cv-00580 (AMD)(VMS) <br><br> **VERIFIED DECLARATION OF SRIJANI CHATTERJEE IN SUPPORT OF MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER** |

I, Srijani Chatterjee, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury as follows:

1. I am the Defendant in the above-captioned action. I am a British citizen and a VAWA self-petitioner (8 U.S.C. § 1154(a)(1)(A)(iii)). I submit this declaration in support of my motion for an emergency ex parte Temporary Restraining Order pursuant to Federal Rule of Civil Procedure 65(b). This application is based on a credible and immediate threat to my physical safety arising from events on April 28, 2026, in which unidentified individuals appeared at my address of record, identified me by name, and delivered an explicit threat against me. Those events are the latest act in a three-year documented campaign of threats, intimidation, and abuse by Plaintiffs and their family members. I have personal knowledge of the facts set forth herein except where stated upon information and belief. The address of record identified in this proceeding is a temporary address used for a limited and specific purpose, consistent with

representations made in Defendant's pending motion to dismiss.

2.  Plaintiffs are Deven Sanon and Simran Hotchandani, also known as Simran Sanon.[1] I am identified in my pending VAWA self-petition as a victim of battery and extreme cruelty by Plaintiffs. USCIS has issued Prima Facie Determinations finding my account credible on three successive independent occasions: June 2023, April 2025, and February 2026 (**EXHIBIT A**). Each determination required USCIS to find credible evidence of each statutory element (8 U.S.C. § 1154(a)(1)(A)(iii)).

3.  On April 28, 2026, at approximately 11:45 a.m. Eastern Time, a resident present at my address of record was subjected to two separate incidents of intimidation. First, an unidentified man approached the address, ascended the stairs, and repeatedly pounded on the door, continuing to do so while demanding the resident open it. He stated: "I know this is where Srijani Chatterjee lives." He then stated: "All imma say is she better be very scared." The resident, observing through the door's eyehole, described the man as approximately 5 feet 9 to 5 feet 10 inches tall, South Asian or Middle Eastern in appearance, with dark hair, a moustache, and a beard. He remained at the door for approximately two to three minutes before leaving.

4.  Approximately fifteen minutes later, an unidentified woman arrived at the same address and knocked on the door. The resident, then on the telephone with the New York City Police Department, heard the woman state: "Hi I need a signature for the Sanon wife." The reference to "the Sanon wife" directly identifies Plaintiffs by name. To Defendant's knowledge, this is the first documented instance of individuals physically appearing at my address of record and referencing Plaintiffs by name.

5.  The resident contacted the NYPD to report both incidents and officers responded. A police report was filed on April 28, 2026 (Complaint No. 2026-84-3041,

**EXHIBIT J**). The resident notified me by telephone at approximately 2:18 p.m. Eastern Time. I am withholding the resident's identity for their safety. I was not present at the address of record at the time of these events.

6. The April 28 incidents are credible because they are consistent with a three-year documented campaign of threats by Plaintiffs' family members. Micky Suri—Plaintiff Deven Sanon's mother—has on multiple occasions threatened to poison me and have me killed. On September 12, 2023, immediately after learning my address at a court hearing, she sent a DoorDash delivery to my San Francisco residence with a gift note reading: "Snow White's apple, dare or beware. We know you will DARE, you don't learn do you!" The following day I received an email stating: "We will come for you now. You can run but you can't hide honey." These threats are corroborated by multiple sworn witnesses, including in my sworn declaration executed September 18, 2023 (**EXHIBIT I**), and the notarized affidavit of Darshan Suri—Micky Suri's late father—executed May 5, 2023, attesting that Micky Suri "is more than capable of and will deliver on her threats of both deportation and poisoning Srijani Chatterjee" (**EXHIBIT G**).

7. Chelsea Grace Hallowell—the ex-wife of Manish Sanon and former stepmother of Plaintiff Deven Sanon—has sworn under oath that Micky Suri "threatened to poison Srijani Chatterjee in front of several members of the wider Rochester community, including myself" (**EXHIBIT H**), and that Manish Sanon "threatened to have Srijani Chatterjee killed in front of several family members, including myself" (**EXHIBIT H-2**).

8. Plaintiffs Deven Sanon and Simran Hotchandani, also known as Simran Sanon, are Micky Suri's son and daughter-in-law. They are the same individuals whom USCIS

confirmed—through Riva Ganguly Das, the Secretary in the Ministry of External Affairs for the Government of India and former Indian Consul-General to New York—had joined Micky Suri in repeatedly harassing USCIS with accusations against me in attempts to have me deported. USCIS flagged their correspondence as abusive harassment against a vulnerable immigrant. Ms. Ganguly Das's notarized affidavit, executed September 12, 2023, is attached hereto (**EXHIBIT K**).

