**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> *Plaintiffs,* <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> *Defendants.* | Civil Action No. 1:26-cv-00580 (AMD)(VMS) <br><br> **[PROPOSED]** <br> **TEMPORARY RESTRAINING** <br> **ORDER** |

Upon consideration of Defendant Srijani Chatterjee's Motion for Emergency Temporary Restraining Order, the accompanying Memorandum of Law, the Verified Declaration of Srijani Chatterjee, and the exhibits submitted therewith, and the Court having found that:

(a) Defendant is a VAWA self-petitioner for whom USCIS has issued three separate prima facie credibility determinations, most recently on February 25, 2026;

(b) On April 28, 2026, unidentified individuals appeared at Defendant's address of record, identified Defendant by name, stated that she "better be very scared," and referenced Plaintiffs by name, as documented in NYPD Complaint No. 2026-84-3041;

(c) These events occurred while Plaintiffs were actively pursuing subpoenas seeking Defendant's GPS coordinates, cell tower data, device identifiers, and VAWA immigration file in this proceeding;

(d) This Court has already intervened twice sua sponte to restrict Plaintiffs' discovery—entering an attorneys'-eyes-only designation (ECF No. 35) and staying a

subpoena to Defendant's VAWA immigration counsel (ECF No. 43)—each reflecting a judicial finding that unrestricted disclosure of Defendant's information in this proceeding poses a cognizable risk of harm;

(e) Defendant faces credible and imminent risk of physical harm constituting irreparable injury that cannot be remedied by monetary damages; and

(f) The balance of hardships tips decisively in Defendant's favor and an injunction is in the public interest, consistent with the federal confidentiality protections enacted for VAWA petitioners (8 U.S.C. § 1367);

**IT IS HEREBY ORDERED that:**

1.  Plaintiffs Deven Sanon and Simran Hotchandani, also known as Simran Sanon, their attorneys, agents, employees, and all persons acting in active concert or participation with them, are hereby ENJOINED AND RESTRAINED from making any contact, direct or indirect, with Defendant Srijani Chatterjee or any person at Defendant's address of record;

2.  Plaintiffs, their attorneys, agents, employees, and all persons acting in active concert or participation with them, are hereby ENJOINED AND RESTRAINED from taking any steps to locate, surveil, identify, or approach Defendant or any person at her address of record, including through the use of any third party, process server, investigator, or delivery service;

3.  Plaintiffs, their attorneys, agents, employees, and all persons acting in active concert or participation with them, are hereby ENJOINED AND RESTRAINED from serving any further subpoenas or discovery requests seeking Defendant's location, identifying information, or immigration records, absent prior leave of this Court upon a showing of

good cause;

4.  Plaintiffs, their attorneys, agents, employees, and all persons acting in active concert or participation with them, are hereby ENJOINED AND RESTRAINED from disclosing, disseminating, or using any information obtained through the subpoenas that are the subject of Defendant's pending Motion to Quash (ECF No. 43);

5.  Plaintiffs, their attorneys, agents, employees, and all persons acting in active concert or participation with them, are hereby ENJOINED AND RESTRAINED from filing any further papers in this action identifying Defendant by name, consistent with the pseudonymity protections sought in ECF No. 29;

6.  No bond shall be required pursuant to Federal Rule of Civil Procedure 65(c), as the relief is protective in nature, is consistent with federal policy under 8 U.S.C. § 1367, and is directed at preventing physical harm to a VAWA self-petitioner proceeding pro se;

7.  This Order shall take effect immediately upon entry and shall remain in effect until further order of this Court; and

8.  A hearing on Defendant's motion for a preliminary injunction shall be scheduled at the earliest convenience of the Court.


**SO ORDERED.**

Dated: _____, 2026

Brooklyn, New York

_____

HON. ANN M. DONNELLY

United States District Judge

Eastern District of New York