*** Filed ***
02:29 PM, 30 Apr, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> *Plaintiffs,* <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> *Defendants.* | Civil Action No. 1:26-cv-00580 (AMD)(VMS) <br><br> **NOTICE OF EX PARTE APPLICATION AND CERTIFICATION PURSUANT TO FED. R. CIV. P. 65(b)(1)** |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Defendant Srijani Chatterjee hereby gives notice that she is applying to this Court ex parte, pursuant to Federal Rule of Civil Procedure 65(b)(1), for an emergency Temporary Restraining Order. Pursuant to Rule 65(b)(1)(B), Defendant certifies the following:

**I. NOTICE PROVIDED**

Defendant is providing simultaneous notice of this application to Plaintiffs' counsel of record—Daniel S. Szalkiewicz, Esq. and Cali Madia, Esq., Veridian Legal P.C.—by (1) the Court's CM/ECF electronic filing system; and (2) electronic mail to daniel@veridianlegal.com and cali@veridianlegal.com, simultaneously with the filing of this application. Kaivalya H. Rawal, Esq. has filed a motion for admission pro hac vice (ECF No. 49) which remains pending and has not been granted; accordingly, Ms. Rawal is not counsel of record and has not been served.

**II. REASONS WHY ADVANCE NOTICE SHOULD NOT BE REQUIRED**

Defendant respectfully certifies that advance notice beyond simultaneous service should not be required for the following reasons, each of which independently supports this certification:

First, on April 28, 2026, individuals physically appeared at Defendant's address of record, identified Defendant by name, stated that she "better be very scared," and referenced Plaintiffs by name (NYPD Complaint No. 2026-84-3041). This physical approach occurred while Plaintiffs were actively pursuing subpoenas seeking Defendant's location data in this proceeding. Advance notice at this juncture—before protective measures are in place—would alert Plaintiffs at a moment when physical approach has already materialized.

Second, Plaintiffs are actively litigating access to Defendant's location, identifying information, and VAWA immigration file through discovery in this proceeding. Advance notice would disclose the pendency of this application before this Court has had opportunity to act, potentially enabling further steps to obtain Defendant's location.

Third, the VAWA Prima Facie Determinations reflect a federal agency finding that Defendant's allegations concerning Plaintiffs are credible at the prima facie level. Advance notice to individuals whose alleged conduct is the subject of a federal credibility finding would risk undermining the status quo.

Fourth, prior judicial limitations in related proceedings have prompted immediate escalation rather than restraint. On February 2, 2026, within hours of the Bronx County Supreme Court staying discovery in a parallel proceeding and directing discontinuance, Plaintiffs filed this 44-page federal complaint with substantially broader discovery demands (Index No. 818359/2025E, Bronx County Supreme Court). This documented pattern of escalation in response to judicial limitations makes advance notice particularly inappropriate here.

## III. PRIOR JUDICIAL INTERVENTION

This Court has already twice intervened sua sponte to restrict Plaintiffs' discovery in this proceeding, entering an attorneys'-eyes-only designation (ECF No. 35) and staying the subpoena directed to Defendant's VAWA immigration counsel (ECF No. 43). The April 28, 2026 incidents demonstrate that the risk this Court has already acted to address remains ongoing and escalating. The narrowly tailored relief requested directly addresses the mechanisms through which that risk has materialized.

Respectfully submitted,

_____

Srijani Chatterjee

Defendant Pro Se

srijanic91@gmail.com

Dated: April 29, 2026

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI,<br><br>     *Plaintiffs,*<br><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1-10,<br>and JANE DOES 1-10,<br><br>     *Defendants.* | Civil Action No. 1:26-cv-00580 (AMD)(VMS)<br><br>**CERTIFICATE OF SERVICE** |

I, Srijani Chatterjee, Defendant pro se, hereby certify that on April 29, 2026, I caused a true and correct copy of Defendant's Notice of Ex Parte Application and Certification Pursuant to Fed. R. Civ. P. 65(b)(1) to be served on Plaintiffs' counsel of record—Daniel S. Szalkiewicz, Esq. and Cali Madia, Esq., Veridian Legal P.C., 23 West 73rd Street, Suite 102, New York, NY 10023—by (1) the Court's CM/ECF electronic filing system; and (2) electronic mail to daniel@veridianlegal.com and cali@veridianlegal.com.

Kaivalya H. Rawal, Esq. has filed a motion for admission pro hac vice in this action, which remains pending and has not been granted by the Court as of the date of this filing (ECF No. 49). Accordingly, Ms. Rawal is not counsel of record and has not been served.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: April 29, 2026

_____

Srijani Chatterjee

Defendant Pro Se

srijanic91@gmail.com