VERIDIAN
LEGAL

23 West 73rd Street          T: (212) 706-1007
Suite 102                    F: (646) 849-0033
New York, NY 10023           www.veridianlegal.com

April 7, 2026

**Via USPS Certified Mail & Email (Srijanic91@gmail.com)**
Ms. Srijani Chatterjee
214 Atlantic Avenue, 2B
Brooklyn, NY 11201

*Re:     Sanon et ano v. Chatterjee et al.*
*United States District Court, Eastern District of New York*
*Index No.: 1:26-cv-00580-AMD-VMS*

Dear Ms. Chatterjee,

On behalf of plaintiffs Deven Sanon ("Sanon") and Simran Hotchandani ("Hotchandani" and, together with Sanon, "Plaintiffs") we write, pursuant to Rule 11 of the Federal Rules of Civil Procedure ("Rule 11") and the court's broader power to sanction to demand withdrawal of your Motion to Dismiss (Doc. No. 24) due to the frivolous arguments and fallacious documents contained therein. As detailed below, Defendant's Motion to Dismiss and the documents which accompany it has been filed for an improper purpose – namely to harass Plaintiffs and cause unnecessary delay (*See* Rule 11(b) – and lack legitimate evidentiary support. More so, the legal contentions you are making are plainly frivolous and your denials and various submissions are nothing but transparent attempts to intentionally mislead and distract the Court.

### Defendant Chatterjee's Frivolous Arguments

Your Memorandum of Law contains a multitude of wholly baseless statements of law and fact, the majority of which you, an attorney, knew or should have known were inaccurate. Plaintiffs demand that you withdraw the motion otherwise they will have no choice but to file a motion seeking sanctions pursuant to Rule 11 and the court's inherent power to issue sanctions.

1. **Section 230 Immunity**: You claim that "Section 230(e)(3) pre-empts all state law claims that treat a defendant as a publisher of third-party content" to conclude that, because you are alleged to have also hired third parties to do some of your bidding, you cannot be treated as the publisher of that content (Memo, p. 16). This is a shameless recreation of the facts in the Complaint and Section 230 of the CDA. You are anything but a passive user. The entire premise of the Complaint is that *you are the content provider* – you either posted or orchestrated, paid for, and directed the creation of the content. Section 230 explicitly excludes information content providers from protection.

2. **Res Judicata/Collateral Estoppel**:  Your Memorandum states the elements of res judicata then blatantly misstates facts and law to argue it applies in this case. Most immediately, the Monroe County Family Court action was dismissed based on there no longer being subject matter jurisdiction. "Subject matter jurisdiction is a 'threshold question that must be resolved before proceeding to the merits.'"(*Humphrey v Syracuse Police Dept.,* 758 F App'x 205, 206 [2d Cir 2019]). Further, as to the second factor, there

Veridian Legal P.C.



As of April 7, 2026
Page 2

is a well-established "general rule that 'one is not bound by a judgment in personam in a litigation in which he is not designated a party or to which he has not been made a party by service of process" (*Taylor v Sturgell*, 553 US 880, 884 [2008]).  While "a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation'" that cannot be said here, where Plaintiff Sanon's mother was complaining of statements relating to her, not Plaintiffs (*Monahan v NY City Dept. of Corr.*, 214 F3d 275, 285 [2d Cir 2000]).  This argument is especially baseless as several of the articles at issue here did not even exist when Sanon's mother's Family Offense Petition was filed.  Your collateral estoppel claim is even weaker, as the decision and all the filings demonstrate there was no finding that Sanon's mother's claims against you lacked merit, only that the family court had lost jurisdiction due to your divorce.

3.  **VAWA Confidentiality**: Even accepting the various claims you have made over the years, VAWA's confidentiality provision does not prohibit private litigants from naming you in a federal complaint.  You are also well aware the Bronx County Supreme Court never issued an order permitting you to proceed as Jane Doe and, even if it did, such an order would not bind the Eastern District of New York.  Regardless of all of the above, this is not valid grounds for dismissal.

