Case 1:26-cv-00580-AMD-VMS Document 55-3 Filed 05/01/26 Page 1 of 11 PageID #: 982

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

SRIJANI CHATTERJEE,

Plaintiff,

- v -

NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND
DEVELOPMENT,

Defendant.

**SUMMONS**

Plaintiff designates
NEW YORK COUNTY
as the place of trial

The basis of venue under CPLR § 504(3) is
that Defendant maintains its principal office in
New York County

To the above-named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney within twenty (20) days after service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated: October 10, 2025
        New York, New York

**RISSMILLER PLLC**

By:      _/s/ Jazly Liriano_
         Jazly Liriano
         Alex Rissmiller
         5 Pennsylvania Plaza, 19th Floor
         New York, NY 10001
         T: (646) 248-7811
         jliriano@rissmiller.com
         arissmiller@rissmiller.com

         *Attorneys for Plaintiff Srijani Chatterjee*

Case 1:26-cv-00580-AMD-VMS Document 55-3 Filed 05/01/26 Page 2 of 11 PageID #: 983

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF NEW YORK**

SRIJANI CHATTERJEE,

Plaintiff,

- v -

NEW YORK CITY DEPARTMENT OF
HOUSING PRESERVATION AND
DEVELOPMENT,

Defendant.

**COMPLAINT**

*Jury Trial Demanded*

Plaintiff Srijani Chatterjee ("Chatterjee"), by and through her undersigned attorneys, brings this Complaint against Defendant New York City Department of Housing Preservation and Development ("NYC HPD"), and alleges as follows:

**PRELIMINARY STATEMENT**

1.      This action arises from NYC HPD's unlawful termination of Plaintiff Srijani Chatterjee, a highly qualified Director, less than three weeks after she submitted a formal written complaint of discriminatory harassment based on her age and weight, and shortly after she reported significant legal violations concerning the administration of federally funded projects.

2.      NYC HPD ignored Ms. Chatterjee's repeated complaints about a pattern of discriminatory comments, allowed the hostile work environment to fester, and then fired her immediately after she formally sought protection under the law and reported unlawful activity.

3.      Ms. Chatterjee brings claims for age discrimination, weight discrimination, and retaliation in violation of the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-101 *et seq.*, as well as whistleblower retaliation in violation of New York Labor Law ("NYLL") § 740.

Case 1:26-cv-00580-AMD-VMS    Document 55-3    Filed 05/01/26    Page 3 of 11 PageID #: 984

## PARTIES, JURISDICTION, AND VENUE

4. Plaintiff Chatterjee is a resident of the State of New York and former Director of Labor Monitoring Unit of the NYC HPD.

5. Chatterjee was born in 1991 and was 33 years old at the time of the relevant events.

6. At all relevant times, Chatterjee was an "employee" of Defendant under all relevant statutes.

7. NYC HPD is a municipal agency of the City of New York.

8. NYC HPD employed at least 4 employees throughout Chatterjee's employment.

9. NYC HPD conducted business at 100 Gold Street, New York, NY 10038, where it employed Chatterjee.

10. At all relevant times, Defendant was Chatterjee's "employer" under all relevant statutes.

11. This Court has personal jurisdiction over Defendant pursuant to Civil Practice Law and Rules ("CPLR") § 301, inter alia, because Defendant is a New York City agency that resides in New York County and under CPLR § 302(a)(1) because Defendant transacted business in New York giving rise to this claim.

12. Plaintiff has complied with all conditions precedent to bringing this action, including the timely filing of a Notice of Claim upon the City of New York and appearing for a hearing pursuant to N.Y. Gen. Mun. Law § 50-h on August 5, 2025.

13. Venue is proper in this County pursuant to CPLR § 504(3) because Defendant maintains its principal office in New York County.

Case 1:26-cv-00580-AMD-VMS    Document 55-3    Filed 05/01/26    Page 3 of 11 PageID #: 984

Case 1:26-cv-00580-AMD-VMS    Document 55-3    Filed 05/01/26    Page 4 of 11 PageID #: 985

## FACTUAL BACKGROUND

14.     Chatterjee received a Master of Arts degree in Geography and Social Policy in 2014 and a Bachelor of Laws degree in 2016 from the University of Edinburgh in the United Kingdom. She received a Graduate Diploma of Law in 2017 and a Legal Practice Certificate in 2018 from the University of Law in London, United Kingdom.

