**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> *Plaintiffs,* <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1-10, and JANE DOES 1-10, <br><br> *Defendants.* | Civil Action No. 1:26-cv-00580 (AMD) (VMS) <br><br> **DEFENDANT'S OPPOSITION TO PLAINTIFFS' LETTER MOTION FOR SANCTIONS PURSUANT TO FRCP 11 AND 28 U.S.C. § 1927 (ECF NO. 55)** |

May 1, 2026

The Honorable Vera M. Scanlon
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Defendant's Opposition to Plaintiffs' Letter Motion for Sanctions (ECF No. 55)**

Dear Judge Scanlon:

**PRELIMINARY STATEMENT**

Plaintiffs' letter motion (ECF No. 55) fails for three independent reasons. First, its two most serious allegations — forgery of the Riva Ganguly Das affidavit and backdating of the VAWA Affidavit of Abuse — were never identified in the April 7, 2026 Rule 11 safe harbor letter and are outside the permissible scope of Rule 11(c)(2). Second, the certified mail was addressed to the wrong apartment and never received. Third, every argument in Defendant's Motion to Dismiss has a colorable legal basis. The motion should be denied.

**I. THE FORGERY AND BACKDATING ALLEGATIONS EXCEED THE SCOPE OF THE SAFE HARBOR NOTICE**

Rule 11(c)(2) strictly limits a sanctions motion to conduct specifically identified in the safe harbor notice. The April 7 letter states only that "Plaintiffs dispute the legitimacy" of the Das affidavit. A general legitimacy dispute is categorically different from a forgery allegation — a distinct and far more serious allegation that must be specifically identified. The VAWA affidavit backdating allegation is entirely absent from the safe harbor letter. Both allegations appear for the first time in ECF No. 55 and must be stricken. See *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132, 141 (2d Cir. 2002) (safe harbor notice defines the permissible scope of a sanctions motion).

**II. VALID SERVICE OF THE SAFE HARBOR NOTICE WAS NOT EFFECTUATED**

The April 7 certified mail was addressed to "214 Atlantic Avenue, 2B" — not Defendant's address of record, Apartment 2. It was never received. Email service absent formal written consent under FRCP 5(b)(2)(E) is insufficient. The 21-day clock never ran on valid service.

### III. EVERY MOTION TO DISMISS ARGUMENT SATISFIES THE COLORABLE BASIS STANDARD

*Diversity jurisdiction:* Plaintiffs' own counsel certified New York residency in sworn Bronx County petitions filed October 14, 2025 — less than four months before certifying Massachusetts domicile here. WhatsApp communications reflect a Montreal address for Plaintiff Hotchandani; Plaintiff Sanon publicly identified himself as a Canadian citizen in May 2025. These directly contradictory sworn representations raise a non-frivolous question regarding diversity jurisdiction.

*Personal jurisdiction and domicile:* Defendant is a British citizen whose presence in New York was temporary and tied to a specific purpose. Plaintiffs extrajudicially subpoenaed Defendant's private sublessor — a non-party outside the categories of authorized discovery, served without any court order attached — purportedly to obtain jurisdictional evidence on domicile and service. That subpoena produced nothing. Plaintiffs' own counsel then conceded in an April 20 court filing that Defendant's location "has already been known" — undermining any asserted jurisdictional purpose for the subpoena. Most tellingly, Plaintiffs subsequently sought bifurcation of the motion to dismiss to have jurisdictional issues decided first — a request that would have been unnecessary had the Viverette subpoena yielded useful jurisdictional evidence. These facts further support that Defendant's domicile and service arguments have not been refuted despite Plaintiffs' own targeted discovery effort, confirming their colorable basis under *Daimler AG v. Bauman*, 571 U.S. 117 (2014) and *Walden v. Fiore*, 571 U.S. 277 (2014). Plaintiffs also attached to this motion Defendant's complaint from a separate employment proceeding, *Chatterjee v. City of New York*, Index No. 163293/2025, obtained by searching public dockets while ECF No. 29 remains pending. That complaint lists only counsel's address and references two months of employment ending February 2025 — insufficient to establish domicile. As to service of process: the address at which service purportedly occurred is a temporary sublease arrangement tied to a specific purpose — not Defendant's domicile. Temporary and intermittent presence at an address does not establish it as a dwelling place for purposes of FRCP 4(e)(2)(B). Defendant does not recall being asked to confirm her identity as Srijani Chatterjee before papers were handed to her, as she has consistently maintained. FRCP 4(e)(2)(A) requires delivery to the individual personally — a requirement that presupposes identification of that individual prior to service.

