**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, *Plaintiffs,* v. SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, *Defendants.* | Civil Action No.: 1:26-cv-00580 (AMD)(VMS) **LETTER MOTION FOR INJUNCTIVE RELIEF UNDER 8 U.S.C. § 1367 AND THE COURT'S INHERENT AUTHORITY** |

May 4, 2026

The Honorable Vera M. Scanlon, Chief U.S. Magistrate Judge

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

**Re: Letter Motion for Injunctive Relief Under 8 U.S.C. § 1367 and the Court's Inherent Authority — *Sanon v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)**

Dear Judge Scanlon:

Defendant Srijani Chatterjee, pro se, respectfully moves this Court for an order extending its existing protective regime, pursuant to the Court's inherent authority under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991), and consistent with the federal confidentiality policy reflected in 8 U.S.C. § 1367, to direct Plaintiffs, their counsel, and their agents to refrain from further use, disclosure, or transmission of information concerning Defendant's identity, location, or VAWA petition contents. Defendant's VAWA self-petition has received three successive prima facie determinations from USCIS spanning more than two years. Plaintiffs are the individuals identified in that petition as her abusers. This Court has already intervened sua sponte twice in seven days to restrain Plaintiffs' counsel — entering an attorneys'-eyes-only protective order on April 16, 2026 (ECF No. 34), and on April 23, 2026 staying compliance with a Plaintiffs' subpoena and directing the subpoenaed non-party not to comply (ECF No. 44) — both without requiring a motion from Defendant, alongside the Court's separate order denying bifurcation. The incidents documented below show why those interventions, while necessary, have not been sufficient to protect against the conduct § 1367 was enacted to address.

**I. Legal Standard and the Asymmetry of Restraint.** Section 1367 reflects a federal policy of confidentiality for VAWA petitioners, restricting use, disclosure, and transmission of information relating to a petitioner's identity, location, and petition contents. Whatever the precise reach of § 1367 against private civil litigants, federal courts retain inherent authority under *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) to enforce that policy through protective orders, restrain conduct that abuses the judicial process, and direct sworn disclosures. This Court has twice intervened sua sponte (ECF Nos. 34, 44). The AEO regime governs materials produced under it but does not address Plaintiffs' public filings and extrajudicial conduct involving the same confidentiality-protected categories — including the public filing of redacted VAWA petition contents (Exhibit 7), the public filing of a photograph of Defendant at the temporary address where service was attempted (Exhibit 10), and the written reservation in ECF No. 55 of intent to transmit this Court's orders to "appropriate authorities." The incidents below form a continuous course of conduct beginning the day after this action was

filed.

**The Procedural Origin: An Eve-of-Hearing Filing After Concealed Bronx Pseudonymity Designation.** Plaintiffs filed in Bronx County Supreme Court (Index No. 818359/2025E), swearing they were "residents of the State of New York." ECF No. 27, Exs. A ¶ 1, D ¶ 2. By order entered January 14, 2026, Hon. Marissa Soto designated Defendant pseudonymously as "JANE DOE" for purposes of her pending motions and scheduled a hybrid hearing for February 2, 2026. *Id.*, Ex. F. At that hearing, Cali P. Madia — counsel of record in this action — represented Plaintiffs would file a stipulation of discontinuance. *Id.*, Ex. G. Hours later, Plaintiffs filed this federal Complaint swearing Massachusetts domicile (Compl. ¶¶ 12–13), contradicting the New York residency sworn in Bronx County less than four months earlier. The discontinuance filed two days later expressly excluded Defendant. *Id.*, Exs. H, I. Counsel's representation in this action that no Bronx pseudonymity order exists does not disclose this history. The redeployment falls within the abuse-of-process doctrine recognized in *Chambers* and is the procedural context for the violations below.

