**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, *Plaintiffs,* v. SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, *Defendants.* | Civil Action No.: 1:26-cv-00580 (AMD)(VMS) **SUPPLEMENTAL LETTER — REQUEST TO SEAL & STRIKE EXHIBITS 7 AND 10** |

May 4, 2026

The Honorable Vera M. Scanlon, Chief U.S. Magistrate Judge

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

**Re: Supplemental Letter in Further Opposition to ECF No. 55 — Request to Seal Exhibits 7 and 10, Disregard Them in Ruling on ECF No. 55, and Direct Preservation of the Underlying Recording —** *Sanon v. Chatterjee*, **No. 1:26-cv-00580 (AMD)(VMS)**

Dear Judge Scanlon:

Defendant Srijani Chatterjee, pro se, submits this supplemental letter in further opposition to ECF No. 55. Defendant's merits opposition was filed May 1, 2026. This letter is narrowly directed to Exhibits 7 and 10 to ECF No. 55, both of which disclose material subject to confidentiality protections under 8 U.S.C. § 1367 and within the scope of the protective measures this Court has already ordered, and to the recording underlying Exhibit 10.

**I. Exhibit 7 — Side-by-Side Comparison of Two Versions of Defendant's VAWA Affidavit of Abuse.**

Exhibit 7 is a line-by-line comparison counsel constructed by placing two versions of Defendant's VAWA Affidavit of Abuse side by side: an earlier version filed in the Bronx County matter (Index No. 818359/2025E) under Defendant's pseudonymous Jane Doe appearance, and the version filed with this Court on April 10, 2026 in support of Defendant's Motion to Dismiss (ECF No. 27). Both versions constitute VAWA petition material protected by 8 U.S.C. § 1367. Exhibit 7 publicly reconstructs and juxtaposes those protected materials on the Court's docket adverse to the petitioner.

Counsel labels the differences between the two versions as evidence of "backdating." That characterization is baseless and, in any event, immaterial to the present request: both versions are substantive components of Defendant's VAWA record — the version filed in this federal action and the earlier version filed in Bronx County under Defendant's Jane Doe pseudonymity in pre-action disclosure proceedings. The public reconstruction of those protected materials on the docket of an action brought by Defendant's identified abusers is the type of disclosure § 1367 was enacted to address. Defendant respectfully requests Exhibit 7 be sealed and disregarded in ruling on ECF No. 55.

**II. Exhibit 10 — Photograph of a VAWA Petitioner Taken Without Consent.**

Exhibit 10 is a still image extracted from a video recording depicting Defendant at the temporary New York address she occupied under a short-term accommodation arrangement

(ECF No. 27 at 7). Counsel describes it as "a still" and represents that "the entire video can be produced." ECF No. 55 at 3. The still and underlying recording were created without Defendant's consent and, upon information and belief, by or at the direction of Plaintiffs or their agents; upon Defendant's personal knowledge, the recording also captures a non-party who likewise did not consent. Public filing of a photograph of a VAWA petitioner taken without consent at the address where service was attempted, on behalf of her identified abusers, implicates 8 U.S.C. § 1367 and New York Civil Rights Law §§ 50 and 51 (unauthorized use of likeness).

Upon Defendant's personal knowledge, a non-party answered the door and was questioned by the server about "Srijani Chatterjee" by name. The non-party did not confirm Defendant's identity or presence. Defendant subsequently appeared, and the server handed her papers without first confirming her identity — the same failure to confirm identity Defendant has raised under Rule 4(e) in her pending Motion to Dismiss (ECF No. 27, Section IV).

The recording thus captures (i) Defendant at a protected address and (ii) questioning of a third party regarding the identity of a VAWA petitioner — conduct independently within § 1367's confidentiality concerns regardless of how counsel frames the service event. Counsel offers the still as visual corroboration of the process server's affidavit. The still does not authenticate the contents of the documents allegedly served: a photograph depicting papers being handed to an individual does not establish what those papers were, and Federal Rule of Evidence 901 would require independent authentication in any event. On the public docket, the recording serves no purpose other than to display Defendant. Public filing on the Court's docket results in continued public accessibility of a VAWA petitioner's image, and sealing cannot fully remedy dissemination that has already occurred, making the harm ongoing. Accordingly, Exhibit 10 is both confidentiality-protected and immaterial to the issues presented in ECF No. 55. Defendant respectfully requests Exhibit 10 be sealed and disregarded in ruling on ECF No. 55.

### III. The Court's Existing Protective Posture.

This Court has twice intervened sua sponte in seven days without a motion from Defendant — entering an attorneys'-eyes-only order on April 16, 2026 (ECF No. 34) and staying compliance with Plaintiffs' threatened subpoena to Defendant's VAWA immigration counsel on April 23, 2026 (ECF No. 44). Courts may seal judicial documents where higher values, including statutory confidentiality protections such as 8 U.S.C. § 1367, outweigh the presumption of public access under the common law and the First Amendment. The relief requested here is consistent with that posture; Defendant's concurrently filed *Letter Motion for Injunctive Relief Under 8 U.S.C. § 1367 and the Court's Inherent Authority* addresses the broader pattern.

**IV. Relief Requested.**

Defendant respectfully requests that this Court enter an order:

(1) sealing Exhibits 7 and 10 to ECF No. 55 and disregarding them in ruling on ECF No. 55;

(2) directing Plaintiffs, counsel, and agents to refrain from any further dissemination, distribution, or publication of the recording underlying Exhibit 10 or any image derived from it;

(3) directing counsel to preserve the complete recording underlying Exhibit 10 in unaltered native format pending further order of this Court; and

(4) directing counsel to produce, within fourteen days, a complete and unaltered copy of the recording to Defendant under the existing AEO regime (ECF No. 34), accompanied by a sworn declaration that the recording has not been altered, edited, or destroyed, in whole or in part, since its creation.

Under 8 U.S.C. § 1367, the petitioner is the protected person; her abusers cannot withhold from her what they themselves placed on the public docket.

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com | Dated: May 4, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2026, I served a true and correct copy of the foregoing Supplemental Letter on all counsel of record via the Court's Electronic Case Filing (ECF) system and by electronic mail to the following:

Daniel S. Szalkiewicz, Esq.  Veridian Legal P.C.  daniel@veridianlegal.com

Cali P. Madia, Esq.  Veridian Legal P.C.  cali@veridianlegal.com

Kaivalya H. Rawal, Esq.  The Kaivalya H. Rawal Law Firm, LLC  khr@krlaw.law

_____

*/s/ Srijani Chatterjee*

**Srijani Chatterjee**

Defendant Pro Se

srijanic91@gmail.com