**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF NEW YORK**

*** Filed ***
10:39 AM, 02 May, 2026
U.S.D.C., Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, <br><br> *Plaintiffs,* <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, <br><br> *Defendants.* | Civil Action No.: <br> 1:26-cv-00580 (AMD)(VMS) <br><br> **SUPPLEMENTAL LETTER IN OPPOSITION TO PLAINTIFFS' MOTION FOR SANCTIONS (ECF NO. 55) — MATERIAL MISREPRESENTATION OF ECF NO. 55-5** |

May 2, 2026

The Honorable Vera M. Scanlon
Chief United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re: Supplemental Letter in Opposition to Plaintiffs' Motion for Sanctions (ECF No. 55) Addressing Material Misrepresentation of ECF No. 55-5** — *Sanon et al. v. Chatterjee et al.*, No. 1:26-cv-00580 (AMD)(VMS)

---

Dear Judge Scanlon:

Defendant Srijani Chatterjee, proceeding pro se, respectfully submits this supplemental letter to address a critical defect in ECF No. 55. A central document Plaintiffs rely upon to support their forgery allegation — ECF No. 55-5 — is not what Plaintiffs implicitly represent it to be.

**First, ECF No. 55-5 is not a court document from the Bronx County proceeding whose caption it bears.** It does not appear anywhere on the NYSCEF docket for Index No. 818359/2025E, which Plaintiffs themselves filed as ECF No. 55-11. It was never filed, never presented to that court, and never subjected to judicial scrutiny. What Plaintiffs have submitted is a privately obtained statement, presented in a manner that creates the appearance of a court document from proceedings in which it never appeared.

**Second, the document was deliberately withheld from the very court whose caption it invokes.** The affirmation is dated January 5, 2026 — the same date Plaintiffs' counsel filed Docket Entry 37 in the Bronx County proceeding advancing the identical accusations now in ECF No. 55: that Jane Doe "is also an attorney" whose motion "appears to be created with the assistance of AI." The Das affirmation, dated that same day, was not filed. It was never raised at the February 2, 2026 hearing at which Plaintiffs' counsel personally appeared, never presented to the presiding judge, and never filed in those proceedings at any time. These same accusations were advanced before the Bronx County court. The Das affirmation was never filed in that proceeding. Those proceedings were discontinued after that court stayed discovery, granted Defendant Jane Doe status, and scheduled further proceedings — and redeployed in this Court after Plaintiffs discontinued that forum entirely. That is not a reliable evidentiary foundation. It is litigation by insinuation.

**Third, ECF No. 55-5 was obtained through extrajudicial contact with an unrepresented private individual in New Delhi, India, outside any authorized discovery process.** The Federal Rules provide established mechanisms — most notably Rule 45 — for obtaining third-party testimony in a manner that ensures reliability, transparency, and procedural safeguards. Plaintiffs did not avail themselves of those mechanisms. The affirmation does not establish the identity of its signatory through any independently verifiable means. Its signatory was never deposed, never cross-examined, and her identity was never confirmed through any judicial or consular process. The record does not reflect what she was told, what materials she was shown, or what representations were made to procure her statement. The circumstances under which Plaintiffs obtained this statement — including how this individual was identified and contacted without use of formal discovery mechanisms — are not addressed in the record. This pattern is not isolated to this affirmation. As documented in Defendant's pending motion to quash, Plaintiffs similarly identified and contacted Allison Viverette — Defendant's private sublessor — outside any authorized process and without explanation in the record of how she was located. This conduct is consistent with the broader pattern described in that motion — in which Plaintiffs, identified as Defendant's abusers in her VAWA petition, sought GPS coordinates, photographs, and location data through extrajudicial means — and raises the same concern: that this litigation is being used as an instrument to locate, identify, and further harm a federally protected domestic violence victim.

**Sanctions Request**

Plaintiffs presented ECF No. 55-5 as though it were part of an official court record, while omitting the material fact that it was never filed or tested in any proceeding, and relied on it as a basis for a forgery allegation. That is a material misrepresentation by context and presentation, and raises serious concerns under Rule 11(b)(3), which requires that factual contentions in court filings have evidentiary support.

Defendant respectfully requests that the Court:

1. Disregard ECF No. 55-5 in its entirety;

2. Deny Plaintiffs' motion for sanctions; and

3. Consider whether sanctions are warranted under Rule 11 and the Court's inherent authority for presenting misleading material and advancing unsupported allegations of forgery.

At minimum, the circumstances warrant a finding that Plaintiffs' motion was not brought in good faith. At worst, they reflect a deliberate attempt to create the appearance of evidentiary support through the selective presentation of a document that was never part of the proceeding it purports to represent.

Respectfully submitted,

_____

**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com
May 2, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2026, I served a true and correct copy of the foregoing Supplemental Letter in Opposition to Plaintiffs' Motion for Sanctions (ECF No. 55) on all counsel of record by electronic mail at the following addresses:

Daniel S. Szalkiewicz, Esq.
Veridian Legal P.C.
daniel@veridianlegal.com

Cali P. Madia, Esq.
Veridian Legal P.C.
cali@veridianlegal.com

Kaivalya H. Rawal, Esq.
The Kaivalya H. Rawal Law Firm, LLC
khr@krlaw.law

I declare under penalty of perjury that the foregoing is true and correct.

_____

**Srijani Chatterjee**
Defendant Pro Se