**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, *Plaintiffs,* v. SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, *Defendants.* | Civil Action No.: 1:26-cv-00580 (AMD)(VMS) **EMERGENCY LETTER — DISCLOSURE OF DEFENDANT'S IDENTIFYING INFORMATION THROUGH UNAUTHORIZED SUBPOENA** |

May 4, 2026

The Honorable Vera M. Scanlon, Chief U.S. Magistrate Judge

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

**Re: Emergency Letter — Disclosure of Defendant's Identifying Information Through Unauthorized April 13, 2026 Subpoena — *Sanon v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)**

Dear Judge Scanlon:

Defendant Srijani Chatterjee, pro se, respectfully submits this emergency letter to inform the Court that Plaintiffs' counsel's unauthorized April 13, 2026 subpoena to non-party Allison Viverette — served without compliance with the protective purpose of Rule 45(a)(4), without authorization in any proceeding then before this Court, three days before this Court's sua sponte April 16, 2026 attorneys'-eyes-only order (ECF No. 34), and while Defendant's Motion for Protective Order and Leave to Proceed Pseudonymously (ECF No. 29) was pending and remained pending — has placed Defendant's Social Security Number and the identification page of her passport directly in the hands of the individuals identified in her VAWA self-petition as her abusers. The disclosure is the direct consequence of counsel's circumvention of Rule 45's notice safeguard, the same safeguard that exists precisely to permit a person whose information is sought to seek protection before disclosure occurs. Counsel's conduct, addressed more fully in Defendant's Letter Motion for Injunctive Relief filed earlier today, has now produced a concrete and irreversible harm that warrants immediate intervention and consideration of sanctions, professional discipline, and referral to the Court's Grievance Committee.

This disclosure has already occurred and cannot be undone. Immediate Court intervention is required to prevent further dissemination and misuse.

**I. The Disclosure and the Procedural Bypass That Caused It.**

Defendant's communications with Ms. Viverette, produced by Ms. Viverette in response to Plaintiffs' April 13, 2026 subpoena, contain Defendant's Social Security Number and the identification page of her passport — the latter setting forth her full legal name, date and place of birth, photograph, signature, passport number, country of citizenship, and other biographic data. Defendant has documentary confirmation. Counsel sent Defendant an email containing the subpoena on April 13, 2026 — the same day on which production occurred and was transmitted to Plaintiffs (as set forth below). Same-day "notice" is not notice within the meaning of Rule 45(a)(4). The protective purpose of the rule — to afford the affected party an

opportunity to seek a protective order before disclosure — was nullified by the simultaneous timing. Defendant had no meaningful opportunity to object before her Social Security Number and passport identification page were placed in her abusers' hands. Three days later, this Court entered its sua sponte AEO order (ECF No. 34) — protective intervention that would have prevented the disclosure had it occurred at any time other than simultaneously with the purported notice.

Counsel did not act in ignorance of Defendant's confidentiality interest. At the time the subpoena was served on April 13, 2026, Defendant's Motion for Protective Order and Leave to Proceed Pseudonymously (ECF No. 29) was pending before this Court — and remained pending — specifically seeking protection of the very category of identifying information the subpoena sought to extract. Counsel served the subpoena without awaiting resolution of that motion, and without affording Defendant any meaningful opportunity to seek protection before disclosure. Issuing process designed to extract identifying information whose protection was the subject of a pending motion before this very Court is not a Rule 45 oversight. It is an extrajudicial end-run around the protective adjudication Defendant had affirmatively invoked.

