**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

*** Filed ***
11:22 AM, 05 May, 2026
U.S.D.C., Eastern District of New York

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, *Plaintiffs,* v. SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, *Defendants.* | Civil Action No.: 1:26-cv-00580 (AMD)(VMS) **SECOND SUPPLEMENTAL LETTER — RULE 901 OBJECTION TO ECF NO. 55-5** |

May 5, 2026

The Honorable Vera M. Scanlon, Chief U.S. Magistrate Judge

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

**Re: Second Supplemental Letter in Further Opposition to ECF No. 55 — Rule 901 Objection to ECF No. 55-5 — *Sanon v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)**

Dear Judge Scanlon:

Defendant Srijani Chatterjee, pro se, submits this second supplemental letter in further opposition to ECF No. 55. Defendant's merits opposition was filed May 1, 2026, and her first supplemental letter addressing ECF No. 55-5 was filed May 2, 2026. This letter raises two separate and distinct evidentiary objections to ECF No. 55-5 under Federal Rule of Evidence 901: first, the affirmation attributes identifying information that is not present in the redacted source affidavit annexed to it, and the basis for that attribution is not disclosed in the record; second, the document presents itself, by its caption and annexed source affidavit, as a product of the Bronx County proceeding (Index No. 818359/2025E), when in fact it was never filed or produced in that proceeding and could not have been authorized in that proceeding, while at the same time invoking compulsion language that has no judicial source in any record.

**I. The Exhibit Does Not Authenticate Itself.**

ECF No. 55-5 consists of an affirmation purportedly executed by Riva Ganguly Das on January 5, 2026, and an annexed source affidavit identified as Exhibit 1 thereto. The affirmation identifies Defendant by name as "Srijani Chatterjee" throughout. The annexed source affidavit, however, is the redacted Bronx County version — the same redacted version Defendant filed in Index No. 818359/2025E under her pseudonymous Jane Doe appearance. In that annexed source affidavit, every instance of Defendant's name is redacted. The annexed source affidavit does not contain the identifying information attributed to it in the affirmation.

The redacted version annexed to ECF No. 55-5 is the only version of the source affidavit Plaintiffs or their counsel had access to through any proceeding involving Defendant. Defendant filed only the redacted version in Index No. 818359/2025E, where she appeared under Jane Doe pseudonymity. Neither Plaintiff was a party to that proceeding. The unredacted attribution in the affirmation therefore was not derived from any version of the source affidavit available to Plaintiffs through this litigation or its predecessor proceeding.

Federal Rule of Evidence 901(a) imposes a threshold authentication requirement: the proponent of an item of evidence "must produce evidence sufficient to support a finding that the item is what the proponent claims it is." An affirmation that attributes identifying

information absent from the very document it purports to authenticate, and discloses no source for that attribution, fails this threshold. ECF No. 55-5 contains no internal evidence — and the surrounding record contains no external evidence — from which the signatory could have derived Defendant's name in connection with the affidavit she purported to authenticate. The exhibit is not self-authenticating, and the record discloses no extrinsic basis for authentication.

## II. The Surrounding Record Does Not Cure the Foundation Gap.

The surrounding record does not supply the missing foundation. As of January 5, 2026 — the date of the affirmation — this action had not been filed; it was filed February 2, 2026. In the Bronx County proceeding, Defendant appeared under Jane Doe pseudonymity by order entered January 14, 2026. The unredacted version of the source affidavit was not filed in this Court until April 10, 2026, in support of Defendant's Motion to Dismiss — three months after the affirmation was executed. No judicial record involving the underlying affidavit and using Defendant's real name existed on January 5, 2026. The record therefore does not supply, by reference, the foundation the affirmation lacks internally.

## III. The Authentication Failure Is Apparent on the Face of the Exhibit and Defeats Plaintiffs' Reliance on It.

The Rule 901 defect identified above does not depend on any characterization Defendant has offered of how Plaintiffs procured the affirmation, the timing of its non-filing in Bronx County, or the extrajudicial circumstances addressed in Defendant's May 2, 2026 supplemental letter. The defect is apparent on the face of ECF No. 55-5: a side-by-side comparison of the affirmation and the redacted source affidavit annexed to it establishes that the affirmation attributes identifying information not present in the document it purports to authenticate, with no source disclosed in the record.

