# VERIDIAN LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

May 6, 2026

**Via ECF**
Chief Magistrate Judge Vera M. Scanlon
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:    *Sanon et ano v. Chatterjee et al.,*
         *Docket No.: 26-cv-00580***

Dear Judge Scanlon,

Plaintiffs are in receipt of Defendant's nine filings since May 4, 2026 – plus a ten-page Rule 11 Letter sent at 12:02 a.m. and 12:07 a.m. on May 2, 2026 and supplemented by a fifteen-page Rule 11 letter sent at 11:00 a.m. the same day.  Plaintiff is further in receipt of this Court's directive that Plaintiffs respond to Defendant's Motion to Seal.  However, with respect to Defendant's various other filings, we respectfully ask that the relief being requested be denied or, in the alternative, that a briefing schedule be set for these letters and motions[1] and the unknown volumes of letters and motions that will follow this letter.

Defendant's filings are, at best, duplicative and violate Your Honor's part rules.  A recent emergency letter (Dkt. 63) – takes further issue with Plaintiffs subpoenaing Allison Viverette, the woman who initially assigned her lease to Defendant, incorrectly claiming the subpoena resulted in Plaintiffs gaining possession to her passport identification page and social security number.  Defendant has previously filed a motion to expedite consideration of her Motion to Quash the Viverette subpoena (Dkt. 32); a Motion to Quash the Viverette subpoena (Dkt. 33); a Motion to suppress the Viverette information (Dkt. 37); a letter with additional grounds for suppression of the Viverette information (Dkt. 38); and a Reply in Support of her Motion to Quash the Viverette subpoena (Dkt. 47).  That's six submissions in support of a motion to quash. Yesterday's filing (Dkt. 66) is a Second Supplemental Letter in further Opposition to a Rule 11 Motion filed Friday.

Some motions are improper and/or without legal merit.  Today's filing (Dkt. 67) – a Motion for Disclosure – seeks unequivocally privileged communications sent between co-counsel and me as well as between co-counsel and Plaintiffs.  Defendant's "Motion to Continue" (Dkt. 58) claims, among other things, Plaintiffs' process server violated Civil Rights Law §§50-51 by recording proof of service and that Plaintiffs' filing of Defendant's publicly filed workplace harassment lawsuit complaint constitutes "online surveillance" and "stalking."

Your Honor's rules require that parties limit letter motions and opposition to same to four pages. Replies are not permitted.  Despite these rules and the fact that Defendant has previously been advised of these rules and chided for ignoring them, Defendant continues to file letters and motions with reckless abandon.  The result is a needlessly chaotic docket which Plaintiffs are

---

[1] Plaintiffs do not oppose Defendant's incoming attorney's Motion to Appear Pro Hac Vice.

Veridian Legal P.C.



As of May 6, 2026
Page 2

hesitant to further clog with responses to the same or substantially similar points being made by Defendant multiple times per week.

It is only Wednesday and nine new docket entries have been created by Defendant and her counsel.  While we understand and respect the expectation that motions be responded to, the frequency of filings that do not appear to raise substantive issues is creating a disproportionate burden on the parties and the Court.  We respectfully request that the relief requested be denied or, in the alternative, that a briefing schedule be set.

Respectfully submitted,

VERIDIAN LEGAL P.C.
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.

cc: Srijani Chatterjee (via Email srijanic91@gmail.com)

Veridian Legal P.C.