*** Filed ***
01:05 PM, 06 May, 2026
U.S.D.C., Eastern District of New York

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, *Plaintiffs,* v. SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, *Defendants.* | Civil Action No.: 1:26-cv-00580 (AMD)(VMS) **MOTION FOR DISCLOSURE — MR. RAWAL'S ROLE, PRE-ADMISSION ACCESS, AND PARALLEL REPRESENTATIONS** |

May 6, 2026

The Honorable Vera M. Scanlon, Chief U.S. Magistrate Judge

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

Re: Motion for Disclosure Concerning Mr. Kaivalya H. Rawal's Pre-Admission Access to VAWA-Sensitive Materials, Representation Scope, and Parallel Representations — *Sanon v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)

Dear Judge Scanlon:

Defendant Srijani Chatterjee, pro se, respectfully moves for an order directing Plaintiffs and their counsel, including Mr. Kaivalya H. Rawal, to disclose under oath information necessary to assess compliance with the Court's April 16, 2026 Order (ECF No. 34) and applicable law. Mr. Rawal is an immigration attorney. He was included in VAWA-sensitive discovery communications beginning April 13, 2026 — the same day as the unauthorized subpoena to non-party Allison Viverette — over Defendant's written objection. He was not formally admitted *pro hac vice* in this proceeding until April 30, 2026. During the intervening seventeen-day window, the Court's sua sponte April 16 attorneys'-eyes-only order was in effect, requiring "Plaintiffs' counsel" to maintain subpoenaed materials as AEO. Mr. Rawal was not, during that window, Plaintiffs' counsel of record in this proceeding.

The record before this Court does not disclose: (i) what VAWA-sensitive materials, communications, or information were transmitted to Mr. Rawal during the pre-admission window; (ii) whether Mr. Rawal further transmitted any such materials to Plaintiffs, family members of Plaintiffs, or other persons; (iii) the scope of Mr. Rawal's representation in this proceeding; (iv) whether Mr. Rawal represents or advises any Plaintiff or any member of any Plaintiff's family in any parallel immigration matter; or (v) whether Mr. Rawal has communicated with Plaintiffs or persons in privity with Plaintiffs concerning Defendant's VAWA petition. Defendant moves for disclosure of each.

**I. The Pre-Admission Window.**

Beginning on April 13, 2026, Plaintiffs' counsel Daniel S. Szalkiewicz included Mr. Rawal as a recipient and participant in meet-and-confer correspondence and discovery-related communications concerning Defendant. Defendant objected in writing on April 13, 2026 and again on April 14, 2026, specifically on the grounds that Mr. Rawal had not appeared in the action and that the matters involved pending VAWA-related protective relief (ECF No. 29). Those objections were disregarded. In his April 14, 2026 response email, lead counsel confirmed that Mr. Rawal would "attend in a consulting capacity" while lead counsel

served as counsel of record for the discussion — a characterization inconsistent with other communications describing Mr. Rawal as co-counsel. The same email proposed to record the meet-and-confer conference, which counsel agreed to forgo only after Defendant's objection.

On April 16, 2026, this Court entered its sua sponte AEO order (ECF No. 34), requiring "Plaintiffs' counsel" to maintain subpoenaed documents and information as attorneys'-eyes-only during the pendency of motions then before the Court. Mr. Rawal's *pro hac vice* motion was not granted, and he was not admitted to practice in this proceeding, until April 30, 2026. From April 13 through April 29, 2026 — a seventeen-day window of which thirteen days fell after the AEO order issued — Mr. Rawal received VAWA-sensitive communications without having been formally admitted as Plaintiffs' counsel of record in this proceeding.

The communications during that window concerned subjects within the AEO order's protective scope and within 8 U.S.C. § 1367's confidentiality framework: subpoenas seeking Defendant's identifying information, location data, photographs, and communications with third parties; interrogatories demanding Defendant's passport pages bearing visa stamps, entry/exit records, residence permits, and immigration status indicators; and discovery concerning Defendant's VAWA petition.

Mr. Rawal's subsequent admission on April 30, 2026 does not cure the pre-admission receipt of AEO-designated materials. Receipt of such materials by a person outside the order's permitted disclosure category, during the pendency of the order, is not retroactively cured by subsequent admission.

## II. Questions the Record Does Not Answer.

The pleaded claims are defamation and related civil claims. The intersection between Mr. Rawal's immigration practice and the pleaded claims is not apparent on the record. The intersection between his practice area and Defendant's VAWA petition — which names Plaintiffs Deven Sanon and Simran Hotchandani (also known as Simran Sanon) by name as her abusers — is, by contrast, immediate.

Mr. Rawal's prior involvement in adverse proceedings directed at Defendant compounds the question. He participated in Bronx County proceedings (Index No. 818359/2025E) in which Plaintiffs and persons in privity with Plaintiffs sought Defendant's identifying information. Plaintiffs abandoned those state-court proceedings on February 2, 2026 — the same day they filed the present federal action. The transition from the Bronx County proceedings to this federal action was seamless, and Mr. Rawal carried over: previously involved in the state proceedings seeking Defendant's identifying information, then included in federal discovery communications within the AEO order's protective scope before his formal admission. He is not a fresh participant; he is a known actor across two proceedings concerning Defendant.

8 U.S.C. § 1367 prohibits any attempt to obtain information relating to a VAWA petitioner's petition, including through legal process, where the recipient is the petitioner's alleged abuser or a person acting in concert with the abuser. The record does not presently address the implications of an immigration attorney with prior adverse involvement being

included in protected discovery communications by the petitioner's alleged abusers' lead counsel, over written objection, before formal admission.

