**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, Plaintiffs, <br><br> v. <br><br> SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, Defendants. | Civil Action No.: 1:26-cv-00580 (AMD)(VMS) <br><br> **RESPONSE TO PLAINTIFFS' LETTER (ECF NO. 67)** |

May 6, 2026

The Honorable Vera M. Scanlon, Chief U.S. Magistrate Judge

Eastern District of New York, 225 Cadman Plaza East, Brooklyn, NY 11201

**Re: Response to Plaintiffs' Letter (ECF No. 67) —** *Sanon v. Chatterjee*, **No. 1:26-cv-00580 (AMD)(VMS)**

Dear Judge Scanlon:

Defendant Srijani Chatterjee, pro se, respectfully responds to Plaintiffs' letter at ECF No. 67, which seeks omnibus denial of pending motions or, in the alternative, a briefing schedule. Defendant addresses Plaintiffs' framing below; the docket itself is the record.

**I. The Docket.**

Since April 16, 2026, the Court has sua sponte rebuked Plaintiffs' conduct in this proceeding on three occasions: ECF No. 34 (attorneys'-eyes-only order), ECF No. 44 (stay), and the May 5, 2026 interim sealing order. Each rebuke addressed Plaintiffs' efforts to obtain, retain, or place on the record information concerning Defendant that 8 U.S.C. § 1367 protects. Defendant's filings during this period have been substantive responses to a recurring pattern: the use of civil litigation processes to obtain, circulate, and place on the public record information concerning a VAWA petitioner that Plaintiffs are statutorily barred from obtaining directly. Plaintiffs' extrajudicial subpoena to non-party Allison Viverette — issued without Federal Rule of Civil Procedure 26(f) conference, scheduling order, or any Court authorization — produced Defendant's social security number and passport identification page, the obtaining of which Plaintiffs did not disclose to Defendant or to this Court while Defendant's motions concerning that same subpoena were pending, implicating duties of candor under Rule 3.3 of the New York Rules of Professional Conduct. Plaintiffs' attempted subpoena to Defendant's VAWA immigration counsel, Mr. Gadi Zohar, produced a declaration of non-service. Mr. Kaivalya H. Rawal—an immigration attorney—was included in VAWA-sensitive discovery communications during the seventeen-day pre-admission window, including the thirteen days the Court's AEO order (ECF No. 34) was in effect and required "Plaintiffs' counsel" to maintain such materials as attorneys'-eyes-only. *The question is not the frequency of Defendant's filings but the conduct that continues to require them.*

**II. The Motion for Disclosure does not seek privileged content.**

Plaintiffs characterize Defendant's Motion for Disclosure as seeking "unequivocally privileged communications." It does not. The motion seeks: (i) the fact and timing of pre-admission transmissions of materials to Mr. Rawal during a period when he was not Plaintiffs' counsel of record in this proceeding; (ii) the identity of derivative recipients; (iii) the

scope and basis of Mr. Rawal's representation; (iv) the existence of parallel representations of any Plaintiff or person in privity with any Plaintiff in immigration matters; and (v) the existence of communications concerning Defendant's VAWA petition. Privilege protects content; it does not protect the fact of transmission, the identity of recipients, the scope of representation, or the existence of parallel representations.

Plaintiffs' invocation of co-counsel privilege also presupposes Mr. Rawal's status during the relevant window. In the April 13–14, 2026 meet-and-confer correspondence with Defendant, Mr. Szalkiewicz described Mr. Rawal's role as attending "in a consulting capacity" while Mr. Szalkiewicz himself served as counsel of record for the discussion, and in the same chain of correspondence elsewhere described Mr. Rawal as "co-counsel." The two characterizations — both from Mr. Szalkiewicz himself, in the same chain of correspondence — cannot both be true; they implicate different privilege frameworks and different obligations under the Court's April 16 AEO order. Plaintiffs cannot now invoke whichever characterization is most convenient for resisting disclosure of conduct that may have violated either or both. Whether the privilege framework Plaintiffs now invoke applies to communications during that window is precisely the question the disclosure motion puts before the Court.

### III. Defendant's filings address distinct matters.

The Motion to Quash the Viverette subpoena (ECF No. 33), the Motion to Suppress (ECF No. 37), and the supporting submissions concern the Viverette subpoena and its consequences. The Emergency Letter (ECF No. 63) concerns Plaintiffs' obtaining of Defendant's social security number and passport identification page through that subpoena, and the failure to disclose that obtaining to Defendant or to the Court. The Motion for Disclosure concerns Mr. Rawal's pre-admission access. The Motion to Continue concerns service-of-process recording and Civil Rights Law issues. These are distinct matters arising from distinct conduct; each was filed because the underlying issue required adjudication.

*If the volume of docket activity is itself the concern, that volume is a function of the conduct it addresses.* A docket reflecting multiple submissions on the Viverette subpoena reflects multiple discrete protective issues that arose from a single subpoena Plaintiffs issued without Court authorization. The remedy for docket volume is not denial of protective relief; it is conduct that does not require it.

The timing of Plaintiffs' procedural objection is itself part of the record. Plaintiffs did not object to filing volume during the preceding eight substantive filings on this docket. *Plaintiffs' request for omnibus denial — or, alternatively, a briefing schedule that would delay all pending motions — was filed in response to Defendant's Motion for Disclosure, the one motion that asks the Court to direct disclosure of Plaintiffs' counsel's pre-admission conduct and parallel representations.* A request to suppress all pending motions on procedural grounds, made for the first time in response to the motion that most directly addresses Plaintiffs' counsel's own conduct, warrants the Court's particular attention.

### IV. Briefing schedule.

Defendant does not oppose orderly briefing on substantive motions. Time-sensitive protective relief — particularly relief concerning sensitive identifier disclosure, attempted subpoenas to VAWA immigration counsel, and pre-admission access to AEO-designated

materials — should not be subject to a schedule that would render the relief moot. Defendant defers to the Court's judgment on the appropriate sequencing.

## V. Marc Pelta's pro hac vice motion.

Plaintiffs' footnote 1 confirms they do not oppose Defendant's incoming counsel's motion to appear *pro hac vice*. Defendant respectfully requests that the Court grant that motion at its earliest convenience.

Defendant respectfully requests that the Court address the pending motions on their merits. The conduct now before the Court is the appropriate object of the Court's attention; Defendant's filings are the appropriate vehicle for bringing that conduct to the Court's attention. Defendant has not included any sensitive identifier in this filing.

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com  |  Dated: May 6, 2026

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEVEN SANON and SIMRAN HOTCHANDANI, Plaintiffs,<br><br>v.<br><br>SRIJANI CHATTERJEE, JOHN DOES 1–10, and JANE DOES 1–10, Defendants. | Civil Action No.:<br>1:26-cv-00580 (AMD)(VMS)<br><br>**RESPONSE TO PLAINTIFFS' LETTER (ECF NO. 67)** |

**CERTIFICATE OF SERVICE**

*Sanon v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)

I hereby certify that on May 6, 2026, I served a true and correct copy of the foregoing Response on all counsel of record via the Court's Electronic Case Filing (ECF) system and by electronic mail to the following:

Daniel S. Szalkiewicz, Esq. Veridian Legal P.C.   daniel@veridianlegal.com

Cali P. Madia, Esq. Veridian Legal P.C.   cali@veridianlegal.com

Kaivalya H. Rawal, Esq. Kaivalya Rawal Law Firm, LLC   khr@krlaw.law

Respectfully submitted,

_____

*/s/ Srijani Chatterjee*
**Srijani Chatterjee**
Defendant Pro Se
srijanic91@gmail.com  |  Dated: May 6, 2026