VERIDIAN
LEGAL

23 West 73rd Street
Suite 102
New York, NY 10023

T: (212) 706-1007
F: (646) 849-0033
www.veridianlegal.com

May 29, 2026

**Via ECF**
Chief Magistrate Judge Vera M. Scanlon
United States District Court Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

**Re:**    ***Sanon et ano v. Chatterjee et al., Docket No.: 26-cv-00580***
***Motion to File First Amended Complaint***

Dear Judge Scanlon,

Plaintiffs Deven Sanon and Simran Hotchandani ("Plaintiffs") in the above-captioned matter respectfully seek leave to file a First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 15(a)(2). A copy of the proposed FAC is attached hereto as Exhibit 1 and a redline comparison is attached as Exhibit 2.

### I. The Proposed Amendments

The FAC makes three principal changes to the causes of action and adds factual detail. First, it adds a Ninth Cause of Action under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1962(c), based on wire fraud (18 U.S.C. 1343), immigration document fraud (18 U.S.C. 1546), and obstruction of justice (18 U.S.C. 1503) predicates. The RICO claim provides an independent basis for federal question jurisdiction under 28 U.S.C. 1331, together with supplemental jurisdiction over the state-law claims under 28 U.S.C. 1367. Second, the FAC adds an Eighth Cause of Action for civil conspiracy to commit defamation and intentional infliction of emotional distress. Third, the FAC adds factual allegations regarding Defendant's fabrication of sworn documents filed with USCIS, the Bronx County Supreme Court, and this Court, including a forged affidavit purportedly executed by a senior Indian government official who has denied under penalty of perjury any involvement in its preparation. The FAC also adds a new "Fraudulent USCIS Corroboration Scheme" section establishing the connection between Defendant's fabricated government submissions and her online campaign, and a "Paid Dissemination Network" section identifying fourteen specific PayPal transactions, with dates, amounts, counterparties, and IP addresses, confirming Defendant's funding and coordination of the enterprise.

### II. The Amendment Resolves the Jurisdictional Dispute

On May 13, 2026, Defendant filed a letter motion and an Order to Show Cause arguing that the Court lacks subject matter jurisdiction because Plaintiff Hotchandani is a citizen of Belize domiciled in Massachusetts (Compl. ¶13) and Defendant claims to be a British citizen, creating an alien-vs-alien configuration that defeats diversity under 28 U.S.C. 1332(a). The FAC's RICO claim eliminates this argument by providing federal question jurisdiction under 28 U.S.C. 1331, independent of diversity. The state-law claims are then properly before the Court

Veridian Legal P.C.



As of May 29, 2026
Page 2

under 28 U.S.C. 1367 as part of the same case or controversy.  This alone constitutes compelling reason to grant leave.

### III. The Governing Standard Strongly Favors Amendment

Rule 15(a)(2) provides that courts "should freely give leave when justice so requires." The Second Circuit has held that this standard presents a "permissive standard" that "is consistent with our strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. v Wells Fargo Sec.,* LLC, 797 F3d 160, 190 (2d Cir 2015).  Leave to amend may be denied only for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."  *Yerkyn v Yakovlevich*, 164 F.4th 224, 227 (2d Cir 2026).  The Second Circuit *"strongly favors liberal grant of an opportunity to replead"* even when a complaint is originally dismissed.  *See Lorelli v Woodlands Apt. Corp.*, 2026 US Dist LEXIS 93296, at \*5 (EDNY Apr. 28, 2026, No. 24-cv-05606 (NCM) (ARL).  None of the recognized bases for denial are present.

*No Futility:* The futility inquiry is "comparable to that required upon a motion to dismiss pursuant to Rule 12(b)(6)." *Yerkyn*, at 8.  The RICO claim is adequately pleaded.  The FAC identifies the association-in-fact enterprise with distinct roles for each participant (Defendant, Impester Media, freelance writers, and content-farm website operators); alleges Defendant's operation and management of the enterprise through seven specific directing functions under *Reves v. Ernst & Young*, 507 U.S. 170 (1993); identifies eleven specific wire fraud predicates with Rule 9(b) particularity, including dates, amounts, counterparties, IP addresses, and memo lines drawn from PayPal transaction records; pleads immigration document fraud predicates under 18 U.S.C. 1546 with the required "financial gain" element; and alleges concrete injury to Plaintiffs' business and property, including approximately $25,000 in reputation management costs, lost investment opportunities, and lost employment opportunities. *See D'Addario v. D'Addario*, 901 F.3d 80, 105-07 (2d Cir. 2018).

*No Undue Delay:* This is Plaintiffs' first request to amend. The amendment responds directly to Defendant's jurisdictional challenge and to evidence of document fabrication alleged by Plaintiffs.  The Second Circuit has been "particularly skeptical of denials of requests to amend when a plaintiff did not previously have a district court's ruling on a relevant issue." *Mandala v NTT Data, Inc.*, 88 F.4th 353, 363 (2d Cir 2023).

*No Prejudice:* Despite the appearance of the docket, the case is at an early stage.  No merits discovery has been conducted.  The pending motion to dismiss has not been decided.  The matter is effectively at a standstill as Plaintiffs await a decision on Defendant's Motion to Quash the subpoenas issued following the Court's order that online and jurisdictional discovery take place.  Defendant will have a full opportunity to respond to the FAC.

### IV. Requested Relief

For the foregoing reasons, Plaintiffs respectfully request that the Court: (1) grant leave to file the First Amended Complaint attached hereto as Exhibit 1; (2) deem the pending motion to

Veridian Legal P.C.



As of May 29, 2026
Page 3

dismiss (ECF Nos. 27, 28) moot and direct Defendant to respond to the FAC on a schedule to be set by the Court; and (3) grant such other relief as the Court deems just and proper.

Respectfully submitted,

VERIDIAN LEGAL P.C.
/s/*Daniel Szalkiewicz*
By: Daniel S. Szalkiewicz, Esq.

cc:    Marc D. Pelta, Esq. (via ECF)