**PELTA | LAW**
1390 MARKET STREET, SUITE 200
SAN FRANCISCO, CA 94102
TEL. 415-963-1152
E-MAIL: MARC@PELTALAW.COM

June 5, 2026

**Via ECF**
Hon. Ann M. Donnelly
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re:  *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS)
  **Defendant's Opposition to Plaintiffs' Motion to Adjourn Opposition Deadline
  +(ECF No. 81)**

To: The Honorable District Court Judge Ann M. Donnelly,

I represent Defendant Srijani Chatterjee and respectfully submit this letter in opposition to Plaintiffs' letter motion of June 1, 2026 (ECF No. 81), which requests an adjournment of Plaintiffs' deadline to oppose the Defendant's pending Motion to Dismiss (ECF Nos. 27–28) until after the Court resolves Plaintiffs' separate motion for leave to file a First Amended Complaint (ECF No. 80). Defendant opposes the motion for leave to amend and will set out the grounds for that opposition in due course. Furthermore, the Defendant also opposes the present request for an adjournment, and respectfully requests that the existing briefing schedule remain in place.

Under the Court's Individual Practices, available at the Court's website (https://www.nyed.uscourts.gov/pub/rules/AMD-MLR.pdf), the Court will entertain only up to *two requests* for adjournment of the same motion on the consent of the parties, and any further request must be premised upon "good cause". However, Plaintiffs' letter in ECF No. 81 clearly establishes that this is their *second request* to extend the opposition deadline because their first one was already granted on May 1, 2026 (ECF No. 48). Moreover, Plaintiffs correctly represent that the Defendant does not consent. Because the present request is now yet a *second request* made without consent, it is not within the Court's Individual Practices and must be supported by

good cause which is determined by the Court. Plaintiffs have failed to demonstrate good cause for their now second request to Adjourn the Opposition Deadline.

Plaintiffs' stated justification is that the proposed amendment will "moot or substantially alter" the Motion to Dismiss. However, that rationale assumes the very question the motion to amend presents. Defendant's opposition to leave will clearly demonstrate that the proposed amendment by Plaintiffs is futile and without merit because the newly added RICO claim—the sole asserted basis for federal-question jurisdiction—could not survive a Rule 12(b)(6) analysis, and the amendment therefore cannot cure the jurisdictional defect that is the subject of the pending Motion to Dismiss.

Plaintiffs' amended pleading continues to allege that *one Plaintiff* is a *citizen of Belize* and that Defendant is an alien — a configuration that does not support diversity jurisdiction under 28 U.S.C. § 1332(a), as the amended pleading itself implicitly concedes by pleading diversity only "in the alternative." Therefore, *an amendment that cannot cure the jurisdictional defect supplies no good cause to defer the motion that raises it.*

Second, deferring the Defendant's justified Motion to Dismiss would also run counter to the Court's practice that *motion papers are to be filed promptly and not held until all briefing is complete.* The relief Plaintiffs seek is, moreover, *open-ended*: rather than a date certain, they ask that their opposition be adjourned indefinitely, until after resolution of a separate motion, thereby suspending a threshold challenge to the Court's subject-matter jurisdiction for an uncertain duration which does not appear to respect the Court's limited time and consider judicial economy for claims and cases that possess merit. Thus, Defendant's foundational challenge to subject-matter jurisdiction is a threshold matter that should be decided promptly. Defendant's Motion to Dismiss is fully briefed but for Plaintiffs' opposition, and the jurisdictional questions it raises are core threshold matters properly decided at the outset of such litigation. Because Plaintiffs' proposed amendment is clearly futile, defective, lacking good

cause and cannot cure those defects, deferring Defendant's timely-filed & pending Motion to Dismiss to await resolution of the motion for leave would serve no legitimate purpose and would only contribute towards yet more delay of this meritless lawsuit that appears to be of a very personal, vindictive nature that emerged from a nasty divorce between the Defendant and Plaintiff's relative, Ronick Sanon.

Accordingly, Defendant respectfully requests that the Court deny Plaintiffs' adjournment and direct that the existing briefing schedule remain in place.

The Defendant thanks the Court for its time and consideration for our argument on this issue.

Respectfully submitted,

Marc Pelta, Attorney-at-Law
*Counsel for Defendant Srijani Chatterjee*

Encl.

Cc: File