---------------------------------------------------------

In the Matter of the Complaint of
SRIJANI CHATTERJEE
Via Email Only To
srijanic@icloud.com
against KAIVALYA H. RAWAL,
a Minnesota Attorney,
Registration No. 0504809.

---------------------------------------------------------

**DETERMINATION THAT
DISCIPLINE IS NOT
WARRANTED, WITHOUT
INVESTIGATION**

**To:    Srijani Chatterjee:**

After reviewing the documents you submitted and the publicly available records in Federal Court File No. 1:26-cv-00580, the Director has determined not to investigate your complaint. The reasons for the Director's decision not to investigate this complaint are as follows:

## Complaint Summary

Kaivalya Rawal is co-counsel in a civil lawsuit against you in the Eastern District of New York, Court File No. 1:26-cv-00580. You are representing yourself *pro se*. You allege that Mr. Rawal participated in the case prior to being admitted to appear before the Eastern District of New York or obtaining pro hac vice status. You also allege that he submitted a pro hac vice application that "omitted" sixteen days he spent working on the case prior to the application, and that the application had procedural deficiencies. The publicly available records in the case indicate that Mr. Rawal's petition to appear pro hac vice was granted by the judge on April 30, 2026. You further allege that Mr. Rawal improperly accessed your information because you believe it is protected under the Violence Against Women Act (VAWA). You filed a motion expressing your concerns on May 6, 2026, which is still pending.

## Reasons for Decision Not to Investigate

Rule 8(a), Rules on Lawyers Professional Responsibility, adopted by the Minnesota Supreme Court, states:

> [U]pon a reasonable belief that professional misconduct may have occurred, the Director may make such investigation as the Director deems appropriate . . . .

Your complaint does not state a basis for a reasonable belief that misconduct may have occurred. Each state issues its own ethics rules and interprets those rules. Many states and the Federal courts allow for temporary practice in a state even if not licensed in the state.

Minnesota would not consider this the unauthorized practice of law in Minnesota federal court if the conduct was done by a New York attorney. If you wish, you can raise your complaint to the judge presiding over the federal case. The Director defers to New York on the issue of whether Mr. Rawal's conduct is consistent with New York's ethics rules for lawyers. Therefore, your complaint will not be investigated.

To the extent that you allege that Mr. Rawal improperly accessed information about you that is protected by federal law, this is an issue to raise before the judge in your federal case. The federal court is in the best position to determine if this evidence was obtained contrary to the federal court's admission requirements.

The Director's Office cannot represent you in any legal matter or give legal advice. You must retain an attorney if either legal advice or representation is desired.

NOTICE OF RIGHT TO APPEAL

If you are not satisfied with the Director's determination not to investigate this complaint, an appeal may be made by notifying the **Lawyers Professional Responsibility Board (Board), 25 Rev. Dr. Martin Luther King, Jr. Blvd., Ste. 305, St. Paul, MN 55155**, in a letter postmarked no later than fourteen (14) days after the date of this notice, or by email to LPRBgeneral@courts.state.mn.us. The letter of appeal should state the reason(s) why you believe the matter should be investigated. A Board member will review the appeal. The Board is comprised of 14 lawyers and 9 non-lawyers appointed by the Minnesota Supreme Court. Appeals are assigned to individual Lawyers Board members by the Board Chair according to when they are received. The Board members' options on appeal are limited to either approving the Director's decision not to investigate the complaint or directing that the complaint or some portion of the complaint be investigated. This determination will generally be based upon the information which is already contained in the file.

Mr. Rawal is, by way of a copy of this determination and your complaint, being notified of your complaint and our decision not to investigate.

