**PELTA | LAW**
1390 MARKET STREET, SUITE 200
SAN FRANCISCO, CA 94102
TEL. 415-963-1152
E-MAIL: MARC@PELTALAW.COM

June 24, 2026

**Via ECF**

Hon. Ann M. Donnelly, United States District Court Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

> **Re:** *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS), Request for Pre-Motion Conference — Anticipated Motion to Dismiss the First Amended Complaint

To: The Honorable United States District Court Judge Ann M. Donnelly,

Pursuant to Rule 4(A) of Your Honor's Individual Practices, I write on behalf of Defendant to request a pre-motion conference in advance of Defendant's anticipated motion to dismiss the First Amended Complaint ("FAC") (ECF No. 83) under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). The grounds for the anticipated motion are set out below.

**Procedural Background.**

Plaintiffs commenced this action asserting seven state-law tort claims premised on diversity jurisdiction alone. After Defendant moved to dismiss for lack of subject-matter jurisdiction, because of diversity, Plaintiffs sought leave to add a civil-conspiracy count (8th Cause of Action) and a RICO claim under 18 U.S.C. §1962(c) (9th Cause of Action), substituting Federal-question jurisdiction for the unsustainable diversity basis. The Court granted leave. As shown below, the RICO claim fails under Rule 12(b)(6), leaving no federal anchor for the remaining claims.

### 1. Dismissal of the Sole Federal Claim Leaves No Basis for Jurisdiction.

The FAC pleads federal-question jurisdiction (28 U.S.C. § 1331) based on a single RICO claim (18 U.S.C. §1962(c), with diversity (28 U.S.C. § 1332(a) pleaded only "in the alternative." Defendant does **not** contend that the RICO claim is insubstantial as to defeat §1331 jurisdiction (See *Bell v. Hood*, 327 U.S. 678, 682–83 (1946); rather, the claim fails on the merits under Rule 12(b)(6), as set out below. Once the RICO claim is dismissed, no federal claim remains, and diversity affords no alternative basis on the citizenship allegations. The FAC alleges alienage on both sides of the principal controversy — i..e Plaintiff Hotchandani (i.e. citizen of Belize) and Defendant (citizen of United Kingdom) — and thus **does not plead complete diversity** between all plaintiffs and all defendants, so §1332(a) is **not satisfied** (*See Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002). The diversity allegations are independently unreliable and internally contradicted by Plaintiffs' own sworn filings: To wit, in the preceding Bronx County case (Index No. 818359/2025E), Plaintiffs swore under oath in 2025 that they were **residents of New York**, yet — within months — filed this action alleging Massachusetts domicile (FAC ¶¶ 20–21). Those positions are facially inconsistent, and the contradiction undermines the reliability and plausibility of the **diversity of citizenship** and

domicile allegations which are foundational requirements. With no remaining anchor for original jurisdiction, the State-law claims should be **dismissed on the merits** as set out in Point 3 or, in the alternative, **dismissed for lack of jurisdiction** under 28 U.S.C. § 1367(c)(3); where the federal claims are eliminated at the pleading stage, before any significant proceedings, the balance of factors points toward declining pendent jurisdiction (*See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22 (2025); *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)[Superseded by §1367]. **This defect is not curable on the allegations as pleaded.**

### 2.  The RICO Claim Fails Under Rule 12(b)(6).

The §1962(c) claim is not adequately pleaded, for several reasons: **First, no enterprise distinct from Defendant.** ¶283, p. 54 of the FAC pleads Defendant as the "sole director, strategist, and financier" at the alleged "RICO" enterprise's "apex," and the alleged "members" — a marketing firm, pseudonymous writers, and content websites — are fee-for-service vendors related only vertically to Defendant, with no horizontal coordination beyond payment; such a hub-and-spoke arrangement lacks — the relationships among associates and common purpose — that an association-in-fact 'enterprise' requires (*Boyle v. United States*, 556 U.S. 938, 944 (2009); *See First Capital Asset Mgmt. v. Satinwood, Inc.*, 385 F.3d 159, 174 (2d Cir. 2004). The **attribution is also internally inconsistent** because the FAC attributes the same content both to unidentified John and Jane Does and to Defendant, which cannot plausibly prove  who conducted the alleged enterprise's affairs.

**Second, no pattern of racketeering activity.** The alleged scheme targets a single set of victims for a single purpose arising from a State matrimonial dispute, satisfying neither closed- nor open-ended "continuity". Significantly, the Second Circuit has **rejected attempts to recast a defamation grievance as RICO** (*See H.J. Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 239, 241–42 (1989); *See also Kim v. Kimm*, 884 F.3d 98, 104–05 (2d Cir. 2018).

