**VERIDIAN LEGAL**

|  |  |
|---|---|
| 23 West 73rd Street | T: (212) 706-1007 |
| Suite 102 | F: (646) 849-0033 |
| New York, NY 10023 | www.veridianlegal.com |

July 1, 2026

<u>**Via ECF**</u>
Judge Orelia E. Merchant

*Re:   **Sanon et ano v. Chatterjee et al., Docket No.: 26-cv-00580***
*      **Plaintiffs' Response to Defendant's Pre-Motion Letter (ECF No. 85)***

Dear Judge Merchant,

Plaintiffs respectfully submit this letter in opposition to Defendant's June 24, 2026 pre-motion letter seeking leave to file a motion to dismiss the First Amended Complaint ("FAC") pursuant to Rules 12(b)(1) and 12(b)(6). Plaintiffs oppose any stay of proceedings or discovery.

Defendant's letter confirms that the anticipated motion presents numerous disputed factual and legal issues that cannot be meaningfully addressed within the confines of a three-page pre-motion submission. Plaintiffs respectfully request that, should the Court grant Defendant leave to move, a standard briefing schedule be set that accounts for the pending discovery-related motions and the outstanding third-party subpoenas.

### I.      Federal-Question Jurisdiction Exists Under 28 U.S.C. § 1331.

Defendant does not contend that the RICO claim is frivolous or wholly insubstantial. She argues only that it fails to state a claim. That distinction is dispositive of the jurisdictional question. Under *Bell v. Hood*, 327 U.S. 678, 682 (1946), a federal court possesses subject-matter jurisdiction over a claim arising under federal law unless the claim is "so patently without merit as to justify the court's dismissal for want of jurisdiction."  By attacking the FAC under Rule 12(b)(6), rather than contending the claim is wholly insubstantial, Defendant necessarily treats the RICO claim as one presenting a federal question. Accordingly, this Court possesses federal-question jurisdiction under §1331, and Defendant's remaining arguments go to the merits, not jurisdiction.  Defendant's repeated focus on Plaintiffs' domicile is misplaced. Subject-matter jurisdiction rests on § 1331, not § 1332. Citizenship of the parties is irrelevant where a federal question is properly presented.

### II.      The RICO Claim is Adequately Pleaded

Defendant's letter raises numerous fact-intensive issues concerning the existence of an enterprise, continuity, predicate acts, proximate cause, and damages. Plaintiffs respectfully submit that the FAC adequately pleads each element, and these issues are more appropriately addressed through full briefing. At this stage, the Court must accept the well-pleaded factual allegations as true and draw reasonable inferences in Plaintiffs' favor. Plaintiffs submit four (4) points here.

A. The FAC alleges an association-in-fact enterprise distinct from Defendant, consisting of Defendant, Impester Media, freelance content writers, and others, whose relationships are documented by PayPal payment records. This is not a "fee-for-service vendor" arrangement; the FAC alleges that each participant played a specific role in a coordinated scheme to create and disseminate knowingly false content while concealing Defendant's identity as its source (FAC ¶¶271–76, 283–84, 143). Defendant, as a person, is distinct from the association-in-fact enterprise that includes her and Impester Media, writers, and platforms. (See *Cedric Kushner Promotions, Ltd. v. King*, 533 U.S. 158, 163 (2001)). An association-in-fact enterprise needs

July 1, 2026
Page 2

only "a purpose, relationships among those associated with the enterprise, and longevity," and "need not have a hierarchical structure or a 'chain of command.'" (*Boyle v United States*, 556 US 938, 946-948 [2009]). Defendant's "fee-for-service vendor" theory relies on *Satinwood*'s "common fraudulent purpose" language, which the Second Circuit recently held "was merely dicta," confirming an enterprise "need not have an explicitly fraudulent or illegal common purpose." (*United States v Kelly*, 128 F.4th 387, 410-11 [2d Cir 2025]).

B.   This case is not governed by *Kim v. Kimm*, 884 F.3d 98 (2d Cir. 2018), which held that a single frivolous lawsuit cannot constitute a RICO predicate act. The FAC's predicate acts are not litigation conduct. They are wire-fraud transmissions: interstate payments to content creators, electronic publication of false articles across multiple platforms, and the submission of an affidavit, whose purported signatory has denied authoring it, to a federal agency to obtain immigration benefits. (FAC ¶¶288–95). These are precisely the kind of out-of-court predicate acts that survive *Kim*. Defendant's challenge to the §1546 predicate rests on statutory language Congress repealed nearly three decades ago. Section 1961(1)(B) currently enumerates "*section 1546 (relating to fraud and misuse of visas, permits, and other documents)*" as a RICO predicate, without any financial-gain requirement. See 18 U.S.C. § 1961(1)(B). Thus, whether the alleged §1546 violation was undertaken for financial gain rather than an immigration benefit is immaterial. In any event, the §1503 predicate is unnecessary because the FAC's wire-fraud and §1546 predicates independently satisfy RICO's pattern requirement. Accordingly, Defendant's challenge to §1503 would not warrant dismissal of the RICO claim.

