**From:** LPRBgeneral
**To:** Kaivalya Harsukh Rawal, Esq.
**Subject:** Appeal Determination
**Date:** Monday, September 21, 2026 10:42:31 AM
**Attachments:** Appeal Determination Rawal - Chatterjee.pdf

Hello,

Please see the attached appeal determination from the LPRB.

Sincerely,

Ava

Ava Shannon
Admin Assistant
She/They
Minnesota Judicial Center
25 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155
651-297-7610
MINNESOTA JUDICIAL BRANCH

**Lawyers Professional Responsibility Board**
Suite 305-I
Minnesota Judicial Center
25 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, Minnesota 55155
lprbgeneral@courts.state.mn.us

Telephone (651) 297-7610
http://lprb.mncourts.gov/AboutUs/Pages/LawyersBoardDirectory.aspx

August 31, 2026

Srijani Chatterjee
Via Email Only
srijanic@icloud.com

Re: In the Matter of Srijani Chatterjee (Complainant) filed a complaint against Kaivalya H. Rawal, a Minnesota Attorney, (OLPR File No. 51824).

Dear Srijani Chatterjee:

You filed a complaint with the Director of the Office of Lawyers Professional Responsibility (OLPR) against Minnesota attorney Kaivalya H. Rawal ("Respondent").
.
The Director ultimately concluded that professional discipline was not warranted under Rule 8(a) of the Minnesota Rules of Lawyers Professional Responsibility. Under this rule, allegations of professional misconduct must be established by clear and convincing evidence. This evidentiary standard requires evidence that is highly credible and persuasive, demonstrating that it is highly probable that the alleged misconduct occurred. After reviewing the available evidence, the Director determined that this standard had not been met and therefore declined to pursue formal disciplinary action.

Srijani Chatterjee ("Complainant") filed a complaint against Kaivalya H. Rawal ("Respondent") with the Director of the Office of Lawyer Professional Responsibility ("Director"). The Director issued a Determination that Discipline is Not Warranted, Without Investigation ("Determination"). Complainant has appealed the Director's Determination to the Lawyers Professional Responsibility Board ("LPRB"), and the appeal has been assigned to the undersigned member of the LPRB for disposition.

**Complaint Summary**

Kaivalya Rawal is co-counsel in a civil lawsuit against you in the Eastern District of New York, Court File No. 1:26-cv-00580. You are representing yourself pro se. You allege that Mr. Rawal

participated in the case prior to being admitted to appearing before the Eastern District of New York or obtaining pro hac vice status. You also allege that he submitted a pro hac vice application that "omitted" sixteen days he spent working on the case prior to the application, and that the application had procedural deficiencies. The publicly available records in the case indicate that Mr. Rawal's petition to appear pro hac vice was granted by the judge on April 30, 2026. You further allege that Mr. Rawal improperly accessed your information because you believe it is protected under the Violence Against Women Act (VAWA). You filed a motion expressing your concerns on May 6, 2026, which is still pending.

**Reasons for Decision Not to Investigate**

Rule 8(a), Rules on Lawyers Professional Responsibility, adopted by the Minnesota Supreme Court, states: [U]pon a reasonable belief that professional misconduct may have occurred, the Director may make such investigation as the Director deems appropriate. Your complaint does not state a basis for a reasonable belief that misconduct may have occurred. Each state issues its own ethics rules and interprets those rules. Many states and the Federal courts allow for temporary practice in a state even if not licensed in the state. Minnesota would not consider this the unauthorized practice of law in Minnesota federal court if the conduct was done by a New York attorney. If you wish, you can raise your complaint to the judge presiding over the federal case. The Director defers New York on the issue of whether Mr. Rawal's conduct is consistent with New York's ethics rules for lawyers. Therefore, your complaint will not be investigated. To the extent that you allege that Mr. Rawal improperly accessed information about you that is protected by federal law, this is an issue to raise before the judge in your federal case. The federal court is in the best position to determine if this evidence was obtained contrary to the federal court's admission requirements.

In the Notice of Appeal, Complainant --- who is a lawyer licensed in England and Wales --- sets forth five legal arguments for why the Determination should be reversed. However, the complainant fails to address the sole question on appeal: Did the Director abuse her discretion in issuing the Determination?

