ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION
of the
SUPREME COURT OF ILLINOIS

One Prudential Plaza
130 East Randolph Drive, Suite 1500
Chicago, Illinois 60601-6219
(312) 565-2600 (800) 826-8625
Fax (312) 565-2320

3161 West White Oaks Drive, Suite 301
Springfield, IL 62704
(217) 546-3523 (800) 252-8048
Fax (217) 546-3785

Kaivalya Harsukh Rawal
By email: [redacted]

Chicago
July 8, 2026

Re: Kaivalya Harsukh Rawal
in relation to
Srijani Chatterjee
No. 2026IN02428

Dear Mr. Rawal:

We have received a communication regarding your conduct from Srijani Chatterjee. A copy is attached.

We have reviewed the communication and have determined that no action is warranted. We have so advised Ms. Srijani Chatterjee.

As you may know, our file in this matter is private and confidential.

Very truly yours,

*Destiny A. Collins*

Destiny A. Collins
Counsel
ARDC Intake Division

DAC:ng
Attachment
4933-4307-9099, v. 1

| | |
|---|---|
| **From:** | Srijani Chatterjee <srijanic91@gmail.com> |
| **Sent:** | Tuesday, May 5, 2026 1:03 PM |
| **To:** | ARDC Information |
| **Subject:** | Formal Grievance Complaint Against Kaivalya H. Rawal, Esq. — Illinois Attorney, Pro Hac Vice Counsel, Eastern District of New York |
| **Attachments:** | ARDC Complaint Rawal.pdf |

Dear Attorney Registration and Disciplinary Commission:

I am submitting a formal grievance complaint against Kaivalya H. Rawal, Esq., an Illinois-licensed attorney practicing at The Kaivalya H. Rawal Law Firm, LLC (khr@krlaw.law). My complaint is attached.

Respondent participated as pro hac vice co-counsel for Plaintiffs in Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS), pending in the United States District Court for the Eastern District of New York. I am the Defendant in that action and a VAWA self-petitioner with prima facie approval from USCIS. The Plaintiffs are the individuals identified in my VAWA petition as my abusers.

The complaint documents three violations: (1) Respondent's participation in VAWA-sensitive discovery proceedings before his admission to the Eastern District of New York, over my timely written objections; (2) his acceptance of access to those proceedings as an immigration attorney with adverse interests in a matter directly concerning a VAWA petitioner's protected information, in violation of 8 U.S.C. § 1367; and (3) his submission of a pro hac vice application that omitted sixteen days of prior unauthorized participation and was procedurally deficient under Local Civil Rule 1.3(c) of the Eastern District of New York.

Each violation is documented in the federal court record. I respectfully request that the Commission open a formal investigation.

Respectfully submitted,
Srijani Chatterjee
srijanic91@gmail.com

May 4, 2026

Attorney Registration and Disciplinary Commission
Supreme Court of Illinois
130 E. Randolph Dr., Suite 1500
Chicago, Illinois 60601-6219
information@iardc.org

**Re: Formal Grievance Complaint Against Kaivalya H. Rawal, Esq.**
The Kaivalya H. Rawal Law Firm, LLC | khr@krlaw.law
Illinois Attorney — Pro Hac Vice Applicant, United States District Court,
Eastern District of New York, Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS)

Dear Attorney Registration and Disciplinary Commission:

**Complainant:** Srijani Chatterjee, srijanic91@gmail.com
**Respondent:** Kaivalya H. Rawal, Esq., The Kaivalya H. Rawal Law Firm, LLC, khr@krlaw.law
**Related Proceedings:** Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS), United States District Court, Eastern District of New York

**I. Introduction and Nature of Complaint.**

Complainant Srijani Chatterjee respectfully submits this formal grievance complaint against Kaivalya H. Rawal, Esq., an Illinois-licensed attorney practicing at The Kaivalya H. Rawal Law Firm, LLC. Respondent participated as co-counsel for Plaintiffs Deven Sanon and Simran Hotchandani in Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS), pending in the United States District Court for the Eastern District of New York. Complainant is the Defendant in that action. She is a domestic violence victim with a prima facie approved VAWA self-petition from USCIS. The Plaintiffs are the individuals identified in her VAWA petition as her abusers.

