PELTA | LAW
1390 MARKET STREET, SUITE 200
SAN FRANCISCO, CA 94102
TEL. 415-963-1152
E-MAIL: MARC@PELTALAW.COM

September 25, 2026

**Via ECF**
Hon. Marcia M. Henry
United States Magistrate Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

Re: *Sanon et al. v. Chatterjee*, No. 1:26-cv-00580 (OEM)(MMH)
Plaintiffs' Failure to File Their Opposition to Defendant's Motion to Dismiss the First Amended Complaint

To: The Honorable United States Magistrate Court Judge Marcia M. Henry,

I represent Defendant Srijani Chatterjee in the above-referenced action. I write to bring to the Court's attention Plaintiffs' failure to timely file their Opposition and comply with the Court's Scheduling Order of July 6, 2026, Section III.G.2 of the Honorable United States District Court Judge Merchant's Individual Practices and Rules, Fed. R. Civ. P. 5(d)(1)(A) and 6(b)(1)(B), and Local Civil Rule 7.1(c), and to request appropriate relief. Defendant's motion to dismiss the First Amended Complaint was fully briefed on September 18, 2026, and Defendant filed her papers on the docket that day (ECF No. 88). Notably, Your Honor, Plaintiffs failed to comply with the Court's Scheduling Order and did not file their Opposition. The motion was referred to Your Honor by Order dated September 22, 2026.

Plaintiffs' opposition has failed to comply with the governing rules at every stage. It was served on Defendant on September 5, 2026, <u>one day after</u> the Court-ordered deadline. Once a deadline has passed, the Court may extend it only "on motion made after the time has expired <u>if the party failed to act because of excusable neglect</u>" (Fed. R. Civ. P. 6(b)(1)(B)(Emphasis Added). However and significantly, <u>Plaintiffs made no such motion to the Court for any extension of time for their Opposition</u>. The opposition they served on Defendant to author the timely-filed Reply's Memorandum of Law also exceeded the 25-page limit of Section III.F of Judge Merchant's Individual Practices and Rules, again without leave from the Court to exceed the page limit. Furthermore, it was served without a certificate of compliance. A brief filed by an attorney "must include a certificate by the attorney . . . that the document complies with the word-count limitations," and "[t]he certificate must state the number of words in the document" (Local Civil Rule 7.1(c). Plaintiffs have therefore never represented that their opposition complies with any word limit. And, more to the point given the case's procedural posture, their Opposition, has never been filed. "Any paper after the complaint that is required to be served must be filed no later than a reasonable time after service" (Fed. R. Civ. P. 5(d)(1)(A). Section III.G.2 of the Honorable Judge Merchant's Individual Practices and Rules

required Plaintiffs to file on September 18, 2026, the date the motion was fully briefed by the Defendant in compliance with the Court's Order and deadline. However, six days have passed since that consequential deadline, and Plaintiffs have neither filed nor sought an extension from the Court as required. Plaintiffs have not been absent from the docket: to wit, on September 21, 2026, they filed a letter concerning matters unrelated to the pending motion to dismiss (ECF No. 89). They still have not filed their opposition and therefore should bear the consequences.

Plaintiffs' failure to obey the Court's briefing order is independently sanctionable. Where "a party or its attorney . . . fails to obey a scheduling or other pretrial order," the Court may, "[o]n motion or on its own," issue "any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii)" (Fed. R. Civ. P. 16(f)(1)(C). The Court further "must order the party, its attorney, or both to pay the reasonable expenses - including attorney's fees - incurred because of any noncompliance" unless the noncompliance was substantially justified or other circumstances make an award unjust (See Fed. R. Civ. P. 16(f)(2). Defendant's Counsel will comply with any Order from the Court, including to document the expense in litigating this case thus far.

Defendant therefore respectfully requests that the Court decline to consider the unfiled, untimely, overlength, uncertified, and opposition and decide the motion on the papers filed and dismiss the case against Defendant. In the alternative, Defendant requests that the Court direct Plaintiffs, within three days, to file the opposition exactly as served on September 5, 2026, without alteration, and to show cause why the motion should not be deemed unopposed. Defendant's reply (ECF No. 88-12) responds to the opposition as served, and any change to its content after service would prejudice Defendant. Defendant reserves the right to seek her reasonable expenses, including attorney's fees, under Fed. R. Civ. P. 16(f)(2).

We thank the Court for its attention to this matter.

Respectfully submitted,

/s/Marc D. Pelta,
*Counsel for Defendant Srijani Chatterjee (admitted pro hac vice)*

cc: All counsel of record (via ECF)