9. Three courts have already granted me protective relief against members of this same family, demonstrating prior judicial findings of risk requiring protective relief. The Superior Court of California granted TROs against Micky Suri individually (Case No. FDV-23-817051) and against Micky Suri and Manish Sanon jointly (Case No. FDV-23-817064), served by the Monroe County Sheriff in August 2023 (**EXHIBITS B, C, D, E**). A retaliatory Family Court petition filed by Micky Suri was dismissed with prejudice on October 30, 2024 by Court Attorney Referee Darius K. Lind (File No. 129846, Docket No. O-09381-23, Family Court of Monroe County, New York, **EXHIBIT F**).

10. Plaintiffs filed this action on February 2, 2026—hours after abandoning a parallel Bronx County proceeding the moment the state court stayed discovery and granted me a Jane Doe designation (Index No. 818359/2025E, Supreme Court of the State of New York, County of Bronx). Plaintiffs filed the 44-page federal complaint on the same day the Bronx court stayed proceedings, with substantially broader discovery demands than those that had been stayed. In this Court, Plaintiffs immediately issued five subpoenas seeking GPS coordinates, cell tower data, device identifiers, financial records, photographs of me at my address of record, and my sublessor's personal communications—and a sixth subpoena directed to Zohar Law PLLC, my VAWA immigration counsel. This incident occurred while Plaintiffs were actively seeking

discovery designed to obtain my precise location and identifying information. Chief Magistrate Judge Scanlon—recognizing the threat posed by this discovery—sua sponte entered an attorneys'-eyes-only designation on all subpoenaed information (ECF No. 35) and sua sponte stayed the Zohar Law subpoena (ECF No. 43). The individuals who appeared at my address of record on April 28 knew my name and referenced Plaintiffs directly.

11.    Plaintiffs' counsel further introduced Kaivalya H. Rawal, Esq. in meet-and-confer communications involving VAWA-sensitive discovery over my explicit and repeated written objection. Ms. Rawal was already engaged in the Bronx County state court proceedings directed at obtaining my identifying information as of October 14, 2025, had not appeared in this federal action, and did not file a pro hac vice motion until April 29, 2026—the day after the April 28 incidents (ECF No. 49). Upon information and belief, Ms. Rawal is a family friend of the Sanon family.

12.    Based on the April 28, 2026 incidents and the prior threats described above, I fear for my physical safety. I do not feel safe returning to or remaining at my address of record. The individuals who appeared at my address of record knew my name, stated I should be very scared, and directly referenced Plaintiffs. This follows three years of documented poison threats, death threats, and sustained harassment by Plaintiffs and their family, corroborated by multiple independent sworn witnesses and three courts that granted me protective relief. I am also concerned that further disclosure of my location through ongoing litigation will increase the risk of further physical approach. I have spent three years establishing my VAWA petition; the safety it is meant to protect cannot be restored once compromised.

13.      Pursuant to Federal Rule of Civil Procedure 65(b)(1)(B), I certify that I am providing simultaneous notice of this motion to Plaintiffs' counsel of record by CM/ECF and electronic mail to daniel@veridianlegal.com and cali@veridianlegal.com. Because the April 28, 2026 incidents directly referenced Plaintiffs by name and occurred while Plaintiffs are actively pursuing discovery of my location in this proceeding, advance notice beyond simultaneous service would itself create a risk of further harm.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on April 29, 2026.



_____

Srijani Chatterjee

Defendant Pro Se

srijanic91@gmail.com

_____

[1] Plaintiff is identified in the complaint caption as Simran Hotchandani. She publicly identifies under the name Simran Sanon on her Instagram account (@simi_hotch, display name "Simran Sanon") and on the public website spreadthejoy.org, where she is listed as "Simran Sanon, Marketing Operations Lead." Both names are used herein to ensure accurate identification.

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br>    *Plaintiffs,* <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, <br> and JANE DOES 1-10, <br>    *Defendants.* | Civil Action No. 1:26-cv-00580 (AMD)(VMS) <br><br> **CERTIFICATE OF SERVICE** |

  I, Srijani Chatterjee, Defendant pro se, hereby certify that on April 29, 2026, I caused a true and correct copy of Defendant's Verified Declaration in Support of Motion for Emergency Temporary Restraining Order to be served on Plaintiffs' counsel of record—Daniel S. Szalkiewicz, Esq. and Cali Madia, Esq., Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, NY 10023—by (1) the Court's CM/ECF electronic filing system; and (2) electronic mail to daniel@veridianlegal.com and cali@veridianlegal.com.

  Kaivalya H. Rawal, Esq. has filed a motion for admission pro hac vice in this action, which remains pending and has not been granted by the Court as of the date of this filing (ECF No. 49). Accordingly, Ms. Rawal is not counsel of record and has not been served.

  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 29, 2026

_____

Srijani Chatterjee

Defendant Pro Se

srijanic91@gmail.com