4.  **Anti-SLAPP**: You are not reporting on matters of public interest, you are manufacturing and publicizing bizarre and unfounded gossip about your former in-laws as part of an immature vendetta against them.  You are aware you have zero basis to make any of the claims you are making about either plaintiff in this case but do so anyway.  Plaintiffs have set forth a substantial factual basis in their asserted claims against you and, accordingly, your request for dismissal will be denied.

5.  **Defamation**: Any claims about Plaintiffs' pleadings lacking in specificity are without basis in law and deliberately misconstrue Plaintiffs' Complaint.  Claims your statements are opinions are similarly baseless as statements alleging academic fraud, that someone is transgender, and whether someone is under investigation or has been charged with committing fraud are all statements which are capable of being proven true or false.  Reputational injury is a concrete injury recognized by law; moreover, Plaintiffs' Complaint includes allegations of fraud and criminal conduct – allegations which are considered defamatory per se such that damages are presumed.

6.  **Forum Shopping**: Plaintiffs resided in New York when the pre-action discovery litigation was initiated.  They no longer reside in New York.  Your introduction of text messages from 2021 referring to the Canadian border as if they took place in the present day serves as just another deliberate attempt to mislead the court.  Similarly, in your lawsuit against the City of New York you admit you live in New York; you pay rent in New York; you were served in New York; your social media accounts indicate you live in New York.  You reside in New York or, at the very least, resided in New York at the time the lawsuit was filed; arguments otherwise are an attempt to deceive this court.

Veridian Legal P.C.



As of April 7, 2026
Page 3

7. **Service of Process**: Plaintiffs are confident you were properly served and have never expressed any doubt about this fact to your prospective counsel or anyone else. You were not in Qatar at the time of service and indication otherwise would be a deliberate misstatement of fact.

8. **There is No State Court Action Against You**: You are well aware there is no state court action pending against you and that the pre-action discovery case did not name you but rather was designed to and did in fact lead to Plaintiffs identifying you as their harasser.

9. **Rule 4.2 Violation**: Marc Pelta has stated, in writing, to both of us: "To repeat: my client is not represented by counsel and I am not admitted yet in the EDNY therefore I am not representing her in this case until the Court permits me to do so." Since that e-mail, Marc Pelta has not so much as filed a motion for pro hac vice admission in this case. You do not have counsel in this case. Rule 4.2 prohibits ex parte communication with a represented party, it does not require our office to copy a prospective attorney on every court filing.

<u>**Defendant Chatterjee's False and Misrepresented Evidence**</u>

Plaintiffs further demand that you withdraw the documents referenced below because they 1) are designed to mislead the court, 2) are incomplete, 3) are uploaded for no reason other than to further harass Plaintiffs, and/or 4) are not authentic.

**Exhibit A**: Your inclusion of only the first and last page of Plaintiffs' Petition for Pre-Action Discovery has been intentionally gutted to remove the relief being requested: information sufficient to identify their online harasser so Plaintiffs could initiate an action against them.

**Exhibit D**: Like with Exhibit A, Exhibit D – which is an amended version of Exhibit A – has been trimmed to omit the bulk of the Verified Amended Petition, removing the majority of the relief being requested.

**Exhibit E**: Your inclusion of an undated text message chain is designed to give the reader the impression that Plaintiffs resided in Canada during the pendency of this litigation or the pre-action discovery litigation. In reality, the messages about the opening of land borders took place in 2021 and, as you know, Plaintiffs now reside in the United States.

**Exhibit F**: While this Order is being included to insinuate the existence of a court order allowing you to proceed as Jane Doe, in fact the court never issued such an order and only called you that because that is how you signed your submissions. Contrary to your claim, there is no court order that you be "designated Jane Doe in that proceeding to protect [Defendant's] identity as a domestic violence victim under VAWA."