15.     Prior to joining NYC HPD, Chatterjee had about eight years of experience in the legal field.

16.     At all relevant times, Chatterjee possessed all necessary qualifications for the position, including her Bachelor of Laws degree, Graduate Diploma of Law, and Legal Practice Certificate.

17.     In or about December 2024, NYC HPD hired Chatterjee for the role of Director of the Labor Monitoring Unit.

18.     Chatterjee worked from NYC HPD's 100 Gold Street, New York, NY 10038 location.

19.     Chatterjee succeeded in her role and received positive feedback based on her performance, including from Rashid Allen ("Allen"), her supervisor, on reports she had written and submitted to him.  In her first week working at NYC HPD, Allen recommended Chatterjee for a promotion and awarded her a bonus because of her positive performance.

20.     While Chatterjee was employed by NYC HPD, she never received any criticism or negative feedback regarding her work performance prior to her complaints of discrimination.

21.      From the outset of her employment, Plaintiff was subjected to a pattern of age-based comments from colleagues within the workplace, including a subordinate who remarked on Plaintiff's first day, December 23, 2024, that she was "too young to be a director" and that,

Case 1:26-cv-00580-AMD-VMS    Document 55-3    Filed 05/01/26    Page 5 of 11 PageID #: 986

compared to her, the rest of the team were "adults."

22. Plaintiff raised these inappropriate age-based remarks directly with her supervisor, Allen, on multiple occasions.

23. However, instead of addressing the discrimination, Allen dismissed her concerns as mere "growing pangs" and took no corrective action.

24. By failing to take corrective action, Allen condoned the discriminatory conduct.

25. On or about January 17, 2025, a coworker made a derogatory comment in a group setting about Plaintiff's body size, stating: "Srijani, you're no regular size. You're what? XS if that?"

26. This comment singled out Plaintiff's physical appearance and weight, subjecting her to public ridicule and body-shaming in the workplace.

27. Plaintiff submitted a formal complaint about the derogatory comments concerning her age and weight to NYC HPD's Equal Employment Opportunity Department on or about January 18, 2025.

28. Around the same time, Plaintiff also complained to her supervisor Allen about a case that had been mishandled for a period of two years by two levels of NYC HPD supervisory personnel.

29. Chatterjee informed her supervisor that a contractor had been improperly fined for violations of the Davis-Bacon Act, which imposes reporting and payment obligations on contractors working on federally funded construction projects, due to negligent supervision and inaccurate reporting by NYC HPD personnel.

30. Plaintiff reasonably believed the mishandling, negligent supervision, and inaccurate reporting concerning federal requirements involved violations of law, rule, or

Case 1:26-cv-00580-AMD-VMS Document 55-3 Filed 05/01/26 Page 6 of 11 PageID #: 987

regulation, specifically the Davis-Bacon Act and related federal regulations.

31. Less than three weeks later, on or about February 6, 2025, Plaintiff's employment was abruptly terminated by NYC HPD.

## FIRST CAUSE OF ACTION
### (Discrimination in Violation of the NYSHRL)

32. Chatterjee repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

33. The aforementioned facts and circumstances demonstrate that Defendant discriminated against Chatterjee because she was a member of a protected class.

34. Chatterjee is a member of a protected class under the NYSHRL and was perceived by Defendant as such.

35. As set forth in detail above and here, Defendant discriminated against Chatterjee and subjected her to adverse employment actions, including termination.

36. The adverse action occurred under circumstances giving rise to an inference of age discrimination. This includes the repeated comments that Plaintiff was "too young" for her role, and Defendant's condonation of this conduct by failing to take corrective action when Plaintiff reported it.

37. As a direct and proximate result of the unlawful employment practices of Defendant, Chatterjee has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

38. Accordingly, Defendant discriminated against Chatterjee because of her age, in violation of her statutory rights as guaranteed by the NYSHRL.

Case 1:26-cv-00580-AMD-VMS    Document 55-3    Filed 05/01/26    Page 7 of 11 PageID #: 988

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of the NYSHRL)

39. Chatterjee repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

40. As set forth in detail above, Chatterjee engaged in activity protected under the NYSHRL.

41. Defendant retaliated by subjecting Chatterjee to discrimination and adverse employment actions, including termination because of her protected activity in violation of Chatterjee's statutory rights.