*Section 230:* Plaintiffs' Complaint attributes authorship to John Does and Jane Does (¶¶ 39, 42, 47, 50, 53, 55, 81) while seeking to hold Defendant liable as publisher — a genuine Section 230 question. *Res judicata:* Monroe County Family Court dismissed with prejudice claims by Plaintiff Sanon's mother from the same operative facts; privity argument is colorable. *Anti-SLAPP:* Challenged content concerns immigration fraud, customs fraud, academic integrity, and government investigations — matters of public interest under N.Y. Civil Rights Law § 76-a.

*Bronx County Jane Doe:* Plaintiffs assert Defendant acted unilaterally. This is incorrect. Defendant had a Motion to Quash and a Motion to Proceed Pseudonymously pending before the Bronx County Supreme Court, both grounded in her VAWA status. The court assigned Defendant the 'Jane Doe' designation as a court-sanctioned measure arising from motion-supported proceedings — not a unilateral act. The argument that Plaintiffs violated that designation by publicly naming Defendant in a federal complaint while ECF No. 29 remains pending has a clear colorable basis.

*VAWA prima facie:* USCIS issued three successive prima facie determinations crediting Defendant's account; imprecision in characterizing that process is not frivolous. *VAWA confidentiality:* Defendant cited 34 U.S.C. § 12291(b)(2); the more precise provision is 8 U.S.C. § 1367. An imprecise citation in a pro se filing is correctable error, not bad faith. *Continued reliance:* A party may maintain colorable arguments after a safe harbor notice; Rule 11 does not require withdrawal of every challenged argument.

At minimum, these arguments present non-frivolous legal and factual questions, which is sufficient to defeat Rule 11 sanctions.

## IV. 28 U.S.C. § 1927 DOES NOT APPLY TO PRO SE LITIGANTS

Section 1927 applies only to "any attorney or other person admitted to conduct cases" in federal court. Defendant is proceeding pro se and is not admitted to practice before this Court. The statute does not apply to her as a matter of law. See *Sassower v. Field*, 973 F.2d 75, 80 (2d Cir. 1992).

## V. THE DAS AFFIDAVIT WAS FILED IN GOOD FAITH; THE AI ALLEGATION IS UNSUPPORTED

Defendant received the Das affidavit from her mother and filed it in good faith; Rule 11 requires at minimum reckless disregard for truth, not met where a party files a document from a trusted family member. Plaintiffs' unverified disclaimer does not establish forgery. Ms. Das is a longstanding family friend of Defendant who participated in and supported reporting of the Hotchandani family's conduct since at least 2022. In July 2022 — over a year before the affidavit was executed — Ms. Das referred Defendant to make a complaint against the Hotchandani family and expressly approved her own name being used in connection with it, responding in writing 'This is fine.' This undermines the reliability of Plaintiffs' disclaimer. Plaintiffs have not established the identity of the declarant or provided independent verification of her disclaimer, rendering it insufficient to support a forgery allegation under Rule 11. Plaintiffs' reliance on an unverified disclaimer obtained in adversarial litigation creates, at most, a factual dispute regarding authenticity — not a basis for Rule 11 sanctions. Defendant has longstanding correspondence with Ms. Das predating this litigation and is prepared to produce it for in camera review if the Court so directs. As to AI: Plaintiffs identify no fabricated citation, nonexistent authority, or hallucinated legal standard in any of Defendant's filings. The allegation is speculative.