**II. Documented Incidents Implicating the Court's Protective Regime and the Confidentiality Interests Reflected in § 1367.**

**(1) February 3, 2026 — Recording at the Temporary Address Where Service Was Attempted.** The day after this action was filed, agents acting on behalf of Plaintiffs created video footage of Defendant at the temporary New York address she occupied under a short-term accommodation arrangement (ECF No. 27 at 7). Counsel filed a still as Exhibit 10 and represents the complete video can be produced. The recording depicts a VAWA petitioner without consent at the address where service was attempted, on behalf of her identified abusers, and the still does not authenticate the contents of any document said to have been served. The factual narrative of the service event and the FRE 901 authentication problem are addressed in Defendant's concurrently filed supplemental letter. Public filing of the still, retention of unfiled footage, and the underlying creation of that footage implicate 8 U.S.C. § 1367 and N.Y. Civil Rights Law §§ 50 and 51.

**(2) April 13, 2026 — Subpoena to Defendant's Sublessor.** Plaintiffs subpoenaed Allison Viverette — Defendant's sublessor — for photographs of Defendant and location data without Rule 45(a)(4) notice and without court authorization. Production occurred three days before this Court's April 16 sua sponte attorneys'-eyes-only order (ECF No. 34). How counsel located Defendant's sublessor has not been disclosed. The subpoena sought materials directly within § 1367's confidentiality concerns: photographs of the petitioner and information about her whereabouts. Notably, responsive materials would have documented the same short-term accommodation arrangement Defendant has set forth in her Motion to Dismiss (ECF No. 27, Section II). Plaintiffs' own subpoena thus yielded documentary confirmation of, rather than rebuttal to, Defendant's jurisdictional position. Plaintiffs subsequently sought bifurcation of Defendant's Motion to Dismiss as a procedural mechanism to defer resolution of jurisdiction — relief the Court denied.

**(3) April 13, 2026 — Contact with VAWA Immigration Counsel.** Plaintiffs' counsel Daniel S. Szalkiewicz telephoned Gadi Zohar, Defendant's VAWA immigration attorney, demanded counsel "help him," and threatened subpoenas. On April 23, 2026, this Court entered a sua sponte order staying compliance with the threatened subpoena and directing the subpoenaed non-party not to comply (ECF No. 44). Contacting a VAWA petitioner's

immigration counsel in adverse litigation to extract information about the petitioner implicates the confidentiality interests protected by 8 U.S.C. § 1367. The attempt itself is the type of conduct the statute was enacted to prevent.

**(4) January 5, 2026 — Extrajudicial Procurement from New Delhi.** Plaintiffs obtained a sworn statement from an unrepresented individual in New Delhi (ECF No. 55-5) identifying Defendant by name — despite the Bronx County version of the underlying affidavit having her name redacted. How her name reached this affirmation has not been disclosed and is not explained on the present record, particularly given that Micky Suri — identified in the privity chain below — received Defendant's unredacted identity in prior Superior Court of California proceedings, and Defendant did not file the unredacted version of her affidavit in this Court until April 10, 2026, three months after ECF No. 55-5 was executed. Extrajudicial procurement of a sworn statement abroad identifying a VAWA petitioner by name through Plaintiffs' privies implicates the confidentiality interests protected by 8 U.S.C. § 1367.

**(5) April 28, 2026 — Intimidation Incident at Defendant's Address of Record.** On the day Defendant filed her Reply in Support of her Motion to Quash, two unidentified individuals appeared at Defendant's address. A man pounded on the door, said he knew Defendant's name, and stated she should "be very scared"; minutes later, a woman demanded a signature for "the Sanon wife," identifying Plaintiffs by name. NYPD responded. NYPD Complaint No. 2026-84-3041. Defendant reported the incident the same day and characterized the individuals as unidentified and possibly connected to Plaintiffs. Plaintiffs' subsequent filing then referred to those individuals as "Plaintiffs' goons," attributing that label to Defendant — a label Defendant did not use. Counsel's own on-docket characterization of the April 28 individuals as Plaintiffs' own, paired with the timing and identification of Defendant by name at her address, implicates § 1367.

**(6) May 1, 2026 — Public Reconstruction of Two Confidentiality-Protected VAWA Affidavit Versions.** Exhibit 7 to ECF No. 55 is a line-by-line comparison of two versions of Defendant's VAWA Affidavit of Abuse, both protected by § 1367 from inception, filed publicly on this Court's docket adverse to the petitioner. The chronology and the response to counsel's "backdating" theory are addressed in detail in Defendant's concurrently filed supplemental letter.