## II. Counsel's Bypass Has Weaponized Federal Civil Process Against a VAWA Petitioner, and the Conduct Has Not Stopped.

A Social Security Number, once disclosed, cannot be retrieved. It is the foundational identifier in every credit, financial, employment, tax, and benefits system in the United States. A passport identification page is a complete biographic dossier — name, photograph, date and place of birth, signature, passport number, and citizenship — sufficient on its own to establish identity to nearly any third party. The combination of these two records is the principal toolkit for full-scale identity assumption. Plaintiffs Deven Sanon and Simran Hotchandani are identified in Defendant's VAWA self-petition as her abusers. By obtaining these records through a subpoena issued without notice, without authorization, and in advance of this Court's protective intervention, Plaintiffs' counsel has delivered into the abusers' hands precisely the category of identifying information that 8 U.S.C. § 1367 was enacted to keep from them. Defendant has filed identity theft reports under federal and state authorities, and police reports with appropriate law enforcement agencies, naming Plaintiffs and individuals in privity with Plaintiffs as parties in unauthorized possession of her Social Security Number and passport identification page.

The conduct has not stopped. Notwithstanding their possession of these records, Plaintiffs have served interrogatories demanding production of all remaining pages of Defendant's passport — including pages bearing visa stamps, entry/exit records, residence permits, and immigration status indicators — and additional identifying information beyond what was extracted through the Viverette subpoena. Those interrogatories are the subject of Defendant's pending motion to quash. Having obtained protected identifying information by procedural bypass, Plaintiffs' counsel has moved to compile, through formal discovery, the residual categories needed to complete the dossier — all while ECF No. 29 and the motion to quash remain pending. That is not a technical foul. It is a sustained course of conduct inverse to what the Federal Rules and 8 U.S.C. § 1367 were designed to ensure.

Compounding the foregoing: at the time counsel litigated ECF No. 29, he had already obtained the very identifying information that motion seeks to protect. He did not disclose that

fact to the Court. Counsel has filed substantive motions, including ECF No. 55, and has continued to participate in the adjudication of ECF No. 29 without disclosing his possession of Defendant's Social Security Number and passport identification page. The omission is material to the Court's consideration of ECF No. 29, which seeks to prevent precisely the disclosure that has already occurred, and implicates the duty of candor under New York Rule of Professional Conduct 3.3(a) and the prohibition on deceit in N.Y. Judiciary Law § 487.

Compounding the timing problem, the subpoena was issued from New York and named Ms. Viverette's Pennsylvania address. The means by which Plaintiffs' counsel identified Ms. Viverette — a private individual with no public connection to Defendant and no role in the underlying allegations — and obtained her Pennsylvania address have not been disclosed on the record. Counsel prepared the subpoena in New York, emailed it to Defendant, served it across state lines on Ms. Viverette in Pennsylvania, retrieved her production, and — by counsel's own admission to this Court in his post-AEO letter — transmitted that production to Plaintiffs all on April 13, 2026. Counsel's discovery posture was, on its face, directed at obtaining Defendant's identifying information — not at developing the merits of any pleaded claim.

Plaintiffs' counsel concluded ECF No. 55 by reserving "all rights, consistent with applicable law, to provide the relevant record, including any order of this Court, to appropriate authorities" — language catalogued as a § 1367 violation in Defendant's Letter Motion for Injunctive Relief. The record now establishes that this reservation was not abstract. When counsel wrote those words, he was already in undisclosed possession of Defendant's Social Security Number and passport identification page — VAWA-petitioner identifying information that 8 U.S.C. § 1367 expressly protects from disclosure to abusers — obtained outside any authorized process. That is precisely the conduct § 1367 was enacted to prohibit.

### III. Counsel's Conduct Implicates Rule 11, the New York Rules of Professional Conduct, and N.Y. Judiciary Law § 487.

Counsel's conduct in procuring this disclosure is not merely a Rule 45 procedural irregularity. Federal Rule 11(b) requires that every paper presented to the Court be supported by a reasonable factual and legal inquiry and not be presented for any improper purpose. Issuing a subpoena designed to extract identifying information whose protection was the subject of a pending motion before this Court (ECF No. 29), and continuing to seek such information through formal discovery while concealing prior receipt, cannot be reconciled with Rule 11(b)(1), (b)(2), or (b)(3). The same conduct implicates New York Rule of Professional Conduct 4.4(a) (prohibiting means with no substantial purpose other than to embarrass, delay, or burden a third person), Rule 8.4(d) (conduct prejudicial to the administration of justice), Rule 3.3(a) (candor toward the tribunal), and N.Y. Judiciary Law § 487 (civil and criminal liability for attorney deceit or collusion). The relief requested below seeks findings, sanctions, and disciplinary referral on these grounds.