Plaintiffs offer ECF No. 55-5 as the evidentiary predicate for a forgery allegation against Defendant. An exhibit that cannot satisfy the threshold authentication requirement of Rule 901(a) cannot bear that weight. Plaintiffs' attempt to invoke the gravity of a forgery allegation against a federally protected VAWA petitioner, on the basis of an exhibit that does not authenticate itself, underscores why the threshold requirements of Rule 901 must be enforced rigorously here.

## IV. A Second Rule 901 Failure: The Document Does Not Authenticate as What It Claims to Be.

Rule 901(a) requires the proponent of an exhibit to establish that the item is what the proponent claims it to be. ECF No. 55-5 makes two claims about itself that the record does not authenticate.

*First, the document claims to be a record of the Bronx County proceeding.* ECF No. 55-5 bears the caption of Index No. 818359/2025E and annexes the redacted source affidavit Defendant filed in that proceeding. The document presents itself, on its face, as a product of that proceeding. The record establishes the opposite. ECF No. 55-5 was never filed in the Bronx County proceeding and never produced in that proceeding. Nor could it have been a product of authorized process there: the Bronx County matter was a pre-action disclosure proceeding under CPLR §3102(c), in which all disclosure — including any non-party

disclosure — requires affirmative court authorization. Hon. Marissa Soto authorized no such non-party disclosure, and on January 14, 2026 stayed discovery altogether in connection with granting Defendant Jane Doe status. The document is therefore not what its caption claims it to be, and Rule 901(a) is not satisfied.

*Second, the document claims to be the product of compulsion process.* ECF No. 55-5 is executed under the threat of fines and imprisonment — language characteristic of testimony given pursuant to judicially authorized process. The record contains no authentication of any such process. As of January 5, 2026, this action had not been filed in this District, no Rule 45 subpoena could have issued, no Letter of Request had been transmitted under the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, and the Bronx County court had authorized no non-party disclosure. The signatory of ECF No. 55-5 is a private individual residing in New Delhi, India. The compulsion language on which the affirmation depends has no judicial source authenticated in any record before this Court, and Rule 901(a) is again not satisfied.

These are independent Rule 901 authentication failures. ECF No. 55-5 is not what its caption claims it to be, and not what its compulsion language claims it to be. Plaintiffs cannot supply the missing authentication by reference to any court order, subpoena, or process they have not produced — because no such order, subpoena, or process exists. The procurement of ECF No. 55-5 outside any authorized process is consistent with a broader pattern of extrajudicial contact with third parties already before this Court: the conduct addressed in Defendant's pending motion to quash concerning the subpoena to Allison Viverette; the April 13, 2026 direct contact by Plaintiffs' counsel Daniel S. Szalkiewicz with Defendant's VAWA immigration counsel seeking VAWA-confidential information; and the extrajudicial procurement of ECF No. 55-5 itself, all of which are catalogued in Defendant's Letter Motion for Injunctive Relief filed May 4, 2026.

## V. Relief Requested.

Defendant respectfully requests that this Court (i) sustain her objection under Federal Rule of Evidence 901 to ECF No. 55-5; (ii) strike ECF No. 55-5 from the record, or, in the alternative, decline to credit it in any respect in adjudicating ECF No. 55; and (iii) deny ECF No. 55 to the extent it depends upon ECF No. 55-5 for evidentiary support. An exhibit that fails the threshold authentication requirement of Rule 901(a) cannot bear the weight of a sanctions motion or a forgery allegation. The defects identified herein appear on the face of the exhibit and the surrounding record; no further factfinding is required to resolve them. These grounds are independent of, and additional to, the grounds set forth in Defendant's May 2, 2026 supplemental letter and her merits opposition filed May 1, 2026.

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com  |  Dated: May 5, 2026

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2026, I served a true and correct copy of the foregoing Second Supplemental Letter on all counsel of record via the Court's Electronic Case Filing (ECF) system and by electronic mail to the following:

Daniel S. Szalkiewicz, Esq.  Veridian Legal P.C.  daniel@veridianlegal.com

Cali P. Madia, Esq.  Veridian Legal P.C.  cali@veridianlegal.com

Kaivalya H. Rawal, Esq.  The Kaivalya H. Rawal Law Firm, LLC  khr@krlaw.law

_____

*/s/ Srijani Chatterjee*

**Srijani Chatterjee**

Defendant Pro Se

srijanic91@gmail.com