A VAWA self-petition that has received prima facie determinations from USCIS, and that names specific individuals as the petitioner's abusers, can have direct consequences for those named individuals' own immigration matters. Pending applications may face additional scrutiny, delay, or denial; existing status may be subject to review; future filings may be evaluated against the VAWA petition's factual record. The named-abuser individuals therefore have a concrete, adverse interest in the contents of the VAWA petition itself — not merely as defendants in this civil action, but as immigration applicants or status-holders whose own matters can be affected by what the VAWA petition establishes about them.

If Mr. Rawal represents or advises any Plaintiff, any family member of any Plaintiff, or any person in privity with any Plaintiff in any immigration matter, his inclusion in discovery communications within the scope of the Court's protective order has a different character than ordinary co-counsel coordination. It would place an immigration attorney with adverse interests in direct contact with materials concerning a VAWA petition the contents of which bear on his other clients' immigration positions. Such a configuration is the precise circumstance 8 U.S.C. § 1367 was enacted to prevent: use of legal process to extract VAWA petition information for delivery, directly or indirectly, to persons whose interests are adverse to the petitioner's VAWA-protected status. If, conversely, Mr. Rawal does not so represent or advise any such person, that fact too should be on the record, so the Court may evaluate his role free of an unaddressed structural concern.

These questions intersect with two motions already before this Court. Defendant's Motion for Protective Order and Leave to Proceed Pseudonymously (ECF No. 29) seeks protection of VAWA-petition information from disclosure to her abusers; the parallel-representation question, if answered affirmatively, identifies precisely the channel through which such information would reach adverse immigration interests, intensifying the protective need ECF No. 29 addresses. Defendant's Emergency Supplemental Notice Concerning Plaintiff Hotchandani's Legal Identity (ECF No. 40) raises that Plaintiff Hotchandani has been operating under different names in different fora. A decoupling of litigation identity from immigration identity, if borne out by disclosure, is consistent with a structural concern about the interface between this federal action and parallel immigration matters — the same interface Mr. Rawal's role implicates. The disclosure sought permits the Court to evaluate the two questions together rather than in isolation.

The disclosure sought is therefore not collateral to the merits; it goes to whether discovery in this action is being deployed for purposes within or outside what the pleaded claims authorize. The disclosure does not assume the answer; it seeks the information necessary for this Court — which has already entered three sua sponte protective interventions in twenty days — to evaluate Mr. Rawal's role on the record rather than on inference.

The timing of Mr. Rawal's *pro hac vice* motion (ECF No. 49) — filed sixteen days after he began receiving VAWA-sensitive communications and thirteen days after the AEO order issued — itself raises questions the record does not answer. Whether the motion was filed to formalize an ongoing role, or to retroactively recharacterize pre-admission receipt of AEO-designated materials as receipt by "Plaintiffs' counsel," bears on the protective measures appropriate going forward.

**III. Disclosure Sought.**

To permit assessment of compliance with the Court's orders and applicable law, Defendant respectfully requests that the Court direct Plaintiffs and their counsel, including Mr. Rawal, to provide, under oath and within seven (7) days, the following disclosures:

**(1) Pre-Admission Access.** A complete accounting of all materials, communications, and information transmitted to Mr. Rawal from April 13 through April 29, 2026, including the subject matter, form, date, and content of each transmission.

**(2) Derivative Recipients.** Identification of every person to whom Mr. Rawal has further transmitted or disclosed any portion of the materials or information described in paragraph (1), or any derivative thereof, including the date, form, and means of each transmission.

**(3) Representation Scope in This Proceeding.** Disclosure of the scope of Mr. Rawal's representation, including the date of his retention, the subject matter on which he was retained, and the basis for his inclusion in VAWA-sensitive communications during the pre-admission window.

**(4) Parallel Representations.** Disclosure of all matters in which Mr. Rawal currently represents, has represented, or is advising any Plaintiff, any family member of any Plaintiff (including Madhu Suri, also known as "Micky" Suri), or any person in privity with any Plaintiff, with particular reference to immigration matters.

**(5) Communications Concerning Defendant's VAWA Petition.** Disclosure of all communications between Mr. Rawal and any person identified in paragraph (4) concerning Defendant's VAWA petition, VAWA status, immigration status, or VAWA-related materials, including the date and substance of each communication.

**IV. Grounds.**

The Court has authority to direct the disclosure sought through its inherent authority, Federal Rule of Civil Procedure 26(b)(1) and 26(c), and 8 U.S.C. § 1367, which establishes categorical statutory protection for VAWA petitioners against disclosure of petition-related information to abusers and persons acting in concert with abusers.

The disclosure does not allege that Mr. Rawal's involvement is improper. Absent it, the Court cannot determine whether additional protective measures under Rule 26(c) are necessary to prevent dissemination of protected information. The substance lies exclusively within Plaintiffs' and Mr. Rawal's knowledge. Defendant preserves all civil and criminal rights and remedies, consistent with applicable law, arising from the conduct described herein, including the right to provide the relevant record, any order of this Court, and any record of these proceedings to appropriate authorities. Defendant has not included any sensitive identifier in this filing; the fact of disclosure is on the record, the identifiers are not.

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com  |  Dated: May 6, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**CERTIFICATE OF SERVICE**

*Sanon v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)

I hereby certify that on May 6, 2026, I served a true and correct copy of the foregoing Motion for Disclosure on all counsel of record via the Court's Electronic Case Filing (ECF) system and by electronic mail to the following:

Daniel S. Szalkiewicz, Esq. Veridian Legal P.C.   daniel@veridianlegal.com

Cali P. Madia, Esq. Veridian Legal P.C.   cali@veridianlegal.com

Kaivalya H. Rawal, Esq. The Kaivalya H. Rawal Law Firm, LLC  khr@krlaw.law

_____

*/s/ Srijani Chatterjee*

**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com