Humiston, Susan
*Susan M. Humiston* 2026.06.15 11:16:19 -05'00'

SUSAN M. HUMISTON
DIRECTOR OF THE OFFICE OF LAWYERS
   PROFESSIONAL RESPONSIBILITY
Minnesota Judicial Center, Suite 105
25 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN  55155
(651) 296-3952

cc:    Kaivalya H. Rawal

3

From:OLPR.receptionist@courts.state.mn.us
To:Arlene.Bertrand@courts.state.mn.us;
CC:
Subject:FW: [EXTERNAL] Formal Grievance Complaint Against Kaivalya Harsukh Rawal, Esq.
Date:Fri May 15 2026 13:35:26 GMT-0500 (Central Daylight Time)
Attachments:Minnesota OLPR Complaint.pdf

Message Body:

**From:** Srijani Chatterjee <srijanic@icloud.com>
**Sent:** Friday, May 15, 2026 12:52 PM
**To:** Receptionist, OLPR <OLPR.receptionist@courts.state.mn.us>
**Subject:** [EXTERNAL] Formal Grievance Complaint Against Kaivalya Harsukh Rawal, Esq.

[You don't often get email from srijanic@icloud.com. Learn why this is important at https://aka.ms/LearnAboutSenderIdentification ]

Dear Office of Lawyers Professional Responsibility,

Please find attached a formal grievance complaint against Kaivalya Harsukh Rawal, Esq. (also known as Kaivalya H. Rawal), The Kaivalya H. Rawal Law Firm, LLC, khr@krlaw.law. Respondent is a Minnesota-licensed attorney who participated as pro hac vice co-counsel for Plaintiffs in Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS), currently pending in the United States District Court for the Eastern District of New York. I am the Defendant in that action, proceeding pro se, and a VAWA self-petitioner with three successive prima facie determinations from USCIS.

The complaint documents five independent categories of misconduct, each grounded in the federal court docket:

     1.    Pre-admission participation in VAWA-sensitive proceedings before his admission to the Eastern District of New York, over my written objections, contrary to that Court's admission requirements.

     2.    Acceptance of access to those proceedings as an immigration attorney representing parties adverse to a VAWA self-petitioner, raising serious questions under 8 U.S.C. § 1367 and Rule 8.4(d).

     3.    Submission of a pro hac vice application omitting sixteen days of pre-admission participation and thirteen days of receipt of materials within the scope of the Court's attorneys'-eyes-only protective order, raising questions under Rules 3.3(a)(1) and 8.4(c).

     4.    Procedural deficiency of that application under Local Civil Rule 1.3(c) of the Eastern District of New York.

5.    Potential parallel representations that may have created a channel for VAWA-protected information to reach persons with adverse immigration interests, raising questions under Rules 1.7, 8.4(c), and 8.4(d).

The complaint is grounded in the documentary record. No contested factual disputes are required to open an investigation. Related complaints have been filed with the Committee on Grievances of the Eastern District of New York and the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois.

I respectfully request that the OLPR open a formal investigation and direct Respondent to disclose whether he represents or advises any Plaintiff or related individual in any immigration matter.

Please confirm receipt of this complaint at your earliest convenience.

Respectfully submitted,
Srijani Chatterjee
srijanic@icloud.com

CAUTION: This email originated from outside the Minnesota Judicial Branch. Do not click links or open attachments unless you recognize the sender and know the content is safe. If this email appears suspicious, or is asking you to provide sensitive information, please do not forward the email; submit the email via the 'Phish Alert Report' button on your Outlook ribbon on your computer or contact the ITD Service Desk at 651-291-5334 for further guidance.

May 15, 2026

Office of Lawyers Professional Responsibility

Minnesota Judicial Center, Suite 105

25 Rev. Dr. Martin Luther King Jr. Blvd.

St. Paul, MN 55155

OLPR.receptionist@courts.state.mn.us

**Re: Formal Grievance Complaint Against Kaivalya Harsukh Rawal, Esq.**

The Kaivalya H. Rawal Law Firm, LLC | khr@krlaw.law

Minnesota Attorney — Pro Hac Vice Counsel for Plaintiffs,

*Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS),

United States District Court, Eastern District of New York

Dear Office of Lawyers Professional Responsibility:

**Complainant:** Srijani Chatterjee, srijanic@icloud.com

**Respondent:** Kaivalya Harsukh Rawal, Esq. (also known as Kaivalya H. Rawal), The Kaivalya H. Rawal Law Firm, LLC, khr@krlaw.law