**Third, no cognizable injury or proximate cause.** Reputational and emotional harm, without more, is not injury to "business or property" under §1964(c), and the only quantified loss — approximately $25,000 in "reputation management" costs (FAC ¶301(a) — is derivative of reputational harm, **not an independent injury** to business or property; the remaining losses are pleaded "upon information and belief," and Plaintiff Hotchandani **pleads no loss of her own**. The FAC also contradicts its own injury theory, alleging economic devastation while acknowledging that Plaintiff Sanon kept raising substantial investor capital during the same period (FAC ¶152). The alleged injury is also **not** domestic (*See RJR Nabisco, Inc. v. European Cmty.*, 579 U.S. 325, 354 (2016), and is **not proximately caused**: The chain from alleged wire payments is **too attenuated** to satisfy RICO's direct-relationship requirement (*See Hemi Grp., LLC v. City of New York*, 559 U.S. 1, 9 (2010).

**Fourth, the predicate acts fail.** The wire-fraud, §1546, and §1503 **predicates are not pleaded** with Rule 9(b) particularity and are independently deficient (*See Lundy v. Catholic Health Sys. of Long Island Inc.*, 711 F.3d 106, 119 (2d Cir. 2013). The wire-fraud predicate fails the money-or-property element: The objects the pleading identifies — reputational harm and the loss of business relationships (FAC ¶¶288–290), and, as to the transmission the pleading alleges to ALM/Law.com, the asserted aim of suppressing media coverage (FAC ¶291(k) — are not Plaintiffs' money or property, and the enumerated vendor-payment wires (FAC ¶291(a)–(j)) are lawful transactions, **not** communications to obtain Plaintiffs' property (*See Kelly v. United States*, 590 U.S. 391, 398–402 (2020). The §1546 predicate is not viable under 18 U.S.C. § 1961(1)(B),

which includes violations of §1546 only where committed "for the purpose of financial gain" — a RICO qualification requirement, not an element of §1546 itself: the object the pleading alleges was an immigration benefit, a VAWA determination and resulting work authorization (FAC ¶¶54–55, 294–95), **not** plausibly alleged to have been undertaken for financial gain as opposed to immigration status or regulatory benefit, and the pleading is incoherent because it asserts lawful work authorization and "imminent deportation" (FAC ¶188). §1503 reaches interference with the administration of justice, not a litigant's own court filings, which is all the pleading identifies (FAC ¶¶296–97).

### 3.  The Non-RICO Claims Are Independently Subject to Dismissal.

Each non-RICO cause of action fails on the merits and should be **dismissed with prejudice**. The defamation and defamation per se claims (1st and 2nd Causes of action in the FAC) are **time-barred** under New York's one-year limitations period (N.Y. C.P.L.R. § 215(3) and are **independently barred** by substantial truth and non-actionable opinion. The intentional-infliction and tortious-interference claims are duplicative of the defamation claims and **independently insufficiently pleaded** (*See Howell v. N.Y. Post Co.*, 81 N.Y.2d 115, 121–22 (1993). The aiding-and-abetting, civil-conspiracy counts are derivative, not independent, and fail with the underlying torts. The §79-n claim fails to plead intentional selection based on a protected characteristic. These speech-based claims also implicate the 1st Amendment and New York's **anti-SLAPP** standard (N.Y. Civ. Rights Law §76-a).

### 4.  Defendant Will Seek a Stay of Discovery Pending the Motion.

Because the anticipated motion raises a potentially dispositive jurisdictional challenge, Defendant will request a stay of discovery pending its resolution. Factors favor a stay: a substantial dispositive question is presented, prejudice to Plaintiffs is slight, and the burden of proceeding is acute. Plaintiffs are the individuals identified as Defendant's abusers in her VAWA petition, which USCIS has approved. This Court has already intervened *sua spont*, each by order entered without awaiting a response from Plaintiffs — directing Plaintiffs maintain subpoenaed materials as attorneys'-eyes-only (Order of Apr. 16, 2026), staying a subpoena to Defendant's VAWA immigration counsel, directing the non-party not to comply (Order of Apr. 23, 2026), and interim-sealing Exh. 7 & 10 to ECF No. 55 pending resolution of Defendant's motion to seal (Order of May 5, 2026) — implicating 8 U.S.C. §1367. That the Court has halted Plaintiffs from obtaining a protected petitioner's confidential information confirms that the discovery extends beyond the pleaded claims and into the confidential contents of a VAWA petition in which Plaintiffs are named abusers — the precise abuse §1367 was enacted to prevent. A stay pending the threshold motion is warranted.

For the foregoing reasons, Defendant respectfully requests a pre-motion conference or, in the alternative, a briefing schedule for the anticipated motion and related stay request.

Respectfully submitted,

/s/Marc Pelta, Attorney-at-Law
*Counsel for Defendant Srijani Chatterjee*
*(admitted pro hac vice)*

Cc:  Counsel of record (via ECF)