C.   The FAC alleges predicate acts spanning October 2023 to the present, with the racketeering activity continuing to this day. (FAC ¶¶280–82, 291, 300). Escalating, ongoing conduct with no terminal point pleads open-ended continuity, where a plaintiff "need not show that the predicates extended over a substantial period of time but must show that there was a threat of continuing criminal activity beyond the period during which the predicate acts were performed" (*DeFalco v Bernas*, 244 F3d 286, 323 [2d Cir 2001]). "To establish closed-ended continuity, 'a plaintiff must provide some basis for a court to conclude that defendants' activities were 'neither isolated or sporadic'" (*Bernas* at 321). The FAC plausibly alleges continuity under either theory. Defendant's proximate cause arguments misapprehend the FAC, which alleges a direct relationship between the racketeering conduct and Plaintiffs' economic injuries. Whether that relationship satisfies RICO's proximate-cause requirement presents a question more appropriately resolved on full briefing.

D.   Finally, Defendant's suggestion that she should not be held liable because the wires Plaintiffs have discovered were directed to entities outside the country is unsupported by fact and law as "foreign enterprises will qualify only if they engage in, or significantly affect, commerce directly involving the United States" (*RJR Nabisco, Inc. v Eur. Community*, 579 US 325, 327 [2016]). As for Plaintiffs' damages, the FAC alleges concrete economic injuries, including approximately $25,000 in search engine optimization and reputation-management expenses, plus lost business and investment opportunities. Defendant cites no authority establishing that such out-of-pocket mitigation expenses or other economic losses are not cognizable under 18 U.S.C. § 1964(c). Nor does labeling those expenses "derivative" defeat the pleading. Section 1964(c) requires only a cognizable injury to business or property, which the FAC plainly alleges. (*Med. Marijuana, Inc. v Horn*, 604 US 593, 600 [2025]). Nor does FAC ¶ 152 create

Veridian Legal P.C.

July 1, 2026
Page 3

any contradiction, as Plaintiff Sanon's continued fundraising is not inconsistent with out-of-pocket losses or lost prospective investments. Defendant's domestic-injury argument likewise fails because the FAC alleges U.S.-based economic losses and disruption to U.S.-based business and investment relationships. (See Yegiazaryan *v Smagin*, 599 US 533, 545 [2023]), *Bascuñán v Elsaca*, 874 F3d 806, 810 [2d Cir 2017])).

### III.    The State-Law Claims Are Timely and Independent of Defamation.

The FAC alleges publications in 2025 and distinct republications to new audiences across more than one hundred Facebook groups, which satisfies the one-year limitations period for defamation. The IIED and tortious interference claims are not duplicative of the defamation claims because they rest on non-expressive conduct independent of any published statement, including impersonation, contacting an employer with fabricated allegations, interference with a wedding, and mailing feces to a family member. The FAC also pleads actual malice, knowing falsity, publication to third parties, and resulting reputational and economic damages.

### IV.    A Stay Should Be Denied and Discovery Should Proceed.

The Court has already directed that limited discovery proceed on jurisdictional issues and online harassment. Defendant is effectively asking this Court to revisit those rulings. A stay would substantially prejudice Plaintiffs while permitting the alleged misconduct to continue unabated. The defamatory content remains live, compounding reputational and business injury daily. The electronic evidence held by third-party platforms-IP logs, subscriber information, account-registration data, and payment records responsive to the outstanding subpoenas to Meta, Google, Namecheap, and PayPal- is subject to routine retention limits and faces permanent loss. Once those records are purged, the evidence linking Defendant to the anonymous accounts and payments cannot be recovered. A stay of discovery does not follow automatically from the filing of a motion to dismiss. Defendant bears the burden of establishing good cause under Rule 26(c), which "requires a showing of facts militating in favor of the stay." *(Chesney v Val. Stream Union Free Sch. Dist. No. 24, 236 FRD 113, 115 [EDNY 2006]).* Courts weigh the strength of the dispositive motion, the breadth of the discovery sought, and the prejudice a stay would cause the non-moving party. (*Hong Leong Fin. Ltd. (Sing.) v Pinnacle Performance Ltd.*, 297 FRD 69, 72 [SDNY 2013]).

Defendant's reliance on the Court's prior confidentiality orders pending briefing and 8 U.S.C. § 1367 is likewise misplaced. The Court's prior orders addressed discrete confidentiality concerns relating to specific materials. They did not impose a blanket stay of discovery or preclude discovery from independent third-party entities. The outstanding subpoenas seek records concerning account-registration data, IP logs, subscriber information, and payment activity.

Plaintiffs respectfully request the Court deny any stay and, at minimum, direct the providers to preserve all responsive data immediately while motions are resolved.

Respectfully submitted,

VERIDIAN LEGAL P.C.                          THE KAIVALYA H. RAWAL LAW FIRM, LLC.
/s/*Daniel Szalkiewicz*                       /s/*Kaivalya H. Rawal*
By: Daniel S. Szalkiewicz, Esq.               By: Kaivalya H. Rawal, Esq. Pro Hac Vice Counsel

cc: Marc Pelta (marc@peltalaw.com)