The Minnesota Supreme Court has adopted the Minnesota Rules of Professional Conduct ("MRPC") that govern the legal profession. The Rules on Lawyer Professional Responsibility ("RLPR") adopted by the Supreme Court give the Director very broad prosecutorial discretion as to whether or not to investigate or prosecute any particular matter, stating in pertinent part that "At any time, with or without a complaint or a District Committee's report, and upon a reasonable belief that professional misconduct may have occurred, the Director may make such investigation as the Director deems appropriate as to the conduct of any lawyer or lawyers." RLPR 8(a). While the exercise of prosecutorial discretion in most contexts is not subject to review, and despite the broad discretion afforded by the Director, the Supreme Court has uniquely provided for formal review of decisions by the Director not to investigate or prosecute a matter. Thus, RLPR 8(e) gives a disappointed complainant a right to appeal to the LPRB, as Complainant has done here.

Should the Director decide to prosecute a claim of violation of the MRPC, the Director is required to prove a violation has occurred by clear and convincing evidence; while the "clear and convincing" standard means "highly probable," and is something less than the criminal standard of "beyond a reasonable doubt," it is nonetheless a much higher hurdle for the Director to

overcome than the typical civil case standard of “preponderance of the evidence,” (i.e., “more likely than not”).

With approximately five hundred active cases at any given moment in time, and a limited budget and staff, the Director must exercise discretion judiciously by pursuing only those cases which involve the most egregious conduct as to which probable cause exists and as to which there is a clear path to proof by clear and convincing evidence. The Complaint here does not present such a case.

After reviewing the entire record before me carefully, I concur with the Director’s determination to dismiss the complaint without investigation for the reason set forth below. The alleged misconduct took place in proceedings in the United States District Court for the Eastern District of New York. Those proceedings are apparently ongoing. It has long been the practice of the Director not to undertake investigation of matters where the alleged misconduct took place in judicial proceedings unless the court before which the alleged misconduct occurred has made a finding of actual misconduct or alternatively has referred the matter to the Director for investigation. In those matters where a court finds that misconduct has occurred, the Director upon being notified of the court’s findings will evaluate whether to undertake an investigation, such investigation still being discretionary. The LPRB has a long history of determining that under such circumstances it is not abuse of discretion for the Director not to undertake an investigation where alleged misconduct occurred in a judicial proceeding where the court in which such proceeding is taking place has not made a finding of misconduct.

**Decision on Appeal**

After carefully reviewing all the files, records, and proceedings herein, and the totality of the facts presented in this matter, and in accordance with the Minnesota Rules of Professional Conduct, I have determined that the appeal does not provide clear and convincing evidence of professional misconduct by Attorney Rawal. Therefore, I find the Director’s reasoning to be sound and clearly stated, and I affirm the decision. My ruling on this appeal is final, and my approval of the Director’s disposition means that the Board’s file on this case is now closed.

By copy of this letter, Attorney Rawal is hereby notified of my decision on appeal.

Respectfully submitted,

*Sharon H. Van Leer*

**Sharon H. Van Leer**

cc: Attorney Kaivalya H. Rawal
Office of Lawyers Professional Responsibility

**LAWYERS PROFESSIONAL RESPONSIBILITY BOARD**
SUITE 305-I
MINNESOTA JUDICIAL CENTER
25 REV. DR. MARTIN LUTHER KING JR. BLVD.
ST. PAUL, MINNESOTA 55155
lprbgeneral@courts.state.mn.us

TELEPHONE (651) 297-7610

https://lprb.mncourts.gov/about/lawyers-board-directory/

July 2, 2026

Kaivalya H. Rawal
1901 North Roselle Road, Suite 800
Schaumburg, IL 60195

Sent via Email:
khr@krlaw.law

Re: Complaint of Srijani Chatterjee against Kaivalya H. Rawal, Attorney at Law, File No. 51824.

Dear Ms. Rawal,

Enclosed please find a copy of the complainant's appeal of the Director's disposition in the above matter. The appeal has been assigned to Board member Sharon Van Leer.