This complaint arises from Respondent's participation in VAWA-sensitive discovery communications before he was formally admitted to the Eastern District of New York, over Complainant's timely written objections, as an immigration attorney with adverse interests in a matter directly concerning a VAWA petitioner's protected immigration information. Respondent's conduct violated the Illinois Rules of Professional Conduct and 8 U.S.C. § 1367. Each violation is established by the documentary record.

**II. Background.**

Complainant has a VAWA self-petition with three successive prima facie determinations from USCIS, the most recent issued February 25, 2026, with an expiration date of August 24, 2026. Plaintiffs filed this defamation action against Complainant on February 2, 2026. On April 10, 2026, the Court entered an order limiting discovery to two narrow categories: non-party discovery from social media entities and internet service providers, and jurisdictional discovery. All other discovery was stayed. On April 16, 2026, the Court entered an attorneys'-eyes-only protective order *sua sponte* in response to Plaintiffs' discovery conduct. On April 23, 2026, the Court stayed compliance with a subpoena to Complainant's VAWA immigration attorney *sua sponte* on the same day it was reported to the Court.

Respondent Rawal is an immigration attorney. His identified practice area is immigration law. He was involved in the parallel Bronx County proceedings (Index No. 818359/2025E) in which Plaintiffs sought Complainant's identifying information as of October 14, 2025 — proceedings Plaintiffs abandoned on February 2, 2026, the same day this federal action was filed. He filed a pro hac vice motion (ECF No. 49) on April 29, 2026, and was admitted on April 30, 2026.

**III. Violation I — Pre-Admission Participation in VAWA-Sensitive Proceedings Over Complainant's Written Objection (April 13–29, 2026).**

*Conduct:* Beginning on April 13, 2026 — sixteen days before his pro hac vice motion was filed and seventeen days before he was admitted — Respondent Rawal was copied on meet-and-confer correspondence by lead counsel Daniel S. Szalkiewicz, Esq. concerning VAWA-related discovery disputes. Those communications concerned subpoenas seeking Complainant's location data, photographs, communications with third parties, and other information directly related to her VAWA petition and identity. Complainant objected in writing on April 13 and April 14, 2026, specifically on the grounds that Respondent had not appeared in the action and that the matters involved pending VAWA-related protective relief (ECF No. 29). Despite those objections, Respondent continued to be included in subsequent VAWA-sensitive communications. Lead counsel described Respondent's role alternately as co-counsel and as participating in a consulting capacity. Respondent did not withdraw from those communications, did not advise lead counsel to cease copying him, and did not notify the Court of his participation.

Respondent's participation was not inadvertent. He received communications concerning discovery disputes directly implicating Complainant's VAWA petition contents, location, and identity. He was simultaneously involved in the Bronx County proceedings that had sought the same categories of information. His practice area is immigration law. The purpose of his inclusion in these communications — made by lead counsel, over Complainant's written objection, before formal admission — is apparent from his practice area, his prior involvement

in the parallel proceedings, and the subject matter of the communications. Respondent's admission on April 30, 2026 does not cure this conduct. The pre-admission participation is complete and its consequences — Respondent's receipt of VAWA-sensitive communications before any court had authorized his access — cannot be undone by subsequent admission.

*Illinois Rules of Professional Conduct Violated:*

Illinois Rule 5.5(a) prohibits a lawyer from practicing law in a jurisdiction in violation of the regulation of the legal profession in that jurisdiction. Participating in substantive meet-and-confer communications in a federal court action in the Eastern District of New York — concerning discovery disputes in a pending federal civil action — before being admitted to that court constitutes the practice of law in that jurisdiction without authorization. Respondent's participation in VAWA-sensitive discovery communications before formal admission, over Complainant's written objection, violated Rule 5.5(a).

Illinois Rule 8.4(a) prohibits a lawyer from violating or attempting to violate the Rules of Professional Conduct. By participating in proceedings before a court that had not yet admitted him, Respondent violated Rule 8.4(a) through his violation of Rule 5.5(a).