**Exhibit G**: Again, you are only called Jane Doe by the court because you refused to provide the court with your true name.

Veridian Legal P.C.



As of April 7, 2026
Page 4

**Exhibit H**: Your attempt to use this Notice of Voluntary Discontinuance to state Plaintiffs have not discontinued the action against you is designed to mislead the court into believing you were a named respondent, which you were not.

**Exhibit I**:  See above.

**Exhibit K**:  You continue to use a copy of a redacted prima facie determination letter of unknown veracity and expired on September 8, 2025 to assert you are a "certified VAWA domestic violence victim."  You further cite to this nameless prima facie letter as being "not a routine administrative finding" but rather a "federal determination – made after investigation and review of evidence – that Defendant's account of abuse is substantiated."  This is an improper explanation of a prima facie determination.  Plaintiffs dispute the legitimacy of this letter.

**Exhibit L**: There is absolutely no reason for Defendant to upload her own harassing e-mails to Plaintiff Hotchandani's alma mater except to further the falsities contained therein and within the link created and being disseminated by Defendant.  Plaintiffs dispute the legitimacy of the response to Defendant's e-mail.  While you may be proceeding pro se, you are a lawyer and, as a lawyer, are well aware of what "prima facie" means.

**Exhibit M**:  Again, this message is solely being introduced to insinuate that because Plaintiff Sanon's (now deceased) grandfather allegedly married an individual for a green card, then all family marriages are similarly improperly motivated.  You have no basis to assert that Plaintiffs' relationship – which began before you even met Plaintiff Sanon's brother and has continued long after your divorce – is not legitimate.

**Exhibit N**:  Your introduction of a document purporting to be signed by a government official from India assails Plaintiffs and their families despite having never met them and having zero basis to make the assertions and conclusions being made.  The affidavit is primarily focused on disparaging Plaintiff Sanon's mother and does not prove any of your allegations about Plaintiffs. Plaintiffs dispute the legitimacy of this affidavit.

**Exhibit O**:  You claim this matter contained nearly identical claims as those being alleged in this lawsuit and that it concluded just four months prior to Plaintiffs filing this lawsuit.  First, the individuals seeking relief are different and thus the conduct is not identical as it targets different individuals.  Second, as the Order on Motion provides, it was a Family Court matter and, accordingly, sought different, non-monetary relief.  Third, it concluded well over a year before the initiation of this action.  Fourth, the matter was dismissed because there was no longer subject matter jurisdiction due to the end of your marriage and concomitant end of the intimate relationship between you and your former mother-in-law – not based on the merits of the petition.  And fifth, the petition is nowhere to be found in the motion, just your representations about what it stated.

Veridian Legal P.C.



As of April 7, 2026
Page 5

## **Conclusion and Requested Action**

Plaintiffs write this letter to provide you with notice of their intention to seek sanctions pursuant to Rule 11 and through this court's "inherent authority to sanction parties appearing before it for acting in bad faith, vexatiously, wantonly, or for oppressive reasons" (*Sassower v Field*, 973 F2d 75, 81 [2d Cir 1992]).  Should you decline to withdraw the motion and corresponding exhibits within twenty-one (21) days of service of this letter, Plaintiffs will have no choice but to seek sanctions for the reasons previously stated.

In light of the foregoing, Plaintiffs respectfully request that you:

1) Withdraw or amend your Motion to Dismiss to address the issues identified above; and
2) Withdraw or supplement any exhibits that are incomplete or presented without necessary context.

Plaintiffs reserve all rights to seek sanctions based on any continued reliance on contentions lacking evidentiary or legal support following this notice.  This letter is provided in good faith to comply with Rule 11(c)(2) and to avoid unnecessary motion practice.

Respectfully,

VERIDIAN LEGAL P.C.

/s/*Daniel Szalkiewicz*

By: Daniel S. Szalkiewicz, Esq.
**daniel@veridianlegal.com**

Veridian Legal P.C.