42. Defendant was aware that Chatterjee opposed unlawful conduct and asserted her rights under the NYSHRL.

43. Chatterjee has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

44. Accordingly, Defendant retaliated against Chatterjee in violation of her statutory rights as guaranteed by the NYSHRL.

## THIRD CAUSE OF ACTION
### (Discrimination in Violation of the NYCHRL)

45. Chatterjee repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

46. Chatterjee is a member of a protected class under the NYCHRL based on her age and weight and was perceived by Defendant as such.

47. As set forth in detail above and here, Defendant discriminated against Chatterjee in the terms and conditions of her employment by treating Chatterjee less well than her similarly situated coworkers, who had not complained of discrimination.

48. The discriminatory conduct directed at Chatterjee was motivated, in whole or in part, by Chatterjee's age and weight.

49. Defendant is strictly liable under the NYCHRL for the conduct of its managerial employees, including Allen, who failed to address the discrimination.

50. As a direct and proximate result of the unlawful employment practices of Defendant, Chatterjee has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

51. The conduct of Defendant has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Chatterjee, entitling her to punitive damages.

52. Accordingly, Defendant discriminated against Chatterjee because of her disability, in violation of her statutory rights as guaranteed by the NYCHRL.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of the NYCHRL)**

53. Chatterjee repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

54. As set forth in detail above, Chatterjee engaged in activity protected under the NYCHRL.

55. Defendant retaliated against Chatterjee by treating her less well than similarly situated employees and subjecting her to discrimination and adverse employment actions, including termination because of her protected activity in violation of the NYCHRL.

56. Defendant was aware that Chatterjee opposed unlawful conduct and/or asserted her rights under the NYCHRL.

57. As a result of this protected activity, Defendant retaliated against Chatterjee by

Case 1:26-cv-00580-AMD-VMS Document 55-3 Filed 05/01/26 Page 9 of 11 PageID #: 990

engaging in conduct that was reasonably likely to deter an individual from engaging in such protected activity, in violation of the NYCHRL.

58. As a direct and proximate result of Defendant's unlawful employment practices, Chatterjee has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and emotional distress.

59. The conduct of Defendant has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Chatterjee, entitling her to punitive damages.

60. Accordingly, Defendant retaliated against Chatterjee in violation of her statutory rights as guaranteed by the NYCHRL.

## FIFTH CAUSE OF ACTION
### (Whistleblower Retaliation in Violation of NYLL § 740)

61. Chatterjee repeats and re-alleges each allegation of the preceding paragraphs as if fully set forth here.

62. As set forth in detail above, Chatterjee engaged in activity protected under the NYLL when she disclosed to her supervisor an activity, policy, or practice of the Defendant that she reasonably believed was in violation of a law, rule, or regulation.

63. Specifically, Chatterjee disclosed that NYC HPD personnel engaged in negligent supervision and inaccurate reporting concerning compliance with the Davis-Bacon Act and its implementing regulations, resulting in improper fines against a contractor.

64. As a result of this protected activity, Defendant retaliated against Chatterjee by subjecting her to adverse employment actions, including termination.

65. As a direct and proximate result of Defendant's conduct, Chatterjee has suffered and continues to suffer damages, including lost earnings, lost benefits, other financial loss, and

Case 1:26-cv-00580-AMD-VMS Document 55-3 Filed 05/01/26 Page 10 of 11 PageID #: 991

emotional distress.

66. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and conducted in callous disregard of the rights of Chatterjee, entitling her to punitive damages.

**RELIEF**

Plaintiff Srijani Chatterjee demands judgment in her favor and against Defendant New York City Department of Housing Preservation and Development as follows:

A. An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Chatterjee for all monetary and/or economic damages, including, but not limited to, past and future lost earnings;

B. An award of damages against Defendant, in an amount to be determined at trial, plus prejudgment interest, to compensate Chatterjee for all non-monetary and/or compensatory damages, including, but not limited to, compensation for her emotional distress;

C. An award of punitive damages, in an amount to be determined at trial;

D. Prejudgment interest on all amounts due;

E. An award of Chatterjee's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

F. Such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff Srijani Chatterjee demands a trial by jury on all issues so triable of right.

Dated: October 10, 2025
      New York, New York

**RISSMILLER PLLC**

By:    */s/ Jazly Liriano*
     Jazly Liriano
     Alex Rissmiller
     5 Pennsylvania Plaza, 19th Floor
     New York, NY 10001
     T: (646) 248-7811
     jliriano@rissmiller.com
     arissmiller@rissmiller.com