*VAWA Affidavit of Abuse:* The VAWA Affidavit of Abuse was filed as Exhibit Q to Defendant's Consolidated Motion to Quash filed April 14, 2026 — a court filing properly before this Court, open on the public docket. It was not filed covertly or altered. The backdating allegation, which does not appear in the safe harbor letter, rests on a comparison between two legitimately executed affidavits from different dates — the earlier filed in Bronx County with its date redacted, and the later, executed on March 30, 2023, which reflects a more substantiated record. USCIS credited both documents across three successive prima facie determinations. The allegation is both procedurally barred and factually unsupported.

## VI. PLAINTIFFS MISCHARACTERIZE DEFENDANT'S QUALIFICATIONS AND FILINGS

In the United Kingdom, "lawyer" is an unregulated term requiring only a qualifying law degree; the regulated titles — solicitor and barrister — require active licensure from the relevant regulatory authority. Defendant holds a law degree from the University of Edinburgh. She entered private finance and government policy after graduating and has never held a license to practice law in any jurisdiction anywhere in the world. She has never practiced law in any jurisdiction. Every filing before this Court identifies her as "Defendant Pro Se" — no bar number, no firm name, and no representation of attorney status in any document. Plaintiffs' counsel further represented in a court filing that Defendant has represented herself to be an attorney. This is incorrect. This mischaracterization — made to strip a pro se litigant of procedural protections — itself raises questions about the good faith basis of this motion.

The context of Plaintiffs' litigation conduct further underscores that this motion is not directed at sanctionable conduct but at strategic leverage.

Plaintiffs characterize the April 28, 2026 incident as fabricated. The incident was reported to law enforcement on the same day it occurred and documented by NYPD Complaint No. 2026-84-3041, Reference No. REF_7172536. A complaint number assigned by the New York City Police Department following officer response is a law enforcement record — not a document created by Defendant. This contemporaneous law enforcement record contradicts Plaintiffs' assertion that the incident was fabricated.

## CONCLUSION

Plaintiffs advance three mutually exclusive characterizations of Defendant simultaneously: (1) a sophisticated attorney who deliberately deceived this Court; (2) someone who recklessly relied on AI-generated filings without verification; and (3) an unsophisticated pro se litigant who misunderstands legal standards such as the meaning of a prima facie determination. A sophisticated attorney does not recklessly use AI. An AI-dependent filer is not a sophisticated attorney. And neither characterization is consistent with treating Defendant as unsophisticated when that framing suits Plaintiffs' argument. Plaintiffs deploy whichever characterization is most damaging in any given paragraph without regard for the fact that they directly contradict each other. This internal incoherence, combined with the broader context — Plaintiffs requested an extension of time to oppose Defendant's motion to dismiss; the Court denied bifurcation of that motion; and filed contemporaneously with their extension request, immediately following the denial of bifurcation, and after Defendant's own Rule 11 safe harbor notice against Plaintiffs in ECF No. 27 — further undermines any claim that this motion was brought in good faith. The motion should be denied in its entirety.

Respectfully submitted,

_____

Srijani Chatterjee
Defendant Pro Se
srijanic91@gmail.com

Dated: May 1, 2026

## CERTIFICATE OF SERVICE

I, Srijani Chatterjee, hereby declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that on May 1, 2026, I caused a true and correct copy of the foregoing Defendant's Opposition to Plaintiffs' Letter Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927 to be served upon all counsel of record via the Court's Electronic Case Filing (ECF) system, which constitutes service pursuant to Federal Rule of Civil Procedure 5(b)(2)(E), upon the following:

**Counsel for Plaintiffs:**

Daniel S. Szalkiewicz, Esq.
Cali Madia, Esq.
Veridian Legal P.C.
23 West 73rd Street, Suite 102
New York, New York 10023
daniel@veridianlegal.com
cali@veridianlegal.com

**Co-Counsel for Plaintiffs (Pro Hac Vice):**

Kaivalya H. Rawal, Esq.
The Kaivalya H. Rawal Law Firm, LLC
khr@krlaw.law

_____
Srijani Chatterjee
Defendant Pro Se
srijanic91@gmail.com

Dated: May 1, 2026