**(7) May 1, 2026 — Online Stalking and Public Filing of Defendant's Active Employment Matter.** While Defendant's pseudonymity motion (ECF No. 29) remained pending, counsel conducted online searches concerning Defendant, located an active employment matter to which Defendant is a party, and publicly filed material from that matter on this Court's docket as Exhibit 3 to ECF No. 55 — without authorization, without notice to Defendant, and before this Court ruled on the pending pseudonymity motion. Online surveillance of a VAWA petitioner and public filing of information about her on the docket of an action brought by her identified abusers is the kind of identity- and location-related disclosure § 1367 was enacted to address.

**(8) May 1, 2026 — Written Reservation of Intent to Transmit Court Orders to Immigration Authorities.** The closing sentence of ECF No. 55 reserves the right to provide "the relevant record, including any order of this Court, to appropriate authorities." In a sanctions motion against a VAWA petitioner brought by her identified abusers, that phrase

may reasonably be read to encompass immigration enforcement. Sworn affidavits already on this docket from third parties — including Defendant's former in-laws — document from personal knowledge prior deportation threats and removal efforts by Plaintiffs and family members in privity, predating this litigation. Taken together, the foregoing incidents reflect a pattern of conduct directed at identifying, locating, and publicly disclosing information concerning a VAWA petitioner notwithstanding this Court's prior interventions.

**III. The Equitable Factors.** All four traditional equitable factors support relief. *Likelihood of success*: the incidents are reflected in Plaintiffs' own filings and the docket, and the public-docket announcement of intent to transmit this Court's orders to immigration authorities falls squarely within the confidentiality concerns § 1367 was enacted to address. *Irreparable harm*: Defendant's location, identity, and petition contents have been publicly disclosed and no damages remedy can undo what is already known. Violations (2), (3), and (4) each targeted a person who had supported the petitioner, indicating the conduct will continue absent intervention. *Balance of hardships*: extending the existing protective regime imposes no burden on legitimate litigation interests; ECF No. 55 demonstrates AEO alone is not enough. *Public interest*: protecting VAWA petitioners from surveillance and immigration coercion by their identified abusers is the express purpose of § 1367.

**IV. The Privity Chain.** Micky Suri — Plaintiff Deven Sanon's mother — has been twice-restrained by Defendant and has held Defendant's unredacted identity since. Ronick Sanon, Deven Sanon's twin, is Defendant's former spouse and is identified in Defendant's VAWA petition. Plaintiff Hotchandani also identifies publicly as "Simran Sanon."

**V. Relief.** Defendant respectfully requests an order: (1) extending this Court's existing protective regime to direct Plaintiffs, counsel, and agents to refrain from further use, disclosure, or transmission of information concerning Defendant's identity, location, or VAWA petition contents — including transmission to any governmental, immigration, or law enforcement authority — except as required by law or further order of this Court; (2) directing that any further communication with or service of process upon any non-party identified in this litigation be subject to advance notice to the Court and to Defendant; (3) directing sealing of Exhibits 7 and 10 to ECF No. 55; (4) directing counsel to submit a sworn declaration disclosing the means by which Defendant's identity was obtained, the substance of communications with Micky Suri and the ECF No. 55-5 signatory, the means and circumstances by which Allison Viverette was located and contacted, and the circumstances of Plaintiffs' counsel's April 13, 2026 contact with Defendant's VAWA immigration counsel; and (5) such further relief as the Court deems just.

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com  |  Dated: May 4, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I served a true and correct copy of the foregoing Letter Motion on all counsel of record via the Court's Electronic Case Filing (ECF) system and by electronic mail to the following:

Daniel S. Szalkiewicz, Esq.  Veridian Legal P.C.  daniel@veridianlegal.com

Cali P. Madia, Esq.  Veridian Legal P.C.  cali@veridianlegal.com

Kaivalya H. Rawal, Esq.  The Kaivalya H. Rawal Law Firm, LLC  khr@krlaw.law

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 4, 2026

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com