### IV. The Disclosure Bears Directly on Defendant's Pending Motions.

The disclosure documented in this letter bears directly on three motions presently before this Court. ECF No. 29 asks the Court to protect the very category of identifying information that has now, through counsel's conduct, been delivered into the abusers' hands; the concern

that motivated that motion is no longer hypothetical. Defendant's pending motion to quash addresses both the Viverette subpoena and the interrogatories demanding the residual identifiers. And Defendant's Letter Motion for Injunctive Relief filed earlier today catalogues this disclosure as part of a broader pattern of § 1367 violations. The facts herein should inform the Court's adjudication of each.

## V. Immediate Relief Requested.

Immediate relief is necessary to prevent further dissemination of Defendant's identifying information. Defendant requests that this Court enter an order, on an emergency and expedited basis: (i) directing Plaintiffs and their counsel to provide, under oath and within seven (7) days, a complete accounting of (a) the means by which Ms. Viverette was identified and located, (b) the form and content of the subpoena served on her, (c) all materials she produced in response and the date of production, (d) every person to whom any portion of those materials has been disclosed or transmitted, including the date and form of each transmission, and (e) all uses to which the materials, or any information derived from them, have been put; (ii) directing Plaintiffs and their counsel to certify under oath the destruction of all copies of those materials in their possession, custody, or control (including all electronic copies, derivative documents, notes, summaries, and extracts), and to obtain corresponding destruction certifications from any further recipients; (iii) prohibiting any further use, disclosure, or transmission of any information derived from those materials; (iv) striking Plaintiffs' pending interrogatories and prohibiting further subpoenas or discovery seeking Defendant's identifying information absent prior authorization of this Court (the same relief sought through Defendant's pending motion to quash and ECF No. 29); (v) prohibiting any communication with credit reporting agencies, financial institutions, governmental, tax, immigration, or consular authorities, employers, or any other third party concerning Defendant pending further order of this Court; (vi) directing Plaintiffs and their counsel, jointly and severally, to bear the costs of identity theft monitoring, credit protection, and credit freeze administration for Defendant for not less than seven years, together with Defendant's costs and any other amounts the Court deems necessary to make Defendant whole; (vii) entering findings under Rule 11(b) and the Court's inherent authority, imposing commensurate sanctions, and referring counsel to the Eastern District of New York Grievance Committee and the New York State Attorney Grievance Committees; and (viii) such further relief as the Court deems just.

Defendant preserves all civil and criminal rights and remedies, consistent with applicable law, arising from the unauthorized procurement, transmission, and continued possession of her identifying information, including the right to provide the relevant record, any order of this Court, and any record of these proceedings to appropriate authorities. Defendant has not included any sensitive identifier in this filing; the fact of disclosure is on the record, the identifiers are not.

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com  |  Dated: May 4, 2026

**CERTIFICATE OF SERVICE**

I hereby certify that on May 4, 2026, I served a true and correct copy of the foregoing Emergency Letter on all counsel of record via the Court's Electronic Case Filing (ECF) system and by electronic mail to the following:

Daniel S. Szalkiewicz, Esq.  Veridian Legal P.C.  daniel@veridianlegal.com

Cali P. Madia, Esq.  Veridian Legal P.C.  cali@veridianlegal.com

Kaivalya H. Rawal, Esq.  The Kaivalya H. Rawal Law Firm, LLC  khr@krlaw.law

*/s/ Srijani Chatterjee*

**Srijani Chatterjee**

Defendant Pro Se

srijanic91@gmail.com