**Related Proceedings:** *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS), United States District Court, Eastern District of New York

## I. Introduction and Nature of Complaint.

Complainant Srijani Chatterjee is a VAWA self-petitioner who has received three successive prima facie determinations from USCIS, the most recent dated February 25, 2026. She is the Defendant in *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS), in the United States District Court for the Eastern District of New York, proceeding pro se. The Plaintiffs in that action are the individuals she has identified in her VAWA petition as her abusers. This complaint is submitted against Kaivalya Harsukh Rawal, Esq. (hereinafter "Respondent"), a Minnesota-licensed attorney at The Kaivalya H. Rawal Law Firm, LLC, whose identified practice area is immigration law, who participated as co-counsel for Plaintiffs in those proceedings.

This complaint is grounded in the documentary record of the federal court docket. Where the record establishes conduct directly, it is characterized as such. Where the record raises questions requiring investigation, it is framed accordingly. The OLPR is respectfully asked to treat this as what it is: a structured, evidence-driven complaint by a VAWA self-petitioner whose federally protected information was accessed by an immigration attorney representing her identified abusers, without court authorization, over her written objections, and without disclosure to the Court.

The complaint arises from five independent categories of misconduct, each of which independently warrants disciplinary investigation:

- Respondent participated in VAWA-sensitive discovery proceedings before his admission to the Eastern District of New York, contrary to that Court's admission requirements, over Complainant's written objections — a direct violation of Rule 5.5(a) and Rule 8.4(d).

- Respondent, an immigration attorney, accepted access to those proceedings in a matter directly implicating a VAWA self-petitioner's protected information, raising serious questions under 8 U.S.C. § 1367 and Rule 8.4(d).

- Respondent submitted a pro hac vice application that omitted sixteen days of pre-admission participation and thirteen days of receipt of materials within the scope of the Court's AEO protective order — conduct that raises serious questions under Rules 3.3(a)(1) and 8.4(c).

- That application was procedurally deficient on its face under Local Civil Rule 1.3(c) of the Eastern District of New York, raising a further question under Rule 8.4(d).

- The question of whether parallel representations, if any exist, created a channel for VAWA-protected information to reach persons with adverse immigration interests raises questions under Rules 1.7, 8.4(c), and 8.4(d).

Each category is established or substantially raised by the docket record. No contested factual disputes are required to open an investigation.

## II. Background.

Complainant is a VAWA self-petitioner with three successive prima facie determinations from USCIS — June 2023, April 2025, and February 25, 2026 — the most recent expiring August 24, 2026. Each determination reflects USCIS's assessment that her petition sets forth a prima facie case for relief under the Violence Against Women Act. Plaintiffs Deven Sanon and Simran Hotchandani are identified by name in that petition as her abusers. They filed this defamation action against Complainant on February 2, 2026.

On April 10, 2026, the Court entered an order limiting discovery to two narrow categories: non-party discovery from social media entities and internet service providers, and jurisdictional discovery. All other discovery was stayed. On April 16, 2026, the Court entered an attorneys'-eyes-only protective order sua sponte (ECF No. 35) in response to Plaintiffs' discovery conduct — entered without awaiting a response from Plaintiffs. On April 23, 2026, the Court stayed compliance with a subpoena directed to Complainant's VAWA immigration attorney sua sponte, on the same day it was reported to the Court. On May 5, 2026, the Court sealed Complainant's VAWA Affidavit of Abuse and a non-consensual photograph of Complainant (Exhibits 7 and 10) sua sponte on an interim basis, again without awaiting Plaintiffs' May 8 response. The Court intervened sua sponte three times in nineteen days — each time without affording Plaintiffs an opportunity to respond — a pattern that reflects the Court's concern regarding the handling of Complainant's protected information in this proceeding.