The options available to the Board member are to (1) affirm the Director's disposition; (2) direct that further investigation be undertaken; or (3) in any case that has been investigated, if the Board member concludes that public discipline is warranted, the Board member may instruct the Director to issue charges of unprofessional conduct for submission to a Panel other than the Board member's own. If the Board member directs option (2) or (3), then you will have the ability to participate further in this matter.

The Board member will notify the parties of their decision in writing.

Very truly yours,
*Ava Shannon*

Ava Shannon
Board Administrative Assistant

Enclosures
cc: Sharon Van Leer

| | |
|---|---|
| **From:** | Srijani Chatterjee |
| **To:** | Siefman, Amanda; LPRBgeneral |
| **Subject:** | [EXTERNAL] Appeal of Director's Determination – Complaint of Srijani Chatterjee against Kaivalya H. Rawal, Reg. No. 0504809 |
| **Date:** | Saturday, June 20, 2026 6:41:47 AM |
| **Attachments:** | Minnesota LPRB Appeal.pdf<br>Summary Dismissal (Rawal).pdf |

You don't often get email from srijanic@icloud.com. Learn why this is important

Dear Lawyers Professional Responsibility Board,

Please find attached my appeal of the Director's Determination That Discipline Is Not Warranted Without Investigation, in the matter of my complaint against Kaivalya H. Rawal, a Minnesota attorney, Registration No. 0504809.

I received the Director's determination on June 15, 2026. This appeal is submitted within the fourteen-day period prescribed by the determination.

The attached letter sets out the grounds on which I respectfully request that the Board decline to approve the Director's determination and direct that the complaint be investigated. In summary, I submit that the determination conflates Minnesota's disciplinary jurisdiction over its own licensee with the separate question of choice of law under Rule 8.5; that the complaint crosses the threshold for investigation under Rule 8(a); and that the determination does not address the allegations under Rules 8.4(c) and 8.4(d).

I am happy to provide any additional documentation the Board may require. Thank you for your consideration.

Respectfully,
Srijani Chatterjee

**CAUTION:** This email originated from outside the Minnesota Judicial Branch. Do not click links or open attachments unless you recognize the sender and know the content is safe. If this email appears suspicious, or is asking you to provide sensitive information, please do not forward the email; submit the email via the 'Phish Alert Report' button on your Outlook ribbon on your computer or contact the ITD Service Desk at 651-291-5334 for further guidance.

On Jun 15, 2026, at 22:59, Johnson, Laurie <Laurie.Johnson@courts.state.mn.us> wrote:

Ms. Chatterjee:

Attached please find correspondence dated June 15, 2026, from Amanda Siefman.

Please direct any response to the attached correspondence to Amanda.Siefman@courts.state.mn.us, or by calling 651-296-3952.

Thank you,

Laurie Johnson | Legal Administrative Assistant
Office of Lawyers Professional Responsibility
Minnesota Judicial Center, Suite 105
25 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155
Phone: 651-296-3952 | Fax: 651-297-5801
Laurie.Johnson@courts.state.mn.us

**Protecting the Public, Strengthening the Profession**

-----------------------------------------------------

In the Matter of the Complaint of
SRIJANI CHATTERJEE
Via Email Only To
srijanic@icloud.com
against KAIVALYA H. RAWAL,
a Minnesota Attorney,
Registration No. 0504809.

-----------------------------------------------------

**DETERMINATION THAT DISCIPLINE IS NOT WARRANTED, WITHOUT INVESTIGATION**

**To: Srijani Chatterjee:**

After reviewing the documents you submitted and the publicly available records in Federal Court File No. 1:26-cv-00580, the Director has determined not to investigate your complaint. The reasons for the Director's decision not to investigate this complaint are as follows:

**<u>Complaint Summary</u>**

Kaivalya Rawal is co-counsel in a civil lawsuit against you in the Eastern District of New York, Court File No. 1:26-cv-00580. You are representing yourself *pro se*. You allege that Mr. Rawal participated in the case prior to being admitted to appear before the Eastern District of New York or obtaining pro hac vice status. You also allege that he submitted a pro hac vice application that "omitted" sixteen days he spent working on the case prior to the application, and that the application had procedural deficiencies. The publicly available records in the case indicate that Mr. Rawal's petition to appear pro hac vice was granted by the judge on April 30, 2026. You further allege that Mr. Rawal improperly accessed your information because you believe it is protected under the Violence Against Women Act (VAWA). You filed a motion expressing your concerns on May 6, 2026, which is still pending.