Illinois Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice. Participating in VAWA-sensitive discovery communications without court authorization, over the opposing party's written objection, in a matter where the opposing party's VAWA petition contents were directly at issue, is conduct prejudicial to the administration of justice. The Eastern District of New York's local rules exist to ensure that the Court has supervisory authority over who participates in its proceedings. Respondent's pre-admission participation circumvented that supervisory authority.

**IV. Violation II — Circumvention of 8 U.S.C. § 1367 Through Participation as Adverse Immigration Counsel in VAWA-Sensitive Communications.**

*Conduct:* Respondent Rawal is an immigration attorney. His identified practice area is immigration law. He was included in VAWA-sensitive meet-and-confer correspondence beginning April 13, 2026, concerning discovery disputes directly related to Complainant's VAWA petition — including subpoenas seeking Complainant's location data, photographs, and communications with third parties. Complainant's VAWA petition identifies Plaintiffs Deven Sanon and Simran Hotchandani by name as her abusers and has received three successive prima facie determinations from USCIS. Respondent was simultaneously involved in the Bronx County proceedings in which Plaintiffs sought Complainant's identifying information. His inclusion in VAWA-sensitive communications — by Plaintiffs' lead counsel, over Complainant's objection, before formal admission — provided an immigration attorney with adverse interests direct access to materials and communications protected under 8 U.S.C. § 1367.

8 U.S.C. § 1367 absolutely prohibits any person from seeking, obtaining, or compelling, by any means, information relating to a VAWA petitioner's petition. The deliberate inclusion of an adverse immigration attorney in communications concerning VAWA-sensitive discovery — over the petitioner's written objection — is precisely the conduct § 1367 was enacted to prevent. Respondent's acceptance of that access, without objection, without disclosure to the Court, and without notifying lead counsel to cease copying him, made him a participant in a violation of federal law.

*Illinois Rules of Professional Conduct Violated:*

Illinois Rule 8.4(b) prohibits a lawyer from committing a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer. Participation in conduct that violates 8 U.S.C. § 1367 — a federal statute that absolutely prohibits seeking or obtaining VAWA petition information — reflects adversely on Respondent's fitness as a lawyer within the meaning of this Rule.

Illinois Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice. An immigration attorney with adverse interests accepting access to VAWA-sensitive discovery communications — over the petitioner's written objection, before formal court admission, in a matter where the petitioner's identified abusers are the adverse parties — is conduct that is prejudicial to the administration of justice and contrary to the federal policy of 8 U.S.C. § 1367.

Illinois Rule 8.4(a) prohibits a lawyer from violating or attempting to violate the Rules of Professional Conduct. Respondent's participation in conduct that violated 8 U.S.C. § 1367 and constituted the unauthorized practice of law under Rule 5.5(a) independently violates Rule 8.4(a).

**V. Violation III — Prior Involvement in Parallel Proceedings Seeking Complainant's Identifying Information.**

*Conduct:* Respondent was engaged in the parallel Bronx County proceedings (Index No. 818359/2025E, Supreme Court of the State of New York, County of Bronx) in which Plaintiffs sought Complainant's identifying information, as of October 14, 2025. Those proceedings were abandoned by Plaintiffs on February 2, 2026 — the same day this federal action was filed. The transition from the Bronx County proceedings to this federal action was seamless: Plaintiffs abandoned the state proceedings and simultaneously filed the federal complaint. Respondent's prior involvement in the state proceedings, followed by his inclusion in VAWA-sensitive federal discovery communications before his formal admission, reflects a continuous course of conduct directed at obtaining Complainant's protected information across two proceedings.

*Illinois Rules of Professional Conduct Violated:*

Illinois Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice. Participating in a continuous course of conduct across two proceedings — first in state court and then in federal court — directed at obtaining a VAWA petitioner's identifying information, while the petitioner's abusers are the adverse parties in both proceedings, is conduct prejudicial to the administration of justice.