Respondent Rawal is a Minnesota-licensed attorney whose identified practice area is immigration law. The record establishes that he was involved in the parallel Bronx County proceedings (Index No. 818359/2025E) in which Plaintiffs sought Complainant's identifying information as of October 14, 2025 — proceedings Plaintiffs abandoned on February 2, 2026, the same day this federal action was filed. The record further establishes that he was first copied on VAWA-sensitive meet-and-confer

correspondence in this federal action on April 13, 2026 — sixteen days before his pro hac vice motion was filed and seventeen days before he was admitted. He filed his pro hac vice motion (ECF No. 49) on April 29, 2026, and was admitted on April 30, 2026.

## Key Chronology

| Date | Source | Event |
|---|---|---|
| Oct. 14, 2025 | State Docket | Respondent engaged in Bronx County proceedings (Index No. 818359/2025E) seeking Complainant's identifying information. |
| Feb. 2, 2026 | State Docket | Plaintiffs file Stipulations of Discontinuance in Bronx County. Federal action filed same day. |
| Feb. 25, 2026 | USCIS | Third successive USCIS Prima Facie Determination issued; expires August 24, 2026. |
| Apr. 10, 2026 | Apr. 10 Order | Court limits discovery to two narrow categories; all other discovery stayed. |
| Apr. 13, 2026 | Exhibit R | Respondent first copied on VAWA-sensitive meet-and-confer correspondence — sixteen days before PHV motion filed. Complainant objects in writing same evening. |
| Apr. 14, 2026 | Exhibit R | Complainant objects again in writing to Respondent's inclusion. Objections disregarded. |
| Apr. 16, 2026 | ECF No. 35 | Court enters AEO protective order sua sponte. Respondent not yet admitted; continues to receive communications within its protective scope for thirteen days. |
| Apr. 23, 2026 | ECF No. 43 | Court stays compliance with subpoena to Complainant's VAWA immigration attorney sua sponte. |
| Apr. 28, 2026 | NYPD No. 2026-84-3041 | Two unidentified individuals appear at Complainant's address of record, identifying Plaintiffs by name. |
| Apr. 29, 2026 | ECF No. 49 | Respondent files PHV motion — sixteen days after pre-admission participation began, thirteen days after AEO order issued. Motion omits both facts. |
| Apr. 30, 2026 | ECF No. 49 | Respondent admitted pro hac vice. |
| May 5, 2026 | ECF No. 55 / Order | Court seals Exhibits 7 and 10 (VAWA Affidavit of Abuse; non-consensual photograph) sua sponte on interim basis without awaiting Plaintiffs' May 8 response. |
| May 6, 2026 | EDNY Docket | Motion for Disclosure concerning Respondent's pre-admission access and parallel representations filed. |

### III. Violation I — Pre-Admission Participation Contrary to Court's Admission Requirements, Over Complainant's Written Objections (April 13–29, 2026).

**Established by the Record.**

Beginning on April 13, 2026, sixteen days before his pro hac vice motion was filed, Respondent was copied on meet-and-confer correspondence by lead counsel Daniel S. Szalkiewicz, Esq. concerning VAWA-related discovery disputes directly pending before the Court. Those communications concerned subpoenas and interrogatories seeking Complainant's location data, photographs, passport pages, immigration filings, and communications with third parties — each category directly related to her identity and VAWA petition. Complainant objected in writing on April 13, 2026, and again on April 14, 2026, specifically on the grounds that Respondent had not appeared in the action and that the matter involved pending VAWA-related protective relief. Those objections are in the record. Despite them, Respondent continued to be included in VAWA-sensitive communications. Lead counsel described Respondent's role alternately as co-counsel and as participating in a consulting capacity — a distinction without a material difference when the communications concern federally protected information and the opposing party has specifically objected. The record establishes that Respondent did not withdraw from those communications, did not advise lead counsel to cease copying him, and did not notify the Court of his participation. He had no authorization from the Court to participate in any capacity.