**<u>Reasons for Decision Not to Investigate</u>**

Rule 8(a), Rules on Lawyers Professional Responsibility, adopted by the Minnesota Supreme Court, states:

> [U]pon a reasonable belief that professional misconduct may have occurred, the Director may make such investigation as the Director deems appropriate . . . .

Your complaint does not state a basis for a reasonable belief that misconduct may have occurred. Each state issues its own ethics rules and interprets those rules. Many states and the Federal courts allow for temporary practice in a state even if not licensed in the state.

Minnesota would not consider this the unauthorized practice of law in Minnesota federal court if the conduct was done by a New York attorney. If you wish, you can raise your complaint to the judge presiding over the federal case. The Director defers to New York on the issue of whether Mr. Rawal's conduct is consistent with New York's ethics rules for lawyers. Therefore, your complaint will not be investigated.

To the extent that you allege that Mr. Rawal improperly accessed information about you that is protected by federal law, this is an issue to raise before the judge in your federal case. The federal court is in the best position to determine if this evidence was obtained contrary to the federal court's admission requirements.

The Director's Office cannot represent you in any legal matter or give legal advice. You must retain an attorney if either legal advice or representation is desired.

NOTICE OF RIGHT TO APPEAL

If you are not satisfied with the Director's determination not to investigate this complaint, an appeal may be made by notifying the **Lawyers Professional Responsibility Board (Board), 25 Rev. Dr. Martin Luther King, Jr. Blvd., Ste. 305, St. Paul, MN 55155,** in a letter postmarked no later than fourteen (14) days after the date of this notice, or by email to LPRBgeneral@courts.state.mn.us. The letter of appeal should state the reason(s) why you believe the matter should be investigated. A Board member will review the appeal. The Board is comprised of 14 lawyers and 9 non-lawyers appointed by the Minnesota Supreme Court. Appeals are assigned to individual Lawyers Board members by the Board Chair according to when they are received. The Board members' options on appeal are limited to either approving the Director's decision not to investigate the complaint or directing that the complaint or some portion of the complaint be investigated. This determination will generally be based upon the information which is already contained in the file.

Mr. Rawal is, by way of a copy of this determination and your complaint, being notified of your complaint and our decision not to investigate.

SUSAN M. HUMISTON
DIRECTOR OF THE OFFICE OF LAWYERS
PROFESSIONAL RESPONSIBILITY
Minnesota Judicial Center, Suite 105
25 Rev. Dr. Martin Luther King Jr. Blvd.
St. Paul, MN 55155
(651) 296-3952

cc: Kaivalya H. Rawal

June 20, 2026

Lawyers Professional Responsibility Board
25 Rev. Dr. Martin Luther King, Jr. Blvd., Suite 305
St. Paul, MN 55155
LPRBgeneral@courts.state.mn.us

**Re: Appeal of Determination That Discipline Is Not Warranted Without Investigation**
**In the Matter of the Complaint of Srijani Chatterjee against Kaivalya H. Rawal,**
**a Minnesota Attorney, Registration No. 0504809**

To the Lawyers Professional Responsibility Board:

I respectfully appeal the Director's determination, dated and received by me on June 15, 2026, declining to investigate my complaint against Kaivalya H. Rawal, Esq. without investigation. This appeal is submitted within the fourteen-day period prescribed by the determination. I ask the Board to direct that the complaint be investigated.

I am a complainant who is myself a lawyer qualified in England and Wales. I respectfully submit that the determination rests on multiple legal errors, each of which independently warrants Board review and direction that the complaint be investigated.

At the outset, I wish to be clear about what this appeal does and does not ask the Board to do. This appeal does not ask the Board to resolve the merits of the underlying federal litigation, the admissibility of any evidence, or the ultimate scope of any federal confidentiality protections. It asks only whether the complaint presented sufficient grounds to investigate the professional conduct of a Minnesota-licensed attorney under Rule 8(a) of the Rules on Lawyers Professional Responsibility and Rule 8.5 of the Minnesota Rules of Professional Conduct.