**VI. Violation IV — Failure to Disclose Pre-Admission Participation and Its Consequences to the Court.**

*Conduct:* Respondent filed a pro hac vice motion on April 29, 2026 (ECF No. 49). That motion did not disclose to the Court that Respondent had already been participating in VAWA-sensitive discovery communications for sixteen days before the motion was filed. The Court granted the motion without the benefit of that information. A pro hac vice applicant who seeks the Court's authorization to participate in proceedings is obligated to disclose material facts bearing on that application. Respondent's pre-admission participation in VAWA-sensitive communications — over the opposing party's written objection — was directly material to the Court's evaluation of whether his admission was appropriate and what conditions, if any, should attach to it. That fact was not disclosed.

Additionally, the pro hac vice affidavit filed at ECF No. 49-2 was notarized by Daniel S. Szalkiewicz, Esq. — Respondent's own lead counsel of record in this action. Local Civil Rule 1.3(c) of the Eastern District of New York requires a separate affidavit from an attorney admitted to that Court attesting to the applicant's character. Notarization by lead counsel in the same action does not satisfy the independent attestation requirement. Respondent submitted a procedurally deficient application and was admitted on the basis of it.

*Illinois Rules of Professional Conduct Violated:*

Illinois Rule 3.3(a)(1) prohibits a lawyer from making a false statement of fact or law to a tribunal or failing to disclose a fact to the tribunal when disclosure is necessary to avoid assisting a criminal or fraudulent act. Filing a pro hac vice application that omits the material fact of sixteen days of pre-admission participation in VAWA-sensitive proceedings — over the opposing party's written objection — is a failure to disclose a material fact to the tribunal within the meaning of this Rule.

Illinois Rule 8.4(c) prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. Submitting a pro hac vice application that presents itself as a first application for admission while omitting the applicant's prior unauthorized participation in the proceedings is conduct involving misrepresentation within the meaning of this Rule.

**VII. Relief Requested.**

Complainant respectfully requests that the Attorney Registration and Disciplinary Commission: (1) open a formal investigation into the conduct of Kaivalya H. Rawal, Esq.; (2) issue appropriate charges under the Illinois Rules of Professional Conduct as warranted by the Commission's investigation; (3) impose such disciplinary sanctions as the Commission deems appropriate, up to and including suspension from the practice of law; and (4) notify the Committee on Grievances of the United States District Court for the Eastern District of New York of this complaint, given that the conduct at issue occurred in proceedings before that Court.

Respondent's pre-admission participation in VAWA-sensitive proceedings is complete and documented. His April 30, 2026 admission does not cure it. The communications he received before admission — concerning VAWA-related discovery in a matter where the opposing party is a VAWA petitioner whose abusers are his clients — cannot be unread. The Commission is respectfully urged to act.

**VIII. Certification.**

I, Srijani Chatterjee, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct to the best of my knowledge and belief, and that the facts stated herein are based on the documentary record referenced above and on my personal knowledge of the events described.

Respectfully submitted,

/s/ Srijani Chatterjee

Srijani Chatterjee

srijanic91@gmail.com

Dated: May 4, 2026

**From:** Srijani Chatterjee <srijanic91@gmail.com>
**Sent:** Thursday, May 7, 2026 7:59 AM
**To:** ARDC Information
**Subject:** Supplemental Letter — Grievance Complaint Against Kaivalya H. Rawal, Esq. — Two Additional Grounds
**Attachments:** ARDC Supplemental Letter Rawal.pdf

Dear Attorney Registration and Disciplinary Commission:

I write to supplement the formal grievance complaint I submitted against Kaivalya H. Rawal, Esq. on May 4, 2026. My supplemental letter is attached.

The supplement reports two additional grounds not addressed in the initial complaint:
First, receipt of AEO-designated materials outside the permitted disclosure category of the federal court's April 16, 2026 attorneys'-eyes-only order. Respondent was not admitted to the Eastern District of New York until April 30, 2026. From April 16 through April 29 — a thirteen-day window — he continued to receive VAWA-sensitive discovery communications within the AEO order's protective scope while he was not Plaintiffs' counsel of record. His subsequent admission does not cure that receipt. His pro hac vice application did not disclose it.