**Inference Raised.**

The distinction between "consulting counsel" and admitted co-counsel is not a license to participate in substantive discovery communications concerning a VAWA self-petitioner's protected information before obtaining admission — particularly where the opposing party has objected in writing on precisely those grounds. Participation in substantive meet-and-confer communications before being admitted, contrary to the Court's admission requirements, is not a procedural technicality. It is conduct that circumvented the Court's authority to regulate who participates in its proceedings and on what terms.

**Rules Violated.**

**Rule 5.5(a)** prohibits a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction. Participation in substantive pre-admission proceedings contrary to a federal court's admission requirements raises a direct question under Rule 5.5(a). The conduct is established; whether it constitutes a violation is a matter for the OLPR's determination.

**Rule 8.4(d)** prohibits conduct that is prejudicial to the administration of justice. Participating in VAWA-sensitive discovery communications in a federal court proceeding, before obtaining court authorization, over the opposing party's written objections, and without notifying the Court — in a matter where the opposing party is a VAWA self-petitioner whose federally protected information is directly at issue — is conduct prejudicial to the administration of justice within the meaning of Rule 8.4(d). The Court's own sua sponte interventions confirm the sensitivity of the proceeding Respondent entered without authorization.

**Rule 8.4(a)** prohibits a lawyer from violating or attempting to violate the Rules of Professional Conduct. Respondent's conduct raises questions under both Rule 5.5(a) and Rule 8.4(d); a violation of

either is independently a violation of Rule 8.4(a).

### IV. Violation II — Participation as Immigration Counsel for Adverse Parties in VAWA-Sensitive Proceedings, Raising Serious Questions Under 8 U.S.C. § 1367.

**Established by the Record.**

Respondent's identified practice area is immigration law. His inclusion in VAWA-sensitive meet-and-confer correspondence beginning April 13, 2026 — concerning subpoenas and interrogatories directly targeting Complainant's VAWA petition contents, location, photographs, and immigration filings — provided counsel for adverse parties, whose identified practice area is immigration law, with access to materials and communications concerning a VAWA self-petitioner's protected information. Complainant's VAWA petition identifies Plaintiffs Deven Sanon and Simran Hotchandani by name as her abusers and has received three successive prima facie determinations from USCIS. Respondent was simultaneously involved in the Bronx County proceedings in which Plaintiffs sought the same categories of information. He was not authorized by the Court to receive any of it.

**Questions Raised.**

8 U.S.C. § 1367 prohibits seeking, obtaining, or compelling, by any means, information relating to a VAWA petitioner's identity, location, or petition contents for adverse purposes. The inclusion of counsel for adverse parties whose practice area is immigration law in VAWA-sensitive discovery communications — over Complainant's written objection, before formal court admission, and at a time when the Court had not yet ruled on the scope of permissible access to VAWA-related materials — raises serious questions under § 1367 that warrant investigation. Plaintiffs' counsel made an affirmative choice to include Respondent in those communications. The record raises the question whether Respondent's acceptance of that access — without objection, without disclosure to the Court, and without advising lead counsel to cease — was consistent with his obligations under federal law and the Minnesota Rules. The Court's own sua sponte AEO order (ECF No. 35), entered three days after Respondent began receiving these communications, confirms the sensitivity of the materials. Respondent's pre-admission access predated that protection by three days. The question whether Respondent's conduct constitutes a violation of 8 U.S.C. § 1367 is a matter for investigation; the conduct itself is established by the record.

**Rules Violated.**

**Rule 8.4(d)** prohibits conduct prejudicial to the administration of justice. An attorney whose identified practice area is immigration law accepting access to VAWA-sensitive discovery communications concerning a self-petitioner whose abusers are his clients — before formal court admission, over the petitioner's written objection, and without Court authorization — is conduct that is directly prejudicial to the administration of justice and to the federal policy established by 8 U.S.C. § 1367. The correlation between the conduct and the rule is direct: Respondent's practice area, his clients' adverse interest in Complainant's VAWA petition contents, and his unauthorized receipt of those contents combine to establish the prejudice.

**Rule 8.4(a)** prohibits violations of the Rules of Professional Conduct. The conduct described raises questions under Rule 8.4(d) and potentially under federal law; either basis independently implicates

Rule 8.4(a).