**I. The Determination Conflates Disciplinary Jurisdiction with Choice of Law, Contrary to Rule 8.5.**

The Director declined to investigate on the stated ground that "Minnesota would not consider this the unauthorized practice of law in Minnesota federal court if the conduct was done by a New York attorney," and that the Director "defers to New York on the issue of whether Mr. Rawal's conduct is consistent with New York's ethics rules." With respect, this reasoning conflates two distinct questions that Rule 8.5 of the Minnesota Rules of Professional Conduct treats separately: whether Minnesota has disciplinary authority, and which jurisdiction's rules apply to the conduct.

Rule 8.5(a) provides that a lawyer admitted to practice in Minnesota is subject to the disciplinary authority of Minnesota regardless of where the lawyer's conduct occurs. Mr. Rawal is a Minnesota-licensed attorney, Registration No. 0504809. Minnesota's disciplinary authority over him does not lapse because the conduct occurred in a New York federal proceeding. The question of where the conduct occurred goes to choice of law under Rule 8.5(b), not to whether Minnesota may

investigate at all.

Rule 8.5(b) then directs which rules apply. For conduct in connection with a matter pending before a tribunal, the rules to be applied are those of the jurisdiction in which the tribunal sits, unless the rules of the tribunal provide otherwise. That choice-of-law rule tells the Director which standard to apply in evaluating the conduct; it does not authorize the Director to decline jurisdiction over a Minnesota licensee altogether and refer the complainant elsewhere. Even applying New York or Eastern District of New York standards, it remains Minnesota's responsibility to investigate the conduct of its own licensee. The determination treats a choice-of-law principle as though it were a jurisdictional bar. That is the central error in the determination.

**II. The Complaint Crosses the Rule 8(a) Threshold for Investigation.**

Rule 8(a) of the Rules on Lawyers Professional Responsibility authorizes investigation upon a reasonable belief that professional misconduct may have occurred. At the screening stage, the question is not whether misconduct has been proved, but whether the complaint and supporting materials establish a reasonable basis to believe misconduct may have occurred. The Director did not dispute any of the facts set out in my complaint; she declined solely on the jurisdictional reasoning addressed above. The following facts, drawn from the public docket, establish a reasonable basis to believe misconduct may have occurred:

First, Mr. Rawal was copied on substantive meet-and-confer correspondence concerning VAWA-protected discovery beginning April 13, 2026 — sixteen days before he filed his pro hac vice motion and seventeen days before he was admitted — over my written objections filed April 13 and April 14, 2026.

Second, from April 16 to April 29, 2026, Mr. Rawal continued to receive materials within the scope of the Court's attorneys'-eyes-only protective order (ECF No. 35) for thirteen days while he was not Plaintiffs' counsel of record. The protective order restricted those materials to "Plaintiffs' counsel." The materials produced in response to the subpoena on my sublessor — which contained my Social Security Number and passport identification page — were produced three days before the protective order was entered, meaning Mr. Rawal received them outside any protective framework at all.

Third, Mr. Rawal's pro hac vice motion (ECF No. 49) disclosed neither his sixteen days of prior participation nor his receipt of protected materials while not yet admitted. I further raised in my complaint whether the supporting affidavit (ECF No. 49-2), notarized by lead co-counsel of record, complied with the procedural requirements governing pro hac vice submissions in the Eastern District of New York.

Taken together, these facts establish a reasonable basis to believe misconduct may have occurred. Declining to investigate where the complaint crosses the Rule 8(a) threshold, on jurisdictional grounds that are themselves erroneous, is not a proper application of Rule 8(a).

**III. The Determination Does Not Address the Rule 8.4(c) and 8.4(d) Allegations, Which Are Independent of Any New York Unauthorized-Practice Question.**

The Director's reasoning addresses only the unauthorized-practice-of-law question under Rule 5.5(a). My complaint, however, also raised conduct that could present questions under Rule 8.4(c) (dishonesty, fraud, deceit, or misrepresentation) and Rule 8.4(d) (conduct prejudicial to the administration of justice). These questions do not depend on which jurisdiction's unauthorized-practice rule applies.