Second, a potential parallel representation concern. If Respondent represents or advises any Plaintiff, any family member of any Plaintiff, or any person in privity with any Plaintiff in any immigration matter, his inclusion in VAWA-sensitive discovery communications was a direct channel through which VAWA petition contents could reach persons with adverse immigration interests in those contents — the precise circumstance 8 U.S.C. § 1367 was enacted to prevent.

I respectfully request that the Commission incorporate these additional grounds into its investigation of Respondent.

Respectfully submitted,
Srijani Chatterjee

srijanic91@gmail.com

> On May 5, 2026, at 19:03, Srijani Chatterjee <srijanic91@gmail.com> wrote:
>
> Dear Attorney Registration and Disciplinary Commission:
>
> I am submitting a formal grievance complaint against Kaivalya H. Rawal, Esq., an Illinois-licensed attorney practicing at The Kaivalya H. Rawal Law Firm, LLC (khr@krlaw.law). My complaint is attached.

Respondent participated as pro hac vice co-counsel for Plaintiffs in Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS), pending in the United States District Court for the Eastern District of New York. I am the Defendant in that action and a VAWA self-petitioner with prima facie approval from USCIS. The Plaintiffs are the individuals identified in my VAWA petition as my abusers.

The complaint documents three violations: (1) Respondent's participation in VAWA-sensitive discovery proceedings before his admission to the Eastern District of New York, over my timely written objections; (2) his acceptance of access to those proceedings as an immigration attorney with adverse interests in a matter directly concerning a VAWA petitioner's protected information, in violation of 8 U.S.C. § 1367; and (3) his submission of a pro hac vice application that omitted sixteen days of prior unauthorized participation and was procedurally deficient under Local Civil Rule 1.3(c) of the Eastern District of New York.

Each violation is documented in the federal court record. I respectfully request that the Commission open a formal investigation.

Respectfully submitted,
Srijani Chatterjee
srijanic91@gmail.com

<ARDC Complaint Rawal.pdf>

May 6, 2026

Attorney Registration and Disciplinary Commission
Supreme Court of Illinois
130 E. Randolph Dr., Suite 1500
Chicago, Illinois 60601-6219
information@iardc.org

**Re: Supplemental Letter — Formal Grievance Complaint Against Kaivalya H. Rawal, Esq.**
Two Additional Grounds Not Addressed in Initial Complaint
Sanon et al. v. Chatterjee, No. 1:26-cv-00580 (AMD)(VMS)

Dear Attorney Registration and Disciplinary Commission:

I write to supplement the formal grievance complaint I submitted against Kaivalya H. Rawal, Esq. The initial complaint documented three violations: unauthorized pre-admission participation in VAWA-sensitive proceedings, circumvention of 8 U.S.C. § 1367 through participation as adverse immigration counsel, and submission of a deficient and incomplete pro hac vice application. This supplement reports two additional grounds that were not addressed in the initial complaint. Each is established by the documentary record.

**I. Additional Ground — Receipt of AEO-Designated Materials Outside the Permitted Disclosure Category of the Court's April 16, 2026 Order.**

On April 16, 2026, the United States District Court for the Eastern District of New York entered an attorneys'-eyes-only protective order *sua sponte* (ECF No. 34), requiring "Plaintiffs' counsel" to maintain subpoenaed documents and information as attorneys'-eyes-only during the pendency of motions before the Court. Respondent Rawal was not admitted to that Court until April 30, 2026. From April 16 through April 29, 2026 — a thirteen-day window — Respondent continued to receive VAWA-sensitive communications concerning discovery within the AEO order's protective scope while he was not Plaintiffs' counsel of record in the proceeding. He was therefore outside the order's permitted disclosure category during the entire period in which those communications were received.