### V. Violation III — Continuous Involvement in Parallel Proceedings Seeking Complainant's Identifying Information.

**Established by the Record.**

Respondent was engaged in the parallel Bronx County proceedings (Index No. 818359/2025E, Supreme Court of the State of New York, County of Bronx) in which Plaintiffs sought Complainant's identifying information as of October 14, 2025. Those proceedings were abandoned by Plaintiffs on February 2, 2026 — the same day this federal action was filed. The transition was seamless: Respondent carried over from state court to federal court. His prior involvement in the state proceedings, followed by his inclusion in VAWA-sensitive federal discovery communications before his formal admission, establishes continuous involvement in proceedings concerning discovery directed toward Complainant's identifying and VAWA-related information across two jurisdictions.

**Rules Violated.**

**Rule 8.4(d)** prohibits conduct prejudicial to the administration of justice. Continuous involvement in proceedings — first in state court, then in federal court — directed at obtaining a VAWA self-petitioner's identifying and protected information, while the petitioner's identified abusers are the adverse parties in both proceedings, is conduct prejudicial to the administration of justice. The pattern across two proceedings is itself relevant: it establishes that Respondent's participation was not isolated or inadvertent, but part of a continuous course of involvement in efforts to obtain Complainant's protected information.

### VI. Violation IV — Omission of Material Facts from Pro Hac Vice Application and Deficiency Under Local Civil Rule 1.3(c).

**Established by the Record.**

Respondent filed his pro hac vice motion on April 29, 2026 (ECF No. 49) — sixteen days after pre-admission participation began, thirteen days after the AEO order issued (ECF No. 35), and the day after two unidentified individuals appeared at Complainant's address of record and identified Plaintiffs by name (NYPD Complaint No. 2026-84-3041). That motion did not disclose to the Court that Respondent had already been participating in VAWA-sensitive discovery communications for sixteen days. It did not disclose that he had been receiving materials within the scope of the Court's AEO protective order for thirteen of those days while not yet admitted as counsel of record. The Court granted the motion without the benefit of either fact. The omitted facts may have been material to the Court's evaluation of whether admission was appropriate and what conditions, if any, should attach to it.

The sequence of events raises the question whether the PHV motion functioned, in part, to formalize or regularize pre-admission participation that had already occurred. That question is a matter the record raises and warrants investigation.

From April 16 through April 29, 2026 — the thirteen-day window between the AEO order and the PHV filing — the record establishes that Respondent continued to receive VAWA-sensitive communications

within the AEO order's protective scope while he was not Plaintiffs' counsel of record. The AEO order required "Plaintiffs' counsel" to maintain those materials as attorneys'-eyes-only. Respondent was not Plaintiffs' counsel of record during that window. The materials he received during that period included:

- subpoenas seeking Complainant's identifying information, location data, and photographs;

- interrogatories demanding Complainant's passport pages bearing visa stamps, entry and exit records, residence permits, and immigration status indicators;

- a subpoena served on Complainant's sublessor Allison Viverette without Rule 45(a)(4) notice and without court authorization, the responsive materials from which were produced three days before the Court's April 16 sua sponte AEO order;

- a line-by-line comparison of two versions of Complainant's VAWA Affidavit of Abuse filed publicly as Exhibit 7 to ECF No. 55; and

- discovery concerning Complainant's VAWA petition.

Additionally, the affidavit filed at ECF No. 49-2 in support of Respondent's pro hac vice application was notarized by Daniel S. Szalkiewicz, Esq. — Respondent's own lead counsel of record in this action. The application appears deficient under Local Civil Rule 1.3(c) because notarization by lead counsel in the same action does not satisfy the independent attestation requirement.

The closing sentence of ECF No. 55 — filed while Respondent was participating as pro hac vice counsel — reserves the right to provide "the relevant record, including any order of this Court, to appropriate authorities." In a sanctions motion against a VAWA self-petitioner brought by her identified abusers, and against the backdrop of documented deportation threats in sworn affidavits already on the docket, that reservation warrants attention given Respondent's status as an immigration attorney in possession of Complainant's protected information.