If a lawyer sought pro hac vice admission after already participating substantively in the matter and receiving materials restricted to counsel, omission of those facts from the application materials could present a question under Rule 8.4(c) warranting investigation. Likewise, an immigration attorney accepting access to a VAWA self-petitioner's protected information, over the petitioner's written objection and before court authorization, could present a question under Rule 8.4(d). The determination does not mention Rule 8.4(c) or Rule 8.4(d). A declination that addresses only one of several independent bases for a complaint, while leaving the remaining allegations unaddressed, does not fully dispose of the complaint and provides the Board with an independent basis to direct investigation.

**IV. The Existence of a Pending Civil Motion Is Not a Proper Basis to Decline Investigation.**

The determination notes that my motion concerning Mr. Rawal's pre-admission access, filed May 6, 2026, "is still pending," and suggests that the federal court is the appropriate forum. A pending civil motion does not resolve the question of professional discipline. The federal court determines the litigation consequences of the conduct — for example, whether evidence was improperly obtained. The disciplinary authority determines a different question: whether the attorney's conduct reflects on his professional fitness. These are distinct inquiries governed by distinct standards, and the resolution of one does not resolve the other.

The determination treats the federal forum and the disciplinary forum as mutually exclusive. They are not. That a federal court may address the evidentiary consequences of Mr. Rawal's access does not relieve Minnesota of its responsibility to evaluate whether its own licensee's conduct complied with the Minnesota Rules of Professional Conduct. Both proceedings may properly proceed in parallel.

**V. The Federal Confidentiality Dimension Is a Reason for Scrutiny, Not Deferral.**

The determination states that the question whether Mr. Rawal improperly accessed information protected under the Violence Against Women Act "is an issue to raise before the judge in your federal case." I am not asking the Board to adjudicate the merits of any federal statutory claim under 8 U.S.C. § 1367. Rather, I submit that the complaint alleged attorney conduct involving access to VAWA-sensitive materials and the handling of information protected by federal confidentiality policy. Those allegations bear directly on whether a Minnesota licensee engaged in conduct warranting investigation under the Minnesota disciplinary rules. The existence of overlapping federal issues is therefore a reason for careful disciplinary scrutiny, not a reason to decline investigation altogether.

**VI. Relief Requested.**

For the foregoing reasons, I respectfully request that the Board:

(1) decline to approve the Director's determination;

(2) direct that the complaint be investigated under Rule 8(a) of the Rules on Lawyers Professional Responsibility;

(3) specifically direct that the investigation include the allegations under Rule 8.4(c) and Rule 8.4(d), which the determination does not address; and

(4) confirm that Rule 8.5 of the Minnesota Rules of Professional Conduct does not eliminate Minnesota's disciplinary authority over a Minnesota-licensed attorney for conduct occurring in another jurisdiction.

**VII. Certification.**

I declare that the factual statements in this appeal are true and correct to the best of my knowledge and belief, and are based on the documentary record of the federal action *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (AMD)(VMS), United States District Court, Eastern District of New York, and on my personal knowledge of the events described.

Respectfully submitted,

Srijani Chatterjee
srijanic@icloud.com
Dated: June 20, 2026

**LAWYERS PROFESSIONAL RESPONSIBILITY BOARD**
SUITE 305-I
MINNESOTA JUDICIAL CENTER
25 REV. DR. MARTIN LUTHER KING JR. BLVD.
ST. PAUL, MINNESOTA 55155
lprbgeneral@courts.state.mn.us

TELEPHONE (651) 297-7610

https://lprb.mncourts.gov/about/lawyers-board-directory/

July 2, 2026

Srijani Chatterjee
Sent via Email:
srijanic@icloud.com

Re: Kaivalya H. Rawal, Attorney at Law, File No. 51824.

Dear Ms. Chatterjee

Your appeal of the Director's disposition in the above matter has been received and the Board Chair has assigned your appeal to Board member Sharon Van Leer.

The respondent attorney has been provided a copy of your appeal letter. The Board member will notify the parties, in writing, of the final decision concerning your appeal.

Very truly yours,

*Ava Shannon*

Ava Shannon
Board Administrative Assistant

cc: Sharon Van Leer.
Kaivalya Rawal