Respondent's April 30, 2026 admission does not cure the pre-admission receipt of AEO-designated materials. Receipt of such materials by a person outside the order's permitted disclosure category, during the pendency of the order, is not retroactively cured by subsequent admission. Respondent did not disclose this receipt to the Court in his pro hac vice application. The timing of the PHV motion — filed sixteen days after pre-admission participation began and thirteen days after the AEO order issued — raises the question of whether it was filed to

retroactively recharacterize unauthorized receipt of AEO-designated materials as receipt by "Plaintiffs' counsel." That question warrants investigation.

*Illinois Rules of Professional Conduct Violated:*

Illinois Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice. Receiving materials designated attorneys'-eyes-only under a court order, during the operative period of that order, while outside its permitted disclosure category — and then omitting that fact from a subsequent application for admission — is conduct prejudicial to the administration of justice.

Illinois Rule 3.3(a)(1) prohibits a lawyer from failing to disclose a fact to a tribunal when disclosure is necessary. Filing a pro hac vice application that omits thirteen days of receipt of AEO-designated materials during the operative period of the Court's protective order is a failure to disclose a material fact to the tribunal within the meaning of this Rule.

Illinois Rule 8.4(c) prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. Filing a PHV application timed to retroactively recharacterize unauthorized receipt of AEO-designated materials as authorized receipt, without disclosing that receipt to the Court, is conduct involving misrepresentation within the meaning of this Rule.

**II. Additional Ground — Potential Parallel Representation Creating a Channel for VAWA Petition Contents to Reach Adverse Immigration Interests.**

Respondent is an immigration attorney. A VAWA self-petition that names specific individuals as the petitioner's abusers can have direct consequences for those individuals' own immigration matters — pending applications may face additional scrutiny, existing status may be subject to review, and future filings may be evaluated against the VAWA petition's factual record. The named-abuser individuals therefore have a concrete adverse interest in the contents of the VAWA petition, not merely as civil defendants but as immigration applicants or status-holders.

The record does not disclose whether Respondent currently represents, has represented, or is advising any Plaintiff, any family member of any Plaintiff, or any person in privity with any Plaintiff in any immigration matter. If he does, his inclusion in VAWA-sensitive discovery communications — over Complainant's written objection, before formal admission, and within the AEO order's operative period — was not ordinary co-counsel coordination. It was a direct channel through which VAWA petition contents could reach an immigration attorney whose other clients have adverse interests in those contents. This is precisely the circumstance 8 U.S.C. § 1367 was enacted to prevent. Respondent's prior involvement in the Bronx County proceedings seeking Complainant's identifying information establishes that he is not a fresh participant. The question of whether he also carries parallel immigration representations

adverse to Complainant's VAWA status warrants investigation.

*Illinois Rules of Professional Conduct Violated:*

Illinois Rule 1.7 prohibits a lawyer from representing a client if the representation involves a concurrent conflict of interest. If Respondent represents any person whose immigration interests are adversely affected by the contents of Complainant's VAWA petition, his participation in discovery concerning that petition creates a concurrent conflict of interest within the meaning of this Rule.

Illinois Rule 8.4(d) prohibits conduct that is prejudicial to the administration of justice. An immigration attorney accepting access to VAWA-sensitive discovery communications in a matter where his other clients have adverse interests in the VAWA petition's contents — over the petitioner's written objection, before formal admission, and within the AEO order's operative period — is conduct prejudicial to the administration of justice.

Illinois Rule 8.4(c) prohibits conduct involving dishonesty, fraud, deceit, or misrepresentation. Participating in VAWA-sensitive proceedings without disclosing a potential conflict arising from parallel representations adverse to the VAWA petitioner is conduct involving misrepresentation within the meaning of this Rule.

**III. Relief Requested.**

Complainant respectfully requests that the Commission incorporate these additional grounds into its investigation of Kaivalya H. Rawal, Esq., and treat them as independent grounds for discipline alongside the violations documented in the initial complaint. Complainant further requests that the Commission direct disclosure of whether Respondent represents or advises any Plaintiff, any family member of any Plaintiff, or any person in privity with any Plaintiff in any immigration matter, as this information is necessary to fully evaluate the violations described herein.

Respectfully submitted,

/s/ Srijani Chatterjee

Srijani Chatterjee
srijanic91@gmail.com

Dated: May 6, 2026