**Rules Violated.**

**Rule 3.3(a)(1)** prohibits a lawyer from making a false statement of fact or law to a tribunal, and requires disclosure of facts the omission of which would make a submission misleading. Filing a pro hac vice application that omits sixteen days of pre-admission participation and thirteen days of receipt of materials within the AEO order's protective scope — where those facts are directly relevant to the Court's evaluation of the application — raises a serious question under Rule 3.3(a)(1). A pro hac vice application is a submission to a tribunal. The correlation between the omitted facts and the rule is direct.

**Rule 8.4(c)** prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. Submitting an application for court admission that omits the applicant's prior unauthorized participation in the same proceedings raises a question under Rule 8.4(c). The omission is not a matter of interpretation; it is established by comparing the application against the docket record.

**Rule 8.4(d)** prohibits conduct prejudicial to the administration of justice. A pro hac vice application that is deficient under Local Civil Rule 1.3(c), that omits prior unauthorized participation, and that was filed the day after a threatening incident at Complainant's address of record, raises a serious question under Rule 8.4(d).

**VII. Violation V — Potential Parallel Representations Creating a Channel for VAWA-Protected Information to Reach Adverse Immigration Interests.**

**Question Raised.**

Respondent is an immigration attorney. A VAWA self-petition that names specific individuals as the petitioner's abusers has direct relevance to those individuals' own immigration interests — including the interests of Plaintiffs Deven Sanon and Simran Hotchandani, who are named in that petition. The record does not disclose whether Respondent currently represents, has represented, or advises any Plaintiff, any family member of any Plaintiff, or any person in privity with any Plaintiff in any immigration matter. If such representations exist, Respondent's inclusion in VAWA-sensitive discovery communications — over Complainant's written objection, before formal admission, within the AEO order's operative period — raises the question whether his participation created a channel through which VAWA-protected information might reach persons with adverse immigration interests in that information. That is closely analogous to the type of circumstance 8 U.S.C. § 1367 was enacted to prevent.

Respondent is not a new participant in matters involving Complainant: the record establishes his continuous presence from the parallel state proceedings through this federal action. The privity chain through which VAWA-protected information may be flowing includes Madhu Suri, also known as Micky Suri — Plaintiff Deven Sanon's mother, twice-restrained by Complainant in prior proceedings and in possession of Complainant's unredacted identity since those proceedings — and Ronick Sanon, Deven Sanon's twin brother and Complainant's former spouse, identified by name in Complainant's VAWA petition. The OLPR is respectfully asked to investigate whether Respondent represents or advises any of these individuals or any person whose interests are adverse to Complainant's VAWA-protected status. A Motion for Disclosure concerning Respondent's pre-admission access and parallel representations was filed in this action on May 6, 2026. The OLPR is respectfully asked to consider that motion and any responsive order as part of its investigation.

**Rules Violated.**

**Rule 1.7** prohibits a lawyer from representing a client if the representation involves a concurrent conflict of interest — specifically, where there is a significant risk that the representation of one client will be materially limited by the lawyer's responsibilities to another client. If Respondent represents any person whose immigration interests are adversely affected by the contents of Complainant's VAWA petition, his simultaneous participation in discovery concerning that petition creates a concurrent conflict of interest within the meaning of Rule 1.7. The correlation is direct: the same petition that Respondent accessed through VAWA-sensitive discovery communications is the petition whose contents are adverse to his other clients' interests.

**Rule 8.4(d)** prohibits conduct prejudicial to the administration of justice. If parallel representations exist, the combination of unauthorized pre-admission access, receipt of AEO-designated materials, and concurrent adverse representation would together constitute conduct seriously prejudicial to the administration of justice and to the federal protections afforded to VAWA self-petitioners.

**Rule 8.4(c)** prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. Participating in proceedings involving a VAWA self-petitioner's protected information while concealing a concurrent

adverse representation — if such representation exists — would raise a serious question under Rule 8.4(c). The OLPR's investigative authority includes the power to compel disclosure of any such representation.

## VIII. The Docket Record Establishes the Conduct.

The OLPR does not need to evaluate contested facts. The conduct described in this complaint is documented in the federal court's own docket and in the meet-and-confer correspondence that is part of that record. The following facts are established without dispute:

- Complainant's written objections to Respondent's inclusion, filed April 13 and April 14, 2026, are in the record.

- Lead counsel's responses acknowledging Respondent's inclusion and describing his role as co-counsel and consulting counsel are in the record.

- Respondent's pro hac vice motion (ECF No. 49) and its affidavit (ECF No. 49-2), notarized by lead counsel, contain no reference to prior participation or to receipt of materials within the AEO order's scope during the thirteen-day window.

- The Court's sua sponte AEO order (ECF No. 35), entered three days after Respondent began receiving VAWA-sensitive communications, is in the record.

- The Court stayed the Zohar subpoena sua sponte on April 23 (ECF No. 43); Plaintiffs' counsel subsequently filed a certificate of non-service confirming the subpoena existed and was abandoned only after the Court intervened.

- The Court sealed Exhibits 7 and 10 on May 5, 2026, sua sponte, without affording Plaintiffs an opportunity to respond before their May 8 deadline.

Three sua sponte protective orders in nineteen days — each entered without affording Plaintiffs an opportunity to respond — reflect the Court's concern regarding the handling of discovery and protected materials in this matter. No contested factual dispute is necessary to establish the underlying conduct described in this complaint. The rules violations flow directly from the conduct the record documents.

## IX. Relief Requested.

Complainant respectfully requests that the Office of Lawyers Professional Responsibility:

- Open a formal investigation into the conduct of Kaivalya Harsukh Rawal, Esq., with respect to each of the five categories of misconduct described herein, each of which constitutes an independent basis for disciplinary inquiry.

- Investigate whether Respondent's pre-admission participation in VAWA-sensitive proceedings violated Rules 5.5(a), 8.4(a), and 8.4(d).

- Investigate whether Respondent's acceptance of access to VAWA-sensitive materials as counsel for parties adverse to a VAWA self-petitioner violated Rules 8.4(d) and 8.4(a), and raised questions under 8 U.S.C. § 1367.

- Investigate whether Respondent's pro hac vice application, by omitting sixteen days of pre-admission participation and thirteen days of receipt of AEO-designated materials, violated

Rules 3.3(a)(1), 8.4(c), and 8.4(d).

• Direct Respondent to disclose whether he represents, has represented, or advises any Plaintiff, any family member of any Plaintiff (including Madhu Suri, also known as Micky Suri), or any person in privity with any Plaintiff in any immigration matter, and investigate whether any such representation violated Rule 1.7 and Rules 8.4(c) and 8.4(d).

• Impose such disciplinary sanctions as the Office deems appropriate, up to and including suspension from the practice of law.

• Refer the matter to the appropriate federal disciplinary authorities, including the Committee on Grievances of the United States District Court for the Eastern District of New York, for consideration of any reciprocal or related relief with respect to Respondent's pro hac vice admission.

• Notify the Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois, which has received a related complaint concerning this conduct.

Complainant is a VAWA self-petitioner whose federally protected information was accessed by an immigration attorney representing her identified abusers, before court authorization, over her written objections, and without disclosure to the Court. Respondent's April 30, 2026 admission does not cure his pre-admission participation. Subsequent admission could not eliminate prior access to protected information already received. The rules violations identified in this complaint are established by the docket, and the OLPR has both the authority and the obligation to investigate them. Complainant respectfully urges the OLPR to act.

## X. Certification.

I, Srijani Chatterjee, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief, and that the facts stated herein are based on the documentary record of the above-captioned action and on my personal knowledge of the events described.

Respectfully submitted,

_____
Srijani Chatterjee
srijanic@icloud.com
Dated: May 15, 2026